| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| RON BENDER (SBN 143364)<br>JULIET Y. OH (SBN 211414)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067<br>Telephone: (310) 229-1234<br>Facsimile: (310) 229-1244<br>Email: RB@LNBYB.COM; JYO@LNBYB.COM<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor and Debtor-in-Possession | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>THE SOURCE HOTEL, LLC,<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-10525-ES<br><br>CHAPTER: 11<br><br>**APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE
[LBR 9075-1(b)]** |
|---|---|

1. Movant applies under LBR 9075-1(b) for an order setting a hearing on shortened notice on the following motion:

    a. Title of motion: <u>Notice Of Motion And Motion For Entry Of An Order: (A) Requiring Turnover Of Estate Cash By Evertrust Bank; (B) Authorizing Debtor To Use Cash Collateral; And (C) Authorizing Debtor To Obtain Post-Petition Financing From M+D Properties On An Unsecured Basis</u>

    b. Date of filing of motion: <u>3/12/2021</u>

2. Compliance with LBR 9075-1(b)(2)(A): (***The following three sections must be completed***):

    a. Briefly specify the relief requested in the motion:

    Debtor seeks the entry of a Court order: (A) requiring Evertrust Bank ("Evertrust") to turn over and deliver to the Debtor cash belonging to the Debtor and its bankruptcy estate; (B) authorizing the Debtor to use cash collateral in accordance with the Debtor's proposed 13-week operating budget (the "Budget") submitted with the Motion; and (C) authorizing the Debtor to obtain post-petition financing up to $100,000 on a general unsecured basis ("DIP Loan") from the Debtor's affiliate and non-member Manager, M+D Properties, a California corporation, on an as-needed basis to cover any shortfalls in the Budget.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                                    Page 1                                    **F 9075-1.1.APP.SHORT.NOTICE**

    b.   Identify the parties affected by the relief requested in the motion:

       Evertrust Bank, Shady Bird Lending, LLC

    c.   State the reasons necessitating a hearing on shortened time:

       Since the Debtor is required under 11 U.S.C. § 366 to provide adequate assurance to its utility companies in the form of cash deposits (which the Debtor seeks to pay using the Debtor's cash on hand or the proceeds of the proposed DIP Loan) within the first thirty days after the Petition Date (i.e., by Sunday, March 28, 2021), and the Debtor will be required to make utility payments and insurance premium payments in the ordinary course of business during the next two to three weeks, the Debtor is seeking to have the Motion heard on or before Wednesday, March 24, 2021.

3.   Compliance with LBR 9075-1(b)(2)(B): The attached declaration(s) justifies setting a hearing on shortened notice, and establishes a *prima facie* basis for the granting of the motion.

4.   Movant has lodged a proposed Order Setting Hearing on Shortened Notice on mandatory form F 9075-1.1.ORDER.SHORT.NOTICE

Date: 3/12/2021

Levene, Neale, Bender, Yoo & Brill L.L.P.
Printed name of law firm

/s/ Juliet Y. Oh
Signature of individual Movant or attorney for Movant

Juliet Y. Oh
Printed name of individual Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*　　　　　　　　　　　Page 2　　　　　　　　　　**F 9075-1.1.APP.SHORT.NOTICE**

## **DECLARATION OF DONALD CHAE**

I, Donald Chae, hereby declare as follows:

1. I am the Manager and a member of DMC Investment Holdings, LLC, which is the sole member of The Source Hotel, LLC, a California limited liability company and the debtor and debtor-in-possession herein (the "Debtor"), and I am therefore familiar with the business operations and financial records of the Debtor. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2. I make this declaration in support of the application to which this declaration is annexed (the "Application").

3. The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on February 26, 2021 (the "Petition Date"). The Debtor is continuing to manage its financial affairs and operate its bankruptcy estate as a debtor in possession.

4. Since 2014, the Debtor has been developing a full-service seven-story hotel with 178 rooms in the City of Buena Park, County of Orange, State of California (the "Hotel"), which includes conference rooms, an executive lounge, fitness center, restaurant, bars, and cleaning services.

5. Construction of the Hotel began in 2016. To finance the construction of the Hotel, on May 24, 2016, the Debtor obtained a $29.5 million construction loan (the "Loan") from Evertrust Bank ("Evertrust") as well as financing by three tranches of EB-5 investments totaling $25 million. Through October 2019, approximately 85% of the Hotel construction had been completed.

6. In late 2019, Evertrust refused to issue the remaining $4 million of the Loan, claiming a cost overrun on the construction of the Hotel. As a result of Evertrust's refusal to provide the final $4 million of financing, the Debtor was forced to cease construction activities. Despite the Debtor's best efforts, due to the effects of the COVID-19 pandemic, the Debtor was unable to refinance the Loan.

7. During 2020, the Debtor engaged in active forbearance negotiations with Evertrust to be able to allow the Hotel to recover from the effects of the COVID-19 pandemic, to obtain refinancing or additional investments, and ultimately to recommence construction of the Hotel. However, in December 2020, Evertrust sold its interests in the Loan to Shady Bird Lending, LLC ("Shady Bird") at a significant discount, for a reported purchase price of approximately $19 million. Even though Shady Bird repeatedly represented to the Debtor that it would provide Debtor with a two-year period within which to complete the construction of the Hotel, Shady Bird immediately took steps to foreclose on the Hotel and provided Notice of a Trustee's Sale for the Hotel to be held on March 1, 2021.

8. As a result of the foregoing, the Debtor sought chapter 11 bankruptcy protection on the Petition Date in order to prevent the impending foreclosure of the Hotel (which is the Debtor's primary asset), to preserve the equity in the Hotel for the benefit of all creditors (not just Shady Bird), to obtain refinancing or investments to enable the Debtor to complete construction of the Hotel, and to be afforded a reasonable opportunity to restructure its financial affairs and repay its debts in an orderly fashion.

9. Since the Hotel is not operating, the Debtor has had no income stream. All of the cash held by the Debtor as of the Petition Date (in the total approximate sum of $38,000) is from advances made by the Debtor's non-member Manager, M+D Properties, a California corporation ("M+D"). None of the Debtor's cash on hand is derived from rental income or any proceeds of rental income.

10. As of the Petition Date, approximately $35,000 of the Debtor's current cash were held in the Debtor's pre-petition bank accounts at Evertrust (the "Evertrust Account Funds"). Although the Debtor took steps immediately after the Petition Date to close its pre-petition bank accounts at Evertrust and to withdraw the Evertrust Account Funds to deposit such funds into the Debtor's newly-established debtor-in-possession bank accounts at Axos Bank, the Debtor has been advised by Evertrust that it will not honor the checks that were issued by the Debtor to withdraw the Evertrust Account Funds, unless Shady Bird confirms its consent. I am advised and believe

that Shady Bird has refused to consent.

11. The Evertrust Account Funds constitute property of the Debtor's bankruptcy estate over which the Debtor maintains sole control and possession. Accordingly, the Debtor has filed concurrently herewith that certain *Notice Of Motion And Motion For Entry Of An Order: (A) Requiring Turnover Of Estate Cash By Evertrust Bank; (B) Authorizing Debtor To Use Cash Collateral; And (C) Authorizing Debtor To Obtain Post-Petition Financing From M+D Properties On An Unsecured Basis* (the "Motion"), pursuant to which the Debtor is requesting that the Court enter an order requiring Evertrust to immediately turn over and deliver to the Debtor all of the Evertrust Account Funds.

12. In addition, pursuant to this Motion, the Debtor seeks an order of the Court authorizing the Debtor to use its cash collateral, through and including May 28, 2021, to pay the operating and maintenance expenses set forth in the Debtor's proposed 13-week operating budget submitted with the Motion (the "Budget") as well as all quarterly fees payable to the Office of the United States Trustee and all expenses payable to the Clerk of the Bankruptcy Court. The Debtor also seeks authority to deviate from the line items contained in the Budget by not more than 20%, on both a line item and aggregate basis, with any unused portions to be carried over into the following week(s).

13. As of the Petition Date, the Debtor's primary assets consist of: (i) its cash on hand of approximately $38,000, (ii) the Hotel, which was appraised for an "as is" value of $40,900,000 in October, 2019, which appraised value I believe remains applicable today, based on my experience and knowledge of the commercial real estate industry, particularly in the area in which the Hotel is located, and (iii) furniture, fixtures and equipment with an estimated value (at cost, excluding fabrication labor costs) of $2,700,000 (the "FF&E"). Based on the foregoing, Shady Bird, which asserted a secured claim of approximately $30,720,000 in its Notice of Trustee's Sale dated February 3, 2021 recorded against the Hotel, and which I believe is the only secured creditor that holds a security interest in the Debtor's cash, is adequately protected by a substantial equity cushion in the assets owned by the Debtor. As additional protection for the Debtor's use of cash

1 | collateral, the Debtor proposes that Shady Bird be granted a replacement lien on the Debtor's
2 | assets, to the extent of any diminution in value of Shady Bird's interest in the Debtor's pre-petition
3 | collateral, and to the same extent, validity, scope and priority of its pre-petition lien.
4 |        14.    As reflected in the Budget, the Debtor's current cash (assuming that the Evertrust
5 | Account Funds are turned over) is not sufficient to pay all of the expenses which the Debtor will
6 | need to pay in the near future to maintain and preserve the Hotel, including utility expenses,
7 | insurance premiums, and property taxes totaling approximately $94,000 which will need to be paid
8 | by early April, 2021 under the terms of the Debtor's Ground Lease.  The Debtor therefore requires
9 | post-petition funding to pay such expenses to maintain and preserve the Hotel.  Fortunately, the
10 | Debtor's non-member Manager, M+D, has agreed to provide the Debtor with post-petition
11 | financing in an amount up to $100,000 on a general unsecured basis and on an as-needed basis,
12 | subject to the discretion of M+D (the "DIP Loan").  The DIP Loan has been offered by M+D on an
13 | interest-free basis.  I believe that the proposed DIP Loan from M+D will provide the Debtor with
14 | sufficient funds to meet its immediate post-petition obligations.
15 |        15.    In the absence of the proposed DIP Loan, I believe that the Debtor's estate would
16 | suffer irreparable harm, including, without limitation, damage to the Hotel (which is the Debtor's
17 | primary asset) due to the Debtor's inability to pay expenses critical to the maintenance and
18 | preservation of the Hotel.  Such harm would, in turn, negatively impact the Debtor's ability to
19 | successfully reorganize in this case.  I believe that the preservation and maintenance of the Hotel
20 | and the Debtor's other assets are critical to a successful restructuring in this case.
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 |

16. Since the Debtor is required under the Bankruptcy Code to provide adequate assurance to its utility companies in the form of cash deposits (which the Debtor seeks to pay using the Debtor's cash on hand or the proceeds of the DIP Loan) within the first thirty days after the Petition Date (*i.e.*, by Sunday, March 28, 2021), and the Debtor will be required to make utility payments and insurance premium payments in the ordinary course of business during the next two to three weeks, the Debtor has filed the Application, pursuant to which **the Debtor is seeking to have the Motion heard on or before Wednesday, March 24, 2021**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of March, 2021, at Buena Park, California.

_____
DONALD CHAE

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE [LBR 9075-1(b)]** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 12, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender**     rb@lnbyb.com
- **Nancy S Goldenberg**     nancy.goldenberg@usdoj.gov
- **Daniel A Lev**     dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- **Grant A Nigolian**     grant@gnpclaw.com, process@gnpclaw.com;grant.nigolian@gmail.com
- **Juliet Y Oh**     jyo@lnbrb.com, jyo@lnbrb.com
- **Ho-El Park**     hpark@hparklaw.com
- **Ronald N Richards**     ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- **United States Trustee (SA)**     ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **March 12, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*None.*

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 12, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Served via Attorney Service*
The Honorable Erithe A. Smith
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

☒ Service List served by Overnight Mail on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 12, 2021 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                            **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| The Source Hotel, LLC<br>OUST, Secured, Top 20, RSN, Utilities | *Counsel to Evertrust Bank*<br>Michael Fletcher, Esq.<br>Frandzel Robins Bloom & Csato, L.C.<br>1000 Wilshire Boulevard, 19th Floor<br>Los Angeles, CA 90017-2427 | United States Trustee (SA)<br>411 W Fourth St., Suite 7160<br>Santa Ana, CA 92701-4500 |

**Secured Creditors:**

| | | |
|---|---|---|
| 3D Design - Millwork<br>8152 Indianapolis Ave.<br>Huntington Beach, CA 92646 | Aragon Construction, Inc.<br>5440 Arrow Highway<br>Montclair, CA 91763 | Beach Orangethorpe II, LLC<br>P.O. Box 489<br>Buena Park, CA 90621 |
| Beach Orangethorpe III, LLC<br>P.O. Box 489<br>Buena Park, CA 90621 | Beach Orangethorpe, LLC<br>P.O. Box 489<br>Buena Park, CA 90621 | Beachamp Distributing Co.<br>1911 South Santa Fe Avenue<br>Compton, CA 90221 |
| Best Quality Painting<br>818 N. Pacific Ave., #C<br>Glendale, CA 91203 | Certified Tile<br>14557 Calvert St.<br>Van Nuys, CA 91411 | Evergreen Electric Construction<br>629 Grove View Lane<br>La Canada, CA 91011 |
| Iron Mechanical<br>721 North B Street<br>Suite 100<br>Sacramento, CA 95811 | KS Steel Corp.<br>1748 Industrial Way<br>Los Angeles, CA 90023 | Nemo & Rami<br>1930 W. Holt Ave.<br>Pomona, CA 91768 |
| Northstar<br>404 North Berry Street<br>Brea, CA 92821-3104 | Pan Pacific<br>18250 Euclid Street<br>Fountain Valley, CA 92708 | PDG Wallcoverings<br>26492 Via Juanita<br>Mission Viejo, CA 92691 |
| Prime Concrete Coatings<br>6127 James Alan St.<br>Cypress, CA 90630 | Resco Electric Inc.<br>2431 W. Washington Blvd. Suite B<br>Los Angeles, CA 90018 | Retrolock Corp<br>17915 Railroad Street<br>City of Insdustry, CA 91748 |
| Salamander Fire Protection, Inc<br>6103 Tyrone Street<br>Van Nuys, CA 91401 | Shady Bird Lending, LLC<br>c/o Law Offices of Ronald Richards<br>P.O. Box 11480<br>Beverly Hills, CA 90213 | Solid Construction<br>883 Crenshaw Blvd.<br>Los Angeles, CA 90005 |
| Sunbelt Controls, Inc.<br>888 E. Walnut Street<br>Pasadena, CA 91101 | Grant Nigolian, P.C.<br>695 Town Center Drive, Suite 700<br>Costa Mesa, CA 92626 | Hunt Ortmann Palffy Nieves et al.<br>301 North Lake Avenue, 7th Floor<br>Pasadena, CA 91101-1807 |

| | | |
|---|---|---|
| Law Office of Ho-El Park, P.C.<br>333 City Blvd. West, Suite 1700<br>Orange, CA 92868 | Law Office of Michael N. Berke<br>25001 The Old Road<br>Santa Clara, CA 91381 | Law Offices of Dennis G. Cosso<br>345 Oxford Drive<br>Arcadia, CA 91007 |
| Porter Law Group, Inc.<br>7801 Folsom Blvd., Suite 101<br>Sacramento, CA 95826 | Robinson & Robinson, LLP<br>2301 Dupont Drive, Suite 530<br>Irvine, CA 92612-7502 | Shady Bird Lending, LLC<br>c/o Law Offices of Geoffrey Long<br>1601 N. Sepulveda Blvd., No. 729<br>Manhattan Beach, CA 90266 |
| Splinter & Thai, LLP<br>25124 Narbonne Ave., Suite 106<br>Lomita, CA 90717-2140 | | |

**Top 20 Unsecured Creditors:**

| | | |
|---|---|---|
| Newgens, Inc.<br>14241 Foster Rd.<br>La Mirada, CA 90638 | Cabrillo Hoist<br>P.O. Box 3179<br>Rancho Cucamonga, CA 91729 | WESCO Distribution Inc.<br>6251 Knott Ave.<br>Buena Park, CA 90620 |
| Harbor All Glass & Mirror, Inc.<br>1926 Placentia Ave.<br>Costa Mesa, CA 92627 | Diablo Consulting<br>13200 Crossroads Parkway N<br>Ste. 115<br>City of Industry, CA 91746 | Ace Tek Roofing Co.<br>747 S. Ardmore Ave., Suite 405<br>Los Angeles, CA 90005 |
| Morrow Meadows<br>231 Benton Court<br>City of Industry, CA 91789 | Chefs Toys<br>18430 Pacific Street<br>Fountain Valley, CA 92708 | Stumbaugh & Associates, Inc.<br>3303 N. San Fernando Blvd<br>Burbank, CA 91504 |
| HBA Procurement, Inc.<br>3216 Nebraska Ave.<br>Santa Monica, CA 90404 | OJ Insulation LP<br>600 S Vincent Ave.<br>Azusa, CA 91702 | DKY Architects<br>15375 Barranca Pkwy.<br>Suite A-210<br>Irivne, CA 92618 |
| Master Glass<br>2225 W. Pico Blvd, Unit C<br>Los Angeles, CA 90006 | Universal Flooring Systems<br>15573 Commerce Lane<br>Huntington Beach, CA 92649 | L2 Specialties<br>3613 W. Macarthur Blvd., #611<br>Santa Ana, CA 92704 |
| Ficcadenti Waggoner<br>16969 Von Karman Avenue<br>Suite 240<br>Irivne, CA 92606 | Retrolock Corp<br>17915 Railroad Street<br>City of Industry, CA 91748 | American Engineering Laboratories Inc.<br>PO Box 1816<br>Whittier, CA 90609 |

**Utilities List:**

AT&T
P.O. Box 5025
Carol Stream, IL 60197-5025

So. Cal. Edison
P.O. Box 6400
Rancho Cucamonga, CA 91729-6400