RON BENDER (SBN 143364)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email:  RB@LNBYB.COM; JYO@LNBYB.COM

Proposed Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.: 8:21-bk-10525-ES |
| THE SOURCE HOTEL, LLC, a California limited liability company, | Chapter 11 |
| Debtor and Debtor in Possession. | **DEBTOR'S REPLY TO RESPONSES BY EVERTRUST BANK AND SHADY BIRD LENDING, LLC TO MOTION FOR ENTRY OF AN ORDER: (A) REQUIRING TURNOVER OF ESTATE CASH BY EVERTRUST BANK; (B) AUTHORIZING DEBTOR TO USE CASH COLLATERAL; AND (C) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING FROM M+D PROPERTIES ON AN UNSECURED BASIS** |
| | Date:    March 23, 2021<br>Time:    10:00 a.m.<br>Place:    ZoomGov |

1

The Source Hotel, LLC, a California limited liability company and the debtor and debtor-in-possession in the above-captioned Chapter 11 bankruptcy case (the "Debtor"), hereby files this reply to the responses filed by Evertrust Bank ("Evertrust") and Shady Bird Lending, LLC ("Shady Bird") to the Debtor's Notice Of Motion And Motion For Entry Of An Order: (A) Requiring Turnover Of Estate Cash By Evertrust Bank; (B) Authorizing Debtor To Use Cash Collateral; And (C) Authorizing Debtor To Obtain Post-Petition Financing From M+D Properties On An Unsecured Basis [Doc. No. 21] (the "Motion").[1]

Pursuant to the Motion, the Debtor seeks the entry of an order providing for the following relief:

1. requiring Evertrust to turn over and deliver to the Debtor cash held in two pre-petition bank accounts (account numbers ending in -0272 and -1348) in the sum of $35,246.75 (the "Evertrust Account Funds") to the Debtor and its bankruptcy estate;

2. authorizing the Debtor to use cash collateral in accordance with the Debtor's proposed 13-week operating budget (the "Budget"), a true and correct copy of which is attached as Exhibit "A" to the Motion; and

3. authorizing the Debtor to obtain post-petition financing up to $100,000 on a general unsecured basis (the "DIP Loan") from the Debtor's affiliate and non-member Manager, M+D Properties, a California corporation ("M+D"), on an as-needed basis to cover any shortfalls in the Budget.

---

[1] The response filed by Shady Bird also addresses the Debtor's *Notice Of Motion And Motion For Entry Of Order Authorizing Debtor To Provide Adequate Assurance Of Future Payment To Utility Companies Pursuant To 11 U.S.C. § 366*, pursuant to which the Debtor seeks the entry of a Court order authorizing the Debtor to provide adequate assurance of future payment to two utility companies (*i.e.*, AT&T and Southern California Edison) on account of three separate utility accounts, in the form of cash deposits totaling $1,941.60. Shady Bird notes in its response that it agrees that ensuring that the utilities remain affected is in the best interests of the Debtor's estate and creditors, and confirms that it has no objection to the relief requested in the foregoing motion.

In its response to the Motion, Evertrust notes that it has "no dog in this fight" and simply seeks to be protected as to any turnover of the Evertrust Account Funds. Evertrust notes in its response that there is a third account under the Debtor's name at Evertrust (bearing the account number ending in -5539) which contains cash in the sum of $25,783.64 (the "Third Evertrust Account"). The Debtor believes that the Third Trust Account is an interest reserve account and that all of the funds contained therein constitute property of the Debtor's bankruptcy estate. Counsel for Shady Bird has confirmed to the Debtor that Shady Bird has no objection to the turnover of the Evertrust Account Funds (which are contained in the original two accounts described in the Motion) as well as the funds contained in the Third Evertrust Account, subject to the terms set forth in Shady Bird's response.

Shady Bird's response to the Motion, when stripped of its disputed allegations against the Debtor and premature and unsupported conclusion that a successful reorganization is not possible in the Debtor's bankruptcy case, states that Shady Bird has no objection to the Debtor's use of the Evertrust Account Funds and the funds in the Third Evertrust Account to pay the expenses set forth in the Budget (comprised solely of insurance expenses, utility expenses, post-petition utility deposits, and property taxes), provided that the Debtor is permitted to deviate from the line items contained in the Budget by not more than 10% (down from the 20% deviation proposed in the Motion), with the ability to obtain consent from Shady Bird for a line item variance in excess of 10% without further Court order. The Debtor accepts the foregoing terms, subject to the following clarifications:

- The Motion seeks Court authority to pay the expenses set forth in the Budget, plus all quarterly fees payable to the United States Trustee and all expenses payable to the Clerk of the Court. Shady Bird's response does not address the payment of the quarterly fees and expenses payable to the Clerk of the Court. However, such expenses constitute valid administrative expenses of the Debtor's bankruptcy estate, and the Debtor should be permitted to use cash collateral to pay such administrative expenses as requested in the Motion.

- While Shady Bird's response requests that the line item deviation be decreased from 20% to 10% (which the Debtor agrees to), the response does not address the Debtor's request in the Motion to deviate from the line items contained in the Budget on both a line item and aggregate basis, with any unused portions to be carried over into the following week(s).  This is important as the Debtor must still be permitted to pay critical expenses such as insurance premiums and property taxes if such payments are actually due and payable later than projected in the Budget.  Accordingly, the Debtor requests that the Debtor be authorized to deviate from the line items contained in the Budget on both a line item and aggregate basis, with any unused portions to be carried over into the following week(s).

Finally, Shady Bird's response to the Motion notes that Shady Bird has no objection to the DIP Loan proposed to be made by M+D to the Debtor on a general unsecured basis, provided that M+D is not being granted a lien or administrative expense claim, and provided further that the use of the DIP Loan proceeds is limited to the line item expenses set forth in the Budget (subject to any permitted variance).  As set forth in the Motion, the DIP Loan is proposed to be provided by M+D on a general unsecured basis, with no lien or administrative expense claim to be conferred to M+D based upon the DIP Loan.  As further set forth in the Motion, the Debtor seeks to use cash collateral and the proceeds of the DIP Loan solely to pay the expenses set forth in the Budget (subject to any permitted variance) plus any quarterly fees payable to the United States Trustee and expenses payable to the Clerk of the Court.

For all of the reasons set forth above and in the Motion, the Debtor respectfully requests that this Court enter an Order, in substantially the form attached as Exhibit "I" to the Motion:

(1)    granting the Motion on an interim basis, pending a final hearing;

(2)    requiring Evertrust to immediately turn over and deliver to the Debtor all of the Evertrust Account Funds and all of the funds contained in the Third Evertrust Account;

(3)    authorizing the Debtor to use cash collateral to pay (i) all of the expenses set forth in the Budget, with authority to deviate from the line items contained in the Budget by up to

10%, on both a line item and aggregate basis, with any unused portions to be carried over into the following week(s); and (ii) all quarterly fees owing to the Office of the United States Trustee and all expenses owing to the Clerk of the Bankruptcy Court;

   (4) authorizing the Debtor to obtain the DIP Loan from M+D in an amount up to $100,000, at the discretion of M+D, to cover any shortfalls in the Debtor's Budget;

   (5) setting a final hearing to consider the entry of a final order granting the relief requested in the Motion; and

   (6) granting such further relief as the Court deems just and proper.

Dated: March 22, 2021   THE SOURCE HOTEL, LLC

By: /s/ Juliet Y. Oh
RON BENDER
JULIET Y. OH
LEVENE, NEALE, BENDER, YOO
 & BRILL L.L.P.
Proposed Attorneys for Chapter 11 Debtor
and Debtor-in-Possession

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DEBTOR'S REPLY TO RESPONSES BY EVERTRUST BANK AND SHADY BIRD LENDING, LLC TO MOTION FOR ENTRY OF AN ORDER: (A) REQUIRING TURNOVER OF ESTATE CASH BY EVERTRUST BANK; (B) AUTHORIZING DEBTOR TO USE CASH COLLATERAL; AND (C) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING FROM M+D PROPERTIES ON AN UNSECURED BASIS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 22, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender**   rb@lnbyb.com
- **Michael G Fletcher**   mfletcher@frandzel.com, sking@frandzel.com
- **Nancy S Goldenberg**   nancy.goldenberg@usdoj.gov
- **Daniel A Lev**   dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- **Grant A Nigolian**   grant@gnpclaw.com, process@gnpclaw.com;grant.nigolian@gmail.com
- **Juliet Y Oh**   jyo@lnbrb.com, jyo@lnbrb.com
- **Ho-El Park**   hpark@hparklaw.com
- **Ronald N Richards**   ron@ronaldrichards.com, morani@ronaldrichards.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **March 22, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*None.*

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 22, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Served by Email*
Michael Gerard Fletcher:  mfletcher@frandzel.com
Bruce D. Poltrock:  bpoltrock@frandzel.com
Daniel A. Lev:  dlev@sulmeyerlaw.com
Ronald Richards:  ron@ronaldrichards.com
Nancy S Goldenberg:  nancy.goldenberg@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

*Served by Personal Delivery*
Hon. Erithe A. Smith
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 22, 2021 | Stephanie Reichert | */s/ Stephanie Reichert* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                **F 9013-3.1.PROOF.SERVICE**