1  Daniel A. Lev (CA Bar No. 129622)
      dlev@sulmeyerlaw.com
2  **Sulmeyer**Kupetz
   A Professional Corporation
3  333 South Grand Avenue, Suite 3400
   Los Angeles, California 90071-1406
4  Telephone: 213.626.2311
   Facsimile: 213.629.4520
5
   Ronald Richards (CA Bar No. 176246)
6     ron@ronaldrichards.com
   Law Offices of Ronald Richards & Associates, APC
7  P.O. Box 11480
   Beverly Hills, California 90213
8  Telephone:  310.556.1001
   Facsimile:  310.277.3325
9
   Attorneys for Shady Bird Lending, LLC
10

11            **UNITED STATES BANKRUPTCY COURT**

12    **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

13
   In re                              Case No. 8:21-bk-10525-ES
14
   THE SOURCE HOTEL, LLC,             Chapter 11
15
                                      **MOTION OF SHADY BIRD LENDING,**
16           Debtor.                  **LLC FOR ORDER EXCUSING STATE**
                                      **COURT RECEIVER FROM TURNOVER**
17                                    **OF ASSETS PURSUANT TO 11 U.S.C. §**
                                      **543; MEMORANDUM OF POINTS AND**
18                                    **AUTHORITIES; DECLARATIONS OF**
                                      **RONALD RICHARDS, BELLANN R.**
19                                    **RAILE, AND BRENT LITTLE IN**
                                      **SUPPORT THEREOF**
20
                                      DATE:   April 15, 2021
21                                    TIME:    10:30 a.m.
                                      PLACE: Courtroom "5A"
22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   **TO THE HONORABLE ERITHE SMITH, UNITED STATES BANKRUPTCY JUDGE,**

2   **THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR, AND ALL OTHER**

3   **INTERESTED PARTIES:**

4                                    **<u>MOTION</u>**

5           Through its "Motion of Shady Bird Lending, LLC for Order Excusing State

6   Court Receiver From Turnover of Assets Pursuant to 11 U.S.C. § 543; Memorandum of

7   Points and Authorities; Declarations of Ronald Richards, Bellann R. Raile, and Brent

8   Little in Support Thereof" (the "Motion"), Shady Bird Lending, LLC ("Shady Bird"), the

9   holder of the senior deed of trust on the real property bearing APN Nos. 276-361-20 and

10  276-361-22, consisting of a partially constructed 178-room, seven story hotel building

11  located in Buena Park, California (the "Project") owned by the debtor The Source Hotel,

12  LLC (the "Debtor"), hereby seeks an order, among other things, excusing the state court

13  receiver from turnover of the Debtor's assets, including the Project, and authorizing the

14  state court receiver, on an interim basis, to take the steps necessary and appropriate to

15  preserve and protect the assets of the Debtor pursuant to 11 U.S.C. § 543(d)(1).

16          This Motion is made and based upon the moving papers, the attached

17  memorandum of points and authorities and the supporting declarations of Ronald

18  Richards, Bellann R. Raile, and Brent Little, the pleadings filed in the Debtor's case, all

19  judicially noticeable facts, the arguments and representations of counsel, and any oral or

20  documentary evidence presented prior to or at the scheduled hearing.

21          **WHEREFORE** Shady Bird respectfully requests that the Court enter an

22  order:

23          (1)    granting this Motion;

24          (2)    excusing the state court receiver from turnover of the Debtor's

25  assets, including the Project, and authorizing the state court receiver, on an interim basis,

26  to take the steps necessary and appropriate to preserve and protect the Debtor's assets

27  pursuant to 11 U.S.C. § 543(d)(1); and

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    (3)    granting such other and further relief as this Court deems just and

2    proper under the circumstances.

3    DATED: March 25, 2021                **Sulmeyer**Kupetz
                                          A Professional Corporation

4

5

6                                          By: /s/ Daniel A. Lev_____
                                               Daniel A. Lev
7                                              Attorneys for Shady Bird Lending, LLC

8    DATED: March 25, 2021                Law Offices of Ronald Richards & Associates, APC

9

10

11                                         By: /s/ Ronald Richards_____
                                               Ronald Richards
12                                             Attorneys for Shady Bird Lending, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### JURISDICTION

4        This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334(b).

5    Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).  The Motion is a core

6    matter pursuant to 28 U.S.C. § 157(b)(2)(A) and, therefore, this Court has the

7    constitutional authority to enter a final ruling on the merits.  Stern v. Marshall, 564 U.S.

8    462, 499, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011).  The statutory predicate for the

9    Motion is 11 U.S.C. § 543(d).

10                                    **II.**

11                        **PREFATORY STATEMENT**

12        By causing a receiver to be appointed, Shady Bird took appropriate steps to

13    ensure that the Debtor and its principals could no longer harm its collateral.  And since

14    her recent appointment, the receiver already has undertaken measures to stabilize and

15    secure this ramshackle hotel project, which has become subject to recent acts of

16    vandalism.  The receiver also commissioned an inspection report which details the

17    serious issues of neglect, waste, and disrepair at the Project.[1]

18        In light of these undeniable facts, returning the Debtor to the helm would

19    pose a significant and serious risk of irreparable harm to the estate's sole asset and

20    would seriously harm creditors, most notably, Shady Bird.  Conversely, if the receiver is

21    excused from turning over the Project, there will be no harm to the Debtor or creditors.  In

22    short, an independent fiduciary should remain in charge of the Project unless and until

23    the Debtor presents this Court with concrete evidence of its ability to finance and

24

25    _____

26    [1] A true and correct copy of the "Property Inspection Report for The Source OC Hilton Hotel," dated March

27    10, 2021 (the "Report"), prepared by Urban Advisory and Building Group, LLC ("Urban Advisory") at the
     request of the receiver is attached as Exhibit "D" to the declaration of Brent Little, affixed hereto.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  complete construction, pay the numerous mechanic's liens, and, above all else, provide

2  Shady Bird with a measure of adequate protection for its lien.

3                                    **III.**

4                          **RELEVANT BACKGROUND**

5          Shady Bird is owed in excess of $25,000,000 by the Debtor who not only is

6  in default, but is not protecting and securing the property that serves as Shady Bird's

7  collateral.  In fact, after learning that the ill-fated Project and improvements were in a

8  state of disrepair and were being damaged, Shady Bird was notified by the Debtor that it

9  was no longer providing any security for the Project.  To make matters worse, the Debtor

10  refused to grant Shady Bird access to allow it to inspect, protect, and secure the Project.

11  The Debtor also refused to provide Shady Bird with proof of insurance, in further breach

12  of its obligations under the deed of trust and loan agreement.

13          Presented with a Project which was deteriorating and was uninsured,

14  Shady Bird had no choice but to seek the *ex parte* appointment of a receiver to prevent

15  irreparable harm and immediate danger to its collateral and to ensure that it was insured

16  against further loss, damage, and destruction.  The state court agreed, and Bellann R.

17  Raile (the "Receiver") was appointed receiver nine days before the petition was filed.  As

18  the Receiver herself attests, the hotel is in a complete state of disarray.  Compelling the

19  turnover of the Project to the Debtor at this time would, therefore, be egregious and

20  prejudicial to the interests of creditors.

21      **A.     The Loan, Loan Documents, and Deed of Trust**

22              **1.     The Loan and Loan Agreement**

23          On or about May 24, 2016, Evertrust Bank (the "Original Lender") and the

24  Debtor entered into a construction loan (the "Loan") in the principal amount of

25  $24,988,808.[2]  The Loan was made pursuant to a Construction Loan Agreement (the

26  _____

27  [2] The history of the Loan Agreement and its assignment to Shady Bird is detailed in the declaration of
Ronald Richards, affixed hereto.

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  "Loan Agreement") dated May 24, 2016, between the Debtor and Original Lender.  The

2  purpose of the Loan was for the development and construction of a 178-room, 7 story

3  hotel project (the "Project").  In addition to the Project, the Debtor is the ground lessee

4  under a 99-year "Memorandum of Ground Lease" (the "Ground Lease") with ground

5  lessor, The Source at Beach, LLC (the "Ground Lessor").  Although the Ground Lease

6  was terminated on February 16, 2021, by Ground Lessor, not surprisingly, the termination

7  was just recently rescinded.

8              **2.     The Note**

9              In furtherance of the Loan Agreement, as evidence of the Loan, and for

10  value received in the maximum principal amount of $29,500,000 by the Debtor from

11  Original Lender, the Debtor executed and delivered to Original Lender the Promissory

12  Note (the "Note").  According to the Note, the Debtor agreed to make monthly payments

13  of interest commencing on July 1, 2016, until the Note's original maturity date of

14  December 1, 2017 (the "Original Maturity Date").  Upon the Original Maturity Date, the

15  entire unpaid principal, all accrued interest, and other costs and fees were due and

16  payable without demand or notice.  As explained below, pursuant to five extension

17  agreements, the Original Maturity Date was extended to November 1, 2019 (the "Maturity

18  Date").  An event of default under the Note is defined as any event of default under the

19  Loan Agreement.

20              **3.     The Deed of Trust**

21              To secure repayment and performance of the Debtor's obligations under,

22  *inter alia,* the Loan Agreement and Note, the Debtor executed and delivered to Original

23  Lender a deed of trust (the "Deed of Trust") pursuant to which, *inter alia,* Original Lender

24  was granted a first priority lien against the Debtor's rights in the Project and the Ground

25

26

27

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   Lease.[3]  Specifically, the Deed of Trust grants Original Lender, and Shady Bird, as its

2   assignee, a first priority security interest and lien in the Debtor's leasehold interest in the

3   Project; all right, title, and interest in and to the Ground Lease; rents, income and profits

4   arising from or pursuant to the Ground Lease; and the use, occupancy, and enjoyment of

5   the Project along with all other real and personal property described in the Deed of Trust.

6   The Deed Trust further grants, transfers, and assigns to Shady Bird, as assignee, all of

7   the Debtor's right, title, and interest in and to any building, improvements, fixtures,

8   structures, and equipment located or erected on the Project (collectively, the

9   "Improvements").

10        The Deed of Trust also requires the Debtor to maintain insurance on the

11  Project (as defined therein) and to protect Shady Bird's security interest in the Project

12  against loss or damage by fire and other risks.  As assignee, Shady Bird also shall be

13  named as the primary loss payee under all of the insurance policies and the Debtor is

14  required to assure that Shady Bird receives a certificate from each insurance company

15  that acknowledges Shady Bird's position as loss payee and that states that the insurance

16  policy cannot be terminated as to Shady Bird except upon 30-days prior written notice.

17        The Deed of Trust further requires the Debtor to maintain and preserve the

18  Project, including, *inter alia*: (i) keeping the Project in good condition and repair; (ii) using

19  commercially reasonable efforts to complete or restore promptly and in good and

20  workmanlike manner the Project, or any part thereof, which may be damaged or

21  destroyed; (iii) not committing or permitting material physical waste of the Project or any

22  portion thereof; and (iv) doing all other acts which from the character or use of the Project

23  may be reasonably necessary to maintain, preserve, and enhance its value and

24  otherwise performing such appropriate upkeep and maintenance to the Project to ensure

25

26  ───────────────

27  [3] The Ground Lessor consented to the Loan, the encumbrance of the Debtor's interest in the Ground
    Lease, and the Deed of Trust by entering into a "Ground Lessor's Consent, Estoppel Certificate and Fee
    Mortgagee Agreement" (the "Ground Lessor's Consent").

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  that the Project, and each part thereof, is maintained in a first-class manner and retains

2  at all times a first-class appearance and condition.

3      According to the Deed of Trust, Shady Bird is provided the right to inspect

4  the Project for purposes of ensuring the Debtor's compliance with its obligations under

5  the Deed of Trust.  Finally, the Deed of Trust not only gives Shady Bird the right to

6  perform various acts in the event of the Debtor's failure to perform in order to protect the

7  collateral, but it also allows Shady Bird to bring an action for specific performance or for

8  appointment of a receiver to take possession of the Project and operate the business of

9  the Debtor, if any, being conducted on the Project.

10          **4.    The Extension Agreements**

11      The Loan and Note originally matured on the Original Maturity Date of

12  December 1, 2017.  Thereafter, at the request of the Debtor and the guarantors of the

13  Loan and Note, namely, Donald Chae and Min Chae (collectively, the "Guarantors"), the

14  Debtor, Guarantors, and Original Lender entered into a "First Extension Agreement"

15  dated December 22, 2017 (the "First Extension"), whereby, *inter alia*, pursuant to the

16  terms therein, (i) the Original Maturity Date was extended to June 1, 2018, and (ii) the

17  completion date of the Project was extended to June 1, 2018.  Thereafter, pursuant to a

18  "Second Extension Agreement," "Third Extension Agreement," "Fourth Extension

19  Agreement," and "Fifth Extension Agreement" (collectively with the First Extension, the

20  "Extension Agreements"), the Original Maturity Date of the Loan, Loan Agreement, and

21  Note, and the completion date of the Project, were extended to November 1, 2019 (the

22  "Maturity Date").

23      **B.    Assignment of Loan, Loan Agreement, Note, Deed of Trust, and Other**

24          **Loan Documents to Shady Bird**

25      As noted, Shady Bird is the assignee of all of Original Lender's right, title,

26  and interest in and to, *inter alia,* the Loan, Loan Agreement, Note, and Deed of Trust.  In

27  this regard, in exchange for good and valuable consideration and in furtherance of a

28  "Non-Recourse Loan Sale Agreement and Joint Escrow Instructions" (the "Loan Sale

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   Agreement") and an "Assignment of Loan Documents" dated December 29, 2020 (the

2   "Assignment of Loan Documents"), Original Lender executed and delivered to Shady Bird

3   an "Assignment of Deed of Trust" dated December 29, 2020, and recorded on January 4,

4   2021, whereby Original Lender assigned and transferred to Shady Bird all of Original

5   Lender's right, title, and interest in and to the Loan Agreement, the Note, and Deed of

6   Trust.  As such, Shady Bird is the lawful owner and holder of the Note and the Loan

7   Agreement and is the beneficiary of the Deed of Trust.  Moreover, pursuant to an

8   "Allonge" to the Note dated December 29, 2020, all amounts due and owing on the Note

9   by the Debtor are now payable to Shady Bird.

10      **C.**      **The Debtor's Multiple and Continuing Defaults and Waste Resulting in**

11              **the Appointment of the Receiver**

12              Due to the Debtor's defaults under the Loan Agreement, Note, and Deed of

13  Trust for the following undisputed reasons, Shady Bird was left with no alternative but to

14  exercise its rights to not only commence a non-judicial foreclosure sale, but to seek the

15  appointment of a receiver.  Specifically, the following defaults warranted such drastic

16  relief:

17              •      The Debtor's failure to make the payment of interest due under the

18  Note on October 1, 2019;

19              •      The Debtor's failure to repay the total indebtedness on the Loan,

20  Note, and Loan Agreement by the Maturity Date;

21              •      The Debtor's failure to complete the construction of the Project by

22  the Maturity Date;

23              •      The Debtor's failure to timely pay its contractors and other third

24  parties resulting in multiple mechanic's being recorded against the Project and the

25  Debtor's failure to furnish a sufficient bond causing such liens to be released or giving

26  other satisfactory indemnity within ten days of recording;

27              •      The Debtor's failure to take reasonable measures to maintain,

28  protect, and secure the Project under the Deed of Trust;

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311  •  FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    •    The Debtor's failure to prevent the Project from becoming

2  vandalized, damaged, destroyed, and deteriorated;

3         •    The Debtor's failure to prevent material physical waste of the Project;

4         •    The Debtor's failure to allow Shady Bird to enter upon and inspect

5  the Project;

6         •    The Debtor's failure to provide evidence of and certificates of

7  insurance to Shady Bird upon request;

8         •    The Debtor's failure to allow inspections by the City of Buena Park

9  and ceasing communications with the City, negatively affecting the permitting process

10  and the ability to complete the Project;

11         •    The Debtor's failure to maintain various systems and improvements

12  on the Project such as the elevator, electrical, HVAC, and plumbing;

13         •    The Debtor's failure to provide any security for the Project and

14  improvements; and

15         •    The Debtor's failure to timely test the fire-life safety systems which

16  could completely destroy the Project.

17         Compounding the Project's serious problems, on February 16, 2021, the

18  day before the Receiver's appointment, Shady Bird received a "Notice of Default Under,

19  and Exercise of Option to Terminate, Ground Lease" from the Ground Lessor, advising

20  Shady Bird that the Ground Lease was being immediately terminated.[4]  As detailed in the

21  termination notice, the Ground Lease was terminated due to a number of defaults,

22  including "[the Debtor's] failure to construct or cause to be constructed to substantial

23  completion upon the Hotel Complex Premises all Improvements on or prior to December

24  1, 2019 in violation of Article 11.1, as amended" and "[Ground] Lessor has received

25  copies of Notices of Lis Pendens, copies attached, reflecting the commencement of

26  _____

27  [4] A true and correct copy of the termination notice is attached hereto as Exhibit "A" and incorporated herein
by reference.

28

1  foreclosures of numerous mechanic's liens, a violation of Article 20.1(c)."  In order to

2  escape the ramifications of the termination, the Ground Lessor rescinded the termination

3  on March 22, 2021, however, the defaults that first occasioned the termination remain.[5]

4          As a result of the foregoing defaults, the principal sum of not less than

5  $24,988,808.74 is due and owing to Shady Bird.[6]  Hence, Original Lender, and now

6  Shady Bird as assignee, initiated a non-judicial foreclosure under the Deed of Trust, and

7  a foreclosure sale was scheduled for March 1, 2021.  Shady Bird also exercised its

8  remedies under the Deed of Trust by seeking the *ex parte* appointment of a receiver.  As

9  highlighted, on February 17, 2021, the state court granted Shady Bird's request and the

10 Receiver was appointed.[7]  The Receiver assumed immediate control of the Project, but

11 due to the chapter 11 filing, the March 1, 2021, foreclosure sale did not proceed.[8]

12

13

14

15  _____

16  [5] Shockingly, Donald Chae, who directed the Ground Lessor to terminate the Ground Lease the day before
the hearing to appoint the Receiver, filed schedules under penalty of perjury which scheduled the Ground
17  Lease as an asset.  Only after Shady Bird pointed out the pre-petition termination of the Ground Lease in
its "Omnibus Response of Shady Bird Lending, LLC to (1) Motion for Entry of An Order: (A) Requiring
18  Turnover of Estate Cash By Evertrust Bank; (B) Authorizing Debtor to Use Cash Collateral; and (C)
Authorizing Debtor to Obtain Post-Petition Financing From M+D Properties On An Unsecured Basis, and
19  (2) Motion for Entry of Order Authorizing Debtor to Provide Adequate Assurance of Future Payment to
Utility Companies Pursuant to 11 U.S.C. § 366; Declaration of Ronald Richards in Support Thereof"
20  [Docket No. 39] did Mr. Chae then direct the Ground Lessor to rescind the termination.  This further
supports a finding that the Debtor's management is not only grossly incompetent, but is engaging in
21  dishonest behavior, to the point where the schedules actually contained knowingly false statements.  This
is the type of gamesmanship this Debtor's operator is capable of, and demonstrates why the Project has no
22  chance of survival under his leadership.

23  [6] The Debtor and the Guarantors also are liable for additional amounts on the Note, Loan Agreement, and
guaranty for interest, default interest, late fees, and costs and attorneys' fees incurred by Original Lender
24  and Shady Bird in connection with collection and enforcement of the Note, Loan Agreement, and guaranty.
These amounts are preserved by Shady Bird, and are not waived in any action or proceeding as a result of
this case.

25  [7] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court is respectfully requested to take judicial
26  notice of the February 17, 2021, order, a true and correct copy of which is attached hereto as Exhibit "B"
and incorporated herein by reference.

27  [8] The events occurring since her appointment (including photographs detailing the current state of the
Project) are detailed in the declaration of Bellann R. Raile, affixed hereto.

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

D.  **The Inspection Report Commissioned By the Receiver Demonstrates**
    **Why the Receiver Should Be Excused From Compliance With 11**
    **U.S.C. § 543(b)**

As highlighted earlier, the Receiver commissioned an inspection report from Urban Advisory to provide her an analysis of the Project's current physical condition. Urban Advisory' conclusions (as detailed in the Report which is supported by additional photographs) are quite troubling.  The Report details the following:

•       The hotel is an idled construction project, which is roughly 70% complete

•       There are substantial roof issues which currently permit the intrusion of water into the structure

•       The construction assemblies on the roof are incomplete and create an opportunity for water infiltration

•       The fire sprinkler system is not currently capable of providing life-safety protection for the Project

•       Due to neglect and exposure to UV rays, the pool deck will need substantial repair

•       The pool has an accumulation of water and trash making it a breeding ground for mosquitos, which may carry the West Nile Virus

•       Completed business finishes are not being protected and are exposed to waste or damage

•       A potentially hazardous situation may exist if the building sewer system is not connected to the public system

•       HVAC package units have been left unsecured and accessible to thieves and vandals

•       There are hazardous and caustic chemical unsecured at the Project

As borne out by the Report, these are serious issues which quite obviously are negatively affecting Shady Bird's collateral, and jeopardizing the rights of other

1   creditors.  The Debtor, who solely is responsible for the shabby construction and neglect

2   of the Project, can no longer be trusted to preserve the Project's value.  Since the

3   interests of creditors, notably, Shady Bird, would be better served by permitting the

4   Receiver to remain in possession, custody, or control of the Project, the Receiver's

5   compliance with Section 543(b) must be excused.[9]

6                                         **IV.**

7   **THE RECEIVER SHOULD BE EXCUSED FROM COMPLIANCE WITH THE**

8   **TURNOVER REQUIREMENTS OF  11 U.S.C. § 543(b)**

9            Generally, upon the filing of a chapter 11 case, "[a] custodian with

10  knowledge of the commencement of a case under this title concerning the debtor may not

11  make any disbursement from, or take any action in the administration of, property of the

12  debtor . . . except such action as is necessary to preserve such property."  11 U.S.C. §

13  543(a).[10]  Instead, a custodian must "deliver to the trustee any property of the debtor held

14  by or transferred to such custodian . . . on the date that such custodian acquires

15  knowledge of the commencement of the case."  11 U.S.C. § 543(b)(1).[11]

16           A court, however, has discretion under Section 543(d)(1) to excuse a state

17  court receiver from its mandatory turnover obligation under Section 543(b)(1).  See In re

18  Corporate & Leisure Event Prods., Inc., 351 B.R. 724, 732 (Bankr. D. Ariz. 2006).  The

19  party requesting excusal from turnover must show, by a preponderance of evidence, that

20  _____

21  [9] Due to the Debtor's pre and post-petition gross mismanagement, dishonesty, and incompetence, Shady
    Bird anticipates filing a separate motion seeking the appointment of a chapter 11 trustee.

22
23  [10] In a letter dated March 1, 2021, the Debtor formally asked Shady Bird to order the Receiver to
    immediately comply with Section 543(b)(1) and (b)(2) by turning over and accounting for all of the Debtor's
    property now in the Receiver's possession, custody, or control.  Shady Bird advised the Debtor that it would
24  not comply with the request pending a ruling on the Motion, which is timely under Section 27(a)-(c) of the
    February 17, 2021, order based on the Debtor's agreement not to use the delay in filing the Motion as a
    defense.
25

26  [11] The obligation of a custodian to turn over property of the debtor to the "trustee," upon learning of the
    commencement of a bankruptcy case by the debtor, also requires a custodian to turn over such property to
    a debtor in possession in a chapter 11 case, where a trustee has not been appointed.  See 11 U.S.C. §
27  1107(a).  Shady Bird concedes that a receiver appointed by a state court is a "custodian" subject to Section
    543(b).  See 11 U.S.C. § 101(11); In re Franklin, 476 B.R. 545, 551 (Bankr. N.D. Ill. 2012).

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  the best interests of the creditors are served by permitting a custodian to retain control of

2  the estate.[12]  Franklin, 476 B.R. at 551 (citing In re Falconridge, LLC, 2007 WL 3332769

3  at *6-7 (Bankr. N.D. Ill. 2007).  If such a showing is made, the burden shifts to the debtor

4  to show why turnover is appropriate.  In re Plihal, 97 B.R. 561, 564 (Bankr. D. Neb.

5  1989).

6          At all times, the "paramount and sole concern is the interests of *all*

7  creditors."  Falconridge, 2007 WL 3332769, at *7 (citing In re KCC-Fund V, Ltd., 96 B.R.

8  237, 239 (Bankr. W.D. Mo. 1989) (emphasis in original).  The interests of the debtor are

9  not to be considered.  Falconridge, at *7 (citing Dill v. Dime Bank (In re Dill), 163 B.R.

10 221, 225 (E.D.N.Y. 1994)); Foundry of Barrington P'ship v. Barrett (In re Foundry of

11 Barrington P'ship), 129 B.R. 550, 557 (Bankr. N.D. Ill. 1991).

12         In determining whether a custodian of property of the debtor should be

13 excused from turnover, courts have reviewed the following:

14         •       The likelihood of reorganization, and whether funds held by the

15 receiver are required for reorganization;[13]

16         •       Whether the debtor mismanaged the property;

17         •       Whether turnover would injure the creditors;

18         •       Whether the debtor would use the property for the creditors' benefit;

19         •       Whether there are avoidance issues raised with respect to property

20 retained by a receiver, because a receiver does not possess avoiding powers for the

21 benefit of the estate; and

22

23 _____

24 [12] The definition of a "preponderance of evidence" is evidence which is of greater weight or more
25 convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows
   that the fact sought to be proved is more probable than not.  Turmon v. Cooper (In re Cooper), 2012 Bankr.
26 LEXIS 6119, 2012 WL 8135655 (Bankr. E.D. Cal. 2012).

   [13] An alternative statement of this factor is "the likelihood of a reorganization, and the probability that funds
27 required for reorganization will be available."  In re Northgate Terrace Apts., Ltd., 117 B.R. 328, 332 (Bankr.
   S.D. Ohio 1990).

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1        •        The fact that the automatic stay has deactivated the state court

2   Receiver Action.[14]

3            Reduced to its core, the primary factors courts consider include "(1)

4   whether there will be sufficient income to fund a successful reorganization; (2) whether

5   the debtor will use the property for the benefit of its creditors; and (3) whether there has

6   been mismanagement by the debtor." In re Orchards Vill. Invs., LLC., 405 B.R. 341, 353

7   (Bankr. D. Or. 2009) (quoting Dill, 163 B.R. at 225).  Even if these three prongs are

8   resolved in favor of the debtor, the court still may excuse compliance if turnover would be

9   injurious to creditors.  First Nat'l Bank v. Powers Aero Marine Services (In re Powers

10  Aero Marine Service), 42 B.R. 540 (Bankr. S.D. Tex. 1989).  So, while "[r]eorganization

11  policy generally favors turnover of business assets to the debtor in a chapter 11 case," it

12  is not axiomatic that receivers must, in each instance, turnover assets to a debtor.

13  Orchards Vill. Invs., 405 B.R. at 352.

14           For instance, where there is evidence establishing that the interests of

15  creditors would be better served by allowing the receiver to remain in possession and

16  control of property of the estate, courts have denied turnover motions by the debtor and

17  granted motions to excuse turnover.  See Orchards Vill. Invs., supra, (excusing state

18  court receiver from turnover of assets to debtor under Section 543(d)(1), after applying

19  three relevant factors, where receivership had been in place for approximately six months

20  before the debtor filed for relief under chapter 11 and had improved substantially the

21  conditions which caused the court to appoint the receiver); In re Wallace, 2011 Bankr.

22  LEXIS 4382, 2011 WL 5827623 (Bankr. D. Idaho 2011) (consideration of Orchards Vill.

23  Invs. factors in light of record suggested that excusing receiver from requirements of

24  Section 543 was appropriate since debtors were unable to show how there would be

25  sufficient income to fund chapter 11 plan and court was not convinced debtors would act

26  _____

27  [14] See In re Attack Properties, LLC, 478 B.R. 337 (N.D. Ill. 2012) (citing Franklin, 476 B.R. at 551); Dill, 163 B.R. at 225.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    in best interests of creditors); <u>In re Bryant Manor, LLC</u>, 422 B.R. 278 (Bankr. D. Kan.

2    2010) (receiver excused from compliance with Section 543 after finding that there were

3    serious issues as to likelihood of reorganization and whether there would be funds

4    available for reorganization if debtor regained control over property, and there were

5    deferred maintenance and upkeep issues on the property prior to the appointment of

6    receiver mandating retention of receiver so value of secured creditor's collateral would

7    not be diminished by failure to perform routine maintenance).

8          Here, although this case is in its infancy, the Project is not, and the pre-

9    petition events leading to this filing demonstrate why the interests of creditors will be

10   better served by excusing compliance with Section 543(b).  In fact, each of the three

11   <u>Orchards Vill. Invs.</u> factors militate in favor of excusing compliance with the turnover

12   provisions of the Code.

13         First, there presently is a complete lack of income, let alone sufficient

14   income, to fund a successful reorganization.[15]  The Debtor has been in default of its

15   obligations under the Loan since October 1, 2019.  Since that time, there has been no

16   refinancing of Shady Bird's debt, and a complete lack of any evidence showing that either

17   take out financing or additional construction financing has been (or will be) secured.  In

18   fact, construction came to a halt due to the simple fact that the Debtor lacks the funds to

19   carry out even the most basic construction projects.  Given the plight and deterioration of

20   the Project, there is no basis to assume that anything will change in the short term.  And

21   during this time, the Project will continue to deteriorate as its infrastructure remains

22   subject to the elements and ongoing vandalism, which already has occurred.

23

24

25   _____

26   [15] The Debtor's first Monthly Operating Report filed on March 22, 2021 [Docket No. 40] showed that the
     Debtor had $0.00 in its debtor in possession accounts.  Although the Debtor recently obtained an order
     requiring the turnover of three accounts from Evertrust Bank and authorizing a DIP loan in an amount not to
27   exceed $100,000 from the Debtor's affiliate, this hardly demonstrates an entity with sufficient capitalization
     to accomplish anything but keep the Project insured and the lights on.

28

1    Second, there is no reason to believe the Debtor will use the Project for the

2  benefit of its creditors, including Shady Bird.  As noted, the Project already has suffered

3  dramatically during the Debtor's ownership and its embarrassing attempt at construction,

4  and it will continue to suffer the longer it remains in the Debtor's hands.  The Debtor has

5  no ability to restart, let alone complete, construction, and it lacks the ability to cure the

6  existing loan default or service Shady Bird's debt.  This says nothing of the Debtor's

7  inability to compensate the multitude of vendors and contractors, many of whom have

8  filed mechanic's liens and *lis pendens* against the Property.  None of these creditors

9  believe the Project should be returned to the Debtor.

10    Finally, the evidence of mismanagement and negligence is overwhelming.

11  The events surrounding the pre-petition termination and post-petition resuscitation of the

12  Ground Lease more than demonstrates the Debtor's dishonesty.  In addition, the fact that

13  a Receiver was appointed further establishes that the state court agreed with Shady

14  Bird's concerns that the current state of disrepair and lack of insurance warranted the

15  drastic remedy of appointing a receiver to assume control over the Project.  The Report

16  prepared by Urban Advisory only reinforces why the appointment of a receiver was

17  desperately needed and should not be disturbed.

18    As such, only an independent state court neutral, not the incompetent,

19  dishonest, cash-poor Debtor, should remain in control of the Project.  This will ensure that

20  the Project is insured, that the Project is secured, and that either a buyer is located who

21  will fund the final construction costs and will ensure that past and future contractors and

22  suppliers are timely paid, or a foreclosure sale will occur which will allow Shady Bird to

23  take control over this Project.

24    Thus, it is in the best interests of creditors, as well as the Debtor, that the

25  construction project and development be stabilized by the Receiver.  Time is of the

26  essence with this Project; the longer it sits in its present dilapidated state, the more its

27  value erodes to the prejudice of Shady Bird and other creditors.  These objectives cannot

28  possibly be achieved if the Court displaces the Receiver and compels turnover under

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  Section 543(b).  The Debtor has no funds available that it can use to do any work

2  towards completing the construction of the Project, and, without post-petition financing

3  (which is unrealistic at this point), the Debtor has no money with which to perform any

4  work on the Project or to fund its chapter 11 case.

5          All of this compels the conclusion that the Debtor has no ability to complete

6  the Project, let alone complete and stabilize the Project.  That leaves the existing state

7  court receivership as the only viable option for ensuring that the Project's value does not

8  further depreciate, and for stabilizing the Project pending a sale or foreclosure.  Under

9  these circumstances, the only viable choice is for this Court to allow the Receiver to

10 continue to perform and control the stabilization of the Project, under the supervision and

11 control of the state court.  That, in turn, requires this Court to excuse the Receiver's

12 compliance with Section 543(b).  Not only is this decision compelled by the

13 circumstances, but also, it will avoid what appear to be delays and inefficiencies that

14 inevitably would result if the Debtor were permitted to displace the Receiver and regain

15 control of the Project.

16          *[Remainder of page intentionally left blank]*

17

18

19

20

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**V.**

**CONCLUSION**

Based on the foregoing, Shady Bird respectfully requests that the Motion be granted in all respects, and for such other and further relief as the Court deems just and proper under the circumstances.

DATED: March 25, 2021

**Sulmeyer**Kupetz
A Professional Corporation

By: /s/ *Daniel A. Lev*
Daniel A. Lev
Attorneys for Shady Bird Lending, LLC

DATED: March 25, 2021

Law Offices of Ronald Richards & Associates, APC

By: /s/ *Ronald Richards*
Ronald Richards
Attorneys for Shady Bird Lending, LLC

**<u>DECLARATION OF RONALD RICHARDS</u>**

I, Ronald Richards, declare and state as follows:

1.      At all times relevant hereto, I have been the non-member, manager for Shady Bird Lending, LLC, a California limited liability company ("Shady Bird").  In this capacity, I have personal knowledge of the facts set forth in this declaration, and if called as a witness for this purpose, I could and would testify competently under oath to them.

2.      I make this declaration in support of the "Motion of Shady Bird Lending, LLC for Order Excusing State Court Receiver From Turnover of Assets Pursuant to 11 U.S.C. § 543; Memorandum of Points and Authorities; Declarations of Ronald Richards, Bellann R. Raile, and Brent Little in Support Thereof" (the "Motion"), through which Shady Bird, the holder of the senior deed of trust on the real property bearing APN Nos. 276-361-20 and 276-361-22, consisting of a partially constructed 178-room, seven story hotel building located in Buena Park, California (the "Project") owned by the debtor The Source Hotel, LLC (the "Debtor"), seeks an order, among other things, excusing the state court receiver from turnover of the Debtor's assets, including the Project, and authorizing the state court receiver, on an interim basis, to take the steps necessary and appropriate to preserve and protect the assets of the Debtor pursuant to 11 U.S.C. § 543(d)(1).

3.      I am not a member or owner of Shady Bird, but I am the only one who is authorized to execute settlements or act on behalf of the entity.

4.      Shady Bird is the assignee of that certain construction loan (the "Loan") entered into on or about May 24, 2016, by and between Evertrust Bank (the "Original Lender") and the Debtor, in the principal amount of $24,988,808.  The Loan was made pursuant to a Construction Loan Agreement (the "Loan Agreement") dated May 24, 2016, between the Debtor and Original Lender.  The purpose of the Loan was for the development and construction of a 178-room, 7 story hotel project.  In addition to the Project, the Debtor is the ground lessee under a 99-year "Memorandum of Ground Lease" (the "Ground Lease") with ground lessor, The Source at Beach, LLC (the "Ground

Sulmeyer Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  Lessor").  Although the Ground Lease was terminated on February 16, 2021, by Ground

2  Lessor, not surprisingly, the termination was just rescinded.  However, the defaults which

3  caused the termination notice to be sent still remain.

4          5.      In furtherance of the Loan Agreement, as evidence of the Loan, and

5  for value received in the maximum principal amount of $29,500,000 by the Debtor from

6  Original Lender, the Debtor executed and delivered to Original Lender the Promissory

7  Note (the "Note").  According to the Note, the Debtor agreed to make monthly payments

8  of interest commencing on July 1, 2016, until the Note's original maturity date of

9  December 1, 2017 (the "Original Maturity Date").  Upon the Original Maturity Date, the

10  entire unpaid principal, all accrued interest, and other costs and fees were due and

11  payable without demand or notice.  As explained below, pursuant to five extension

12  agreements, the Original Maturity Date was extended to November 1, 2019 (the "Maturity

13  Date").  An event of default under the Note is defined as any event of default under the

14  Loan Agreement.

15          6.      To secure repayment and performance of the Debtor's obligations

16  under, *inter alia,* the Loan Agreement and Note, the Debtor executed and delivered to

17  Original Lender a deed of trust (the "Deed of Trust") pursuant to which, *inter alia,* Original

18  Lender was granted a first priority lien against the Debtor's rights in the Project and the

19  Ground Lease.  Specifically, the Deed of Trust grants Original Lender, and Shady Bird,

20  as its assignee, a first priority security interest and lien in the Debtor's leasehold interest

21  in the Project; all right, title, and interest in and to the Ground Lease; rents, income and

22  profits arising from or pursuant to the Ground Lease; and the use, occupancy, and

23  enjoyment of the Project along with all other real and personal property described in the

24  Deed of Trust.  The Deed Trust further grants, transfers, and assigns to Shady Bird, as

25  assignee, all of the Debtor's right, title, and interest in and to any building, improvements,

26  fixtures, structures, and equipment located or erected on the Project (collectively, the

27  "Improvements").

28

1       7.     The Deed of Trust also requires the Debtor to maintain insurance on the Project (as defined therein) and to protect Shady Bird's security interest in the Project against loss or damage by fire and other risks.  As assignee, Shady Bird also shall be named as the primary loss payee under all of the insurance policies and the Debtor is required to assure that Shady Bird receives a certificate from each insurance company that acknowledges Shady Bird's position as loss payee and that states that the insurance policy cannot be terminated as to Shady Bird except upon 30-days prior written notice.

8.     The Deed of Trust further requires the Debtor to maintain and preserve the Project, including, *inter alia*: (i) keeping the Project in good condition and repair; (ii) using commercially reasonable efforts to complete or restore promptly and in good and workmanlike manner the Project, or any part thereof, which may be damaged or destroyed; (iii) not committing or permitting material physical waste of the Project or any portion thereof; and (iv) doing all other acts which from the character or use of the Project may be reasonably necessary to maintain, preserve, and enhance its value and otherwise performing such appropriate upkeep and maintenance to the Project to ensure that the Project, and each part thereof, is maintained in a first-class manner and retains at all times a first-class appearance and condition.

9.     According to the Deed of Trust, Shady Bird is provided the right to inspect the Project for purposes of ensuring the Debtor's compliance with its obligations under the Deed of Trust.  Finally, the Deed of Trust not only gives Shady Bird the right to perform various acts in the event of the Debtor's failure to perform in order to protect the collateral, but it also allows Shady Bird to bring an action for specific performance or for appointment of a receiver to take possession of the Project and operate the business of the Debtor, if any, being conducted on the Project.

10.    The Loan and Note originally matured on the Original Maturity Date of December 1, 2017.  Thereafter, at the request of the Debtor and the guarantors of the Loan and Note, namely, Donald Chae and Min Chae (collectively, the "Guarantors"), the Debtor, Guarantors, and Original Lender entered into a "First Extension Agreement"

**SulmeyerKupetz,** A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL: 213.626.2311 • FAX 213.629.4520

1    dated December 22, 2017 (the "First Extension"), whereby, *inter alia*, pursuant to the

2    terms therein, (i) the Original Maturity Date was extended to June 1, 2018, and (ii) the

3    completion date of the Project was extended to June 1, 2018.  Thereafter, pursuant to a

4    "Second Extension Agreement," "Third Extension Agreement," "Fourth Extension

5    Agreement," and "Fifth Extension Agreement" (collectively with the First Extension, the

6    "Extension Agreements"), the Original Maturity Date of the Loan, Loan Agreement, and

7    Note, and the completion date of the Project, were extended to November 1, 2019 (the

8    "Maturity Date").

9            11.    As noted, Shady Bird is the assignee of all of Original Lender's right,

10    title, and interest in and to, *inter alia,* the Loan, Loan Agreement, Note, and Deed of

11    Trust.  In this regard, in exchange for good and valuable consideration and in furtherance

12    of a "Non-Recourse Loan Sale Agreement and Joint Escrow Instructions" (the "Loan Sale

13    Agreement") and an "Assignment of Loan Documents" dated December 29, 2020 (the

14    "Assignment of Loan Documents"), Original Lender executed and delivered to Shady Bird

15    an "Assignment of Deed of Trust" dated December 29, 2020, and recorded on January 4,

16    2021, whereby Original Lender assigned and transferred to Shady Bird all of Original

17    Lender's right, title, and interest in and to the Loan Agreement, the Note, and Deed of

18    Trust.  As such, Shady Bird is the lawful owner and holder of the Note and the Loan

19    Agreement and is the beneficiary of the Deed of Trust.  Moreover, pursuant to an

20    "Allonge" to the Note dated December 29, 2020, all amounts due and owing on the Note

21    by the Debtor are now payable to Shady Bird.

22            12.    Due to the Debtor's defaults under the Loan Agreement, Note, and

23    Deed of Trust for the following undisputed reasons, Shady Bird was left with no

24    alternative but to exercise its rights to not only commence a non-judicial foreclosure sale,

25    but to seek the appointment of a receiver.  Specifically, the following defaults warranted

26    such drastic relief:

27            •    The Debtor's failure to make the payment of interest due under the

28    Note on October 1, 2019;

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    •    The Debtor's failure to repay the total indebtedness on the Loan,

2   Note, and Loan Agreement by the Maturity Date;

3    •    The Debtor's failure to complete the construction of the Project by

4   the Maturity Date;

5    •    The Debtor's failure to timely pay its contractors and other third

6   parties resulting in multiple mechanic's being recorded against the Project and the

7   Debtor's failure to furnish a sufficient bond causing such liens to be released or giving

8   other satisfactory indemnity within ten days of recording;

9    •    The Debtor's failure to take reasonable measures to maintain,

10  protect, and secure the Project under the Deed of Trust;

11   •    The Debtor's failure to prevent the Project from becoming

12  vandalized, damaged, destroyed, and deteriorated;

13   •    The Debtor's failure to prevent material physical waste of the Project;

14   •    The Debtor's failure to allow Shady Bird to enter upon and inspect

15  the Project;

16   •    The Debtor's failure to provide evidence of and certificates of

17  insurance to Shady Bird upon request;

18   •    The Debtor's failure to allow inspections by the City of Buena Park

19  and ceasing communications with the City, negatively affecting the permitting process

20  and the ability to complete the Project;

21   •    The Debtor's failure to maintain various systems and improvements

22  on the Project such as the elevator, electrical, HVAC, and plumbing;

23   •    The Debtor's failure to provide any security for the Project and

24  improvements; and

25   •    The Debtor's failure to timely test the fire-life safety systems which

26  could completely destroy the Project.

27       13.    In addition, as alluded to earlier, on February 16, 2021, Shady Bird

28  received a "Notice of Default Under, and Exercise of Option to Terminate, Ground Lease"

1    from the Ground Lessor, advising Shady Bird that the Ground Lease was being

2    immediately terminated.  A true and correct copy of the termination notice is attached

3    hereto as Exhibit "A" and incorporated herein by reference.  On March 22, 2021, Shady

4    Bird received a notice of recission from the Ground Lessor, however, the defaults that

5    first occasioned the termination remain.

6         14.    As a result of the foregoing defaults, the principal sum of not less

7    than $24,988,808.74 is due and owing to Shady Bird.  Hence, Shady Bird, as assignee,

8    initiated a non-judicial foreclosure under the Deed of Trust, and a foreclosure sale was

9    scheduled for March 1, 2021.  Shady Bird also exercised its remedies under the Deed of

10   Trust by seeking the *ex parte* appointment of a receiver.  On February 17, 2021, the state

11   court granted Shady Bird's request and the Receiver was appointed.  A true and correct

12   copy of the February 17, 2021, order is attached hereto as Exhibit "B" and incorporated

13   herein by reference.  The Receiver assumed immediate control of the Project, but due to

14   the chapter 11 filing, the March 1, 2021, foreclosure sale did not proceed.

15        15.    The Debtor and Guarantors also are liable for additional amounts on

16   the Note, Loan Agreement, and guaranty for interest, default interest, late fees, and costs

17   and attorneys' fees incurred by Original Lender and Shady Bird in connection with

18   collection and enforcement of, *inter alia*, the Note, Loan Agreement, and guaranty.

19   These amounts are preserved by Shady Bird, and are not waived in any action or

20   proceeding as a result of these cases.

21        *[Remainder of page intentionally left blank]*

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311  •  FAX 213.629.4520

16.     Due to the serious issues identified by the Receiver, it is in the best interests of Shady Bird and other creditors that the Project remain under the custody, control, and possession of the Receiver.  Time is of the essence with this Project; the longer it sits in its present dilapidated state, the more its value erodes to the prejudice of Shady Bird and other creditors.  As such, only the Receiver should remain in control of the Project.  This will ensure that the Project is insured, that the Project is secured, and that either a buyer is located who will fund the final construction costs and will ensure that past and future contractors and suppliers are timely paid, or a foreclosure sale will occur which will allow Shady Bird to take control over this Project.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of March, 2021, at Los Angeles, California.

/s/ *Ronald Richards*
Ronald Richards

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1

### <u>DECLARATION OF BELLANN R. RAILE</u>

2      I, Bellann R. Raile, declare and state as follows:

3      1.      I am over the age of eighteen and am the duly appointed, qualified,

4  and acting state court receiver for the real property bearing APN Nos. 276-361-20 and

5  276-361-22, consisting of a partially constructed 178-room, seven story hotel building

6  located in Buena Park, California (the "Project") owned by the debtor The Source Hotel,

7  LLC (the "Debtor").  The facts stated herein are true of my own personal knowledge and I

8  could and would competently testify thereto as follows.

9      2.      I make this declaration in support of the "Motion of Shady Bird

10  Lending, LLC for Order Excusing State Court Receiver From Turnover of Assets

11  Pursuant to 11 U.S.C. § 543; Memorandum of Points and Authorities; Declarations of

12  Ronald Richards, Bellann R. Raile, and Brent Little in Support Thereof" (the "Motion"),

13  through which Shady Bird Lending, LLC ("Shady Bird"), the holder of the senior deed of

14  trust on the real property bearing APN Nos. 276-361-20 and 276-361-22, consisting of a

15  partially constructed 178-room, seven story hotel building located in Buena Park,

16  California owned by the debtor The Source Hotel, LLC (the "Debtor"), seeks an order,

17  among other things, excusing me, as the appointed state court receiver, from turnover of

18  the Debtor's assets, including the Project, and authorizing me, as receiver, on an interim

19  basis, to take the steps necessary and appropriate to preserve and protect the assets of

20  the Debtor pursuant to 11 U.S.C. § 543(d)(1).

21      3.      After my appointment as receiver on February 17, 2021, I

22  immediately undertook those duties imposed on me by the operative order and applicable

23  state law.  I have personally viewed and inspected the Project, have ordered an

24  inspection report from Urban Advisory and Building Group, LLC ("Urban Advisory"), and

25  have attempted to gain an understanding of the financial position and structure of the

26  Debtor.  Although I was only appointed on February 17, 2021, it is clear to me that there

27  are no substantial business operations being performed by the Debtor at the Project.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

4.      Specifically, the Debtor's hotel is only partially constructed and is completely non-operational.  For instance, the hotel is not permitted for occupancy and is not generating a single dollar of income.  There are no rooms for let, there is no electricity, there is no running water, there are no functioning systems for HVAC or fire-life safety, there are no restaurants, there are no bars, there are no gift shops, there are no retail stores, there are no pools or spas, there are no ballrooms, there is no fitness or business center, and there is no convention space.  In other words, this is not a functioning hotel.  More troubling are the conclusions of Urban Advisory as contained in its "Property Inspection Report for The Source OC Hilton Hotel," dated March 10, 2021 (the "Report").  The Report details the serious issues of neglect, waste, and disrepair at the Project.

5.      As further evidence of this fact, I commissioned a series of photographs to be taken of the Project, showing its current state of construction and disrepair as of the date of my appointment.  True and correct copies of a series of photographs I commissioned are attached hereto as Exhibit "C" and incorporated herein by reference.

6.      As receiver, I am tasked with, among other things, taking possession of and managing the Project, collecting any income from the Project (of which there is none in this case), caring for the Project and incurring expenses necessary for that care, including procuring the necessary insurance, and securing the Project, including changing any locks.

*[Remainder of page intentionally left blank]*

7.     In this regard, I have assumed control over the Project, and have taken the steps to ensure that the Project and the improvements located at the site are insured and secured.  My goal is to stabilize the Project pending a sale or foreclosure. Given the current physical state of the Project, and the lack of any income to allow for construction to be completed, in my experience, the only viable alternative is to allow me to continue to perform and control the stabilization of the Project, under the supervision and control of the state court.  That, in turn, requires this Court excuse my compliance with Section 543(b).  I believe that such a decision would be in the best interests of creditors of the Debtor's estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of March, 2021, at Los Angeles, California.

Bellann R. Raile

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA, 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

# DECLARATION OF BRENT LITTLE

I, Brent Little, declare and state as follows:

1.    I am over the age of eighteen and am a principal of Urban Advisory and Building Group, LLC ("Urban Advisory").  I am a licensed general contractor and hold a bachelor of arts degree in Geography from California State University, Fullerton, with an emphasis in urban planning.  I have been the principal of several construction, development, and consulting firms for the past twenty-five years.  The facts stated herein are true of my own personal knowledge and I could and would competently testify thereto as follows.

2.    I make this declaration in support of the "Motion of Shady Bird Lending, LLC for Order Excusing State Court Receiver From Turnover of Assets Pursuant to 11 U.S.C. § 543; Memorandum of Points and Authorities; Declarations of Ronald Richards, Bellann R. Raile, and Brent Little in Support Thereof" (the "Motion"), through which Shady Bird, the holder of the senior deed of trust on the real property bearing APN Nos. 276-361-20 and 276-361-22, consisting of a partially constructed 178-room, seven story hotel building located in Buena Park, California (the "Project") owned by the debtor The Source Hotel, LLC (the "Debtor"), seeks an order, among other things, excusing the state court receiver from turnover of the Debtor's assets, including the Project, and authorizing the state court receiver, on an interim basis, to take the steps necessary and appropriate to preserve and protect the assets of the Debtor pursuant to 11 U.S.C. § 543(d)(1).

3.    Recently, Urban Advisory was retained by Bellann R. Raile (the "Receiver"), who I understand is duly appointed, qualified, and acting state court receiver for the Project owned by the Debtor.  Urban Advisory specifically was retained by the Receiver to provide her with an analysis and written report of the current physical condition of the Project.

4.    In this regard, Steve Cienfuegos, a licensed general contractor employed by Urban Advisory, and I conducted two on-site inspections of the Project, the

1    first on March 3, and the second on March 9, 2021. In addition to our personal

2    inspection, we also reviewed various stamped approved plans and interviewed several

3    individuals either familiar with the Project or a particularly relevant building system. As a

4    result of our on-site inspections and analysis, we prepared and sent to the Receiver a

5    "Property Inspection Report for The Source OC Hilton Hotel," dated March 10, 2021 (the

6    "Report"). A true and correct copy of the Report is attached hereto as Exhibit "D" and

7    incorporated herein by reference.

8          5.    In sum, and as detailed in the Report, the hotel is an idled

9    construction project which is roughly 70% complete. Crucially, there are significant

10   issues of neglect, potential hazardous situations, and safety and environmental concerns

11   at the Project. Among the areas of concern are the following: (i) there are substantial

12   roof issues which currently permit the intrusion of water into the structure, (ii) the

13   construction assemblies on the roof are incomplete and create an opportunity for water

14   infiltration, (iii) the fire sprinkler system is not currently capable of providing life-safety

15   protection for the Project, (iv) due to neglect and exposure to UV rays, the pool deck will

16   need substantial repair, (v) the pool has an accumulation of water and trash making it a

17   breeding ground for mosquitos, which may carry the West Nile Virus, (vi) completed

18   business finishes are not being protected and are exposed to waste or damage, (vii) a

19   potentially hazardous situation may exist if the building sewer system is not connected to

20   the public system, (viii) HVAC package units have been left unsecured and accessible to

21   thieves and vandals, and (ix) there are hazardous and caustic chemicals unsecured at

22   the Project. As noted, these are merely some of the highlights of the Report.

23          I declare under penalty of perjury under the laws of the United States of

24   America that the foregoing is true and correct.

25          Executed this 11th day of March, 2021, at Los Angeles, California.

26

27          Brent Little

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# EXHIBIT A

**TO:**

The Source Hotel, LLC ("Lessee")
3100 E. Imperial Highway
Lynwood, CA 90262
Attention: Min Chae and Donald Chae

With a copy to:  Lim, Ruger & Kim, LLP
1055 West Seventh Street, Suite 2800
Los Angeles, CA 90017
Attention: Real Estate Department

Shady Bird Lending, LLC ("Lender")
c/o LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.
Ronald N. Richards
P.O. Box 11480
Beverly Hills, CA 90213

LAW OFFICES OF GEOFFREY LONG, A.P.C.
Geoffrey S. Long
1601 N. Sepulveda Blvd., No. 729
Manhattan Beach, CA 90266

Trustee:

STEWART TITLE OF CALIFORNIA, INC.
200 E. Sandpointe Ave., Suite 150
Santa Ana, California 92707

## NOTICE OF DEFAULT UNDER, AND EXERCISE OF OPTION TO TERMINATE, GROUND LEASE

The Source at Beach, LLC ("Lessor") as the ground lessor under that certain *GROUND LEASE by and between THE SOURCE AT BEACH, LLC,  a California limited liability company ("Lessor") and  THE SOURCE HOTEL, LLC,  a California limited liability company ("Lessee") dated as of the 6th day of April, 2015, including any amendments thereto* ("Ground Lease"), hereby gives notice to the Lessee, Lender and Trustee named above of the occurrence of Events of Default under the Ground Lease, and further gives notice of and does hereby, exercise its option to terminate the Ground Lease effective immediately. Such exercise is based on, *inter alia*, the following:

Article 21.1 of the Ground Lease defines certain events, the occurrence of which constitutes an Event of Default.  Events of Default include, among others, (1) any failure by Lessee to observe and perform any provision of the Ground Lease [Article 21.1(b)] and (2) the foreclosure of any mechanic's lien [Article 21.1(g)].

Article 11.1 of the Ground Lease, as amended on June 14, 2019, requires Lessee "to construct or cause to be constructed to substantial completion upon the Hotel Complex Premises on or prior to

**December 1, 2019**, all Improvements, which Improvements shall be constructed in accordance with plans and specifications first approved in writing by Lessor." (bold in original).

An Event of Default has occurred as a result of Lessee's failure to construct or cause to be constructed to substantial completion upon the Hotel Complex Premises all Improvements on or prior to December 1, 2019 in violation of Article 11.1, as amended.

Further, Lessor has received copies of Notices of *Lis Pendens*, copies attached, reflecting the commencement of foreclosures of numerous mechanic's liens, a violation of Article 20.1(c) and hence an Event of Default.

The foregoing notice is given and the exercise of said option to terminate is made, without prejudice to any other rights Lessor may have under the Ground Lease or any other agreements, documents or instruments related thereto.

Dated: February 16, 2021

By:

Name:  Raymond B. Kim
       Meylan Davitt Jain Arevian & Kim LLP

Title:  Attorneys for Ground Lessor
        The Source at Beach, LLC

EXHIBIT A    033

*1*

RECORDING REQUESTED BY
 Splinter & Thai, LLP
WHEN RECORDED MAIL TO

Splinter & Thai, LLP
25124 Narbonne Ave., #106
Lomita, CA 90717

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

100.00

\* $ R 0 0 1 1 5 3 0 4 7 4 $ \*

2020000094236 1:22 pm 03/03/20

7 413A L08  6

0.00 0.00 0.00 0.00 15.00 0.00 0.000.0075.00 3.00

HITS

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## NOTICE OF PENDENCY OF

## ACTION (LIS PENDENS)

1  Robert G. Splinter, Esq., Bar #78284
2  Min N. Thai, Esq., Bar #232770
   SPLINTER & THAI, LLP
3  25124 Narbonne Avenue, Ste. 106
   Lomita, California 90717-2140
4  (310) 539-6334 telephone
5  (310) 539-2467 facsimile

6  Attorney for Plaintiff,
7  RESCO ELECTRIC INC.,
   a California corporation

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF ORANGE

11

12  RESCO ELECTRIC INC.,              )   CASE NO.:  30-2020-01135027
13  a California corporation,         )   CU-OR-CJC
                                      )
14                                    )   NOTICE OF PENDENCY
                 Plaintiff            )   OF ACTION (LIS PENDENS)
15                                    )
16        vs.                         )
                                      )
17  GREENLAND CONSTRUCTION SERVICE, LLC,  )
18  THE SOURCE HOTEL, LLC,            )
    and DOES 1 through 50, inclusive, )
19                                    )
                 Defendants           )
20  _____  )

21

22

23       NOTICE IS HEREBY GIVEN that the above-entitled action stating a real property

24  claim was commenced on February 27, 2020, in the above named Court by plaintiff,

25  Resco Electric, Inc., a California corporation, against Greenland Construction Service,

26  LLC, The Source Hotel, LLC and DOES 1 through 50, inclusive, which is now pending in

27  the above-named Court.

28

_____

                 NOTICE OF PENDENCY OF ACTION

This action affects title to and the right to possession of specific property situated in Orange County, California, specifically described as follows:

1. <u>Commonly known as</u>: 6986 Beach Boulevard, Buena Park, CA 90621.

   <u>Legal Description</u>: PM 391-4 POR PAR 4 (POR OF 7TH FLOOR HOTEL & ROOF PARCEL) TR 1756

   <u>Assessor's Parcel Number</u>: 276-361-45

Plaintiff seeks by the action to have the interest of Plaintiff and Defendants determined and the property sold, and the proceeds divided according to law. The parties to the action are set forth in the title to the action.

DATED: March 2, 2020                    SPLINTER & THAI, LLP

_____
MIN N. THAI
Attorney for Plaintiff,
RESCO ELECTRIC, INC.

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed The document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

State of California      )
                         )
County of Los Angeles    )

On March 2, 2020, before me, Debbie Wood, a Notary Public in and for said State, personally appeared MIN N. THAI, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that ~~he/she/they~~ executed the instrument in ~~his/her/their~~ authorized capacity(~~ies~~) and that by ~~his/her/their~~ signature(s) on the instrument the person(s), or the entity on behalf of which the person(s) acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

DEBBIE WOOD
Notary Public - California
Los Angeles County
Commission # 2161594
My Comm. Expires Aug 27, 2020

2

NOTICE OF PENDENCY OF ACTION

**PROOF OF SERVICE BY CERTIFIED MAIL - 1013a, 2015.5 C.C.P.**

STATE OF CALIFORNIA    )
                      }ss.
COUNTY OF LOS ANGELES )

      I am resident of/employed in the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 25124 Narbonne Avenue, Suite 106, Lomita, California 90717.

      On March 2, 2020, I served the within NOTICE OF PENDENCY OF ACTION (LIS PENDENS) on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, and addressed as set out below by "Certified Mail – Return Receipt Requested":

Greenland Construction Service, LLC
6940 Beach Boulevard, #D-301
Buena Park, CA 90621

The Source Hotel LLC
6986 Beach Boulevard
Buena Park, CA 90621

The Source Hotel LLC
6940 Beach Boulevard, #D-301
Buena Park, CA 90621

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with first-class postage thereon fully prepaid at Lomita, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing in the affidavit.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed on March 2, 2020, at Lomita, California.

Debbie Wood

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

**97.00**

HITS

RECORDING REQUESTED
AND WHEN RECORDED MAIL TO:

RECORDING REQUESTED BY:
   Retrolock Corp.
AND WHEN RECORDED MAIL DOCUMENT TO:
   Grant Nigolian
   695 Town Center Drive, Suite 700
   Costa Mesa, CA 92626

```
*  * R 0 0 1 2 1 8 6 5 3 9 S *
2020000613064 3:37 pm 10/28/20
227 414A N26   5
0.00 0.00 0.00 0.00 12.00 0.00 0.000.0075.00 3.00
```

*THIS SPACE IS FOR RECORDERS USE ONLY*

## NOTICE OF PENDENCY OF ACTION
### (LIS PENDENS)

(Title of Document)

**Per Government Code 27388.1(a)(1)** *"A fee of $75 dollars shall be paid at the time of recording on every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel or real property. "*

☐ **Exempt from SB2 fee per GC 27388.1(a)(2); is a transfer subject to the imposition of documentary transfer tax", or**

☐ **Exempt from SB2 fee per GC 27388.1(a)(2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax", or**

☐ **Exempt from SB2 fee per GC 27388.1(a)(2); is a transfer of real property that is a residential dwelling to an owner-occupier", or**

☐ **Exempt from SB2 fee per GC 27388.1(a)(2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier", or**

☐ **Exempt from SB2 fee per GC 27388.1(a)(1); fee cap of $225 reached"**

☐ **Exempt from SB2 fee per GC 27388.1(a)(1); not related to real property**

**Failure to include an exemption reason will result in the imposition of the SB2 Building Homes and Jobs Act Fee.**

**\*\*NOT APPLYING FOR EXEMPTION**

1  GRANT NIGOLIAN, P.C.
   Grant A. Nigolian (Bar No. 184101)
2  695 Town Center Drive, Suite 700
   Costa Mesa, CA 92626
3  Tel: (310) 853-2777

4
   Attorneys for Plaintiffs,
5  Retrolock Corp.

6

7                    SUPERIOR COURT OF CALIFORNIA

8          COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

9

10 RETROLOCK CORP., a California           )  Case No: 30-2020-01163206-CU-CL-CJC
   corporation;                           )
11                                          )  **NOTICE OF PENDENCY OF ACTION**
                                           )  **(LIS PENDENS)**
12            Plaintiffs,                   )
        vs.                                )
13                                          )  [Cal. Code Civ. Proc. § 405.20]
   GREENLAND CONSTRUCTION SERVICE,         )
14 LLC, a California corporation; THE SOURCE )
   HOTEL, LLC, a California corporation;   )
15 BUSINESS ALLIANCE INSURANCE             )
   COMPANY, a California corporation; and  )
16 DOES ONE (1) through TWENTY (20),       )
   inclusive;                             )
17                                          )
            Defendants.                    )
18                                          )
19                                          )
20                                          )
21                                          )
22                                          )
23                                          )
24                                          )
25                                          )
26                                          )

27 ///
28



                   NOTICE OF PENDENCY OF ACTION (LIS PENDENS)

1    NOTICE IS GIVEN that the above entitled action was commenced on October 2, 2020, by

2    Retrolock Corp. in the above entitled court and concerns real property or affects the title or right of

3    possession of real property.

4        The names of all defendants to the action are as follows: Greenland Construction Service,

5    LLC; The Source Hotel, LLC; and Business Alliance Insurance Company.

6        The property in question has an address of 6986 Beach Blvd., Buena Park, California,

7    90621, APN No. of 276-361-20 & 276-361-22, and is described as follows:

8
        LOTS 2 THROUGH 9, INCLUSIVE, OF TRACT NO. 1756, IN THE
9        CITY OF BUENA PARK, COUNTY OF ORANGE, STATE OF
         CALIFORNIA, AS PER MAP RECORDED IN BOOK 60, PAGES 20
10       AND 21 OF MISCELLANEOUS MAPS, TOGETHER WITH LOT 2 IN
         BLOCK 61 OF BUENA PARK, IN SAID CITY, COUNTY AND STATE,
11       AS PER MAP RECORDED IN 18, PAGES 50 TO 52 INCLUSIVE, OF
         MISCELLANEOUS MAPS, ALL IN THE OFFICE OF THE COUNTY
12       RECORDER OF SAID COUNTY, TOGETHER WITH THE SOUTH 30
         FEET OF THE STREET ADJOINING SAID LOT ON THE NORTH
13       ABANDONED BY ORDER OF THE BOARD OF SUPERVISORS OF
         ORANGE COUNTY FILED IN BOOK 8, PAGE 37 OF BOARD
14       MINUTES, ON AUGUST 2, 1911.
15

16       The owners or reputed owners of the real property is The Source Hotel, LLC.

17       The purpose of the action is to collect a debt and foreclose a mechanics lien recorded on July

18    24, 2020, as Instrument No. 2020000358872, Official Records of Orange County, California

19    ("**Mechanics' Lien**" -**Exhibit 1**), in which claimant Retrolock Corp. claims the sum of $258,225.27.

20

21    DATED: October 2, 2020            GRANT NIGOLIAN, P.C.
                                        Grant A. Nigolian
22

23                                      By:  _____

24                                           Grant A. Nigolian

25                                      Attorneys for Plaintiffs,
                                        Retrolock Corp.
26

27

28

Page -1-
NOTICE OF PENDENCY OF ACTION (LIS PENDENS)

EXHIBIT A    040

**PROOF OF SERVICE**

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 695 Town Center Drive, Suite 700, Costa Mesa, CA 92626. On the date signed below, I served the documents named below on the parties in this action as follows:

**NOTICE OF PENDENCY OF ACTION (LIS PENDENS)**

Upon the parties named below as follows: (See attached service list.)

☒ **(BY MAIL WHERE INDICATED)** I caused the above referenced document(s) to be placed in an envelope, with postage thereon fully prepaid, and placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of the firm for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE WHERE INDICATED)** The above-referenced document(s) was/were transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to Rule 2001 et. seq. of the Cal. Rules of Court, I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration, unless service by facsimile transmission was executed as a matter of professional courtesy.

☐ **(BY PERSONAL DELIVERY WHERE INDICATED)** I caused the above-referenced document(s) to be personally delivered to the person and/or the address listed above.

☐ **(BY FEDERAL EXPRESS WHERE INDICATED)** I am readily familiar with the practice of the firm for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America the above it true and correct.

Executed on October 28, 2020, at Costa Mesa, California.    *Daniel Kaplan*
                                                            Daniel Kaplan

EXHIBIT A    041

| | |
|---|---|
| 1 | **Service List:**      *Retrolock Corp., adv. Greenland Construction Service, LLC, et al.* |
| 2 | (O.C.S.C. Case No. 30-2020-01163206-CU-CL-CJC) |
| 3 | Greenland Construction Service, LLC |
| | c/o Summer Bridges (Reg. Agent) |
| 4 | 6960 Beach Blvd., Unit J205 |
| | Buena Park, CA 90621 |
| 5 | Defendants |
| 6 | (*via* Certified Mail, return receipt requested) |
| 7 | The Source Hotel, LLC |
| | c/o Summer Bridges (Reg. Agent) |
| 8 | 6960 Beach Blvd., Unit J205 |
| 9 | Buena Park, CA 90621 |
| | Defendants |
| 10 | (*via* Certified Mail, return receipt requested) |
| 11 | |
| | Business Alliance Insurance Company |
| 12 | Steve Barsotti (Reg. Agent) |
| | 400 Oyster Point Blvd. |
| 13 | Suite 327 |
| 14 | South San Francisco, CA 94080 |
| | Defendants |
| 15 | (*via* Certified Mail, return receipt requested) |
| 16 | Lender's Foreclosure Services |
| 17 | ATTN: Louisa Zavala, Trustee's Sale Officer |
| | P.O. Box 92086 |
| 18 | City of Industry, CA 91715 |
| 19 | (*via* Certified Mail, return receipt requested) |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

EXHIBIT A   042

96

**RECORDING REQUESTED BY:**

Iron Mechanical, Inc.

**Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder**

HITS

*S R 0 0 1 1 9 2 7 4 5 7 3 * 97.00

2020000407548 1:37 pm 08/13/20

62 404A N25   5

0.00 0.00 0.00 0.00 12.00 0.00 0.000.0075.00 3.00

**WHEN RECORDED, RETURN TO:**
William L. Porter, Esq.
Hannah Kreuser, Esq.
Porter Law Group. Inc.
7801 Folsom Boulevard, Suite 101
Sacramento, California 95826

## NOTICE OF PENDENCY OF ACTION

[The remainder of this page is intentionally left blank]

1  **PORTER LAW GROUP, INC.**
   William L. Porter, Esq. [133968]
2  Hannah C. Kreuser, Esq. [322959]
   7801 Folsom Boulevard, Suite 101
3  Sacramento, California 95826
   Telephone: 916-381-7868
4  Facsimile: 916-381-7880

5  Attorneys for Plaintiff
   **IRON MECHANICAL, INC.**

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ORANGE

10                              —ooOoo—

11  IRON MECHANICAL, INC.,              CASE NO. 30-2020-01146448-CU-BC-CJC

12              Plaintiff,
                                        **NOTICE OF PENDENCY OF ACTION**
13  v.

14  GREENLAND CONSTRUCTION
    SERVICE, LLC, a California limited liability
15  company; THE SOURCE HOTEL, LLC, a
    California limited liability company; THE
16  SOURCE AT BEACH LLC, a California
    limited liability company; BEACH
17  ORANGETHORPE HOTEL, LLC, a
    California limited liability company; BEACH
18  ORANGETHORPE HOTEL II, LLC, a
    California limited liability company;
19  EVERTRUST BANK, a California
    corporation; and DOES 1 through 90,
20  inclusive,

21              Defendants.

22

23

24      NOTICE IS HEREBY GIVEN that the above-entitled action was commenced and is now

25  pending in the above-entitled Court upon Complaint of Plaintiff, IRON MECHANICAL, INC.,

26  against Defendants, GREENLAND CONSTRUCTION SERVICE, LLC, a California limited

27  liability company; THE SOURCE HOTEL, LLC, a California limited liability company; THE

28  SOURCE AT BEACH LLC, a California limited liability company; BEACH

                                    - 1 -
                          NOTICE OF PENDENCY OF ACTION

EXHIBIT A   044

1   ORANGETHORPE HOTEL, LLC, a California limited liability company; BEACH

2   ORANGETHORPE HOTEL II, LLC, a California limited liability company; EVERTRUST

3   BANK, a California corporation; and DOES 1 through 90, inclusive.

4       The above-entitled action alleges a real property claim affecting title to and/or possession

5   of real property in that Plaintiff, IRON MECHANICAL, INC., seeks foreclosure of a mechanics'

6   lien concerning real property located at 6986 Beach Blvd., Buena Park, CA 90621, APNs: 276-

7   361-29, -30, -32, -33, -35 through -45, inclusive, 276-361-56 through -62, inclusive.

8

9   Dated: August 4, 2020                      PORTER LAW GROUP, INC.

10

11                               By:

                                     William L. Porter

12                                      Attorneys for Plaintiff

                                     IRON MECHANICAL, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

NOTICE OF PENDENCY OF ACTION

1  **PORTER LAW GROUP, INC.**
   William L. Porter, Esq. [133968]
2  Hannah C. Kreuser, Esq. [322959]
   7801 Folsom Boulevard, Suite 101
3  Sacramento, California 95826
   Telephone: 916-381-7868
4  Facsimile: 916-381-7880

5  Attorneys for Plaintiff
   IRON MECHANICAL, INC.

6

7

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                          **COUNTY OF ORANGE**

10                              —ooOoo—

11  IRON MECHANICAL, INC.,              CASE NO. 30-2020-01146448-CU-BC-CJC

12              Plaintiff,
                                        **PROOF OF SERVICE**
13  v.

14  GREENLAND CONSTRUCTION
    SERVICE, LLC, a California limited liability
15  company; THE SOURCE HOTEL, LLC, a
    California limited liability company; THE
16  SOURCE AT BEACH LLC, a California
    limited liability company; BEACH
17  ORANGETHORPE HOTEL, LLC, a
    California limited liability company; BEACH
18  ORANGETHORPE HOTEL II, LLC, a
    California limited liability company;
19  EVERTRUST BANK, a California
    corporation; and DOES 1 through 90,
20  inclusive,

21              Defendants.

22

23

24      I, the undersigned, declare that I am over the age of eighteen years and am not a party to

25  the within-entitled action; I am employed in the City and County of Sacramento, California; my

26  business address is 7801 Folsom Boulevard, Suite 101, Sacramento, California 95826.

27                                  - 1 -

28

                            PROOF OF SERVICE

On the date below, I served the attached document(s) entitled:

**NOTICE OF PENDENCY OF ACTION**

on the interested parties in this action as follows:

| | |
|---|---|
| Greenland Construction Service, LLC<br>c/o Summer Bridges<br>6960 Beach Blvd., Unit J205<br>Buena Park, CA 90621 | The Source Hotel, LLC<br>c/o Summer Bridges<br>6960 Beach Blvd., Unit J205<br>Buena Park, CA 90621 |
| The Source at Beach, LLC<br>c/o Summer Bridges<br>6960 Beach Blvd., Unit J205<br>Buena Park, CA 90621 | Beach Orangethorpe Hotel, LLC<br>c/o Summer Bridges<br>6960 Beach Blvd., Unit J205<br>Buena Park, CA 90621 |
| Beach Orangethorpe Hotel II, LLC<br>c/o Summer Bridges<br>6960 Beach Blvd., Unit J205<br>Buena Park, CA 90621 | Evertrust Bank<br>c/o Minna M. Tsao<br>2 N. Lake Ave., Suite #1030<br>Pasadena, CA 91101 |

(XX)  (BY REGULAR MAIL) By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the ordinary course of business for collection and mailing that same date at PORTER LAW GROUP, INC., 7801 Folsom Boulevard, Suite 101, Sacramento, California. I declare that I am readily familiar with the business practice of PORTER LAW GROUP INC. for collection and processing of correspondence for mailing with the United States Postal Service and that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

(  )  (BY OVERNIGHT DELIVERY) By placing a true copy thereof enclosed in a sealed envelope for delivery via Federal Express to the addressee(s) noted above.

(  )  (EMAIL) I caused a true copy to be transmitted via email to the email addressee(s) noted above after party's address.

( XX )  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed at Sacramento, California on August 4, 2020

_____
Oliver Oberg

- 2 -

PROOF OF SERVICE

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

94.00

* S R 0 0 1 2 0 0 8 5 1 0 $ *

**2020000471920 10:38 am 09/08/20**

63 PP2A L08    4

0.00 0.00 0.00 0.00 9.00 0.00 0.000.0075.00 3.00

HITS

**RECORDING REQUESTED BY:**

Dustin Lozano. Esq.

**WHEN RECORDED MAIL TO:**

Dustin Lozano, Esq.
Hunt Ortmann Palffy Nieves
  Darling & Mah, Inc.
301 North Lake Avenue
Seventh Floor
Pasadena, CA  91101-1807

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# NOTICE OF LIS PENDENS

1211681.1 dl 2936.046

EXHIBIT A    048

1    Dale A. Ortmann, Esq., SBN 094226
     ortmann@huntortmann.com
2    Dustin Lozano, Esq., SBN 296518
     lozano@huntortmann.com
3    HUNT ORTMANN PALFFY
     NIEVES DARLING & MAH, INC.
4    301 North Lake Avenue, 7th Floor
     Pasadena, California 91101-1807
5    Phone: (626) 440-5200  Fax: (626) 796-0107

6    Attorneys for Plaintiff Sunbelt Controls, Inc.

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11    SUNBELT CONTROLS, INC., a Delaware      Case No. 30-2020-01143598-CU-MC-CJC
     corporation,
12                             Assigned for All Purposes To
          Plaintiff,              Hon. Robert J. Moss, Department C14
13
          vs.                        **NOTICE OF LIS PENDENS**
14
   THE SOURCE HOTEL, LLC, a California     Action Filed:     May 26, 2020
15    limited liability company; IRON             Trial Date:       April 4, 2022
     MECHANICAL, INC., a California
16    corporation; and DOES 1 through 20,
     inclusive,
17
18           Defendants.

19

20

21

22

23

24

25

26

27

28

   1211681.1 dl 2936.016

                       NOTICE OF LIS PENDENS

*(left margin, vertical text)* HUNT ORTMANN PALFFY NIEVES DARLING & MAH, INC.  301 NORTH LAKE AVENUE, 7TH FLOOR  PASADENA, CALIFORNIA 91101-1807  Tel (626) 440-5200 • Fax (626) 796-0107

1       **NOTICE IS HEREBY GIVEN** that an action has been commenced in the above-entitled

2   court on a Complaint of Plaintiff against the above-named Defendants for foreclosure of a

3   mechanics lien.

4       This action affects title to the following described real property situated in the City of

5   Buena Park, County of Orange, State of California, more particularly described as follows:

6       APN Nos. 276-361-20 and 276-361-22

7   commonly known as 6986 Beach Boulevard, Buena Park, CA 90621.

8

9

10  DATED: September 4, 2020         HUNT ORTMANN PALFFY
                          NIEVES DARLING & MAH, INC.

11

12

13                 By: _____

14                      DALE A. ORTMANN
                      DUSTIN LOZANO

15              Attorneys for Plaintiff Sunbelt Controls, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

1211681.1 dl 2936.016

2

NOTICE OF LIS PENDENS

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 301 North Lake Avenue, 7th Floor, Pasadena, CA 91101-1807.

On September 4, 2020, I served the following document(s) described as **NOTICE OF LIS PENDENS** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Summer Bridges, Esq.<br>6940 Beach Blvd, D-301<br>Buena Park, CA 90621 | Agent for Service of Process for<br>The Source Hotel, LLC |
| Katharine Gelber<br>721 North B Street, Suite 100<br>Sacramento, CA 95811 | Agent for Service of Process for<br>Iron Mechanical, Inc. |

**BY CERTIFIED/RETURN RECEIPT REQUESTED MAIL:** I am "readily familiar" with Hunt Ortmann Palffy Nieves Darling & Mah, Inc.'s practice for collecting and processing correspondence for mailing via certified/return receipt requested mail with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Pasadena, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 4, 2020, at Pasadena, California.

_____
John Andrusko

1211681.1 dl 2936.016

3
NOTICE OF LIS PENDENS

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

EXHIBIT A   051

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

106.00

* $ R 0 0 1 2 0 3 8 2 0 7 $ *

**2020000495783** 3:52 pm 09/15/20
63 PP2A N25    8
0.00 0.00 0.00 0.00 21.00 0.00 0.000.0075.00 3.00

HITS

RECORDING REQUESTED BY
And
WHEN RECORDED MAIL TO:

Gregory E Robinson
2301 Dupont dr. #530
Irvine, ca. 92612-7502

SPACE ABOVE THIS LINE IS RESERVED FOR RECORDER'S USE

**TITLE**

Notice of Pending Action

☑ Attorney or ☐ Party without Attorney (*name, state bar #, address & ph. #*)
Gregory E. Robinson, Bar No. 109693
ROBINSON & ROBINSON, LLP
2301 Dupont Drive, Suite 530
Irvine, CA 92612-7502 P: 949-752-7007 / F: 949-752-7023

Appearing for ☑ PLAINTIFF/ ☐ DEFENDANT/ ☐ IN PRO PER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
Street Address: 700 Civic Center Drive West
Mailing Address:
City and Zip Code: Santa Ana, CA 92701
Branch Name: Central Justice Center

| | |
|---|---|
| *For Recorders Use Only* | |
| *For Court Use Only* | |

Plaintiff(s):    PDG Wallcoverings

Defendant(s):    Greenland Construction Service, LLC; The Source Hotel, LLC; The Source at the Beach, LLC; Beach Orangethorpe Hotel, LLC; Beach Orangethorpe Hotel II, LLC; M & D Properties; Evertrust Bank; and Does 1-4 inclusive

| NOTICE OF PENDING ACTION | Case Number: 30-2020-01156958-CU-OR-CJC |
|---|---|

Note: Code Civ. Proc. §405.21 allows an attorney of record in an action to sign a notice of pending action. A judge of the court in which the action is pending may, on request of a party thereto, approve such a notice. A notice of pendency of action shall not be recorded unless (a) it has been signed by the attorney of record, (b) it is signed by a party acting in propria persona and approved by a judge as provided in this section, or (c) the action is subject to Code Civ. Proc. §405.6. The required service of a notice of pending action before recordation (Code Civ. Proc. §405.22).

NOTICE IS HEREBY GIVEN that action concerning real property of affecting title or the right of possession of real property was filed on 8/26/2020 by the above-named parties in the above entitled court. The property affected is legally described as:

       See Exhibit A attached hereto.

Date: September *10*, 2020

                    *[signature]*
_____
         Signature of Attorney or Self-Represented Litigant

This Notice of Pending Action contained herein is ☐ APPROVED/ ☐ DENIED

Date: _____    ☐ Judge of the Superior Court/ ☐ Court Executive Officer

                                        Deeds.com

EXHIBIT A

LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF BUENA PARK, IN THE
COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL A:

PARCELS 1 THROUGH 4, INCLUSIVE, OF PARCEL MAP NO. 2014-173, IN THE CITY OF BUENA PARK,
COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 4,
PAGES 4 THROUGH 16, INCLUSIVE, OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY.

PARCEL B:

NONEXCLUSIVE EASEMENTS UPON, OVER AND ACROSS THE PROPERTY AS SUCH RECIPROCAL
EASEMENTS HAVE BEEN CONVEYED IN THE INSTRUMENT ENTITLED "DECLARATION OF
COVENANTS, CONDITIONS, AND RESTRICTIONS AND RECIPROCAL EASEMENT AGREEMENT"
RECORDED MARCH 5, 2014 AS INSTRUMENT NO. 2014000084685 OF OFFICIAL RECORDS, AND
AMENDED AND RESTATED BY THE "AMENDED AND RESTATED DECLARATION OF COVENANTS,
CONDITIONS, AND RESTRICTIONS AND RECIPROCAL EASEMENT AGREEMENT" RECORDED
JUNE 3, 2016 AS INSTRUMENT NO. 2016000252445 OF OFFICIAL RECORDS.

APN: 276-361-23 TO 30, 32, 33, 35 TO 45, 50 TO 62

1

## PROOF OF SERVICE

2  **STATE OF CALIFORNIA, COUNTY OF ORANGE**

         I am employed in the county of Orange, State of California. I am over the age of 18 and not
3  a party to the within action; my business address is **2301 Dupont Drive, Suite 530, Irvine,**
**California 92612.**

4        On September 10, 2020, I served the documents described **NOTICE OF PENDING**
**ACTION** on interested parties in this action, as follows:

5

6  [X] by placing [] the original [X] a true copy thereof enclosed in a sealed envelope(s) ["envelope"]
addressed as follows:

7

8                        SEE ATTACHED PROOF OF SERVICE LIST

9

10

11  [X](BY MAIL)[C.C.P. § 1013(a)(1)Person Depositing In Mail] On 9/10/2020, I deposited such
envelope in the mail at **Irvine, California**. The envelope was mailed with postage thereon fully
12  prepaid.

13  [] (BY EMAIL) [On **September 10, 2020** at or about the time of the court filing of this document,
I requested that an electronic copy of such document to be sent to each of the interested parties by
14  electronic transmission (email) at their respective email addresses set forth above, by the firm's court
e-file service provider, as part of the e-filing of the document
15

16        I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct and was executed on **September 10, 2020**, at Irvine, California.
17

18                                         _Barbie Dawson_
                                           Barbie Dawson
19

20

21

22

23

24

25

26

27

28

                                          1
                        **NOTICE OF PENDING ACTION**

EXHIBIT A    055

**SERVICE LIST**

1
2  GREENLAND CONSTRUCTION SERVICE, LLC
   PO BOX 489
3  BUENA PARK, CA 90621
   6960 BEACH BLVD UNIT J205
4  BUENA PARK CA 90621

5
   THE SOURCE AT BEACH, LLC
6  PO BOX 489
   BUENA PARK, CA 90621
7  6960 BEACH BLVD J-205
8  BUENA PARK, CA 90621

9  THE SOURCE OFFICE, LLC
   3100 E. IMPERIAL HWY.
10 LYNWOOD, CALIFORNIA 90262
   ATTENTION: MIN CHAE AND DONALD CHAE
11
   THE SOURCE OFFICE, LLC
12 PO BOX 489
13 BUENA PARK, CA 90621
   6960 BEACH BLVD J-205
14 BUENA PARK, CA 90621

15
   THE SOURCE HOTEL, LLC
16 3100 E. IMPERIAL HWY.
   LYNWOOD, CALIFORNIA 90262
17 ATTENTION: MIN CHAE AND DONALD CHAE

18
   THE SOURCE HOTEL, LLC
19 PO BOX 489
   BUENA PARK, CA 90621
20 6960 BEACH BLVD J-205
21 BUENA PARK, CA 90621

22 BEACH ORANGETHORPE, LLC
   3100 E. IMPERIAL HWY.
23 LYNWOOD, CALIFORNIA 90302

24
   BEACH ORANGETHORPE, LLC
25 818 WEST SEVENTH STREET SUITE 930
   LOS ANGELES CA 90017
26
27 BEACH ORANGETHORPE, LLC
   3705 W PICO BLVD PMB 22555
28 LOS ANGELES CA 90019

2

**NOTICE OF PENDENCY OF ACTION**

BEACH ORANGETHORPE SOURCE LLC
3100 E. IMPERIAL HWY.
LYNWOOD, CALIFORNIA 90302

BEACH ORANGETHORPE SOURCE, LLC
818 WEST SEVENTH STREET SUITE 930
LOS ANGELES CA 90017

BEACH ORANGETHORPE SOURCE, LLC
3705 W PICO BLVD PMB 22555
LOS ANGELES CA 90019

BEACH ORANGETHORPE HOTEL, LLC
PO BOX 489
BUENA PARK, CA 90621
6960 BEACH BLVD J-205
BUENA PARK, CA 90621

BEACH ORANGETHORPE HOTEL II, LLC
PO BOX 489
BUENA PARK, CA 90621
6960 BEACH BLVD J-205
BUENA PARK, CA 90621

M & D PROPERTIES, LLC
7352 AUTOPARK DRIVE
HUNTINGTON BEACH, CA 92648

SALAMANDER FIRE PROTECTION
6103 TYRONE STREET
VAN NUYS, CA 91401

SOLID CONSTRUCTION COMPANY, INC.
883 CRENSHAW BLVD.
LOS ANGELES, CA 90005

3D DESIGN INDUSTRIES INC, DBA AMC CABINETRY
1215 NORTH RED GUM ST , SUITE G
ANAHEIM CA, 92806

RESCO ELECTRIC INC.
2431 W. WASHINGTON BL. #B
LA, CA 90018

3

**NOTICE OF PENDENCY OF ACTION**

1  ROBERT G. SPLINTER, ESQ., Bar #78284
   MIN N. THAI, ESQ., BAR #232770
2  SPLINTER & THAI, LLP
   25124 NARBONNE AVENUE, STE. 106
3  LOMITA, CALIFORNIA  90717-2140

4
   OJ INSULATION, LP
5  600 SOUTH VINCENT AVENUE
   AZUSA, CALIFORNIA 91702
6
   BEST QUALITY PAINTING
7  818 N. PACIFIC AVE., STE #C
   GLENDALE, CA 91203
8
9  NEMO & RAMI, INC.
   1930 W HOLT AVE
10 POMONA, CA 91768

11
   SUNBELT CONTROLS, INC.
12 888 EAST WALNUT STREET
   PASADENA, CALIFORNIA 91101
13
14 PRIME CONCRETE COATINGS
   6127 JAMES ALAN STREET
15 CYPRESS, CA  90630

16 NEWGENS, INC.
   14241 FOSTER ROAD
17 LA MIRADA, CA  90638

18
   ALLAN R. POPPER, OF LIENGUARD, INC.,
19 AGENT FOR HILL CRANE SERVICE INC.
   3333 CHERRY AVENUE
20 LONG BEACH, CA 90807

21
   RONALD R. HILL,
22 AGENT FOR HILL CRANE SERVICE INC.
   3333 CHERRY AVENUE
23 LONG BEACH, CA 90807

24
   IRON MECHANICAL, INC.
25 721 NORTH B STREET, SUITE 100
   SACRAMENTO, CALIFORNIA 95811
26

27

28

---

4

**NOTICE OF PENDENCY OF ACTION**

1  PORTER LAW GROUP, INC.
   WILLIAM L. PORTER, ESQ
2  HANNAH C. KREUSER, ESQ
   7801 FOLSOM BOULEVARD, SUITE 101
3  SACRAMENTO, CALIFORNIA 95826

4  WESTERN CONCRETE PUMPING, INC.
5  2181 LA MIRADA DR.
   VISTA, CA  92081
6
   CERTIFIED TILE, INC.
7  14557 CALVERT STREET
8  VAN NUYS, CA 91411

9  BUCHANAN COMPANY INC
   5500 BOLSA AVENUE STE 200
10 HUNTINGTON BEACH,
11 CALIFORNIA 92649

12 EKO KARAOKE LOUNGE, INC.
13 6920 BEACH BLVD., K-223
   BUENA PARK, CALIFORNIA  90621
14
   EVERGREEN ELECTRIC CONSTRUCTION, INC.
15 629 GROVEVIEW LANE
   LA CANADA, CA  91011
16
17 ARAGON CONSTRUCTION, INC.
   5440 ARROW HIGHWAY,
18 MONTCLAIR, CA  91763

19 EVERTRUST BANK
20 18645 E. GALE AVE., SUITE 110
   CITY OF INDUSTRY, CA 91748
21
   EVERTRUST BANK
22 2 N. LAKE AVE., SUITE #1030
23 PASADENA CA, 91101

24

25

26

27

28

ROBINSON & ROBINSON, LLP
SERVING JUSTICE • RRLAWYERS.COM

---

5

**NOTICE OF PENDENCY OF ACTION**

RECORDING REQUESTED BY:

Dennis G. Cosso.
LAW OFFICES OF DENNIS G. COSSO
345 Oxford Drive
Arcadia, CA 91007

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

97.00    **HITS**

2020000615345 10:02 am 10/29/20
37 401A N25   5
0.00 0.00 0.00 0.00 12.00 0.00 0.000.0075.00 3.00

| NAME | Law offices of Dennis G. Cosso |
| ADDRESS | 345 Oxford Drive |
| CITY | Arcadia, |
| STATE & ZIP | California 91007 |

## NOTICE OF LIS PENDENS

1  Dennis G. Cosso - SB# 46624
   Law Offices of Dennis G. Cosso
2  345 Oxford Drive,
   Arcadia, California 91007
3
   Telephone:   626.574.8000
4  Facsimile:   626.574.8081
   Email:       "denniscossolaw@gmail.com"
5
   Attorneys for Plaintiff
6  NorthStar Demolition and Remediation, LP

7

8

9

10                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                              **FOR ORANGE COUNTY**

12

13

14  NORTHSTAR DEMOLITION AND              CASE NO. 30-2020-01166304 CI-BC-CJC
    REMEDIATION, LP, a Delaware limited
15  partnership,                          **NOTICE OF LIS PENDENS**

16                            Plaintiff(s),

17  vs.

18  THE SOURCE AT THE BEACH, LLC, a
    California limited liability company; THE
19  SOURCE HOTEL, LLC, a California limited
    liability company; EVERTRUST BANK, a
20  California corporation;  and DOES 1 through 55,
    inclusive,
21
22                            Defendant(s).

23

24      **NOTICE IS HEREBY GIVEN** that an action has been commenced and is pending in the

25  above-entitled Court, upon a Complaint of the above-named Plaintiff, NORTHSTAR DEMOLITION

26  AND REMEDIATION, LP, against Defendants  THE SOURCE AT THE BEACH, LLC; THE

27  SOURCE HOTEL, LLC; and  EVERTRUST BANK; that the object to said action is to foreclose and

28  enforce a Mechanic's Lien upon the premises hereinafter described or buildings situated thereon, for

                                        -1-
                                **NOTICE OF LIS PENDENS**

1  furnishing demolition, hazardous material abatement, fireproofing, and mold remediation to  THE

2  SOURCE HOTEL, LLC, which was used on a work of improvement upon the property owned by

3  defendants THE SOURCE AT THE BEACH, LLC, and THE SOURCE HOTEL, LLC, amounting to

4  the sum of $53,948.00, together with interest and costs; notice and claim of said lien was recorded on

5  or about September 23, 2020, Official Records of County of Orange, County Clerks's office, Instrument

6  No. 2020000517005; and that the property affected by said lien and these foreclosure proceedings is

7  situated in the County of Orange, State of California, and described as follows:

8      6986 Beach Blvd., Buena Park, CA 90621, APN # 276-361-29, 30, 32, 33-35 through 45,

9         inclusive, 276-361-56 through 62, inclusive

10  Dated: October 27 , 2020                    THE LAW OFFICES OF DENNIS G. COSSO

11

12                                          By: _____

13                                              DENNIS G. COSSO,
                                                Attorney for Plaintiff
14                                              NORTHSTAR DEMOLITION AND
                                                REMEDIATION, LP
15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
NOTICE OF LIS PENDENS

EXHIBIT A   062

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 345 Oxford Drive, Arcadia, California.

On *10 / 28* , 2020, I served the foregoing document described as NOTICE OF LIS PENDENS on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

See attached list

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage fully prepaid at Arcadia, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postal meter date is more than one day after the date of deposit for mailing contained in the affidavit.

___X___ (BY CERTIFIED MAIL) I caused such envelopes to be deposited in the mail, certified, return receipt requested at Arcadia, California. The envelope was mailed with postage and the certified fee fully prepaid.

_____ (BY MAIL) I caused such envelope with postage fully prepaid to be deposited in the mail at Arcadia, California.

_____ (BY OVERNIGHT DELIVERY) I caused said document to be sent via United Parcel Post or Federal Express to the addressee as indicated on the attached service list.

_____ (BY PERSONAL DELIVERY) I caused the above-mentioned document to be personally served to the offices of the addressee.

_____ (BY FAX) I transmitted such document via facsimile to the addressee as indicated on the attached service list.

_____ (FEDERAL) I declare that I am employed in the office of the member of the bar of this court at whose directions the service was made.

___X___ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on *10 / 28* , 2020, at Arcadia, California.

DENISE HUNT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Source at the Beach, LLC
P.O. Box 489
Buena Park, CA 90621

The Source Hotel LLC
P.O. Box 489
Buena Park, CA 90621

Evertrust Bank
2 N Lake Ave., Suite 1030
Pasadena, CA 91101

HITS

**RECORDING REQUESTED BY**
HO-EL PARK, ESQ.

**WHEN RECORDED,**
**MAIL DOCUMENT TO:**
LAW OFFICE OF HO-EL PARK, P.C.
333 CITY BOULEVARD WEST
SUITE 1700
ORANGE, CA   92868

Recorded In Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

103.00

* $R 0 0 1 2 2 0 1 5 1 1 $ *

2020000624988 3:50 pm 11/02/20
227 414A N25   7
0.00 0.00 0.00 0.00 18.00 0.00 0.000.0075.00 3.00

SPACE ABOVE THIS LINE FOR RECORDERS USE ONLY

TITLE(S)

**NOTICE OF PENDENCY OF ACTION (LIS PENDENS)**

1  HO EL PARK (SBN 235473)
   LAW OFFICE OF HO-EL PARK, P.C.
2  333 City Blvd. West, Suite 1700
   Orange, California 92868
3  Tel:(714)523-2466/Fax:(714)503-0788
   [Our File#132060-HP]
4
   Attorney for Plaintiff,
5  SOLID CONSTRUCTION COMPANY, INC.

6

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10      IN AND FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

11

12  SOLID CONSTRUCTION COMPANY, INC.,       CASE NO: 30-2020-01166792-CU-OR-CJC

                    Plaintiff,
13                                          *Assigned for all purposes to*
    vs.                                     *the Hon. Judge John C. Gastelum*
14
                                            **NOTICE OF PENDING ACTION**
15  GREENLAND CONSTRUCTION SERVICE,         **[LIS PENDENS]**
    LLC; THE SOURCE AT BEACH, LLC; THE
16  SOURCE HOTEL, LLC;
    M + D PROPERTIES; M&D REGIONAL          Action Filed:  October 22, 2020
17  CENTER LLC; BEACH ORANGETHORPE
    HOTEL, LLC; BEACH ORANGETHORPE
18  HOTEL II, LLC; BEACH ORANGETHORPE
    HOTEL III, LLC; EVERTRUST BANK; and
19  DOES 1 through 100, Inclusive,

20                  Defendants.

21

22  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23       NOTICE IS HEREBY GIVEN that the above-entitled action concerning and affecting real

    property as described herein was commenced in the above-named court by plaintiff, SOLID
24
    CONSTRUCTION COMPANY, INC., a California corporation (hereinafter, "Plaintiff") against
25
    defendants GREENLAND CONSTRUCTION SERVICE, LLC, THE SOURCE AT BEACH, LLC,
26
    THE SOURCE HOTEL, LLC, M + D PROPERTIES, M&D REGIONAL CENTER LLC, BEACH
27
    ORANGETHORPE HOTEL, LLC, BEACH ORANGETHORPE HOTEL II, LLC, BEACH
28

                                    - 1 -
                        NOTICE OF PENDING ACTION [LIS PENDENS]

EXHIBIT A   066

1    ORANGETHORPE HOTEL III, LLC, EVERTRUST BANK, and DOES 1 through 100, inclusive

2    (hereinafter, "Defendants").  The action is now pending in the above-named court.  Plaintiff's

3    underlying action is for foreclosure of mechanic's lien, and other related actions.

4         The action concerns the following real property, commonly known as 6986-6988 Beach

5    Boulevard, Buena Park, California 90621.  The legal description of the Property is stated below:

6

7         THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF
         BUENA PARK, IN THE COUNTY OF ORANGE, STATE OF CALIFORNIA, AND
8         IS DESCRIBED AS FOLLOWS:

9         PARCEL A:

10        PARCELS 1 THROUGH 4, INCLUSIVE, OF PARCEL MAP NO. 2014-173, IN
         THE CITY OF BUENA PARK, COUNTY OF ORANGE, STATE OF
11        CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 4, PAGES 4
         THROUGH 16, INCLUSIVE, OF PARCEL MAPS, IN THE OFFICE OF THE
12        COUNTY RECORDER OF SAID COUNTY.

13        PARCEL B:

14        NONEXCLUSIVE EASEMENTS UPON, OVER AND ACROSS THE
15        PROPERTY AS SUCH RECIPROCAL EASEMENTS HAVE BEEN CONVEYED
         IN THE INSTRUMENT ENTITLED "DECLARATION OF COVENANTS,
16        CONDITIONS, AND RESTRICTIONS AND RECIPROCAL EASEMENT
         AGREEMENT" RECORDED MARCH 5, 2014 AS INSTRUMENT NO.
17        2014000084685 OF OFFICIAL RECORDS, AND AMENDED AND RESTATED
         BY THE "AMENDED AND RESTATED DECLARATION OF COVENANTS,
18        CONDITIONS, AND RESTRICTIONS AND RECIPROCAL EASEMENT
         AGREEMENT" RECORDED JUNE 3, 2016 AS INSTRUMENT NO.
19        2016000252445 OF OFFICIAL RECORDS.

20        APN: 276-361-23 TO 30, 32, 33, 35 TO 45, 50 TO 62

21

22

23                              LAW OFFICE OF HO-EL PARK, P.C

24

25    Dated: October 28, 2020         By:  _____
                                      Ho El Park, Esq.
26                                    Attorney for Plaintiff
                                      SOLID CONSTRUCTION COMPANY, INC.
27

28

LAW OFFICE OF HO-EL PARK, P.C,
333 City Boulevard West, Suite 1700
Orange, CA 92868
Tel:(714) 523-0788/Fax:(714) 503-0788

EXHIBIT A   067

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 333 City Boulevard West, Suite 1700, Orange, California 92868.

On October 28, 2020, I served the foregoing document described as:

**NOTICE OF PENDING ACTION [LIS PENDENS]**

on interested parties in this action by placing [  ] the original [X] a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

*SEE ATTACHED PROOF OF SERVICE LIST*

[x] BY MAIL: I deposited such envelope in the mail at Orange, California. The envelope was mailed with postage thereon fully prepaid.

[X] STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 28, 2020 at Orange, California.

Jun Kang

LAW OFFICE OF HO-EL PARK, P.C.
333 City Boulevard West, Suite 1700
Orange, CA 92868
Tel:(714) 521-0788/Fax:(714) 503-0788

- 3 -
NOTICE OF PENDING ACTION [LIS PENDENS]

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | GREENLAND CONSTRUCTION SERVICE, LLC |
| | P.O. BOX 489 |
| 3 | BUENA PARK, CA  90621 |
| | 6988 BEACH BLVD, STE. B215 |
| 4 | BUENA PARK, CA 90621 |
| 5 | |
| | THE SOURCE AT BEACH, LLC |
| 6 | P.O. BOX 489 |
| | BUENA PARK, CA  90621 |
| 7 | 6988 BEACH BLVD, STE. B215 |
| | BUENA PARK, CA 90621 |
| 8 | |
| | THE SOURCE OFFICE, LLC |
| 9 | P.O. BOX 489 |
| | BUENA PARK, CA  90621 |
| 10 | 6988 BEACH BLVD, STE. B215 |
| | BUENA PARK, CA 90621 |
| 11 | |
| | THE SOURCE HOTEL, LLC |
| 12 | P.O. BOX 489 |
| | BUENA PARK, CA  90621 |
| 13 | 6988 BEACH BLVD, STE. B215 |
| | BUENA PARK, CA 90621 |
| 14 | |
| 15 | BEACH ORANGETHORPE HOTEL, LLC |
| | P.O. BOX 489 |
| 16 | BUENA PARK, CA  90621 |
| | 6988 BEACH BLVD, STE. B215 |
| 17 | BUENA PARK, CA 90621 |
| 18 | BEACH ORANGETHORPE HOTEL II, LLC |
| | P.O. BOX 489 |
| 19 | BUENA PARK, CA  90621 |
| | 6988 BEACH BLVD, STE. B215 |
| 20 | BUENA PARK, CA 90621 |
| 21 | BEACH ORANGETHORPE HOTEL III, LLC |
| | P.O. BOX 489 |
| 22 | BUENA PARK, CA  90621 |
| | 6988 BEACH BLVD, STE. B215 |
| 23 | BUENA PARK, CA 90621 |
| 24 | M + D PROPERTIES |
| | P.O. BOX 489 |
| 25 | BUENA PARK, CA  90621 |
| | 6988 BEACH BLVD, STE. B215 |
| 26 | BUENA PARK, CA 90621 |
| 27 | |
| 28 | |

LAW OFFICE OF HO-EL PARK, P.C.,
333 City Boulevard West, Suite 1700
Orange, CA 92868
Tel:(714) 523-0788/Fax:(714) 503-0788

- 4 -
NOTICE OF PENDING ACTION [LIS PENDENS]

EXHIBIT A   069

1  M&D REGIONAL CENTER, LLC
   P.O. BOX 489
2  BUENA PARK, CA  90621
   6988 BEACH BLVD, STE. B215
3  BUENA PARK, CA 90621

4  EVERTRUST BANK
   2 N. LAKE AVENUE, SUITE 1030
5  PASADENA, CA  91101

6
   SALAMANDER FIRE PROTECTION, INC.
7  6103 TYRONE STREET
   VAN NUYS, CA  91401
8
   3D DESIGN INDUSTRIES INC., DBA, AMC CABINETRY
9  1215 NORTH REDGUM ST., SUITE G
   ANAHEIM, CA  92806
10
   RESCO ELECTRIC INC.
11 2431 W. WASHINGTO BL. #B
   LOS ANGELES, CA  90018
12
   ROBERT G. SPLINTER, ESQ.
13 MIN N. THAI, ESQ.
   SPLINTER & THAI, LLP
14 25124 NARBONNE AVENUE, STE. 106
   LOMITA, CA  90717-2140
15
16 OJ INSULATION, LP
   600 SOUTH VINCENT AVENUE
17 AZUSA, CA  91702

18 BEST QUALITY PAINTING
   818 N. PACIFIC AVE., STE C
19 GLENDALE, CA  91203

20 NEMO & RAMI INC.
   1930 W. HOLT AVE.
21 POMONA, CA  91768

22 SUNBELT CONTROLS, INC.
23 888 EAST WALNUT STREET
   PASADENA, CA  91101
24
   PRIME CONCRETE COATING, INC.
25 6127 JAMES ALAN STREET
   CYPRESS, CA  90630
26
   NEWGENS, INC
27 14241 FOSTER ROAD
   LA MIRADA, CA  90638
28

LAW OFFICE OF HO-EL PARK, P.C.
333 City Boulevard West, Suite 1700
Orange, CA 92868
Tel:(714) 513-0788/Fax:(714) 503-0788

- 5 -
NOTICE OF PENDING ACTION [LIS PENDENS]

EXHIBIT A   070

1

2
HILL CRANE SERVICE INC.
3333 CHERRY AVENUE
LONG BEACH, CA 90807

3

4
IRON MECHANICAL, INC.
721 NORTH B STREET, SUITE 100
SACRAMENTO, CA 95811

5

6
PORTER LAW GROUP, INC.
7801 FOLSOM BOULEVARD, SUITE 101
SACRAMENTO, CA 95826

7

8
WESTERN CONCRETE PUMPING, INC.
2181 LA MIRADA DR.
VISTA, CA 92801

9

10
CERTIFIED TILE, INC.
7769 LEMONA AVE
VAN NUYS CA 91405

11

12
BUCHANAN COMPANY INC.
5500 BOLSA AVENUE STE 200
HUNTINGTON BEACH, CA 92649

13

14
EKO KARAOKE LOUNGE, INC.
10655 GASCOIGNE DRIVE
CUPERTINO CA 95014

15

16
EVERGREEN ELECTRIC CONSTRUCTION, INC.
629 GROVE VIEW LANE
LA CANADA, CA 91011

17

18
ARAGON CONSTRUCTION INC.
5440 ARROWY HIGHWAY
MONTCLAIR, CA 91763

19

20
ROBINSON & ROBINSON, LLP
2301 DUPONT DR., STE 530
IRVINE, CA 92612-7502

21

22

23

24

25

26

27

28

LAW OFFICE OF HO-EL PARK, P.C.
333 City Boulevard West, Suite 1700
Orange, CA 92868
Tel:(714) 523-0788/Fax:(714) 503-0788

- 6 -

NOTICE OF PENDING ACTION [LIS PENDENS]

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

94.00

*$ R 0 0 1 2 2 2 2 9 7 9 $*

2020000641757 8:44 am 11/09/20

90 Sec2A L08   4

0.00 0.00 0.00 0.00 9.00 0.00 0.000.0075.00 3.00

HITS

**RECORDING REQUESTED BY:**

Dustin Lozano, Esq.

**WHEN RECORDED MAIL TO:**

Dustin Lozano, Esq.
Hunt Ortmann Palffy Nieves
   Darling & Mah, Inc.
301 North Lake Avenue
Seventh Floor
Pasadena, CA 91101-1807

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## NOTICE OF LIS PENDENS

1   Dale A. Ortmann, Esq., SBN 094226
       ortmann@huntortmann.com
2   Dustin Lozano, Esq., SBN 296518
       lozano@huntortmann.com
3   HUNT ORTMANN PALFFY
     NIEVES DARLING & MAH, INC.
4   301 North Lake Avenue, 7th Floor
     Pasadena, California 91101-1807
5   Phone: (626) 440-5200    Fax: (626) 796-0107

6   Attorneys for Aragon Construction, Inc.

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10

11   ARAGON CONSTRUCTION, INC., a            Case No. 30-2020-01165129-CU-MC-CJC
     California corporation,
12                                           Assigned for All Purposes to Honorable
                   Plaintiff,                Martha K. Gooding, Dept. C32
13
         vs.                                 **NOTICE OF LIS PENDENS**
14
     THE SOURCE HOTEL, LLC, a California
15   limited liability company; GREENLAND
     CONSTRUCTION SERVICE, LLC, a            Action Filed:        October 13, 2020
16   California limited liability company;   Trial Date:          None set
     BUSINESS ALLIANCE INSURANCE
17   COMPANY, a California corporation; and
     DOES 1 through 25, inclusive,
18
                   Defendants.
19

20

21

22

23

24

25

26

27

28

1243664.1 DL 3831 008                    1
                         NOTICE OF LIS PENDENS

EXHIBIT A    073

1    **NOTICE IS HEREBY GIVEN** that an action has been commenced in the above-entitled

2    court on a Complaint of Plaintiff against the above-named Defendants for foreclosure of a

3    mechanics lien.

4        This action affects title to the following described real property situated in the City of

5    Buena Park, County of Orange, State of California, more particularly described as follows:

6        APN Nos. 276-361-20 and 276-361-22

7    commonly known as 6986 Beach Boulevard, Buena Park, California 90621.

8

9    DATED:  November 6, 2020                HUNT ORTMANN PALFFY
                                            NIEVES DARLING & MAH, INC.
10

11

12    By: _____
                    DUSTIN LOZANO
13            Attorneys for Aragon Construction, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1243664.1 DL 3831.008                    2
                            NOTICE OF LIS PENDENS

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

EXHIBIT A   074

**PROOF OF SERVICE**

**Aragon Construction, Inc. v. The Source Hotel, LLC, et al.**
**30-2020-01165129-CU-MC-CJC**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 301 North Lake Avenue, 7th Floor, Pasadena, CA 91101-1807.

On November 6, 2020, I served the following document(s) described as **NOTICE OF LIS PENDENS** on the interested parties in this action by placing  thereof enclosed in sealed envelopes addressed as follows:

The Source Hotel, LLC
6940 Beach Boulevard, Suite D-501
Buena Park, California 90621

Greenland Construction Service, LLC
3100 E. Imperial Highway
Lynwood, California 90262

**BY CERTIFIED/RETURN RECEIPT REQUESTED MAIL:**  I am "readily familiar" with Hunt Ortmann Palffy Nieves Darling & Mah, Inc.'s practice for collecting and processing correspondence for mailing via certified/return receipt requested mail with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Pasadena, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 6, 2020, at Pasadena, California.

_____
Vanessa Hobdy

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

1243664.1 DL 3831.008

3

NOTICE OF LIS PENDENS

| + PROVIDENT TITLE COMPANY, P01, 1944 | | ORANGE, CA |
|---|---|---|
| 12/23/2020 11:11AM PST JEB3 | ORDER SEARCH RESULTS | PAGE 1 OF 3 |
| ORDER: 10512629 | TOF: 10 | COMMENT: |

**PLANT THROUGH DECEMBER 16, 2020  05:00PM**

**SEARCH PARAMETERS**

Name Service: GENERAL_INDEX

**BUSINESS NAME**

**THE SOURCE HOTEL**

| QUALIFIERS: | FROM 12/21/2000 | THROUGH  99/99/9999 |
|---|---|---|
| OPTIONS: | DISPLAY BANKRUPTCY: YES | |
| | | PERMIT DATEDOWN: YES |

**PARAMETER ENTERED:**

**BUSINESS NAME**

**THE SOURCE HOTEL**

**SEARCHED PARAMETER:**

**BUSINESS NAME**

**THE SOURCE HOTEL**

| TYPE BK/PG | DATE | DOC# | NAME | REFERENCE | REMARKS |
|---|---|---|---|---|---|
| OO | 02/22/2016 | | THE S;CA  420-1733076-12 | | |
| OO | 02/25/2016 | | THE S;CA  420-1734610-12 | | |

EXHIBIT A   076

**+ PROVIDENT TITLE COMPANY,
P01, 1944**

**ORANGE, CA**

| 12/23/2020 11:11AM PST JEB3 | ORDER SEARCH RESULTS | PAGE 2 OF 3 |
|---|---|---|
| ORDER: 10512629 | TOF: 10 | COMMENT: |

**BUSINESS NAME
THE SOURCE HOTEL**

| TYPE BK/PG | DATE | DOC# | NAME | REFERENCE | REMARKS |
|---|---|---|---|---|---|
| OO | 05/18/2016 | | THE SOURCE HOTEL LLC;ST JS 0186406 | | |
| OO | 07/27/2020 | | THE SOURCE HOTEL LLC;WFG 99 1618569CAD | | |
| OO | 08/13/2020 | | THE SOURCE HOTEL;WFG 99 1618569CAD | | |
| OO | 09/22/2020 | | THE S;ST CA 0942724 | | |
| OO | 11/09/2020 | | THE SOURCE HOTEL LLC;OC 32 2173816 | | |
| OO | 03/29/2016 | | THE 00;CA 1744422 | | |
| OO | 06/01/2016 | | THE 011;CA 1765476 | | |
| OO | 06/07/2016 | | THE 1989;CA 1767741 | | |
| OO | 03/16/2016 | | THE 413 HARDING ST TRUST;OD 99 2121031541 | | |
| OO | 07/15/2020 | | THE 786;LCG SOLI-CA-2945754 | | |
| OO | 01/22/2020 | | THE;ST CA NSWREF20202558 | | |
| OO | 03/04/2020 | | THE;ST CA JPMREF20214247 | | |
| OO | 03/05/2020 | | THE;ST CA JPMREF20214576 | | |
| OO | 03/12/2020 | | THE;ST CA NSWREF20217523 | | |
| OO | 03/19/2020 | | THE;ST CA NSWSUB20219353 | | |
| OO | 03/23/2020 | | THE;ST CA NSWSUB20220649 | | |
| OO | 04/20/2020 | | THE;ST CA 0706620 | | |
| OO | 05/01/2020 | | THE;ST CA NSWREF20213100 | | |
| OO | 05/04/2020 | | THE;ST CA 0744464 | | |
| OO | 05/15/2020 | | THE;ST CA NSWREF20234877 | | |
| OO | 05/28/2020 | | THE;ST CA 0773530 | | |
| OO | 06/03/2020 | | THE;ST CA NSWREF20239574 | | |
| OO | 06/25/2020 | | THE;ST CA NSWREF20245194 | | |
| OO | 07/08/2020 | | THE;ST CA NSWREF20248598 | | |
| OO | 07/13/2020 | | THE;ST CA NSWREF20249650 | | |
| OO | 07/20/2020 | | THE;ST CA 0846469 | | |
| OO | 07/27/2020 | | THE;ST CA 20000480712 | | |
| OO | 07/28/2020 | | THE;ST CA NSWSUB20253649 | | |
| OO | 08/12/2020 | | THE;ST CA NSWREF20259195 | | |
| OO | 08/19/2020 | | THE;ST CA JPMREF20261097 | | |
| OO | 09/01/2020 | | THE;ST CA 0914634 | | |
| OO | 09/02/2020 | | THE;ST CA NSWREF20265045 | | |
| OO | 09/03/2020 | | THE;ST CA NSWREF20265388 | | |
| OO | 09/17/2020 | | THE;ST CA NSWREF20269358 | | |
| OO | 09/21/2020 | | THE;ST CA NSWREF20269934 | | |
| OO | 10/12/2020 | | THE;ST CA NSWREF20275853 | | |
| OO | 10/29/2020 | | THE;ST CA NSWREF20280542 | | |
| OO | 11/06/2020 | | THE;ST CA 1004861 | | |

**+ PROVIDENT TITLE COMPANY, P01, 1944**                                    **ORANGE, CA**

| | | | | | |
|---|---|---|---|---|---|
| **12/23/2020 11:11AM PST JEB3** | | **ORDER SEARCH RESULTS** | | | **PAGE 3 OF 3** |
| **ORDER: 10512629** | | **TOF: 10** | | | **COMMENT:** |

| BUSINESS NAME |
|---|
| THE SOURCE HOTEL |

| TYPE | BK/PG | DATE | DOC# | NAME | REFERENCE | REMARKS |
|---|---|---|---|---|---|---|
| OO | | 11/06/2020 | | THE;ST CA 1005008 | | |
| OO | | 11/06/2020 | | THE;ST CA NSWREF20282717 | | |
| OO | | 11/13/2020 | | THE;ST CA PNCEMP20284592 | | |
| OO | | 12/03/2020 | | THE;ST CA NSWREF20289861 | | |
| OO | | 12/03/2020 | | THE;ST CA 1038454 | | |
| OO | | 12/03/2020 | | THE;ST CA 1038444 | | |
| OO | | 12/07/2020 | | THE;ST CA 1041614 | | |
| OO | | 12/16/2020 | | THE;ST CA 1052981 | | |

**END OF REPORT**

| + PROVIDENT TITLE COMPANY, P01, 1944 | | ORANGE, CA |
|---|---|---|
| 12/23/2020 11:11AM PST JEB3 | ORDER SEARCH RESULTS | PAGE 1 OF 3 |
| ORDER: 10512629 | TOF: 10 | COMMENT: |

**PLANT THROUGH DECEMBER 16, 2020  05:00PM**
**SEARCH PARAMETERS**

Name Service: **GENERAL_INDEX**

**BUSINESS NAME**

**SOURCE HOTEL**

| QUALIFIERS: | FROM 12/21/2000 | THROUGH  99/99/9999 |
|---|---|---|
| OPTIONS: | DISPLAY BANKRUPTCY: YES | |
| | | PERMIT DATEDOWN: YES |

**PARAMETER ENTERED:**
**BUSINESS NAME**

**SOURCE HOTEL**

**SEARCHED PARAMETER:**
**BUSINESS NAME**

**SOURCE HOTEL**

| TYPE BK/PG | DATE | DOC# | NAME | REFERENCE | REMARKS |
|---|---|---|---|---|---|
| ML | 05/18/2015 | 256758 | SOURCE HOTEL LLC | | |
| *RL* | *10/07/2015* | *509824* | | | |

EXHIBIT A   079

| + PROVIDENT TITLE COMPANY, P01, 1944 | | | | | ORANGE, CA |
|---|---|---|---|---|---|
| 12/23/2020 11:11AM PST JEB3 | | ORDER SEARCH RESULTS | | | PAGE 2 OF 3 |
| ORDER: 10512629 | | TOF: 10 | | | COMMENT: |

**BUSINESS NAME**
**SOURCE HOTEL**

| | TYPE BK/PG | DATE | DOC# | NAME | REFERENCE | REMARKS |
|---|---|---|---|---|---|---|
| | ML | 05/18/2015 | 256759 | SOURCE HOTEL LLC | | |
| | RL | 09/09/2015 | 465775 | | | |
| | TD | 06/03/2016 | 252446 | SOURCE HOTEL LLC | | 29.500M |
| | SA | 06/03/2016 | 252449 | SOURCE HOTEL LLC | | 16 252446 |
| | SA | 06/03/2016 | 252450 | SOURCE HOTEL LLC | | 16 252446 |
| | SA | 07/05/2018 | 246365 | SOURCE HOTEL LLC | | 16 252446 |
| | SA | 07/05/2018 | 246366 | SOURCE HOTEL LLC | | 16 252446 |
| | EN | 12/28/2018 | 483687 | SOURCE HOTEL LLC | | 16 252446 |
| | EN | 06/26/2019 | 225954 | SOURCE HOTEL LLC | | 16 252446 |
| | ST | 07/27/2020 | 361779 | | | |
| | ND | 07/27/2020 | 361780 | SOURCE HOTEL LLC | | 16 252446 |
| | ML | 08/02/2017 | 319341 | SOURCE HOTEL LLC | | |
| | BD | 10/23/2017 | 448159 | | | |
| | RL | 04/17/2018 | 137264 | | | |
| | TD | 08/28/2017 | 364569 | SOURCE HOTEL LLC | | 10M |
| | TD | 08/28/2017 | 364570 | SOURCE HOTEL LLC | | 11.500M |
| | ML | 09/15/2017 | 392884 | SOURCE HOTEL LLC | | |
| | BD | 10/23/2017 | 448160 | | | |
| | ML | 07/02/2018 | 241793 | SOURCE HOTEL LLC | | |
| | RL | 07/27/2018 | 275314 | | | |
| | ML | 07/17/2019 | 256173 | SOURCE HOTEL LLC | | |
| | ML | 07/17/2019 | 256173 | SOURCE HOTEL LLC | | NO LEGAL |
| | ML | 08/08/2019 | 291605 | SOURCE HOTEL LLC | | NO LEGAL |
| | ML | 10/10/2019 | 396457 | SOURCE HOTEL LLC | | |
| | ML | 12/05/2019 | 508145 | SOURCE HOTEL LLC | | |
| | ML | 12/16/2019 | 526589 | SOURCE HOTEL LLC | | |
| | RL | 03/25/2020 | 135119 | SOURCE HOTEL LLC | 19-526589 | 19 526589 |
| | ML | 01/03/2020 | 2714 | SOURCE HOTEL LLC | | |
| | ML | 01/21/2020 | 24862 | SOURCE HOTEL LLC | | |
| | ML | 01/21/2020 | 25041 | SOURCE HOTEL LLC | | |
| | ML | 01/28/2020 | 36952 | SOURCE HOTEL LLC | | |
| ✔ | ML | 01/31/2020 | 43007 | SOURCE HOTEL LLC | | |
| | ML | 02/05/2020 | 50786 | SOURCE HOTEL LLC | | |
| | RL | 05/08/2020 | 208495 | SOURCE HOTEL LLC | | 20 50786 |
| | LP | 08/13/2020 | 407548 | SOURCE HOTEL LLC | | |
| | 30-2020-01146448-CU-BC-CJC | | | | | |
| | LP | 09/08/2020 | 471920 | SOURCE HOTEL LLC | | |

**+ PROVIDENT TITLE COMPANY,
P01, 1944**

**ORANGE, CA**

**12/23/2020 11:11AM PST JEB3**          **ORDER SEARCH RESULTS**          **PAGE 3 OF 3**

**ORDER: 10512629**          **TOF: 10**          **COMMENT:**

**BUSINESS NAME
SOURCE HOTEL**

| | TYPE BK/PG | DATE | DOC# | NAME | REFERENCE | REMARKS |
|---|---|---|---|---|---|---|
| | 30-2020-01143598-CU-MC-CJC | | | | | |
| | LP | 09/15/2020 | 495783 | SOURCE HOTEL LLC | | |
| | 30-2020-01156958-CU-OR- | | | | | |
| ✓ | LP | 10/28/2020 | 613064 | SOURCE HOTEL LLC | | 27636120 |
| | LP | 10/29/2020 | 615345 | SOURCE HOTEL LLC | | 27636129 |
| | LP | 11/02/2020 | 624988 | SOURCE HOTEL LLC | | |
| | 27636123 TO 30, 32, 33, 35 TO 45, 50 TO 62 | | | | | |
| | LP | 11/09/2020 | 641757 | SOURCE HOTEL LLC | | 27636120 |
| | AJ | 06/16/2010 | 282724 | SOURCE 1 PROPERTIES LLC | | 09K22630 |
| | SN | 02/16/2017 | 66387 | SOURCE INC | | BE-1380830 |
| | BY | 03/06/2002 | | SOURCE LLC | | 0211688JB7 |
| | SN | 09/17/2004 | 838650 | SOURCE LLC | | 0425235283 |
| | SN | 12/13/2011 | 648829 | SOURCE LLC | | 1134113729 |
| | *RL* | *02/09/2012* | *77079* | *SOURCE* | *11-648829* | *1134113729* |
| | OO | 05/18/2016 | | SOURCE HOTEL;ST JS 0186406 | | |
| | OO | 06/22/2018 | | SOURCE HOTEL LLC;ST FG 18000480712 | | |
| | OO | 12/14/2018 | | SOURCE HOTEL;ST FG 18000481694 | | |
| | OO | 08/13/2020 | | SOURCE HOTEL;WFG 99 1618569CAD | | |
| | OO | 11/09/2020 | | SOURCE HOTEL;OC 32 2173816 | | |

**END OF REPORT**

**RECORDING REQUESTED BY:**

Dustin Lozano, Esq.

**WHEN RECORDED MAIL TO:**

Dustin Lozano, Esq.
Hunt Ortmann Palffy Nieves
    Darling & Mah, Inc.
301 North Lake Avenue
Seventh Floor
Pasadena, CA  91101-1807

HITS

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

91.00

*$R0011453023$*

2020000043007 10:52 am 01/31/20
93 416A M09    3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00 75.00 3.00

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# MECHANICS LIEN

[1193464 1 dl 2936.001]

**RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:**

Dustin Lozano, Esq.
Hunt Ortmann Palffy Nieves
Darling & Mah, Inc.
301 North Lake Avenue, 7th Floor
Pasadena, CA 91101-1807

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# MECHANICS LIEN

SUNBELT CONTROLS, INC., 888 East Walnut Street, Pasadena, California 91101, hereby claims a mechanics lien in the amount of $234,653.00 on The Source Hotel and on the real property on which it is located at 6986 Beach Boulevard, Buena Park, California 9062, or which is described as follows: APN Nos. 276-361-20 and 276-361-22.

The reputed owner of the real property is THE SOURCE HOTEL LLC, 6940 Beach Boulevard, Suite D-501, Buena Park, California 90621.

SUNBELT CONTROLS, INC. furnished labor or services or equipment or material generally consisting of HVAC controls to IRON MECHANICAL, 575 Anton Boulevard, 3rd Floor, Costa Mesa, California 92626.

Dated: January 30, 2020          Name of Claimant:    SUNBELT CONTROLS, INC.

By: DUSTIN LOZANO
Its:    Attorney-in-Fact

## VERIFICATION

I am the agent authorized to make this verification on behalf of SUNBELT CONTROLS, INC. This mechanics lien is true of my own knowledge, except for those matters stated on my information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 30, 2020

DUSTIN LOZANO, Authorized Agent

**Notice of Mechanics Lien and Proof of Service Affidavit Follow on Next Page**

1193321.1 dl 2936.001

## NOTICE OF MECHANICS LIEN

### ATTENTION!

**Upon the recording of the enclosed MECHANICS LIEN with the county recorder's office of the county where the property is located, your property is subject to the filing of a legal action seeking a court-ordered foreclosure sale of the real property on which the lien has been recorded. That legal action must be filed with the court no later than 90 days after the date the mechanics lien is recorded.**

**The party identified in the mechanics lien may have provided labor or materials for improvements to your property and may not have been paid for these items. You are receiving this notice because it is a required step in filing a mechanics lien foreclosure action against your property. The foreclosure action will seek a sale of your property in order to pay for unpaid labor, materials, or improvements provided to your property. This may affect your ability to borrow against, refinance, or sell the property until the mechanics lien is released.**

**BECAUSE THE LIEN AFFECTS YOUR PROPERTY, YOU MAY WISH TO SPEAK WITH YOUR CONTRACTOR IMMEDIATELY, OR CONTACT AN ATTORNEY, OR FOR MORE INFORMATION ON MECHANICS LIENS GO TO THE CONTRACTORS STATE LICENSE BOARD WEB SITE AT www.cslb.ca.gov.**

### PROOF OF SERVICE AFFIDAVIT

I, SHIRLEY K. STICKLEY, served this Mechanics Lien and Notice of Mechanics Lien on the owner or reputed owner. Service was made on January 30, 2020 by certified mail, return receipt requested, postage prepaid, addressed to:

THE SOURCE HOTEL LLC
6940 Beach Boulevard, Suite D-501
Buena Park, California 90621

I certify or declare under penalty of perjury that the foregoing is true and correct.

Executed on January 30, 2020 at Pasadena, California.

Shirley K. Stickley

1193321.1 dl 2936.001

RECORDING REQUESTED
AND WHEN RECORDED MAIL TO:

RECORDING REQUESTED BY:
Retrolock Corp.
AND WHEN RECORDED MAIL DOCUMENT TO:
Grant Nigolian
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

*$ R 0 0 1 2 1 8 6 5 3 9 $*    97.00

2020000613064 3:37 pm 10/28/20
227 414A N26  5
0.00 0.00 0.00 0.00 12.00 0.00 0.000.0075.00 3.00

HITS

*THIS SPACE IS FOR RECORDERS USE ONLY*

## NOTICE OF PENDENCY OF ACTION
## (LIS PENDENS)

### (Title of Document)

Per Government Code 27388.1(a)(1) *"A fee of $75 dollars shall be paid at the time of recording on every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel or real property."*

☐ Exempt from SB2 fee per GC 27388.1(a)(2); is a transfer subject to the imposition of documentary transfer tax", or

☐ Exempt from SB2 fee per GC 27388.1(a)(2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax", or

☐ Exempt from SB2 fee per GC 27388.1(a)(2); is a transfer of real property that is a residential dwelling to an owner-occupier", or

☐ Exempt from SB2 fee per GC 27388.1(a)(2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier", or

☐ Exempt from SB2 fee per GC 27388.1(a)(1); fee cap of $225 reached"

☐ Exempt from SB2 fee per GC 27388.1(a)(1); not related to real property

Failure to include an exemption reason will result in the imposition of the SB2 Building Homes and Jobs Act Fee.

**NOT APPLYING FOR EXEMPTION

1    GRANT NIGOLIAN, P.C.
     Grant A. Nigolian (Bar No. 184101)
2    695 Town Center Drive, Suite 700
     Costa Mesa, CA 92626
3    Tel: (310) 853-2777

4

5    Attorneys for Plaintiffs,
     Retrolock Corp.

6

7                    **SUPERIOR COURT OF CALIFORNIA**

8            **COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

9

10   RETROLOCK CORP., a California          )   Case No: 30-2020-01163206-CU-CL-CJC
     corporation;                           )
11                                          )   **NOTICE OF PENDENCY OF ACTION**
12              Plaintiffs,                 )   **(LIS PENDENS)**
                                            )
13        vs.                               )   [Cal. Code Civ. Proc. § 405.20]
                                            )
14   GREENLAND CONSTRUCTION SERVICE,        )
     LLC, a California corporation; THE SOURCE )
15   HOTEL, LLC, a California corporation;  )
     BUSINESS ALLIANCE INSURANCE            )
16   COMPANY, a California corporation; and )
     DOES ONE (1) through TWENTY (20),      )
17   inclusive;                             )
                                            )
18              Defendants.                 )
                                            )
19                                          )
                                            )
20                                          )
                                            )
21                                          )
                                            )
22                      )
                                            )
23                                          )
                                            )
24                                          )
                                            )
25                                          )
                                            )
26                                          )

27   ///

28

_____
            NOTICE OF PENDENCY OF ACTION (LIS PENDENS)

1       NOTICE IS GIVEN that the above entitled action was commenced on October 2, 2020, by

2  Retrolock Corp. in the above entitled court and concerns real property or affects the title or right of

3  possession of real property.

4       The names of all defendants to the action are as follows: Greenland Construction Service,

5  LLC; The Source Hotel, LLC; and Business Alliance Insurance Company.

6       The property in question has an address of 6986 Beach Blvd., Buena Park, California,

7  90621, APN No. of 276-361-20 & 276-361-22, and is described as follows:

8

9         LOTS 2 THROUGH 9, INCLUSIVE, OF TRACT NO. 1756, IN THE
CITY OF BUENA PARK, COUNTY OF ORANGE, STATE OF

10        CALIFORNIA, AS PER MAP RECORDED IN BOOK 60, PAGES 20
AND 21 OF MISCELLANEOUS MAPS, TOGETHER WITH LOT 2 IN

11        BLOCK 61 OF BUENA PARK, IN SAID CITY, COUNTY AND STATE,
AS PER MAP RECORDED IN 18, PAGES 50 TO 52 INCLUSIVE, OF

12        MISCELLANEOUS MAPS, ALL IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY, TOGETHER WITH THE SOUTH 30

13        FEET OF THE STREET ADJOINING SAID LOT ON THE NORTH
ABANDONED BY ORDER OF THE BOARD OF SUPERVISORS OF

14        ORANGE COUNTY FILED IN BOOK 8, PAGE 37 OF BOARD
MINUTES, ON AUGUST 2, 1911.

15

16    The owners or reputed owners of the real property is The Source Hotel, LLC.

17       The purpose of the action is to collect a debt and foreclose a mechanics lien recorded on July

18  24, 2020, as Instrument No. 2020000358872, Official Records of Orange County, California

19  ("**Mechanics' Lien**" -**Exhibit 1**), in which claimant Retrolock Corp. claims the sum of $258,225.27.

20

21  DATED: October 2, 2020          GRANT NIGOLIAN, P.C.

22                     Grant A. Nigolian

23                     By: _____

24                        Grant A. Nigolian

25                     Attorneys for Plaintiffs,

26                     Retrolock Corp.

27

28

Page -1-

NOTICE OF PENDENCY OF ACTION (LIS PENDENS)

## PROOF OF SERVICE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 695 Town Center Drive, Suite 700, Costa Mesa, CA 92626. On the date signed below, I served the documents named below on the parties in this action as follows:

**NOTICE OF PENDENCY OF ACTION (LIS PENDENS)**

Upon the parties named below as follows: (See attached service list.)

☒ **(BY MAIL WHERE INDICATED)** I caused the above referenced document(s) to be placed in an envelope, with postage thereon fully prepaid, and placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of the firm for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE WHERE INDICATED)** The above-referenced document(s) was/were transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to Rule 2001 et. seq. of the Cal. Rules of Court, I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration, unless service by facsimile transmission was executed as a matter of professional courtesy.

☐ **(BY PERSONAL DELIVERY WHERE INDICATED)** I caused the above-referenced document(s) to be personally delivered to the person and/or the address listed above.

☐ **(BY FEDERAL EXPRESS WHERE INDICATED)** I am readily familiar with the practice of the firm for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America the above it true and correct.

Executed on October 28, 2020, at Costa Mesa, California. *Daniel Kaplan*
Daniel Kaplan

EXHIBIT A    088

| | |
|---|---|
| 1 | **Service List:**    *Retrolock Corp., adv. Greenland Construction Service, LLC, et al.* |
| 2 | (O.C.S.C. Case No. 30-2020-01163206-CU-CL-CJC) |
| 3 | Greenland Construction Service, LLC |
| 4 | c/o Summer Bridges (Reg. Agent)<br>6960 Beach Blvd., Unit J205 |
| 5 | Buena Park, CA 90621<br>Defendants |
| 6 | (*via* Certified Mail, return receipt requested) |
| 7 | The Source Hotel, LLC |
| 8 | c/o Summer Bridges (Reg. Agent)<br>6960 Beach Blvd., Unit J205 |
| 9 | Buena Park, CA 90621<br>Defendants |
| 10 | (*via* Certified Mail, return receipt requested) |
| 11 | Business Alliance Insurance Company |
| 12 | Steve Barsotti (Reg. Agent)<br>400 Oyster Point Blvd. |
| 13 | Suite 327 |
| 14 | South San Francisco, CA 94080<br>Defendants |
| 15 | (*via* Certified Mail, return receipt requested) |
| 16 | Lender's Foreclosure Services |
| 17 | ATTN: Louisa Zavala, Trustee's Sale Officer<br>P.O. Box 92086 |
| 18 | City of Industry, CA 91715 |
| 19 | (*via* Certified Mail, return receipt requested) |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Page 2

PROOF OF SERVICE

# EXHIBIT B

Electronically Received by Superior Court of California, County of Orange, 02/16/2021 10:56:00 AM.
30-2021-01183489-CU-OR-CJC - ROA # 11 - DAVID H. YAMASAKI, Clerk of the Court By Amy Van Arkel, Deputy Clerk.

**RC-200**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Ronald Richards (SBN 176246)<br>Law Offices of Ronald Richards & Associates, APC<br>P.O. Box 11480<br>Beverly Hills, CA 90213<br>TELEPHONE NO. 310-556-1001   FAX NO. *(Optional)* 310-277-3325<br>E-MAIL ADDRESS *(Optional)* ron@ronaldrichards.com<br>ATTORNEY FOR *(Name)* Shady Bird Lending, LLC | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>FEB 17 2021<br><br>DAVID H. YAMASAKI, Clerk of the Court<br><br>BY_____,DEPUTY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange |
|---|
| STREET ADDRESS  700 Civic Center Drive West |
| MAILING ADDRESS  Same |
| CITY AND ZIP CODE  Santa Ana 92701 |
| BRANCH NAME:  Central Justice Center |

| PLAINTIFF: Shady Bird Lending, LLC |
|---|
| DEFENDANT: The Source Hotel, LLC |

| EX PARTE ORDER APPOINTING RECEIVER AND ORDER TO SHOW CAUSE<br>☑ AND TEMPORARY RESTRAINING ORDER—RENTS, ISSUES, AND<br>PROFITS | CASE NUMBER<br>30-2021-01183489-CU-OR-CJC |
|---|---|

## NOTICE OF HEARING

Date *MARCH 18, 2021*    Time *1:30 pm*    Dept.: *C-22*    Room:

The address of the court ☑ is shown above ☐ is *(specify):*

## ORDER TO SHOW CAUSE

1. To defendant *(name each)*

   The Source Hotel, LLC

2. **THE COURT ORDERS** the defendants named in item 1 to appear in this court at the date, time, and place shown in the box above to give any legal reason
   a. Why a receiver should not be confirmed to
      (1) take possession and continue in possession of the property described in Attachment 2a *(attach a description of the real and personal property subject to the receivership)* (the "property"), and
      (2) manage the property in accordance with this order until further order of this court.
   b. Why you should not be prohibited from controlling or receiving any income from the property described in Attachment 2a.

## ORDER APPOINTING RECEIVER

**THE COURT ORDERS, pending the hearing on the Ex Parte Order to Show Cause, the following:**

3. **Receiver.** *(Name):*  Bellann Raile
   is appointed as receiver to take possession of the property described in Attachment 2a.

4. **Receiver's oath and bond.** The receiver shall immediately, and before performing any duties:
   a. execute and file a receiver's oath, and
   b. file the bond required by Code of Civil Procedure section 567(b) in the amount of: $ *2,500.⁰⁰*

5. **Receiver's fees.** The receiver may charge for the receiver's services no more than *(check all that apply):*
   a. ☑ $350.00    ☐ per month ☑ per hour ☐ other *(specify):*
   b. ☐        percent of gross monthly rents
   c. ☐    the greater of a or b
   d. ☐ $        as a one-time start-up fee

| Form Approved for Optional Use<br>Judicial Council of California<br>RC-200 [Rev. January 1, 2007] | **EX PARTE ORDER APPOINTING RECEIVER AND ORDER TO SHOW<br>CAUSE AND TEMPORARY RESTRAINING ORDER—RENTS,<br>ISSUES, AND PROFITS**<br>(Receivership) | Code of Civil Procedure, §§ 527,<br>529, 564(b)(10), Cal. Rules of<br>Court, rules 3.1175, 3.1176, 3.1177<br>www.courtinfo.ca.gov |
|---|---|---|

RC-200

| PLAINTIFF *(Name)*: Shady Bird Lending, LLC | CASE NUMBER |
|---|---|
| DEFENDANT *(Name)*: The Source Hotel, LLC | 30-2021-01183489-CU-OR-CJC |

6. ☑ **Management company.** The receiver may employ the management company of *(name)*:
   **Cordes & Company**
   a. ☐ The receiver may pay the company not more than
       (1) ☐ $ _____ ☐ per month ☐ per hour ☐ other *(specify)*:
       (2) ☐ _____ percent of gross monthly rents
       (3) ☐ the greater of (1) or (2)
       (4) ☐ $ _____ as a one-time start-up fee
   b. ☑ Management company fees are included in receiver's fees in item 5.

7. **Disclosure.** The receiver shall immediately disclose to all parties any financial relationship between the receiver and any company hired to assist in the management of the receivership property

8. **Plaintiff's ex parte bond.** Plaintiff shall immediately file an applicant's bond under Code of Civil Procedure section 566(b) in the amount of: $ 5,000 ⁰⁰

9. **General duties.** After qualifying, the receiver
   a. shall take possession of and manage the property,
   b. shall collect the income from the property,
   c. shall care for the property and may incur the expenses necessary for that care, and
   d. may change the locks on the property.

10. **Prohibited agreements.** The receiver shall not enter into an agreement with any party to this action about the administration of the receivership or about any postreceivership matter.

11. **Inventory.** Within 30 days after qualifying, the receiver shall file an inventory of all property possessed under this order.

12. **Expenditures.** The receiver shall expend money coming into his or her possession to operate and preserve the property and only for the purposes authorized in this order. Unless the court orders otherwise, the receiver shall to the extent practical hold the balance in interest-bearing accounts in accordance with Code of Civil Procedure section 569.

13. **Leases and rentals.** The receiver may without court approval enter into leases for a term not exceeding one year, obtain and evict tenants, and set and modify the amounts and terms of leases.

14. **Security deposits.** Unless the security deposit has been turned over or paid to the receiver, the receiver shall not refund a deposit to a tenant.

15. **Monthly accounting of receiver's income, expenses, and fees.**
   a. The receiver shall each month prepare and serve on the parties, but not file, an accounting of the income and expenses incurred in the administration of the receivership property, including the receiver's fees and expenses.
   b. The receiver may pay the receiver's own fees and expenses only by the following procedures:
       (1) By serving on all parties a notice of intent to pay to which no objection is served on the receiver within 20 days of the date the notice is served.
       (2) By serving and filing a request for interim payment, which the court then approves.
       (3) By obtaining and filing an agreement among all the parties approving the payment, which the court then approves
       (4) By filing the receiver's final accounting and report, which the court then approves.
   c. The receiver shall not reimburse the receiver for the receiver's general office administration expenses or overhead without court approval. These expenses include, for example, office supplies and employee payroll, benefits, and taxes.

16. **Management.**
   a. The receiver shall operate the property and take possession of all accounts relating to the property
   b. The receiver may
       (1) employ agents, employees, clerks, accountants, and property managers to administer the receivership property, and
       (2) purchase materials, supplies, and services reasonably necessary to administer the receivership property.
   c. The receiver may do all the things, and incur the risks and obligations, ordinarily done or incurred by owners, managers, and operators of businesses and property similar to that possessed by the receiver; except the receiver shall not make any capital improvements to the property without prior court approval.

EXHIBIT B    091

RC-200

| PLAINTIFF (Name). Shady Bird Lending, LLC | CASE NUMBER |
|---|---|
| DEFENDANT (Name): The Source Hotel, LLC | 30-2021-01183489-CU-OR-CJC |

17. **Bank accounts. The receiver**
    a.  may establish accounts at any financial institutions insured by an agency of the United States government that are not parties to this proceeding,
    b.  shall deposit in those accounts funds received in connection with the receivership property, and
    c.  shall deposit in interest-bearing accounts money not expended for receivership purposes.

18. **Court Instructions.** The receiver and the parties may at any time apply to this court for further instructions and orders and for additional powers necessary to enable the receiver to perform the receiver's duties properly.

19. **Insurance.**
    a.  The receiver shall determine upon taking possession of the property whether there is sufficient insurance coverage.
    b.  The receiver shall notify the insurer that the receiver is to be named as an additional insured on each insurance policy on the property.
    c   If the receiver determines that the property does not have sufficient insurance coverage, the receiver shall immediately notify the parties and shall procure sufficient all-risk and liability insurance on the property (excluding earthquake and flood insurance).
    d   If the receiver does not have sufficient funds to obtain insurance, the receiver shall seek instructions from the court on whether to obtain insurance and how it is to be paid for.

20. **Employment of attorneys.**
    a.  The receiver may employ unlawful detainer attorneys and eviction services without a court order.
    b.  ☐ The receiver may employ counsel (name):
           at the hourly rate of. $
    c.  ☐ Except as provided in items 20a and 27d, before employing counsel the receiver shall apply to the court for an order authorizing the receiver to employ counsel.

21. **Taxpayer ID numbers.** The receiver may use any federal taxpayer identification numbers relating to the property for any lawful purpose.

22. **Duty to turn over possession.** Upon receipt of a copy of a recorded trustee's deed upon foreclosure or written notice from plaintiff that defendant has cured the defaults existing under plaintiff's loan documents or that plaintiff has accepted a deed in lieu of foreclosure, the receiver shall, without further order of the court, turn over possession of the property to the successful purchaser or defendant or plaintiff respectively.

23. **Plaintiff's notification of termination.** Plaintiff shall notify the receiver in writing within 48 hours of any event within plaintiff's knowledge that terminates the receivership.

24. **Receiver's final report and account and discharge.**
    a.  *Motion required.* Discharge of the receiver shall require a court order upon noticed motion for approval of the receiver's final report and account and exoneration of the receiver's bond
    b.  *Time* Not later than 60 days after the receivership terminates, the receiver shall file, serve, and obtain a hearing date on a motion for discharge and approval of the final report and account.
    c.  *Notice.* The receiver shall give notice to all persons of whom the receiver is aware who have potential claims against the receivership property.
    d.  *Contents of motion* The motion to approve the final report and account and for discharge of the receiver shall contain the following·
        (1) *Declaration or declarations. A* declaration or declarations  (i) stating what was done during the receivership, (ii) certifying the accuracy of the final accounting, (iii) stating the basis for the termination of the receivership (such as foreclosure or reinstatement), and (iv) stating the basis for an order for the distribution of any surplus or payment of any deficit.
        (2) *Accounting summary. A* summary of the receivership accounting, which shall include (i) the total revenues received, (ii) the total expenditures identified and enumerated by major categories, (iii) the net amount of any surplus or deficit, and (iv) evidence of necessary supporting facts.

**EX PARTE ORDER APPOINTING RECEIVER AND ORDER TO SHOW
CAUSE AND TEMPORARY RESTRAINING ORDER—RENTS,
ISSUES, AND PROFITS**
(Receivership)

EXHIBIT B   092

**RC-200**

| PLAINTIFF *(Name)*: Shady Bird Lending, LLC | CASE NUMBER |
|---|---|
| DEFENDANT *(Name)*: The Source Hotel, LLC | 30-2021-01183489-CU-OR-CJC |

25. **Plaintiff's notice to receiver.** Plaintiff shall promptly notify the receiver in writing of the names, addresses, and telephone numbers of all parties who appear in the action and their counsel. The parties shall give notice to the receiver of all events that affect the receivership.

26. **Bankruptcy Plaintiff's duty to give notice.** If a defendant files a bankruptcy case during the receivership, plaintiff shall give notice of the bankruptcy case to the court, to all parties, and to the receiver by the close of the next business day after the day on which plaintiff receives notice of the bankruptcy filing.

27. **Bankruptcy Receiver's duties.** If the receiver receives notice that a bankruptcy has been filed and part of the bankruptcy estate includes property that is the subject of this order, the receiver shall have the following duties:

    a.  *Turn over property if no relief from stay will be sought.* The receiver shall immediately contact the party who obtained the appointment of the receiver and determine whether that party intends to move in the bankruptcy court for an order for (1) relief from the automatic stay, and (2) relief from the receiver's obligation to turn over the property (11 U.S.C. § 543). If the party has no intention to make such a motion, the receiver shall immediately turn over the property to the appropriate entity either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession – and otherwise comply with 11 United States Code section 543.

    b.  *Remain in possession pending resolution.* If the party who obtained the receivership intends to seek relief immediately from both the automatic stay and the receiver's obligation to turn over the property, the receiver may remain in possession and preserve the property pending the ruling on those motions (11 U.S.C. § 543(a)). The receiver's authority to preserve the property shall be limited as follows:

        (1) The receiver may continue to collect rents and other income;

        (2) The receiver may make only those disbursements necessary to preserve and protect the property,

        (3) The receiver shall not execute any new leases or other long-term contracts, and

        (4) The receiver shall do nothing that would effect a material change in the circumstances of the property.

    c.  *Turn over property if no motion for relief is filed within 10 days after notice of the bankruptcy.* If the party who obtained the receivership fails to file a motion within 10 court days after his or her receipt of notice of the bankruptcy filing, the receiver shall immediately turn over the property to the appropriate entity either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession and otherwise comply with 11 United States Code section 543.

    d.  *Retain bankruptcy counsel.* The receiver may petition the court to retain legal counsel to assist the receiver with issues arising out of the bankruptcy proceedings that affect the receivership.

28. **Failure to turn over property.** A receiver who fails to turn over the property in accordance with this order shall not be paid for time and expenses after the date on which the receiver should have turned the property over.

29. ☐ **Other orders.** *(Additional orders may include authority of the receiver to do any other acts arising from special circumstances.)* Other orders ☐ are specified in Attachment 29 ☐ are as follows *(specify):*

RC-200 [Rev January 1, 2007]

**EX PARTE ORDER APPOINTING RECEIVER AND ORDER TO SHOW
CAUSE AND TEMPORARY RESTRAINING ORDER—RENTS,
ISSUES, AND PROFITS
(Receivership)**

Page 4 of 5

EXHIBIT B    093

**RC-200**

| PLAINTIFF (Name): Shady Bird Lending, LLC | CASE NUMBER |
|---|---|
| DEFENDANT (Name): The Source Hotel, LLC | 30-2021-01183489-CU-OR-CJC |

### ☑ TEMPORARY RESTRAINING ORDER

30. **THIS ORDER EXPIRES AT THE DATE AND TIME OF THE HEARING SHOWN IN THE BOX ON PAGE ONE (UNDER "NOTICE OF HEARING") UNLESS EXTENDED BY THE COURT.**

31. **THE COURT ORDERS DEFENDANT** to do the following:
    a. **Turn over property.** Immediately turn over possession of the property described in Attachment 2a to the receiver when the appointment becomes effective, including any security deposits, prepaid rent, other rental or lease payments, and funds in property management bank accounts for the property.
    b. **Turn over related items.** Immediately turn over to the receiver all keys, books, documents, and records relating to the property and advise the receiver of federal taxpayer identification numbers relating to the property.
    c. **Insurance.**
      (1) Immediately advise the receiver about the nature and extent of insurance coverage on the property;
      (2) Immediately name the receiver as an additional insured on each insurance policy on the property; and
      (3) DO NOT cancel, reduce, or modify the insurance coverage

    d. **Restraints.** Refrain from
      (1) committing or permitting any waste on the property or any act on the property in violation of law or removing, encumbering, or otherwise disposing of any of the fixtures on the property,
      (2) demanding, collecting, or in any other way diverting or using any of the rents from the property;
      (3) interfering in any manner with the discharge of the receiver's duties under this order;
      (4) selling, transferring, disposing, encumbering, or concealing the property without a prior court order; and
      (5) doing any act that will impair the preservation of the property or plaintiff's interest in the property.

    e. ☐ **Other** (specify):

32. **THE COURT ORDERS PLAINTIFF** to immediately file a temporary restraining order bond under Code of Civil Procedure section 529 in the amount of $ 1,000⁰⁰

33. ☐ **OTHER ORDERS** ☐ are specified in Attachment 33 ☐ are as follows (specify):

### SERVICE AND BRIEFING SCHEDULE

34. By (date): 2/24/2021   **PLAINTIFF IS ORDERED** to personally serve on each defendant or counsel and any other appearing parties, and to file proof of service of, the summons and complaint, the memorandum of points and authorities, these orders, and all declarations and supporting papers.

35. By (date): 3/4/2021   **DEFENDANT IS ORDERED** to personally serve on each plaintiff or counsel and any other appearing parties, and to file proof of service of, any opposition to these orders.

36. By (date): 3/10/2021   **PLAINTIFF IS ORDERED** to personally serve on each defendant or counsel, and to file proof of service of, any reply to defendant's opposition to these orders.

37. Number of pages attached. ___7___

Date: 2/17/2021

_____  Richard Oberholzer
JUDGE OF THE SUPERIOR COURT

RC-200 [Rev. January 1, 2007]

**EX PARTE ORDER APPOINTING RECEIVER AND ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER—RENTS, ISSUES, AND PROFITS**
(Receivership)

Page 5 of 5

EXHIBIT B   094

<u>Shady Bird Lending, LLC v. The Source Hotel, LLC</u>, Orange County Superior Court
Case No. 30-2021-01183489-CU-OR-CJC

ATTACHMENT 2a
(TO *EX PARTE* ORDER APPOINTING RECEIVER AND ORDER TO SHOW CAUSE AND
TEMPORARY RESTRAINING ORDER—RENTS, ISSUES, AND PROFITS)

The property subject to the receivership created pursuant to this *Ex Parte* Order Appointing
Receiver and Order to Show Cause and Temporary Restraining Order—Rents, Issues, and Profits
(the "Order") means and includes:

(1) That certain real property on which is located a partially constructed 174-room, seven (7)
story hotel building on land in the City of Buena Park, Orange County, California, Assessor's
Parcel Nos. 276-361-20 and 276-361-22 and related parcel numbers as legally described in
Exhibit "A" hereto ("Real Property").

(2) All buildings, structures and improvements erected on the Real Property, including, without
limitation, all plant equipment, apparatus, machinery and fixtures of every kind and nature
whatsoever now or hereafter located on or forming part of said buildings, structures and
improvements (collectively, the "Improvements"; the Real Property and Improvements being
hereinafter sometimes collectively referred to as the "Premises").

(3) All goods, equipment, machinery, furniture, furnishings, trade fixtures, appliances, inventory,
building materials, apparatus, utensils, vehicles, wiring, pipes, conduits, elevators, escalators,
heating and air conditioning equipment, chattels and articles of personal property attached to or
used in any way in connection with or to be incorporated at any time into the Premises or placed
on any part thereof wheresoever located, whether or not attached to or incorporated in the
Premises, together with any and all accessions, accessories, attachments, and replacements
thereof, appertaining and adapted to the complete and compatible use, enjoyment, occupancy,
operation or improvement of the Premises.

**EXHIBIT "A"**
**LEGAL DESCRIPTION**

[SEE ATTACHED.]

The land referred to herein is situated in the State of California, County of Orange and described as follows:

THAT PORTION OF LOT 2 IN BLOCK 61 OF BUENA PARK, IN THE CITY OF BUENA PARK, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 18, PAGES 50 TO 52 INCLUSIVE, OF MISCELLANEOUS MAPS, AND THOSE PORTIONS OF LOTS 5 TO 9 INCLUSIVE OF TRACT NO. 1756, AS PER MAP RECORDED IN BOOK 60 PAGES 20 AND 21 OF MISCELLANEOUS MAPS, ALL IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

PARCEL 4A (LEVEL 1 - GROUND FLOOR LOBBY & ENTRANCE)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 215.36 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 45.77 FEET TO THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE S 00°00'02" W 86.05 FEET, THENCE N 89°59'59" W 22.68 FEET, THENCE S 00°01'05" W 13.56 FEET, THENCE S 89°59'59" E 22.57 FEET, THENCE S 00°00'02" W 8.22 FEET, THENCE N 89°59'58" W 0.77 FEET, THENCE S 00°00'02" W 34.16, THENCE N 89°59'58" W 110.62 FEET, THENCE N 00°00'02" E 34.17 FEET, THENCE N 89°59'58" W 30.58 FEET, THENCE N 00°00'02" E 107.52 FEET, THENCE N 89°59'58" W 0.83 FEET, THENCE N 00°00'02" E 8.95 FEET, THENCE S 89°59'58" E 24.08 FEET, THENCE N 46°29'04" E 12.47 FEET, THENCE N 00°00'02" E 16.97 FEET, THENCE S 89°59'58" E 18.12 FEET, THENCE N 00°00'02" E 5.22 FEET, THENCE N 89°57'39" E 30.73 FEET, THENCE N 00°00'02" E 32.17 FEET, THENCE N 89°59'58" W 11.92 FEET, THENCE N 00°02' E 1.00 FEET, THENCE S 89°59'58" E 0.50 FEET, THENCE N 00°00'02" E 14.21 FEET, THENCE S 89°59'58" E 39.78 FEET, THENCE S 00°00'02" W.86.82 FEET, THENCE S 89°59'58" E 32.58 FEET TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 95.76 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 77.76 FEET.

PARCEL 4B (LEVEL 1 - GROUND FLOOR STAIRS ON ORANGETHORPE AVENUE)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF ORANGETHORPE AVENUE AS SHOWN ON SAID MAP S 89°27'51" E 199.02 FEET; THENCE LEAVING SAID CENTERLINE N 0°32'09" E 60.00 FEET TO A POINT ON A LINE PARALLEL WITH, AND 60.00 FEET NORTHERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF ORANGETHORPE AVENUE, AND THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE N 0°00'02" E 36.96 FEET; THENCE S 89°59'58" E 14.74 FEET; THENCE S 0°00'02" W TO A POINT ON SAID PARALLEL LINE; THENCE ALONG SAID PARALLEL LINE N 89°27'51" W 14.74 TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 95.76 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 77.76 FEET.

PARCEL 4C (LEVEL 1 - GROUND FLOOR STAIRS ON BRENNER AVENUE)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 339.38 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 46.71 FEET TO THE TRUE POINT OF

2051003 4

BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE WEST 23.40 FEET; THENCE SOUTH 7.24 FEET; THENCE WEST 5.88 FEET; THENCE SOUTH 6.55 FEET; THENCE WEST 29.28 FEET; THENCE NORTH 13.79 FEET TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 95.76 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 77.76 FEET.

PARCEL 4D (LEVEL 2 - SECOND FLOOR HOTEL PARCEL)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1758; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 223.82 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 36.00 FEET TO THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE S 00°27'49" W 94.43 FEET; THENCE N 89°59'59" W 31.75 FEET; THENCE S 00°01'05" W 13.56 FEET; THENCE S 89°59'59" E 31.85 FEET; THENCE S 00°27'49" W 36.79 FEET; THENCE S 45°29'59" W 26.85 FEET; THENCE N 89°27'51" W 110.52 FEET; THENCE N 00°00'02" E 36.98 FEET; THENCE N 89°59'58" W 19.37 FEET; THENCE S 00°00'02" W 25.13 FEET; THENCE N 89°59'58" W 12.81 FEET; THENCE N 00°00'02" E 90.73 FEET; THENCE S 89°59'58" E 62.50 FEET; THENCE N 00°00'00" E 30.00 FEET; THENCE S 89°59'58" E 15.42 FEET; THENCE N 00°00'02" E 29.98 FEET; THENCE S 89°59'58" E 85.09 FEET; TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 113.76 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 95.76 FEET.

PARCEL 4E (LEVEL 2 - SECOND FLOOR STAIRS ON BRENNER AVENUE)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1758; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 339.38 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 46.71 FEET TO THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE WEST 23.40 FEET; THENCE SOUTH 7.24 FEET; THENCE WEST 5.88 FEET; THENCE SOUTH 6.55 FEET; THENCE WEST 29.28 FEET; THENCE NORTH 13.79 FEET TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 113.76 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 95.76 FEET.

PARCEL 4F (LEVEL 3 -THIRD FLOOR STAIRS ON BRENNER AVENUE)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1758; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 339.38 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 46.71 FEET TO THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE WEST 23.40 FEET; THENCE SOUTH 7.24 FEET; THENCE WEST 5.88 FEET; THENCE SOUTH 6.55 FEET; THENCE WEST 29.28 FEET; THENCE NORTH 13.79 FEET TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 150.76 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 113.76 FEET.

PARCEL 4G (LEVEL 3 - THIRD FLOOR STAIRS ON BRENNER AVENUE)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND

2051003 4

BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 186.84 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 45.54 FEET TO THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL, THENCE WEST 22.05 FEET; THENCE SOUTH 9.15 FEET; THENCE EAST 5.84 FEET; THENCE SOUTH 10.38 FEET; THENCE WEST 1.58 FEET; THENCE SOUTH 4.17 FEET; THENCE EAST 9.81 FEET; THENCE SOUTH 10.37 FEET; THENCE EAST 12.08 FEET; THENCE NORTH 9.62 FEET; THENCE EAST 1.44 FEET; THENCE NORTH 24.44 FEET TO THE SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 150.76 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 113.76 FEET.

PARCEL 4H (LEVEL 3 - THIRD FLOOR STAIRS ON ORANGETHORPE AVENUE)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF ORANGETHOPE AVENUE AS SHOWN ON SAID MAP S 89°27'51" E 199.02 FEET; THENCE LEAVING SAID CENTERLINE N 0°32'09" E 60.00 FEET TO A POINT ON A LINE PARALLEL WITH, AND 60.00 FEET NORTHERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF ORANGETHORPE AVENUE, AND THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE N 0°00'02" E 36.96 FEET; THENCE S 89°59'58" E 14.74 FEET; THENCE S 0°00'02" W TO A POINT ON SAID PARALLEL LINE; THENCE ALONG SAID PARALLEL LINE N 89°27'51" W 14.74 TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 150.76 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 113.76 FEET.

PARCEL 4I (LEVEL 4 - FOURTH FLOOR HOTEL PARCEL INCLUDING DECK)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 353.11 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 36.00 FEET TO A POINT ON A LINE PARALLEL WITH, AND 36.00 FEET WESTERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF BRENNER AVENUE, AND THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE WEST 72.90 FEET; THENCE SOUTH 13.76 FEET; THENCE WEST 18.27 FEET; THENCE SOUTH 114.50 FEET; THENCE WEST 92.89 FEET; THENCE SOUTH 130.52 FEET; THENCE EAST 12.99 FEET; THENCE SOUTH 32.75 FEET TO A POINT ON A LINE PARALLEL WITH AND 60.00 FEET NORTHERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF ORANGETHORPE AVENUE; THENCE ALONG SAID PARALLEL LINE S 89°27'51" E 143.94 FEET; THENCE N 45°29'59" E 26.85 FEET TO A POINT ON SAID PARALLEL LINE WITH THE CENTERLINE OF BRENNER AVENUE; THENCE ALONG LAST SAID PARALLEL LINE N 0°27'49" E 274.06 FEET TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 161.18 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 150.76 FEET.

PARCEL 4J (LEVEL 5 - FIFTH FLOOR HOTEL PARCEL)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 353.11 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 36.00 FEET TO A POINT ON A LINE PARALLEL WITH, AND 36.00 FEET WESTERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF BRENNER AVENUE; AND THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE WEST 72.90 FEET; THENCE SOUTH 165.38 FEET; THENCE WEST 6.61 FEET; THENCE

EXHIBIT B    099

SOUTH 20.33 FEET; THENCE EAST 6.81 FEET; THENCE SOUTH 28.65 FEET; THENCE WEST 105.43 FEET; THENCE SOUTH 44.42 FEET; THENCE EAST 12.99 FEET; THENCE SOUTH 32.75 FEET TO A POINT ON A LINE PARALLEL WITH AND 60.00 FEET NORTHERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF ORANGETHORPE AVENUE; THENCE ALONG SAID PARALLEL LINE S 89°27'51" E 143.94 FEET; THENCE N 45°29'59" E 26.85 FEET TO A POINT ON SAID PARALLEL LINE WITH THE CENTERLINE OF BRENNER AVENUE, THENCE ALONG LAST SAID PARALLEL LINE N 0°27'49" E 274.06 FEET TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 171.60 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 161.18 FEET.

PARCEL 4K (LEVEL 6 - SIXTH FLOOR HOTEL PARCEL)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 353 11 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 36.00 FEET TO A POINT ON A LINE PARALLEL WITH, AND 36.00 FEET WESTERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF BRENNER AVENUE, AND THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE WEST 72.90 FEET; THENCE SOUTH 165.38 FEET; THENCE WEST 6.81 FEET; THENCE SOUTH 20.33 FEET; THENCE EAST 6.81 FEET; THENCE SOUTH 28.65 FEET; THENCE WEST 105.43 FEET, THENCE SOUTH 44.42 FEET; THENCE EAST 11.33 FEET; THENCE SOUTH 32.75 FEET TO A POINT ON A LINE PARALLEL WITH AND 60.00 FEET NORTHERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF ORANGETHORPE AVENUE; THENCE ALONG SAID PARALLEL LINE S 89°27'51" E 145.60 FEET, THENCE N 45°29'59" E 26.85 FEET TO A POINT ON SAID PARALLEL LINE WITH THE CENTERLINE OF BRENNER AVENUE; THENCE ALONG LAST SAID PARALLEL LINE N 0°27'49" E 274.06 FEET TO SAID TRUE POINT OF BEGINNING

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 182.02 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 171.60 FEET.

PARCEL 4L (LEVEL 7 - SEVENTH FLOOR & ROOF HOTEL PARCEL)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 353.11 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 36.00 FEET TO A POINT ON A LINE PARALLEL WITH, AND 36.00 FEET WESTERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF BRENNER AVENUE, AND THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE WEST 72.90 FEET; THENCE SOUTH 165.38 FEET; THENCE WEST 6.81 FEET; THENCE SOUTH 20.33 FEET; THENCE EAST 6.81 FEET; THENCE SOUTH 28.65 FEET; THENCE WEST 105.43 FEET; THENCE SOUTH 44.42 FEET; THENCE EAST 12.99 FEET; THENCE SOUTH 32.75 FEET TO A POINT ON A LINE PARALLEL WITH AND 60.00 FEET NORTHERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF OANGETHORPE AVENUE; THENCE ALONG SAID PARALLEL LINE S 89°27'51" E 143.94 FEET; THENCE N 45°29'59" E 26.85 FEET TO A POINT ON SAID PARALLEL LINE WITH THE CENTERLINE OF BRENNER AVENUE; THENCE ALONG LAST SAID PARALLEL LINE N 0°27'49" E 274.06 FEET TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 210.00 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 182.02 FEET.

ELEVATIONS STATED HEREON ARE BASED ON THE NORTH AMERICAN VERTICAL DATUM OF 1988 (NAVD88) PER THE YEAR 2005 ADJUSTMENT BY THE ORANGE COUNTY SURVEYOR, USING THE FOLLOWING BENCHMARK:

OCS BM 404-31-06 ELEV.=80.151 FEET (NAVD88, YEAR 2005 LEVELED) STATION IS AN OCS

ALUMINUM DISK STAMPED 404-31-05 SET IN THE SE'LY CORNER OF A 15 FT. X 4.5 FT. CONCRETE CATCH BASIN, LOCATED IN NE'LY PORTION OF INTERSECTION OF STANTON AVE. & ARTESIA BLVD., 28 FT. N'LY OF THE CENTERLINE OF ARTESIA BLVD. & 81 FT. E'LY OF THE CENTERLINE OF STANTON AVENUE  MONUMENT IS LEVEL WITH THE SIDEWALK

APN:  276-361-20 and 276-361-22
(End of Legal Description)

EXHIBIT B   101

# EXHIBIT C



EXHIBIT C   102



EXHIBIT C    103



EXHIBIT C   104



EXHIBIT C    105



EXHIBIT C   106



EXHIBIT C    107



EXHIBIT C   108



EXHIBIT C   109



EXHIBIT C   110



EXHIBIT C   111



EXHIBIT C   112



EXHIBIT C   113



EXHIBIT C   114



EXHIBIT C   115



EXHIBIT C    116



EXHIBIT C    117



EXHIBIT C    118



EXHIBIT C   119



EXHIBIT C   120



EXHIBIT C   121



EXHIBIT C   122



EXHIBIT C   123



EXHIBIT C    124



EXHIBIT C   125



EXHIBIT C    126



EXHIBIT C   127



4

EXHIBIT C   128



EXHIBIT C    129



EXHIBIT C    130

# EXHIBIT D

# Property Inspection Report for

# The Source OC Hilton Hotel

**CORDES**
CORDES&COMPANY



URBAN
ADVISORY
&BUILDING
Group, LLC

<u>Submitted To:</u>

Ms. Bellann Raile

Cordes & Company

<u>Submitted By:</u>

Mr. Brent Little

Urban Advisory & Building
Group, LLC

**March 10, 2021**

## Introduction

On behalf of Urban Advisory and Building Group, LLC, we appreciate the opportunity to assist you in the analysis of the above referenced office property. To accomplish our review of the property we performed two on-site inspections. The first inspection was on March 3, 2021 and the second was on March 9, 2021. In addition, we reviewed various stamped approved plans and interviewed several individuals either familiar with the project or a particular relevant building system.

## Project Understanding

The Source Hilton Hotel is an idled construction project, which is roughly seventy percent complete. The development of the building has been arrested at various stages and varies widely by floor. Generally, the plumbing, electrical and mechanical systems are completed through rough installation. Interior framing, drywall and finishes are in mid construction. Some portions of the building complete, while others are rough framed. As best as we could observe, framing is substantially complete.

Other aspects of the project had broad completion ranges as well. Substantial investment has been made to the buildings HVAC system, but key elements are either unprotected or exposed to potential damage. Both the domestic water and electrical are operational in limited areas of the building.

## Property Overview

The hotel is located on the northwest corner of Orangethorpe Avenue and Brenner Avenue in the City of Buena Park. The hotel is an integrated part of The Source OC, which is a mixed-use entertainment and lifestyle center. The entire project is approved under the Beach + Orangethorpe Mixed-Use Specific Plan.

| | |
|---|---|
| Address: | 6940 Beach Blvd Buena Park, CA90621 |
| APN: | A portion of 276-361-03 through 18 Parcel Area: |
| Building Area: | 134,500 sf |
| Rooms: | 172 keys |

2

## Executive Summary

The items below represent several of the more substantial issues discovered during our investigation.  It is recommended that action be taken to resolve or better protect both the asset and those entering the structure.

- Substantial roof issues exist which currently permit the intrusion of water into the structure.

- Construction assemblies on the roof are incomplete and create an opportunity for water infiltration.

- Due to neglect, the pool deck will need substantial repair.

- Completed building finishes are not being protected and exposed to waste or damage.

- A potentially hazardous situation may exist if the building sewer system is not connected to the public system.

- An improved safety environment for building visitors and contractors should be implemented.

- Completion plans are held off site.



Unprotected pool deck, exposed to UV.



Roof HVAC equipment poorly protected with plastic. Should be sheet metal.

3





Top left: HVAC ducts exposed to elements. Should be capped. Middle: Damage to permanent finishes and fixtures. Upper Right: Many important plans and job records are being stored off site. These will be important to restarting the project and should be immediately inventoried and stored properly. Lower Right: HVAC package units left easily accessible to thieves and vandals.





4

## Roof System

The roof system represents a significant and immediate potential impact to the building.

Most substantially, a significant portion of the roof has been removed above the 6th floor balconies. Although the element being removed is not directly connected to the main roof, it is a material opening into which water can gain access to the building.

It is apparent there has been some water intrusion. Repair work was being undertaken and demolition was mostly complete. This effort has obviously ceased as the project has stopped construction.

In addition to the water damage being repaired, near this same location corrosion is visible from either the same or a different failure. At the balcony walls, where they join the building, partial construction was made in an attempt to resolve the water intrusion.

Lastly, the main roof structures are predominately complete with PVC or PTO type roof systems. These are very reliable systems. However, they can leak at the joints and there were visible signs of repair near the roof access doorway. The repair does not appear to be compliant with the manufactures recommendation and should be inspected by a manufactures representative, which they will commonly perform.



Improper patch at roof door leak. Leaked into 6th floor hallway.

EXHIBIT D   135

Missing flashing, above.





Improperly installed flashing. Needs caulk and pipe clamp.



In numerous areas the PVC/PTO roofing is loose. May be normal, but also could be indicative of breach or installation failure. Needs to be investigated further.

EXHIBIT D   136

Damaged roof structure on southeast corner of building. This is a significant failure and needs to be addressed.



Corrected roof structure on northeast corner of building.

7



Incomplete attempted repair.

Rusted cap due to internal leak.

## Pool and Pool Deck

The pool is exposed to the elements and has an accumulation of water and trash. It is unlikely this presents any potential damage to the structure, however it does serve as a breeding ground for mosquitos, which may carry West Nile Virus. It is believed that the local Vector Control Agency would recommend the pool be drained of any standing water.

The more substantive issue in the pool area is the exposure of the deck membrane to UV rays. Typically, these type of waterproofing systems are damaged by UV rays. During our tour of the property, we encountered Gary Reynolds, who is a contract building inspector for the City of Buena Park and has been dedicated to this project for nearly seven years. He confirmed the developer placed plastic sheeting over the membrane to protect it from UV rays. As can be seen in the accompanying pictures, the plastic did not maintain its coverage of the area. Furthermore, deterioration of the membrane is readily visible.



Plastic covering failing to protect roof membrane.



Pool filled with water and trash.

Damage due to UV can be seen in the light patch, which readily rubs off.





Ripples in the membrane joint, which should be resealed.



## Protection of Completed Finishes

There is inherent value in the completed work currently in place. These finishes include stone flooring, carpeting, cabinetry and plumbing fixtures. Unfortunately, because of a lack of care and protection, these finishes are being damaged or destroyed.

Some inadequate measures have been implemented at various locations in the building, but they are intermittent and generally unprotective of the underlying finishes.



Stains on carpet because of no protection.



Damaged stone flooring due to no protection.

11

EXHIBIT D    141

## Sewer System

Upon entering the upper floors, a strong smell of sewer gas is present in nearly all part of the building. We believe the gas is emanating from the open sewer stack located in the stairwell. The stack was fitted with a P trap to contain the smells, but it has long since dried. The stack opening is exposed to allow an air gap for a condensate drain. We also believe dry plumbing fixtures could be contributing to the problem.

However, given the size of the building and its distance from the public sewer system, we are concerned the sewer lines could be filling up into the building.

Typically, a public sewer agency will block or bulkhead the sewer line with a temporary device until the building sewer system has been finaled. At this point the block will be removed and the connection will be complete. As this building has not received its final inspection, there is some likelihood the blockage is in place.

Given the amount of time this project has been delayed, if there is a blockage, there could be a substantial failure of the system, either in the public right of way or the buildings piping, due to the head pressure of sewage in the line. Even in the event there is no damage to the systems, at some point the line could begin to overflow into the building.

To determine if this is a potential issue, the agency should be contacted to obtain permission to drain the line.

12



Sewer gas entering building through open pipes. Risk of backflow into building.

13



Toilets have been used or dry and creating hazard.

EXHIBIT D   143

Fire Systems

The fire sprinkler system is substantially complete, however it is not currently capable of providing life safety protection for the building. Although the system appears to be charged, the sprinkler heads are not uniformly installed.

It is also unclear if other fire systems are available for deployment, such as smoke seals and fire alarms.

Although the fire load for the building appears to be low, there has been valuable investment in the building and should be a consideration when determining the operation of the systems.

14

## Safety

The safety and protection of personal and visitors to the building is the utmost priority. Under normal circumstances, the project would be under the supervision of a general contractor and possibly a construction manager. The property would also be receiving regular inspections from City and agency inspectors.

As these safeguards are not in place, a plan should be adopted for the improvement and regular inspection of the property to insure a safe working environment. Furthermore, consideration should be made to temporary fire protection or notification devices in the event of a fire.

Below is a list of safety issues identified on our inspection:

1. Hazardous and caustic chemicals improperly placed.
2. Regular inspection of the operational elevator and renewal of the permit.
3. Barriers placed around open chase/fall hazard.
4. Improved signage for safety and exiting.
5. Requirement for visitors and construction personal to wear appropriate safety clothing (vests, boots, masks and hard hats).
6. Accessible restroom facilities.
7. Fire extinguishers mounted in appropriate locations.





Left:: Expired elevator permit. Above: fall hazard. Right: Acid unprotected.

15

EXHIBIT D    145

Examples of improper construction techniques.

It is unusual to install carpet before drywall is complete.

Shower pan is incorrect and not water-proofed. Moreover, the walls are not the correct type of drywall.

16



## Further Recommendations

During our inspection, certain irregular or unidentifiable construction practices were observed. For any party wishing to restart construction, it is recommended that a detailed survey of the property be conducted with a comparison to the approved plans to ensure the current construction meets design and code requirements. We also recommend the Receiver retain additional construction experts to assess and protect immediate potential issues, such as the roof exposure, sewer connection, sewer gas mitigation, securing the building documents, closing unnecessary water valves and ensuring a safer work environment.

## Inspectors

The inspection was performed by Brent Little and Steve Cienfuegos.

Mr. Little is a licensed General Contractor and holds a bachelor of arts degree in Geography from California State University, Fullerton with an emphasis in urban planning. He has been the principal of several construction, development and consulting firms in his approximately twenty-five year career.

Mr. Cienfuegos is a licensed General Contractor and holds a bachelor's degree from Whittier College. He has supervised and managed the construction of many commercial buildings, including several high-rise and mixed use projects.

## Disclaimer

This site inspection report was completed without the benefit of any testing and merely observational nature. This includes review of visible major building assemblies such as fire protection, electrical, plumbing and the building structure.

Sincerely,

*Brent Little*

Brent Little
Principal

17







Appendix of Additional Photographs

Left: Incorrect type of drywall in bathroom. Left Above: Roof penetrations not properly sealed. Above Middle: Extensive HVAC equipment incomplete. Above Right: Model unit not protected from construction. Right: Seam exhibiting signs of degradation.

18





# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*):  MOTION OF SHADY BIRD LENDING, LLC FOR ORDER EXCUSING STATE COURT RECEIVER FROM TURNOVER OF ASSETS PURSUANT TO 11 U.S.C. § 543; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF RONALD RICHARDS, BELLANN R. RAILE, AND BRENT LITTLE IN SUPPORT THEREOF be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  March 25, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  March 25, 2021 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Debtor | The Honorable Erithe A. Smith | Nancy S Goldenberg |
|---|---|---|
| The Source Hotel, LLC | U.S. Bankruptcy Court | Office of the United States Trustee |
| 6988 Beach Blvd, Suite B-215 | Ronald Reagan Federal Building | 411 W Fourth St Ste 7160 |
| Buena Park, CA 90621-6822 | 411 W. Fourth Street, Suite 5040 | Santa Ana, CA 92701-8000 |
| | Santa Ana, CA 92701 | |

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  March 18, 2021 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 25, 2021 | Cheryl Caldwell | */s/Cheryl Caldwell* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 2710485v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**

<u>**ADDITIONAL SERVICE INFORMATION**</u> (if needed):

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

Ron Bender on behalf of Debtor The Source Hotel, LLC
rb@lnbyb.com

Michael G Fletcher on behalf of Creditor Evertrust bank
mfletcher@frandzel.com, sking@frandzel.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Daniel A Lev on behalf of Creditor Shady Bird Lending, LLC
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Grant A Nigolian on behalf of Interested Party Courtesy NEF
grant@gnpclaw.com, process@gnpclaw.com;grant.nigolian@gmail.com

Juliet Y Oh on behalf of Debtor The Source Hotel, LLC
jyo@lnbrb.com, jyo@lnbrb.com

Ho-El Park on behalf of Interested Party Courtesy NEF
hpark@hparklaw.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

CC 2710485v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**