Peter F. Jazayeri (SBN 199626)
**JAZ, A PROFESSIONAL LEGAL CORPORATION**
peter@jaz-law.com
1100 Glendon Avenue, Suite 1500
Los Angeles, CA  90024
Telephone:    310.853-2529
Facsimile:    310.388.0664

Proposed Attorneys for Receiver
CORDES & COMPANY, LLC THROUGH
AND BY BELLANN RAILE

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE SOURCE HOTEL, LLC,<br><br>                Debtor. | Case No. 8:21-bk-10525-ES<br><br>Chapter 11<br><br>**STATE COURT RECEIVER BELLANN RAILE'S SUPPLEMENTAL BRIEF IN RESPONSE TO MOTION OF SHADY BIRD LENDING, LLC FOR ORDER EXCUSING STATE COURT RECEIVER FROM TURNOVER OF ASSETS PURSUANT TO 11 U.S.C. § 543**<br><br>Date:    June 3, 2021<br>Time:   2:00 p.m.<br>Place:   Courtroom 5A |

## SUPPLEMENTAL BRIEF BY STATE COURT RECEIVER

State Court Receiver Cordes and Company, by and through Bellann Raile ("Receiver") submits this supplemental brief in response to the continued Motion of Shady Bird Lending, LLC ("Shady Bird") For Order Excusing State Court Receiver from Turnover of Assets (the "Motion").

### I. INTRODUCTION

At the April 15, 2021 hearing concerning the Motion, Shady Bird offered to provide $200,000 in gifted funding to the receivership to complete outstanding safety issues (the "Gifted Advance"). To ensure propriety with all Bankruptcy Code provisions, the Receiver requests confirmation from the Court to permit the Gifted Advance to satisfy outstanding Receiver's fees and professional expenses during the post-petition period that turnover is excused. From February 16, 2021 (her appointment date) through April 30, 2021 (the most recent date of her billing cycle), the Receiver has incurred $62,844.01 in her fees and expenses, all of which remain outstanding.

As set forth below, the Receiver proposes to have these fees paid from the Gifted Advance if the Motion is granted, subject to any additional requirements imposed by the Court. If the Motion is denied, the Receiver proposes to follow Bankruptcy Code section 543 and file an accounting pursuant to Federal Rule of Bankruptcy Procedure 6002 and a request for fees and expenses pursuant to Bankruptcy Code section 503(b)(3) and (4). In such circumstance, the Receiver requests that the Court instruct her as to whether or not the Gifted Advance can be used to satisfy any outstanding fees and expenses.

### II. FACTUAL BACKGROUND

The factual evidence supporting this supplemental brief is set forth in the Declaration of Bellann Raile filed in connection with Shady Bird's Supplemental Statement Re (1) Motion of Shady Bird Lending, LLC For Order Excusing State Court Receiver From Turnover Of Assets Pursuant to 11 U.S.C. § 543, and (2) Motion for Relief From the Automatic Stay Under 11 U.S.C. §362 (With Supporting Declarations) (Real Property) (the "Raile Declaration") [Docket No. 135] and the concurrently-filed Request for Judicial Notice ("RJN").

The Receiver was appointed pursuant to an order of the Orange County Superior Court

entered on February 17, 2021.  (RJN, Ex. A).   Following the filing of the bankruptcy petition on February 26, 2021 through the date of this pleading, the Receiver focused on identifying and completing the most important health and safety issues related to the project.  (Raile Decl. ¶¶3,6). The Receiver created a priority safety task list, and provided this list, along with related contractor proposals and documentation, to the parties, as well as meeting with and obtaining input from the City of Buena Park regarding its concerns and permitting issues.  (Raile Decl. ¶¶7-8).

Through the date of this filing, the Receiver completed the following tasks:

- Worked with Orange County Fire Authority to ensure building safety; rekeyed locks on fire-escapes, obtained proposal to install temporary doors.
- Obtained proposal from Kone Elevator to fix elevator's lapsed certification and related electrical issues.
- Obtained proposal and completed work regarding roof leaks, including roof curb openings, and ducting/ductwork openings that could be causing leaks or damage to HVAC systems.
- Obtained proposal and completed work to install doors on fourth floor of building to avoid access by vagrants and/or pests.
- Obtained proposal and completed inspection for mold issues.
- Obtained proposal to fix open drains and sewer issues and forwarded to City of Buena Park for review.  Covered selected drains.
- Obtained proposal and began work for anchoring loose HVAC equipment.
- Obtained proposals to replace broken windows and ordered windows.
- Obtained further inspection and instruction regarding pool deck.
- Safeguarded furniture, fixtures and equipment.   (Raile Decl. ¶¶ 8-21).

Independent from the contracting and remediation work set forth above, the Receiver has incurred $62,844.01 in receivership fees and expenses, of which approximately $58,504.01 was

incurred post-petition, and includes $12,407.63 in counsel fees and expenses[1]. All of these amounts remain unpaid. Other than the Gifted Advance, there is no money coming into the receivership, as the project does not generate any income. While Shady Bird has offered to satisfy the receivership fees through the Gifted Advance, the Receiver seeks the Court's imprimatur on the issue.

## III. PROPOSED RESOLUTION OF RECEIVERSHIP PROFESSIONAL FEES AND EXPENSES

### A. Summary and Proposal

Given the unique nature of the Gifted Advance, there is no direct authority addressing whether gratis funds advanced by a lender, and not added to the lender's loan balance or claim, may be used to satisfy receivership professional fees and expenses during the period that turnover is excused. Based on the case law summarized below, the Receiver proposes that the situation be addressed as follows.

If the motion to excuse turnover is granted, the Receiver recommends that the outstanding receivership fees and expenses be satisfied from the Gifted Advance pursuant to the terms of the paragraph 15(b) of the Receivership Order, which provides for notice and disclosure, a 20-day objection-period, and court approval. (RJN, Ex. A at ¶15). Under relevant case law, the party appointing the receiver is responsible for such fees where the receivership is administratively insolvent, and thus the Gifted Advance could be used to satisfy such amounts, subject to the procedural requirements set forth in the Receivership Order. *See Southern Cal. Sunbelt Developers, Inc. v. Banyan Ltd. Partnership* (2017) 8 Cal.App.5th 910, 922; *City of Chula Vista v. Gutiérrez* (2012) 207 Cal.App.4th 681, 685.

---

[1] The Receiver's legal fees were all incurred post-petition and arise from turnover-related issues. Paragraph 27(d) of the operative receivership order (the "Receivership Order") authorizes the Receiver to petition the Orange County Superior Court "to retain legal counsel to assist the receiver with issues arising out of the bankruptcy proceedings that affect the receivership." (RJN, Ex. A at ¶27(d)). On April 28, 2021, the Receiver filed a Motion for Relief From Stay ("RFS Motion"), requesting authority to petition the Orange County Superior Court and complete this process. The RFS Motion was heard on May 20, 2021, and was unopposed. Upon entry of an Order granting the RFS Motion, the Receiver will use its best efforts to complete this process in time for the June 3, 2021 hearing on this Motion.

If the motion to excuse turnover is denied, the Receiver proposes to follow Bankruptcy Code section 543 and file an accounting pursuant to Federal Rule of Bankruptcy Procedure 6002 and a request for fees and expenses pursuant to Bankruptcy Code section 503(b)(3) and (4). In such circumstance, the Receiver requests that the Court instruct her as to whether or not the Gifted Advance can be used to satisfy any outstanding fees and expenses.

### B.   Authority Supporting Receiver's Proposal

Receivers, as custodians under the Bankruptcy Code, are entitled to be reimbursed for their expenses and to receive compensation for their services from the bankruptcy estate. *In re 29 Brooklyn Avenue, LLC*, 548 B.R. 642, 645 (Bankr. E.D.N.Y. 2016). Bankruptcy Code section 543(c)(2) states that the Court "shall …provide for payment of reasonable compensation for services and expenses incurred by such custodian." "This compensation is entitled to administrative priority under § 503(b)(3)(E)…." *In re 29 Brooklyn Avenue*, 548 B.R. at 645. "Prepetition fees and expenses of the receiver are allowable as an administrative expense regardless of whether the receiver remains in place after the bankruptcy petition is filed." *In re Internet Specialties West, Inc.*, 2013 WL 4408456 at *3 (Bankr. C.D. Cal. 2013).

In *In re 245 Associates, LLC*, 188 B.R. 743, 748-49 (Bankr. S.D.N.Y. 1995), the bankruptcy court explained the rules governing a receiver's duties once bankruptcy ensues, and the receiver's corresponding right to recover its fees and expenses, including attorney's fees. Citing to 11 U.S.C. §101(11)(A), *In re Snergy Properties, Inc.*, 130 B.R. 700 (Bankr. S.D.N.Y. 1991), *In re Posadas Assocs.*, 127 B.R. 278, 280 n.6 (Bankr. D. N.M. 1991), the bankruptcy court explained that state court receivers are "custodians" within the meaning of the Bankruptcy Code, that must deliver to the debtor any property of the debtor pursuant to 11 U.S.C. § 543 and file an accounting pursuant to 11 U.S.C. § 543(b)(2).

The Court then explained that several Bankruptcy Code provisions authorize the Court to compensate and reimburse the superseded custodian for pre-petition and post-petition services. "Section 503(b)(3)(E) grants the receiver an administrative claim for his actual, necessary actual, necessary costs and expenses, and for his compensation, and section 503(b)(4) covers the reasonable

compensation payable to the superseded custodian's attorney or accountant." *In re 245 Associates, LLC*, 188 B.R. 743, 748. (1995).

> Section 503(b)(3)(E) (and hence, section 504(b)(4)) does not distinguish between pre-petition and post-petition services, but its legislative history explains that it is confined to the former, codifying the common law rule that accorded a priority to the services rendered by a pre-petition custodian to the extent those services actually benefitted the estate. 124 Cong. Rec. H 11,094–95 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards); 124 Cong. Rec. S 17,411 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini); *see, e.g., In re American Motor Club, Inc.,* 125 B.R. 79, 81–82 (Bankr.E.D.N.Y.1991); *In re Kenval Mktg. Corp.,* 84 B.R. 32, 35 (Bankr.E.D.Pa.1988); *In re Jensen–Farley Pictures, Inc.,* 47 B.R. 557, 589 (Bankr. D.Utah 1985); *In re North Port Dev. Co.,* 36 B.R. 19, 21 (Bankr.E.D.Mo.1983) (holding that sections 503(b)(3)(E) and 503(b)(4) also grant administrative status to the "winding up" costs and expenses allowable under section 543(c)(2)). *In re 245 Associates, LLC*, 188 B.R. 743, 748. (1995).

The bankruptcy court's decision in *In re Posadas Associates*, 127 B.R. 278, 280 (Bankr. D. N.M.) is also instructive. The Court explained that:

> The Court shall provide for the payment of reasonable compensation for expenses incurred by the custodian in preparation for the turnover. §543(c)(2). In the usual course of events, the custodian is then superseded by the debtor in possession or a trustee. Once superseded, the custodian is allowed to recover the actual, necessary expenses incurred by such custodian as an administrative expense. §503(b)(3)(E). Under §503(b)(4), reasonable compensation for professional services by an attorney or accountant rendered in connection with subparagraph (3) is an administrative expense. The Code indicates that the Court *shall* allow the superseded custodian to recover the fees and costs incurred, being bound only by the requirement that they be reasonable and necessary. Prior court approval is not required if counsel is entitled to compensation by virtue of § 503(b)(4).

The bankruptcy court's decision in *In re 400 Madison Avenue Limited Partnership*, 213 B.R. 888, 898-899 (Bankr. S.D.N.Y. 1997) is also helpful, as it involves a receiver who was excused from compliance from turnover. In *400 Madison Avenue*, the bankruptcy court held that a receiver's pre-petition claim should be paid as soon as possible along with other prepetition debts of the receivership under Bankruptcy Code section 543. *Id.* at 899. In reaching this conclusion, the bankruptcy court rejected the U.S. Trustee's argument that a receiver excused from turnover should not be paid for pre-petition expenses.

The bankruptcy court explained that "It cannot be disputed therefore that, if the Receiver had turned the Property over to the Debtor, the Court would be required to provide for the payment of all of the Receiver's unpaid bills, including those of his counsel, subject only to a determination of reasonableness. The Court fails to see as a policy matter why there should be any different treatment of those expenses when the custodian is retained than when he is not." *In re 400 Madison Avenue Limited Partnership*, 213 B.R. 888, 898 (Bankr. S.D.N.Y. 1997).

The Court further explained that "It makes absolutely no sense to put the prepetition obligations of a receiver on a worse footing if a receiver is exposed from turnover than if he is not. If it were otherwise, the receiver and the receivership creditors would be placed in the position of having an interest in whether or not turnover occurred, something which they manifestly should not have, and a position that has been rejected since long before the adoption of the Bankruptcy Code." *Id.* at 898.

This Bankruptcy Court has also held that "the custodian who remains in place by order of the court is entitled to be paid by the estate for his own fees and for those of his attorney and that these will be an administrative priority." *In re Internet West Specialties, Inc.* 2013 WL 4408456 at *4, (Bankr. C.D. Cal. 2013). In that case, the state court receiver had been operating the debtor's business for nearly eighteen months, and was excused from turnover for a period of nearly four months after the bankruptcy petition was filed. The Court awarded the receiver and his counsel both pre-and-post petition fees, explaining that "the most appropriate reading of the code is to provide compensation to a receiver and his counsel despite the fact that the receiver was appointed pre-petition and was instructed by the court to continue post-petition." *Id.*

Based on these authorities, the Receiver proposes that it be paid from the Gifted Advance during the period that turnover is excused, subject to the requirements of the Receivership Order. If the Motion is denied, the Receiver proposes to seek compensation for its unpaid fees and expenses pursuant to Bankruptcy Code section 543(c) and the aforementioned case law to the extent such amounts are left unsatisfied by the Gifted Advance.

## IV. CONCLUSION

WHEREFORE, the Receiver respectfully requests entry of an order,

1. Allowing payment of her receivership fees and expenses (including professional fees) from the Gifted Advance, subject to the terms of the Receivership Order, if the Motion is granted;

2. Alternatively, if the Motion is denied, authorizing her to seek compensation pursuant to Bankruptcy Code sections 503(b)(3), (b)(4) and 543(c) and Federal Rule of Bankruptcy Procedure 6002 in connection with her final accounting, to the extent such amounts are left unsatisfied by the Gifted Advance;

3. And for all other relief that the Court deems just and proper.

DATED: May 20, 2021    **JAZ, A PROFESSIONAL LEGAL CORPORATION**

By: /s/ Peter F. Jazayeri
Peter F. Jazayeri
Proposed Attorneys for State Court Receiver
CORDES & COMPANY, LLC BY AND THROUGH
BELLANN RAILE

7

**STATE COURT RECEIVER BELLANN RAILE'S SUPPLEMENTAL BRIEF IN RESPONSE TO MOTION OF SHADY BIRD LENDING, LLC FOR ORDER EXCUSING STATE COURT RECEIVER FROM TURNOVER OF ASSETS PURSUANT TO 11 U.S.C. § 543**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1100 Glendon Avenue, Suite 1500, Los Angeles, CA 90024.

A true and correct copy of the foregoing document entitled (*specify*): **STATE COURT RECEIVER BELLANN RAILE'S SUPPLEMENTAL BRIEF IN RESPONSE TO MOTION OF SHADY BIRD LENDING, LLC FOR ORDER EXCUSING STATE COURT RECEIVER FROM TURNOVER OF ASSETS PURSUANT TO 11 U.S.C. § 543** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 20, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On May 20, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

None

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 20, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Personal Delivery**
Honorable Erithe A. Smith
US Bankruptcy Court – Santa Ana Division
Ronald Reagan Federal Building
411 West 4th Street, 5th Floor Bin
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 20, 2021 | Toni Gesin | /s/ Toni Gesin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                    **F 9013-3.1.PROOF.SERVICE**

## ATTACHMENT TO F 9013-3.1.PROOF.SERVICE

### Via NEF

- **Attorney for Debtor: Ron Bender**   rb@lnbyb.com
- **Christopher G. Cardinale**   ccardinale@agclawfirm.com, mgonzalez@agclawfirm.com
- **Michael G Fletcher**   mfletcher@frandzel.com, sking@frandzel.com
- **Amir Gamliel**   amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Attorney for U.S. Trustee: Nancy S Goldenberg**   nancy.goldenberg@usdoj.gov
- **Attorney for Receiver in State Court: Peter F Jazayeri**   peter@jaz-law.com
- **Attorney for Shady Bird: Daniel A Lev**   dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- **Grant A Nigolian**   grant@gnpclaw.com, process@gnpclaw.com;grant.nigolian@gmail.com
- **Attorney for Debtor: Juliet Y Oh**   jyo@lnbrb.com, jyo@lnbrb.com
- **Ho-El Park**   hpark@hparklaw.com
- **Attorney for Shady Bird: Ronald N Richards**   ron@ronaldrichards.com, morani@ronaldrichards.com
- **United States Trustee (SA)**:   ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**