Peter F. Jazayeri (SBN 199626)
**JAZ, A PROFESSIONAL LEGAL CORPORATION**
peter@jaz-law.com
1100 Glendon Avenue, Suite 1500
Los Angeles, CA  90024
Telephone:    310.853-2529
Facsimile:     310.388.0664

Proposed Attorneys for Receiver
CORDES & COMPANY, LLC THROUGH
AND BY BELLANN RAILE

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-10525-ES |
| THE SOURCE HOTEL, LLC, | Chapter 11 |
| Debtor. | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF STATE COURT RECEIVER BELLANN RAILE'S SUPPLEMENTAL BRIEF IN RESPONSE TO MOTION OF SHADY BIRD LENDING, LLC FOR ORDER EXCUSING STATE COURT RECEIVER FROM TURNOVER OF ASSETS PURSUANT TO 11 U.S.C. § 543** |
| | Date:   June 3, 2021<br>Time:   2:00 p.m.<br>Place:  Courtroom "5A" |

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, State Court Receiver Bellann Raile respectfully requests that the Court take judicial notice of the *Ex Parte* Order Appointing Receiver and Order to Show Cause and Temporary Restraining Order – Rents, Issues, and Profits entered on February 17, 2021 in the case styled *Shady Bird Lending, LLC v. The Source Hotel, LLC*, Orange County Superior Court Case No. 30-2021-01183489-CU-OR-CJC, a true and correct copy of which is attached hereto as Exhibit "A", on the grounds that it is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy.

DATED: May 20, 2021              **JAZ, A PROFESSIONAL LEGAL CORPORATION**


By: /s/ Peter F. Jazayeri
    Peter F. Jazayeri
Proposed Attorneys for State Court Receiver
CORDES & COMPANY, LLC BY AND THROUGH
BELLANN RAILE

1

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF STATE COURT RECEIVER BELLANN RAILE'S
SUPPLEMENTAL BRIEF IN RESPONSE TO MOTION OF SHADY BIRD LENDING, LLC FOR ORDER
EXCUSING STATE COURT RECEIVER FROM TURNOVER OF ASSETS PURSUANT TO 11 U.S.C. § 543**

# EXHIBIT A

Case 8:21-bk-10525-ES Doc 137 Filed 05/20/21 Entered 05/20/21 18:00:52 Desc
Main Document Page 4 of 17
Electronically Received by Superior Court of California, County of Orange, 02/16/2021 10:38:00 AM.
30-2021-01183489-CU-OR-CJC - ROA # - DAVID H. YAMASAKI, Clerk of the Court By Amy Van Arkel, Deputy Clerk.

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address)*<br>Ronald Richards (SBN 176246)<br>Law Offices of Ronald Richards & Associates, APC<br>P.O. Box 11480<br>Beverly Hills, CA 90213<br>TELEPHONE NO.: 310-556-1001   FAX NO (Optional): 310-277-3325<br>E-MAIL ADDRESS (Optional): ron@ronaldrichards.com<br>ATTORNEY FOR (Name): Shady Bird Lending, LLC | **FOR COURT USE ONLY**<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br>**FEB 17 2021**<br>DAVID H. YAMASAKI, Clerk of the Court<br>BY_____DEPUTY |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange<br>STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | |
| PLAINTIFF: Shady Bird Lending, LLC | |
| DEFENDANT: The Source Hotel, LLC | |
| **EX PARTE ORDER APPOINTING RECEIVER AND ORDER TO SHOW CAUSE**<br>☑ **AND TEMPORARY RESTRAINING ORDER—RENTS, ISSUES, AND PROFITS** | **CASE NUMBER**<br>30-2021-01183489-CU-OR-CJC |

## NOTICE OF HEARING

Date **MARCH 18, 2021**   Time **1:30 pm**   Dept.: **C-22**   Room:

The address of the court ☑ is shown above ☐ is (specify):

## ORDER TO SHOW CAUSE

1. **To defendant** *(name each)*
   The Source Hotel, LLC

2. **THE COURT ORDERS** the defendants named in item 1 to appear in this court at the date, time, and place shown in the box above to give any legal reason
   a. Why a receiver should not be confirmed to
      (1) take possession and continue in possession of the property described in Attachment 2a *(attach a description of the real and personal property subject to the receivership) (the "property")*, and
      (2) manage the property in accordance with this order until further order of this court.
   b. Why you should not be prohibited from controlling or receiving any income from the property described in Attachment 2a.

## ORDER APPOINTING RECEIVER

**THE COURT ORDERS**, pending the hearing on the Ex Parte Order to Show Cause, the following:

3. **Receiver.** *(Name):* Bellann Raile
   is appointed as receiver to take possession of the property described in Attachment 2a.

4. **Receiver's oath and bond.** The receiver shall immediately, and before performing any duties:
   a. execute and file a receiver's oath, and
   b. file the bond required by Code of Civil Procedure section 567(b) in the amount of: $ 2,500

5. **Receiver's fees.** The receiver may charge for the receiver's services no more than *(check all that apply)*:
   a. ☑ $350.00   ☐ per month ☑ per hour ☐ other *(specify):*
   b. ☐ percent of gross monthly rents
   c. ☐ the greater of a or b
   d. ☐ $ as a one-time start-up fee

Page 1 of 5

Form Approved for Optional Use
Judicial Council of California
RC-200 [Rev January 1, 2007]

**EX PARTE ORDER APPOINTING RECEIVER AND ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER—RENTS, ISSUES, AND PROFITS**
(Receivership)

Code of Civil Procedure, §§ 527, 529, 564(b)(10), Cal Rules of Court, rules 3.1175, 3.1176, 3.1177
www.courtinfo.ca.gov

RC-200

| PLAINTIFF (Name): Shady Bird Lending, LLC | CASE NUMBER |
|---|---|
| DEFENDANT (Name): The Source Hotel, LLC | 30-2021-01183489-CU-OR-CJC |

6. [✓] **Management company.** The receiver may employ the management company of (name):
   Cordes & Company
   a. [ ] The receiver may pay the company not more than
      (1) [ ] $ [ ] per month [ ] per hour [ ] other (specify):
      (2) [ ] percent of gross monthly rents
      (3) [ ] the greater of (1) or (2)
      (4) [ ] $ as a one-time start-up fee
   b. [✓] Management company fees are included in receiver's fees in item 5.

7. **Disclosure.** The receiver shall immediately disclose to all parties any financial relationship between the receiver and any company hired to assist in the management of the receivership property

8. **Plaintiff's ex parte bond.** Plaintiff shall immediately file an applicant's bond under Code of Civil Procedure section 566(b) in the amount of: $ 5,000 ⚡

9. **General duties.** After qualifying, the receiver
   a. shall take possession of and manage the property,
   b. shall collect the income from the property,
   c. shall care for the property and may incur the expenses necessary for that care, and
   d. may change the locks on the property.

10. **Prohibited agreements.** The receiver shall not enter into an agreement with any party to this action about the administration of the receivership or about any postreceivership matter.

11. **Inventory.** Within 30 days after qualifying, the receiver shall file an inventory of all property possessed under this order.

12. **Expenditures.** The receiver shall expend money coming into his or her possession to operate and preserve the property and only for the purposes authorized in this order. Unless the court orders otherwise, the receiver shall to the extent practical hold the balance in interest-bearing accounts in accordance with Code of Civil Procedure section 569.

13. **Leases and rentals.** The receiver may without court approval enter into leases for a term not exceeding one year, obtain and evict tenants, and set and modify the amounts and terms of leases.

14. **Security deposits.** Unless the security deposit has been turned over or paid to the receiver, the receiver shall not refund a deposit to a tenant.

15. **Monthly accounting of receiver's income, expenses, and fees.**
    a. The receiver shall each month prepare and serve on the parties, but not file, an accounting of the income and expenses incurred in the administration of the receivership property, including the receiver's fees and expenses.
    b. The receiver may pay the receiver's own fees and expenses only by the following procedures:
       (1) By serving on all parties a notice of intent to pay to which no objection is served on the receiver within 20 days of the date the notice is served.
       (2) By serving and filing a request for interim payment, which the court then approves.
       (3) By obtaining and filing an agreement among all the parties approving the payment, which the court then approves
       (4) By filing the receiver's final accounting and report, which the court then approves.
    c. The receiver shall not reimburse the receiver for the receiver's general office administration expenses or overhead without court approval. These expenses include, for example, office supplies and employee payroll, benefits, and taxes.

16. **Management.**
    a. The receiver shall operate the property and take possession of all accounts relating to the property
    b. The receiver may
       (1) employ agents, employees, clerks, accountants, and property managers to administer the receivership property, and
       (2) purchase materials, supplies, and services reasonably necessary to administer the receivership property.
    c. The receiver may do all the things, and incur the risks and obligations, ordinarily done or incurred by owners, managers, and operators of businesses and property similar to that possessed by the receiver; *except* the receiver shall not make any capital improvements to the property without prior court approval.

RC-200

| PLAINTIFF (Name): Shady Bird Lending, LLC | CASE NUMBER |
|---|---|
| DEFENDANT (Name): The Source Hotel, LLC | 30-2021-01183489-CU-OR-CJC |

17. **Bank accounts.** The receiver
    a. may establish accounts at any financial institutions insured by an agency of the United States government that are not parties to this proceeding,
    b. shall deposit in those accounts funds received in connection with the receivership property, and
    c. shall deposit in interest-bearing accounts money not expended for receivership purposes.

18. **Court instructions.** The receiver and the parties may at any time apply to this court for further instructions and orders and for additional powers necessary to enable the receiver to perform the receiver's duties properly.

19. **Insurance.**
    a. The receiver shall determine upon taking possession of the property whether there is sufficient insurance coverage.
    b. The receiver shall notify the insurer that the receiver is to be named as an additional insured on each insurance policy on the property.
    c. If the receiver determines that the property does not have sufficient insurance coverage, the receiver shall immediately notify the parties and shall procure sufficient all-risk and liability insurance on the property (excluding earthquake and flood insurance).
    d. If the receiver does not have sufficient funds to obtain insurance, the receiver shall seek instructions from the court on whether to obtain insurance and how it is to be paid for.

20. **Employment of attorneys.**
    a. The receiver may employ unlawful detainer attorneys and eviction services without a court order.
    b. ☐ The receiver may employ counsel (name):
       at the hourly rate of. $
    c. ☐ Except as provided in items 20a and 27d, before employing counsel the receiver shall apply to the court for an order authorizing the receiver to employ counsel.

21. **Taxpayer ID numbers.** The receiver may use any federal taxpayer identification numbers relating to the property for any lawful purpose.

22. **Duty to turn over possession.** Upon receipt of a copy of a recorded trustee's deed upon foreclosure or written notice from plaintiff that defendant has cured the defaults existing under plaintiff's loan documents or that plaintiff has accepted a deed in lieu of foreclosure, the receiver shall, without further order of the court, turn over possession of the property to the successful purchaser or defendant or plaintiff respectively.

23. **Plaintiff's notification of termination.** Plaintiff shall notify the receiver in writing within 48 hours of any event within plaintiff's knowledge that terminates the receivership.

24. **Receiver's final report and account and discharge.**
    a. *Motion required.* Discharge of the receiver shall require a court order upon noticed motion for approval of the receiver's final report and account and exoneration of the receiver's bond
    b. *Time* Not later than 60 days after the receivership terminates, the receiver shall file, serve, and obtain a hearing date on a motion for discharge and approval of the final report and account.
    c. *Notice.* The receiver shall give notice to all persons of whom the receiver is aware who have potential claims against the receivership property.
    d. *Contents of motion* The motion to approve the final report and account and for discharge of the receiver shall contain the following:
       (1) *Declaration or declarations.* A declaration or declarations (i) stating what was done during the receivership, (ii) certifying the accuracy of the final accounting, (iii) stating the basis for the termination of the receivership (such as foreclosure or reinstatement), and (iv) stating the basis for an order for the distribution of any surplus or payment of any deficit.
       (2) *Accounting summary.* A summary of the receivership accounting, which shall include (i) the total revenues received, (ii) the total expenditures identified and enumerated by major categories, (iii) the net amount of any surplus or deficit, and (iv) evidence of necessary supporting facts.

RC-200

| PLAINTIFF (Name): Shady Bird Lending, LLC | CASE NUMBER |
|---|---|
| DEFENDANT (Name): The Source Hotel, LLC | 30-2021-01183489-CU-OR-CJC |

25. **Plaintiff's notice to receiver.** Plaintiff shall promptly notify the receiver in writing of the names, addresses, and telephone numbers of all parties who appear in the action and their counsel. The parties shall give notice to the receiver of all events that affect the receivership.

26. **Bankruptcy Plaintiff's duty to give notice.** If a defendant files a bankruptcy case during the receivership, plaintiff shall give notice of the bankruptcy case to the court, to all parties, and to the receiver by the close of the next business day after the day on which plaintiff receives notice of the bankruptcy filing.

27. **Bankruptcy Receiver's duties.** If the receiver receives notice that a bankruptcy has been filed and part of the bankruptcy estate includes property that is the subject of this order, the receiver shall have the following duties:
    a. *Turn over property if no relief from stay will be sought* The receiver shall immediately contact the party who obtained the appointment of the receiver and determine whether that party intends to move in the bankruptcy court for an order for (1) relief from the automatic stay, and (2) relief from the receiver's obligation to turn over the property (11 U.S.C. § 543) If the party has no intention to make such a motion, the receiver shall immediately turn over the property to the appropriate entity either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession - and otherwise comply with 11 United States Code section 543.
    b. *Remain in possession pending resolution.* If the party who obtained the receivership intends to seek relief immediately from both the automatic stay and the receiver's obligation to turn over the property, the receiver may remain in possession and preserve the property pending the ruling on those motions (11 U.S.C. § 543(a)). The receiver's authority to preserve the property shall be limited as follows:
       (1) The receiver may continue to collect rents and other income;
       (2) The receiver may make only those disbursements necessary to preserve and protect the property,
       (3) The receiver shall not execute any new leases or other long-term contracts, and
       (4) The receiver shall do nothing that would effect a material change in the circumstances of the property.
    c. *Turn over property if no motion for relief is filed within 10 days after notice of the bankruptcy.* If the party who obtained the receivership fails to file a motion within 10 court days after his or her receipt of notice of the bankruptcy filing, the receiver shall immediately turn over the property to the appropriate entity either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession and otherwise comply with 11 United States Code section 543.
    d. *Retain bankruptcy counsel* The receiver may petition the court to retain legal counsel to assist the receiver with issues arising out of the bankruptcy proceedings that affect the receivership.

28. **Failure to turn over property.** A receiver who fails to turn over the property in accordance with this order shall not be paid for time and expenses after the date on which the receiver should have turned the property over.

29. ☐ **Other orders.** *(Additional orders may include authority of the receiver to do any other acts arising from special circumstances)* Other orders   ☐ are specified in Attachment 29   ☐ are as follows *(specify)*:

RC-200

| PLAINTIFF (Name): Shady Bird Lending, LLC | CASE NUMBER |
|---|---|
| DEFENDANT (Name): The Source Hotel, LLC | 30-2021-01183489-CU-OR-CJC |

## [✓] TEMPORARY RESTRAINING ORDER

30. **THIS ORDER EXPIRES AT THE DATE AND TIME OF THE HEARING SHOWN IN THE BOX ON PAGE ONE (UNDER "NOTICE OF HEARING") UNLESS EXTENDED BY THE COURT.**

31. **THE COURT ORDERS DEFENDANT** to do the following:
    a. **Turn over property.** Immediately turn over possession of the property described in Attachment 2a to the receiver when the appointment becomes effective, including any security deposits, prepaid rent, other rental or lease payments, and funds in property management bank accounts for the property.
    b. **Turn over related items.** Immediately turn over to the receiver all keys, books, documents, and records relating to the property and advise the receiver of federal taxpayer identification numbers relating to the property.
    c. **Insurance.**
       (1) Immediately advise the receiver about the nature and extent of insurance coverage on the property;
       (2) Immediately name the receiver as an additional insured on each insurance policy on the property; and
       (3) DO NOT cancel, reduce, or modify the insurance coverage
    d. **Restraints.** Refrain from
       (1) committing or permitting any waste on the property or any act on the property in violation of law or removing, encumbering, or otherwise disposing of any of the fixtures on the property,
       (2) demanding, collecting, or in any other way diverting or using any of the rents from the property;
       (3) interfering in any manner with the discharge of the receiver's duties under this order;
       (4) selling, transferring, disposing, encumbering, or concealing the property without a prior court order; and
       (5) doing any act that will impair the preservation of the property or plaintiff's interest in the property.
    e. [ ] **Other** (specify):

32. **THE COURT ORDERS PLAINTIFF** to immediately file a temporary restraining order bond under Code of Civil Procedure section 529 in the amount of: $ 1,000.00

33. [ ] **OTHER ORDERS** [ ] are specified in Attachment 33 [ ] are as follows (specify):

## SERVICE AND BRIEFING SCHEDULE

34. By (date): 2/24/2021  **PLAINTIFF IS ORDERED** to personally serve on each defendant or counsel and any other appearing parties, and to file proof of service of, the summons and complaint, the memorandum of points and authorities, these orders, and all declarations and supporting papers.

35. By (date) 3/4/2021  **DEFENDANT IS ORDERED** to personally serve on each plaintiff or counsel and any other appearing parties, and to file proof of service of, any opposition to these orders.

36. By (date): 3/10/2021  **PLAINTIFF IS ORDERED** to personally serve on each defendant or counsel, and to file proof of service of, any reply to defendant's opposition to these orders.

37. Number of pages attached: 7

Date: 2/17/2021

JUDGE OF THE SUPERIOR COURT Richard Oberholzer

RC-200 [Rev. January 1, 2007]    **EX PARTE ORDER APPOINTING RECEIVER AND ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER—RENTS, ISSUES, AND PROFITS (Receivership)**    Page 5 of 5

<u>Shady Bird Lending, LLC v. The Source Hotel, LLC</u>, Orange County Superior Court
Case No. 30-2021-01183489-CU-OR-CJC

ATTACHMENT 2a
(TO *EX PARTE* ORDER APPOINTING RECEIVER AND ORDER TO SHOW CAUSE AND
TEMPORARY RESTRAINING ORDER—RENTS, ISSUES, AND PROFITS)

The property subject to the receivership created pursuant to this *Ex Parte* Order Appointing Receiver and Order to Show Cause and Temporary Restraining Order—Rents, Issues, and Profits (the "Order") means and includes:

(1) That certain real property on which is located a partially constructed 174-room, seven (7) story hotel building on land in the City of Buena Park, Orange County, California, Assessor's Parcel Nos. 276-361-20 and 276-361-22 and related parcel numbers as legally described in Exhibit "A" hereto ("Real Property").

(2) All buildings, structures and improvements erected on the Real Property, including, without limitation, all plant equipment, apparatus, machinery and fixtures of every kind and nature whatsoever now or hereafter located on or forming part of said buildings, structures and improvements (collectively, the "Improvements"; the Real Property and Improvements being hereinafter sometimes collectively referred to as the "Premises").

(3) All goods, equipment, machinery, furniture, furnishings, trade fixtures, appliances, inventory, building materials, apparatus, utensils, vehicles, wiring, pipes, conduits, elevators, escalators, heating and air conditioning equipment, chattels and articles of personal property attached to or used in any way in connection with or to be incorporated at any time into the Premises or placed on any part thereof wheresoever located, whether or not attached to or incorporated in the Premises, together with any and all accessions, accessories, attachments, and replacements thereof, appertaining and adapted to the complete and compatible use, enjoyment, occupancy, operation or improvement of the Premises.

## EXHIBIT "A"
## LEGAL DESCRIPTION

[SEE ATTACHED.]

**The land referred to herein is situated in the State of California, County of Orange and described as follows:**

THAT PORTION OF LOT 2 IN BLOCK 61 OF BUENA PARK, IN THE CITY OF BUENA PARK, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 18, PAGES 50 TO 52 INCLUSIVE, OF MISCELLANEOUS MAPS, AND THOSE PORTIONS OF LOTS 5 TO 9 INCLUSIVE OF TRACT NO. 1756, AS PER MAP RECORDED IN BOOK 60 PAGES 20 AND 21 OF MISCELLANEOUS MAPS, ALL IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

PARCEL 4A (LEVEL 1 - GROUND FLOOR LOBBY & ENTRANCE)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 215.36 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 45.77 FEET TO THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE S 00°00'02" W 86.05 FEET, THENCE N 89°59'59" W 22.68 FEET, THENCE S 00°01'05" W 13.56 FEET, THENCE S 89°59'59" E 22.57 FEET, THENCE S 00°00'02" W 8.22 FEET, THENCE N 89°59'58" W 0.77 FEET, THENCE S 00°00'02" W 34.16, THENCE N 89°59'58" W 110.62 FEET, THENCE N 00°00'02" E 34.17 FEET, THENCE N 89°59'58" W 30.58 FEET, THENCE N 00°00'02" E 107.52 FEET, THENCE N 89°59'58" W 0.83 FEET, THENCE N 00°00'02" E 8.95 FEET, THENCE S 89°59'58" E 24.08 FEET, THENCE N 46°29'04" E 12.47 FEET, THENCE N 00°00'02" E 16.97 FEET, THENCE S 89°59'58" E 18.12 FEET, THENCE N 00°00'02" E 5.22 FEET, THENCE N 89°57'39" E 30.73 FEET, THENCE N 00°00'02" E 32.17 FEET, THENCE N 89°59'58" W 11.92 FEET, THENCE N 00°02" E 1.00 FEET, THENCE S 89°59'58" E 0.50 FEET, THENCE N 00°00'02" E 14.21 FEET, THENCE S 89°59'58" E 39.78 FEET, THENCE S 00°00'02" W 86.82 FEET, THENCE S 89°59'58" E 32.58 FEET TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 95.76 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 77.76 FEET.

PARCEL 4B (LEVEL 1 - GROUND FLOOR STAIRS ON ORANGETHORPE AVENUE)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF ORANGETHORPE AVENUE AS SHOWN ON SAID MAP S 89°27'51" E 199.02 FEET; THENCE LEAVING SAID CENTERLINE N 0°32'09" E 60.00 FEET TO A POINT ON A LINE PARALLEL WITH, AND 60.00 FEET NORTHERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF ORANGETHORPE AVENUE, AND THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE N 0°00'02" E 36.96 FEET; THENCE S 89°59'58" E 14.74 FEET; THENCE S 0°00'02" W TO A POINT ON SAID PARALLEL LINE; THENCE ALONG SAID PARALLEL LINE N 89°27'51" W 14.74 TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 95.76 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 77.76 FEET.

PARCEL 4C (LEVEL 1 - GROUND FLOOR STAIRS ON BRENNER AVENUE)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 339.38 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 46.71 FEET TO THE TRUE POINT OF

BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE WEST 23.40 FEET; THENCE SOUTH 7.24 FEET; THENCE WEST 5.88 FEET; THENCE SOUTH 6.55 FEET; THENCE WEST 29.28 FEET; THENCE NORTH 13.79 FEET TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 95.76 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 77.76 FEET.

PARCEL 4D (LEVEL 2 - SECOND FLOOR HOTEL PARCEL)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 223.82 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 36.00 FEET TO THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE S 00°27'49" W 94.43 FEET; THENCE N 89°59'59" W 31.75 FEET; THENCE S 00°01'05" W 13.56 FEET; THENCE S 89°59'59" E 31.65 FEET; THENCE S 00° 27'49" W 36.79 FEET; THENCE S 45°29'59" W 26.85 FEET; THENCE N 89°27'51" W 110.52 FEET; THENCE N 00°00'02" E 36.98 FEET, THENCE N 89°59'58" W 19.37 FEET; THENCE S 00°00'02" W 25.13 FEET; THENCE N 89°59'58" W 12.81 FEET; THENCE N 00°00'02" E 90.73 FEET; THENCE S 89° 59'58" E 62.50 FEET; THENCE N 00°00'00" E 30.00 FEET; THENCE S 89°59'58" E 15.42 FEET; THENCE N 00°00'02" E 29.98 FEET; THENCE S 89°59'58" E 85.09 FEET; TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 113.76 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 95.76 FEET.

PARCEL 4E (LEVEL 2 - SECOND FLOOR STAIRS ON BRENNER AVENUE)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 339.38 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 46.71 FEET TO THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE WEST 23.40 FEET; THENCE SOUTH 7.24 FEET; THENCE WEST 5.88 FEET; THENCE SOUTH 6.55 FEET; THENCE WEST 29.28 FEET; THENCE NORTH 13.79 FEET TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 113.76 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 95.76 FEET.

PARCEL 4F (LEVEL 3 - THIRD FLOOR STAIRS ON BRENNER AVENUE)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 339.38 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 46.71 FEET TO THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE WEST 23.40 FEET; THENCE SOUTH 7.24 FEET; THENCE WEST 5.88 FEET; THENCE SOUTH 6.55 FEET; THENCE WEST 29.28 FEET; THENCE NORTH 13.79 FEET TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 150.76 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 113.76 FEET.

PARCEL 4G (LEVEL 3 - THIRD FLOOR STAIRS ON BRENNER AVENUE)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND

BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 186.84 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 45.54 FEET TO THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL, THENCE WEST 22.05 FEET; THENCE SOUTH 9.15 FEET; THENCE EAST 5.84 FEET; THENCE SOUTH 10.38 FEET; THENCE WEST 1.58 FEET; THENCE SOUTH 4.17 FEET; THENCE EAST 9.81 FEET; THENCE SOUTH 10.37 FEET; THENCE EAST 12.08 FEET; THENCE NORTH 9.62 FEET; THENCE EAST 1.44 FEET; THENCE NORTH 24.44 FEET TO THE SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 150.76 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 113.76 FEET.

PARCEL 4H (LEVEL 3 - THIRD FLOOR STAIRS ON ORANGETHORPE AVENUE)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF ORANGETHOPE AVENUE AS SHOWN ON SAID MAP S 89°27'51" E 199.02 FEET; THENCE LEAVING SAID CENTERLINE N 0°32'09" E 60.00 FEET TO A POINT ON A LINE PARALLEL WITH, AND 60.00 FEET NORTHERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF ORANGETHORPE AVENUE, AND THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE N 0°00'02" E 36.96 FEET; THENCE S 89°59'58" E 14.74 FEET; THENCE S 0°00'02" W TO A POINT ON SAID PARALLEL LINE; THENCE ALONG SAID PARALLEL LINE N 89°27'51" W 14.74 TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 150.76 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 113.76 FEET.

PARCEL 4I (LEVEL 4 - FOURTH FLOOR HOTEL PARCEL INCLUDING DECK)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 353.11 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 36.00 FEET TO A POINT ON A LINE PARALLEL WITH, AND 36.00 FEET WESTERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF BRENNER AVENUE, AND THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE WEST 72.90 FEET; THENCE SOUTH 13.76 FEET; THENCE WEST 18.27 FEET; THENCE SOUTH 114.50 FEET; THENCE WEST 92.89 FEET; THENCE SOUTH 130.52 FEET; THENCE EAST 12.99 FEET; THENCE SOUTH 32.75 FEET TO A POINT ON A LINE PARALLEL WITH AND 60.00 FEET NORTHERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF ORANGETHORPE AVENUE; THENCE ALONG SAID PARALLEL LINE S 89°27'51" E 143.94 FEET; THENCE N 45°29'59" E 26.85 FEET TO A POINT ON SAID PARALLEL LINE WITH THE CENTERLINE OF BRENNER AVENUE; THENCE ALONG LAST SAID PARALLEL LINE N 0°27'49" E 274.06 FEET TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 161.18 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 150.76 FEET.

PARCEL 4J (LEVEL 5 - FIFTH FLOOR HOTEL PARCEL)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 353.11 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 36.00 FEET TO A POINT ON A LINE PARALLEL WITH, AND 36.00 FEET WESTERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF BRENNER AVENUE, AND THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE WEST 72.90 FEET; THENCE SOUTH 165.38 FEET; THENCE WEST 6.81 FEET; THENCE

SOUTH 20.33 FEET; THENCE EAST 6.81 FEET; THENCE SOUTH 28.65 FEET; THENCE WEST 105.43 FEET; THENCE SOUTH 44.42 FEET; THENCE EAST 12.99 FEET; THENCE SOUTH 32.75 FEET TO A POINT ON A LINE PARALLEL WITH AND 60.00 FEET NORTHERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF ORANGETHORPE AVENUE; THENCE ALONG SAID PARALLEL LINE S 89°27'51" E 143.94 FEET; THENCE N 45°29'59" E 26.85 FEET TO A POINT ON SAID PARALLEL LINE WITH THE CENTERLINE OF BRENNER AVENUE, THENCE ALONG LAST SAID PARALLEL LINE N 0°27'49" E 274.06 FEET TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 171.60 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 161.18 FEET.

PARCEL 4K (LEVEL 6 - SIXTH FLOOR HOTEL PARCEL)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 353.11 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 36.00 FEET TO A POINT ON A LINE PARALLEL WITH, AND 36.00 FEET WESTERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF BRENNER AVENUE, AND THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE WEST 72.90 FEET; THENCE SOUTH 165.38 FEET; THENCE WEST 6.81 FEET; THENCE SOUTH 20.33 FEET; THENCE EAST 6.81 FEET; THENCE SOUTH 28.65 FEET; THENCE WEST 105.43 FEET; THENCE SOUTH 44.42 FEET; THENCE EAST 11.33 FEET; THENCE SOUTH 32.75 FEET TO A POINT ON A LINE PARALLEL WITH AND 60.00 FEET NORTHERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF ORANGETHORPE AVENUE; THENCE ALONG SAID PARALLEL LINE S 89°27'51" E 145.60 FEET, THENCE N 45°29'59" E 26.85 FEET TO A POINT ON SAID PARALLEL LINE WITH THE CENTERLINE OF BRENNER AVENUE; THENCE ALONG LAST SAID PARALLEL LINE N 0°27'49" E 274.06 FEET TO SAID TRUE POINT OF BEGINNING

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 182.02 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 171.60 FEET.

PARCEL 4L (LEVEL 7 - SEVENTH FLOOR & ROOF HOTEL PARCEL)

COMMENCING AT THE CENTERLINE INTERSECTION OF ORANGETHORPE AVENUE AND BRENNER AVENUE AS SHOWN ON SAID MAP OF TRACT NO. 1756; THENCE ALONG THE CENTERLINE OF BRENNER AVENUE AS SHOWN ON SAID MAP N 0°27'49" E 353.11 FEET; THENCE LEAVING SAID CENTERLINE N 89°32'11" W 36.00 FEET TO A POINT ON A LINE PARALLEL WITH, AND 36.00 FEET WESTERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF BRENNER AVENUE, AND THE TRUE POINT OF BEGINNING OF THE HEREIN DESCRIBED PARCEL; THENCE WEST 72.90 FEET; THENCE SOUTH 165.38 FEET; THENCE WEST 6.81 FEET; THENCE SOUTH 20.33 FEET; THENCE EAST 6.81 FEET; THENCE SOUTH 28.65 FEET; THENCE WEST 105.43 FEET; THENCE SOUTH 44.42 FEET; THENCE EAST 12.99 FEET; THENCE SOUTH 32.75 FEET TO A POINT ON A LINE PARALLEL WITH AND 60.00 FEET NORTHERLY OF, MEASURED AT RIGHT ANGLES FROM, SAID CENTERLINE OF OANGETHORPE AVENUE; THENCE ALONG SAID PARALLEL LINE S 89°27'51" E 143.94 FEET; THENCE N 45°29'59" E 26.85 FEET TO A POINT ON SAID PARALLEL LINE WITH THE CENTERLINE OF BRENNER AVENUE; THENCE ALONG LAST SAID PARALLEL LINE N 0°27'49" E 274.06 FEET TO SAID TRUE POINT OF BEGINNING.

EXCEPT THEREFROM THOSE PORTIONS LYING BELOW A HORIZONTAL PLANE HAVING AN ELEVATION OF 210.00 FEET AND ABOVE A HORIZONTAL PLANE HAVING AN ELEVATION OF 182.02 FEET.

ELEVATIONS STATED HEREON ARE BASED ON THE NORTH AMERICAN VERTICAL DATUM OF 1988 (NAVD88) PER THE YEAR 2005 ADJUSTMENT BY THE ORANGE COUNTY SURVEYOR, USING THE FOLLOWING BENCHMARK:

OCS BM 404-31-05 ELEV.=80.151 FEET (NAVD88, YEAR 2005 LEVELED) STATION IS AN OCS

ALUMINUM DISK STAMPED 404-31-05 SET IN THE SE'LY CORNER OF A 15 FT. X 4.5 FT. CONCRETE CATCH BASIN, LOCATED IN NE'LY PORTION OF INTERSECTION OF STANTON AVE. & ARTESIA BLVD., 28 FT. N'LY OF THE CENTERLINE OF ARTESIA BLVD. & 81 FT. E'LY OF THE CENTERLINE OF STANTON AVENUE  MONUMENT IS LEVEL WITH THE SIDEWALK

APN: 276-361-20 and 276-361-22
(End of Legal Description)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1100 Glendon Avenue, Suite 1500, Los Angeles, CA 90024.

A true and correct copy of the foregoing document entitled (*specify*): **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF STATE COURT RECEIVER BELLANN RAILE'S SUPPLEMENTAL BRIEF IN RESPONSE TO MOTION OF SHADY BIRD LENDING, LLC FOR ORDER EXCUSING STATE COURT RECEIVER FROM TURNOVER OF ASSETS PURSUANT TO 11 U.S.C. § 543** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 20, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On May 20, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

None      ☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on May 20, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Personal Delivery**
Honorable Erithe A. Smith
US Bankruptcy Court – Santa Ana Division
Ronald Reagan Federal Building
411 West 4th Street, 5th Floor Bin
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 20, 2021 | Toni Gesin | /s/ Toni Gesin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                    F 9013-3.1.PROOF.SERVICE

# ATTACHMENT TO F 9013-3.1.PROOF.SERVICE

## Via NEF

- **Attorney for Debtor: Ron Bender**   rb@lnbyb.com
- **Christopher G. Cardinale**   ccardinale@agclawfirm.com, mgonzalez@agclawfirm.com
- **Michael G Fletcher**   mfletcher@frandzel.com, sking@frandzel.com
- **Amir Gamliel**   amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Attorney for U.S. Trustee: Nancy S Goldenberg**   nancy.goldenberg@usdoj.gov
- **Attorney for Receiver in State Court: Peter F Jazayeri**   peter@jaz-law.com
- **Attorney for Shady Bird: Daniel A Lev**   dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- **Grant A Nigolian**   grant@gnpclaw.com, process@gnpclaw.com;grant.nigolian@gmail.com
- **Attorney for Debtor: Juliet Y Oh**   jyo@lnbrb.com, jyo@lnbrb.com
- **Ho-El Park**   hpark@hparklaw.com
- **Attorney for Shady Bird: Ronald N Richards**   ron@ronaldrichards.com, morani@ronaldrichards.com
- **United States Trustee (SA)**:   ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**