Daniel A. Lev (CA Bar No. 129622)
　dlev@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Ronald Richards (CA Bar No. 176246)
　ron@ronaldrichards.com
Law Offices of Ronald Richards & Associates, APC
P.O. Box 11480
Beverly Hills, California 90213
Telephone:  310.556.1001
Facsimile:  310.277.3325

Attorneys for Shady Bird Lending, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE SOURCE HOTEL, LLC,<br><br>　　　Debtor. | Case No. 8:21-bk-10525-ES<br><br>Chapter 11<br><br>**SHADY BIRD LENDING LLC'S REPLY TO DEBTOR'S SUPPLEMENTAL OPPOSITION TO (A) MOTION OF SHADY BIRD LENDING, LLC FOR ORDER EXCUSING STATE COURT RECEIVER FROM TURNOVER OF ASSETS PURSUANT TO 11 U.S.C. § 543; AND (B) NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RONALD RICHARDS IN SUPPORT THEREOF**<br><br>DATE:　June 3, 2021<br>TIME:　2:00 p.m.<br>PLACE: Courtroom "5A" |

DAL 2712228v1

Shady Bird Lending, LLC ("Shady Bird"), herby submits its "Shady Bird Lending, LLC's Reply to Debtor's Supplemental Opposition to (A) Motion of Shady Bird Lending, LLC for Order Excusing State Court Receiver From Turnover of Assets Pursuant to 11 U.S.C. § 543; and (B) Notice of Motion and Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (Real Property); Memorandum of Points and Authorities; Declaration of Ronald Richards in Support Thereof" (the "Reply"), in response to the "Debtor's Supplemental Opposition to (A) Motion of Shady Bird Lending, LLC for Order Excusing State Court Receiver From Turnover of Assets Pursuant to 11 U.S.C. § 543; and (B) Notice of Motion and Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (Real Property)" (the "Supplemental Opposition"), filed by the debtor The Source Hotel, LLC (the "Debtor") in response to the (i) "Motion of Shady Bird Lending, LLC for Order Excusing State Court Receiver From Turnover of Assets Pursuant to 11 U.S.C. § 543; Memorandum of Points and Authorities; Declarations of Ronald Richards, Bellann R. Raile, and Brent Little in Support Thereof" (the "Section 543 Motion") and (ii) "Notice of Motion and Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (with supporting declarations) (Real Property) (the "Relief From Stay Motion"), filed by Shady Bird, and represents as follows:

## I.

## **PREFATORY STATEMENT**

As opposed to demonstrating why the Receiver should be removed, and relief from stay denied, the Supplemental Opposition actually supports both motions. Boiled down to its essence, the Debtor's argument is that since Shady Bird gifted $200,000 to the estate, and the Receiver made crucially needed repairs to help stabilize the Project, the *Debtor* should now get to control the property.  The argument is disingenuous.  The Debtor should not be entitled to benefit from Shady Bird and the Receiver's collective efforts to do what the Debtor still remains incapable of doing. Displacing the Receiver and allowing the Debtor - who remains woefully undercapitalized and entirely reliant on an affiliated entity for short term financing - to regain control will

once again place the Project in peril and will certainly contribute to its further diminution in value.

As the Court will recall, it continued the hearings on Shady Bird's Section 543 Motion and Relief From Stay Motion in order to track what progress, if any, the Debtor was making towards exiting this chapter 11 case and what measures the Receiver has undertaken to further stabilize the Project. As detailed in "Shady Bird Lending LLC's Supplemental Statement Re (1) Motion of Shady Bird Lending, LLC for Order Excusing State Court Receiver From Turnover of Assets Pursuant to 11 U.S.C. § 543, and (2) Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (with supporting declarations) (Real Property); Declarations of Bellann R. Raile and Andrew Trost in Support Thereof" (the "Supplemental Statement") [Docket No. 135], the Receiver has been using the $200,000 "gifted advance" to make desperately needed repairs.

The Supplemental Statement demonstrates that the Receiver has been doing more than just baby-sitting the Project, and it details the specific steps the Receiver has taken with Shady Bird's advances to remediate serious issues of neglect she identified. After review, the Court surely will conclude that under no circumstances should the Receiver be removed pending Shady Bird's request for relief from stay, or verifiable evidence of exit or DIP financing, a sale, or a confirmable plan.

The Debtor has offered nothing in the way of funds or expenditures to manage or stabilize the Project, and it has yet to show it has any ability to complete the Project which Shady Bird estimates will cost upwards of $20,000,000. Even the Debtor cannot get its story straight when it comes to determining the amount necessary to fund construction through completion. On the one hand, Donald Chae states that it will cost anywhere between $12,000,000 to $16,000,000 to compete construction and remove the mechanic's liens in order to gain its certificate of occupancy.[1] The Debtor's new retained

---

[1] See declaration of Donald Chae filed in support of "Notice of Motion and Motion for Entry of An Order (A) Authorizing Debtor to Use Cash Collateral; and (B) Authorizing Debtor to Obtain Post-Petition Financing (footnote continued)

DAL 2712228v1                                    3

advisor, Matthew L. Sams, contradicts Mr. Chae and states that it will only take between $4,030,000 to $6,055,000 to finish construction.[2]

If necessary, Shady Bird is more than willing to conduct discovery and allow this Court to determine on its own what the actual range of construction completion costs will be, and the time frame involved for obtaining a certificate of occupancy. What remains true, however, is that the costs are in the millions if not tens of millions of dollars, and, to date, the Debtor has demonstrated a pronounced inability to locate any financing, investors, or buyers willing to take on the Project. Shady Bird, conversely, is more than willing to undertake sole control of the Project, and it has communicated its intentions to the City of Buena Park (the "City") to assuage any concerns it may have if relief from stay was granted.

Moreover, as detailed in Shady Bird's Supplemental Statement, the Receiver received an initial advance of $31,784.95 from Shady Bird on March 8, 2021, followed by a subsequent advance of $63,305.82 on May 6. The initial disbursements made by the Receiver for various items totaled $58,234.08, after which the Receiver determined that an additional $118,047.38 in expenses would need to be paid during the initial interim period. After subtracting the initial expenses from the first two advances, this left a balance of $36,856.69, however, once the additional $118,047.08 was factored into the equation, this left a deficit of $81,190.69, which Shady Bird has agreed to advance prior to the hearing.

Specifically, the Receiver's first course of action was not only to identify the most important items to complete to ensure the health and safety of the Project, but also to consider what could be done within budget and the short timeframe for work to be

---

From M+D Properties On An Unsecured Basis; Declaration of Donald Chae in Support Thereof" (the "Cash Collateral Motion") [Docket No. 123], ¶ 29, p. 27, ll. 23-27.

[2] See "Declaration of Matthew L. Sams in Support of Debtor's Supplemental Opposition to (A) Motion of Shady Bird Lending, LLC for Order Excusing State Court Receiver From Turnover of Assets Pursuant to 11 U.S.C. § 543; and (B) Notice of Motion and Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (Real Property)" [Docket No. 132], ¶ 4, p. 3, ll. 10-12.

completed. In consultation with various parties, the Receiver developed the following working list:

- Fire Sprinkler Protection - Investigate what was necessary to secure the Project at all levels.
- Freight Elevator - Schedule an inspection by KONE, an engineering company specializing in elevator engineering, to determine the safety of the system and to make any necessary repairs, and thereafter have the state elevator inspector approve the elevator for temporary use.
- Roof Leaks - Repair roof leaks on both roof levels.
- Temporary Closures - Provide temporary closure at all 4th Floor openings leading to the exterior side of the Project where doors are not installed.
- Mold - Perform a moisture and mold test to confirm mold damage as well as secure a proposal to understand the costs associated with mold removal and thereafter undertake the necessary remediation and repairs.
- Pool Deck and Roof Deck - Secure both areas from adjacent property, if possible.
- Sewer - Continue to investigate sewer smell and make necessary field repairs.
- Rooftop Mechanical Equipment - Investigate the structural requirements regarding the mechanical equipment and duct work at both roof levels and complete proper anchoring.
- Replace Broken Windows - Replace two broken windows and the glass adjacent to the doorway in the front of the Project.
- Pool Deck - Remove damaged plastic tarps and secure damaged deck, if possible.
- Pool - Confirm and implement the necessary protective measures for pool safety.

•	Temp Power - Confirm where power is coming from that supports the Project's temporary lighting.

•	Coupon Samples - Obtain samples from the exiting water lines to understand if there is any corrosion and if any action items are required to repair identified damage.

•	Carpet Protection - Provide protective plastic membrane over carpeted floors in all hotel rooms.

The Supplemental Statement also walked the Court through how the Receiver has ameliorated these identified problems, which are not minor, as the Debtor suggests. Shady Bird also presented the Court with the Preconstruction Phase 2A Progress Report (the "Phase 2A Report") dated May 20, 2021, which the Receiver commissioned from Carine Consulting. The Carine Phase 2A Report sets forth in great detail the additional remedial measures which need to be taken in the short term to stabilize and repair and prevent any further diminution in value to the Project. In other words, the Project's condition (which only has any semblance of stability due solely to the efforts of the Receiver and Shady Bird) is not as rosy as the Debtor paints.

Further justifying Shady Bird's dual request for the Receiver to remain in control and for relief from stay is the letter the City sent to the Debtor on May 14, 2021, underscoring its serious concerns with the Project's future. A true and correct copy of the May 14, 2021, letter was attached as Exhibit "B" to Shady Birds' Supplemental Statement. According to the City, due to the Receiver's appointment, as well as the Debtor's subsequent chapter 11 filing, the City (which now also serves as "successor agency" to the former community redevelopment agency) has determined that these events justify early termination of the financial assistance being provided by the City under the Disposition and Development Agreement ("DDA") dated October 26, 2010, by and between the former community redevelopment agency and The Source at Beach, LLC (the "Developer").

In light of the Receiver's appointment and the chapter 11 filing, and given the unknown future of the Project, the City's May 14 letter provided the Debtor and Developer notice that it intends to withhold all future "Financial Assistance" payments that otherwise might be paid Developer under the DDA unless and until: (i) Developer cures these defaults and proceeds with construction of the Hotel Project to the City's reasonable satisfaction, in which case the withheld and future Financial Assistance payments *might be* released on terms acceptable to the City; or (ii) the City declares formal default of the DDA and terminates the Financial Assistance, in which case neither the withheld nor future payments will be remitted to Developer. According to the City, the Financial Assistance payments will be held in an interest-bearing escrow account established and managed by the City pending a decision on if or how such funds will be remitted, if ever.

This letter, when read in conjunction with the serious issues discovered by the Receiver before and during the initial interim period, not only supports a finding of "cause" justifying either relief from stay under section 362(d)(1), but also "cause" to authorize the Receiver's continued possession and control over the Project.

There is a mountain of irrefutable evidence showing that, due its current neglected and dilapidated state, there is at least a threatened decline in value, such that relief from stay for "cause" is warranted at this time under section 362(d)(1). The uncontroverted evidence demonstrates that the Project has suffered dramatically during the Debtor's ownership and but for the Receiver's appointment and Shady Bird's financial commitment, it would only continue to deteriorate and diminish in value. The Debtor admittedly lacks the ability to cure the existing loan default or service Shady Bird's debt, and it has no ability to restart, let alone complete, construction, which could cost tens of millions of dollars to finish. Importantly, it is only due to Shady Bird's advances that the Receiver is able to bring any sense of stability to the Project.

The Debtor cannot enjoy the benefits of the Receiver and Shady Bird's joint efforts and advances, and then argue that this warrants turning the Project back over to

1 the cash poor Debtor, who is barely operating on a shoestring budget with funds provided
2 by its affiliated company.
3       Finally, the Debtor certainly cannot tout that it has the unwavering support
4 of the City, as the City has now withdrawn its "Opposition By the City of Buena Park to
5 Shady Bird Lending, LLC's Motion for Relief From the Automatic Stay Under 11 U.S.C. §
6 362."[3]  The City, therefore, has no opposition to Shady Bird foreclosing on the project.
7 The City has cancelled all contracts and permits with the Debtor, and the Debtor has
8 supplied no evidence demonstrating that it will ever repair its relationship with the City.
9 The Debtor also has provided no evidence that any "flag" hotel will continue to work with
10 the Debtor on the project.  The City's withdrawal shows implicitly that the only party that
11 can save this project is Shady Bird, not the Debtor.
12       As the declaration of Ronald Richards, affixed hereto, confirms, Shady Bird
13 has committed $25,052,359.99 to complete the hotel and the funds are in its general
14 operating account.  The only way for this troubled asset to come to fruition is for Shady
15 Bird to immediately start construction, which requires that relief from stay be granted.
16 The prejudice to the City and the other creditors is severe, and more time spent waiting
17 for the Debtor to locate financing could kill the market and result in nothing but an
18 eyesore on the City's landscape.  The Debtor has no support from anyone to finish this
19 project and none was listed in the Motion and not a scintilla of evidence was presented
20 as to feasibility or if any lender would lend a dead entity money to pay prior mechanic's
21 liens and EB5 investors.  The only way to clear up title and ensure completion is through
22 a foreclosure.
23       As a result, Shady Bird reaffirms its request that relief from stay be granted
24 under section 362(d)(1) and, alternatively, either the Section 543 Motion be granted or, at

---

[3] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court is respectfully requested to take judicial notice of the "Notice of Immediate Withdrawal of Opposition By the City of Buena Park to Shady Bird Lending, LLC's Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362" filed on May 26, 2021 [Docket No. 143].

DAL 2712228v1

8

a minimum, the Court maintains the status quo and keeps the Section 543 Order in place for at least another 60-90 days, on the same terms and conditions as presently codified in the order, until such time as the Debtor (i) obtains an order authorizing DIP financing, or a sale of the Project, in an amount to pay off Shady Bird's debt, in full, or (ii) files a plan of reorganization that the Court has determined has a reasonable possibility of being confirmed with a reasonable time.  At a minimum, the Court should set immediate milestones within the next thirty days if for whatever reason relief is not granted.

## II.

## CONCLUSION

Based on the foregoing, Shady Bird respectfully requests that the Relief From Stay Motion be granted in all respects, or, in the alternative, that the Section 543 Motion be granted in all respects or granted on a further interim basis, and for such other and further relief as the Court deems just and proper under the circumstances.

DATED: May 27, 2021

**Sulmeyer**Kupetz
A Professional Corporation

By: /s/ *Daniel A. Lev*
Daniel A. Lev
Attorneys for Shady Bird Lending, LLC

DATED: May 27, 2021

Law Offices of Ronald Richards & Associates, APC

By: /s/ *Ronald Richards*
Ronald Richards
Attorneys for Shady Bird Lending, LLC

DAL 2712228v1

9

## **DECLARATION OF RONALD RICHARDS**

I, Ronald Richards, declare and state as follows:

1. At all times relevant hereto, I have been the non-member, manager for Shady Bird Lending, LLC, a California limited liability company ("Shady Bird"). In this capacity, I have personal knowledge of the facts set forth in this declaration, and if called as a witness for this purpose, I could and would testify competently under oath to them.

2. I make this declaration in support of the "Shady Bird Lending, LLC's Reply to Debtor's Supplemental Opposition to (A) Motion of Shady Bird Lending, LLC for Order Excusing State Court Receiver From Turnover of Assets Pursuant to 11 U.S.C. § 543; and (B) Notice of Motion and Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (Real Property); Memorandum of Points and Authorities; Declaration of Ronald Richards in Support Thereof" (the "Reply"), in response to the "Debtor's Supplemental Opposition to (A) Motion of Shady Bird Lending, LLC for Order Excusing State Court Receiver From Turnover of Assets Pursuant to 11 U.S.C. § 543; and (B) Notice of Motion and Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (Real Property)" (the "Supplemental Opposition"), filed by the debtor The Source Hotel, LLC (the "Debtor") in response to the (i) "Motion of Shady Bird Lending, LLC for Order Excusing State Court Receiver From Turnover of Assets Pursuant to 11 U.S.C. § 543; Memorandum of Points and Authorities; Declarations of Ronald Richards, Bellann R. Raile, and Brent Little in Support Thereof" (the "Section 543 Motion") and (ii) "Notice of Motion and Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (with supporting declarations) (Real Property) (the "Relief From Stay Motion"), filed by Shady Bird.

3. I am not a member or owner of Shady Bird, but I am the only one who is authorized to execute settlements or act on behalf of the entity.

4. Based on recent discussions between Shady Bird and the City of Buena Park (the "City"), the City has withdrawn its "Opposition By the City of Buena Park to Shady Bird Lending, LLC's Motion for Relief From the Automatic Stay Under 11 U.S.C.

§ 362." The City, therefore, has no opposition to Shady Bird foreclosing on the project. The City has cancelled all contracts and permits with the Debtor, and the Debtor has supplied no evidence demonstrating that it will ever repair its relationship with the City. The Debtor also has provided no evidence that any "flag" hotel will continue to work with the Debtor on the project. The City's withdrawal shows implicitly that the only party that can save this project is Shady Bird, not the Debtor.

5. In this regard, Shady Bird has committed $25,052,359.99, which is available in its general operating account, to complete construction of the hotel. Conversely, the Debtor neither has the available funds nor support from the City to finish the project. The only way out for this troubled asset is for Shady Bird to obtain relief from stay, foreclose, and to commence construction.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of May, 2021, at Los Angeles, California.

/s/ *Ronald Richards*
Ronald Richards

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **SHADY BIRD LENDING LLC'S REPLY TO DEBTOR'S SUPPLEMENTAL OPPOSITION TO (A) MOTION OF SHADY BIRD LENDING, LLC FOR ORDER EXCUSING STATE COURT RECEIVER FROM TURNOVER OF ASSETS PURSUANT TO 11 U.S.C. § 543; AND (B) NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RONALD RICHARDS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 27, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**See Attached**

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 27, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Overnight Mail**
The Honorable Erithe A. Smith
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5040
Santa Ana, CA 92701

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 27, 2021 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| Date | Printed Name | Signature |

CC 2710485v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                  **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Ron Bender on behalf of Debtor The Source Hotel, LLC
rb@lnbyb.com

Christopher G. Cardinale on behalf of Creditor City Of Buena Park
ccardinale@agclawfirm.com

Michael G Fletcher on behalf of Creditor Evertrust bank
mfletcher@frandzel.com, sking@frandzel.com

Amir Gamliel on behalf of Interested Party Courtesy NEF
amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com

Robert P Goe on behalf of Creditor Westranco, Inc.
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Peter F Jazayeri on behalf of Interested Party Cordes & Company, by and through Bellann Raile
peter@jaz-law.com

Peter F Jazayeri on behalf of Other Professional Cordes & Company, by and through Bellann Raile
peter@jaz-law.com

Daniel A Lev on behalf of Creditor Shady Bird Lending, LLC
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Grant A Nigolian on behalf of Interested Party Courtesy NEF
grant@gnpclaw.com, process@gnpclaw.com;grant.nigolian@gmail.com

Juliet Y Oh on behalf of Debtor The Source Hotel, LLC
jyo@lnbrb.com, jyo@lnbrb.com

Ho-El Park on behalf of Interested Party Courtesy NEF
hpark@hparklaw.com

Ronald N Richards on behalf of Creditor Shady Bird Lending, LLC
ron@ronaldrichards.com, morani@ronaldrichards.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

CC 2710485v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**