RON BENDER (SBN 143364)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: RB@LNBYB.COM; JYO@LNBYB.COM

Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE SOURCE HOTEL, LLC, a California limited liability company,<br><br>Debtor and Debtor in Possession. | Case No.: 8:21-bk-10525-ES<br><br>Chapter 11<br><br>**DEBTOR'S REPLY TO OPPOSITION OF SHADY BIRD LENDING, LLC TO MOTION FOR ORDER EXTENDING DEBTOR'S EXCLUSIVE PERIODS TO FILE PLAN OF REORGANIZATION AND OBTAIN ACCEPTANCES THEREOF; DECLARATION OF DONALD CHAE IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:  June 10, 2021<br>Time:  10:30 a.m.<br>Place:  ZoomGov |

1

The Source Hotel, LLC, a California limited liability company and the chapter 11 debtor and debtor-in-possession herein (the "Debtor"), hereby files this reply to the opposition [Doc. No. 148] (the "Opposition") filed by Shady Bird Lending, LLC ("Shady Bird") to the Debtor's motion for the entry of an order extending the Debtor's exclusive periods to file a plan of reorganization ("Plan") and obtain acceptances thereof for a period of approximately 90 days, to and including September 27, 2021 and November 29, 2021, respectively [Doc. No. 122] (the "Motion").[1]

Pursuant to its Opposition, Shady Bird essentially argues that the Motion should not be granted because (1) notwithstanding this Court's ruling that the Debtor's case is not a single asset real estate ("SARE") case, Shady Bird believes that the Debtor's case is a SARE case; (2) the Debtor has failed to diligently move the plan process forward during its case; (3) the Debtor will not be prejudiced if its plan exclusivity periods are terminated and/or Shady Bird proposes its own plan of reorganization in the Debtor's case; and (4) the Debtor has not demonstrated any prospects for filing a viable plan of reorganization. As discussed below, the Debtor disputes all of the foregoing arguments and submits that cause has been demonstrated to warrant the requested (first) extension of the Debtor's plan exclusivity periods in this case.

First, while Shady Bird may disagree with the Court's ruling that the Debtor's case is not a SARE case, that is currently the dispositive ruling on the issue. Given this Court's ruling that the Debtor's case is not a SARE case, the requirements set forth in 11 U.S.C. § 362(d)(3) for SARE debtors is neither applicable to the Debtor's case nor relevant to the Court's analysis of whether an extension of the Debtor's plan exclusivity periods is appropriate and warranted in this case.

Second, while Shady Bird contends that the Debtor has failed to diligently move the plan process forward during its case and argues that "the mere fact that Shady Bird filed three motions in the relatively early stages of the case"[2] is no excuse, such contentions do not take adequate consideration of the following facts and circumstances:

---

[1] All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Motion.

[2] *See* Opposition, p. 10, lines 10-12.

2

- The Debtor's bankruptcy case has been proceeding for only a little over three (3) months (since the Petition Date of February 26, 2021). This is not a case where a debtor has been languishing in bankruptcy for many months (or even years) and failing to make a good faith effort to reorganize in its case. To the contrary, the Debtor's bankruptcy case is still in its early stages, as evidenced by the fact that the Claims Bar Date (*i.e.*, July 12, 2021) has still not passed.

- As noted in the Motion and supporting declaration, the Debtor has been, and continues to be, engaged in active discussions with prospective lenders and investors regarding the terms for debtor-in-possession and/or exit financing, which will provide the Debtor with the funding necessary to complete the construction of the Hotel, service debt, operate the Hotel until operations can be stabilized, and potentially fund a feasible plan of reorganization in the Debtor's case. As Shady Bird is aware, the Debtor has requested access to the Hotel from the Receiver numerous times to walk prospective investors and lenders through the Hotel property. While much of the Debtor's efforts are "behind the scenes" and not immediately apparent from the record of the Debtor's bankruptcy case, the Debtor is, in fact, making diligent efforts to procure financing or investments to facilitate a successful exit from bankruptcy.

- In addition, and on a parallel path to the Debtor's efforts to obtain financing or investments, the Debtor is seeking to retain a real estate broker and commence a marketing and sale process for the Hotel so that, even if financing or an investment is ultimately not feasible, the Hotel can be sold through a competitive sale/auction process to maximize its value for all creditors. To that end, the Debtor has filed an application seeking to employ NAI Capital Commercial, Inc. as its real estate broker [Doc. No. 151].

- One of the motions filed by Shady Bird is a motion for relief from the automatic stay which, if granted, would bring an abrupt end to the Debtor's bankruptcy case

as the motion seeks relief from the stay to foreclose on the Hotel. Given the possible case-ending consequence of such a motion, the Debtor believes that it was (and is) a sound exercise of its business judgment to wait for such motion to be adjudicated before expending the resources to prepare and file a plan of reorganization, particularly at this early stage of the Debtor's bankruptcy case.

An objective evaluation of the facts and circumstances of the Debtor's case reflects that the Debtor has not had sufficient time to permit the Debtor to formulate and negotiate a plan or prepare adequate information in connection with such plan. The Debtor requires additional time to analyze all of the claims that have been asserted against the Debtor (once the Claims Bar Date has passed) before the Debtor can finalize the terms of a feasible plan of reorganization and negotiate plan terms with its creditors and BOH3, and prepare all of the information required to be submitted in connection with a plan. Given the foregoing, the Debtor's request for additional time to negotiate a Plan and prepare adequate information in connection with such plan is both reasonable and warranted.

Third, Shady Bird's argument that the Debtor will not be prejudiced if the Debtor's plan exclusivity periods are terminated and/or if Shady Bird proposes its own plan of reorganization in the Debtor's case makes little sense. The premise behind providing a debtor in possession with plan exclusivity is to promote the orderly, consensual and successful reorganization of a debtor's affairs. *See* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 220, 232 (1977) [hereinafter "<u>House Report</u>"]. Congress recognized that a debtor must have a reasonable time to formulate and negotiate a plan of reorganization. Denying a debtor an exclusive period to propose and confirm a plan could dissuade a debtor from choosing chapter 11 and encourage creditors to act unilaterally. House Report at 231-32. If the reasoning suggested by Shady Bird in its Opposition were to be employed, no debtor would require plan exclusivity. However, Congress anticipated the need for a debtor to have a reasonable period of time to formulate and negotiate a plan of reorganization without the pressures exerted by a competing plan, particularly one from an adverse party. The filing of competing plans is disruptive to a debtor's efforts to formulate a consensual plan of

reorganization, often creates confusion and chaos among creditors and other parties in interest, and increases the administrative expenses incurred by a debtor's bankruptcy estate. There is no question that the Debtor would be highly prejudiced by the termination of its plan exclusivity periods, particularly at this early stage of its case, and by the filing of a competing plan by Shady Bird.

Finally, the Debtor respectfully submits that it has demonstrated reasonable prospects for filing a viable plan of reorganization in this case. As discussed above, the Debtor is pursuing parallel paths in this case – one, to obtain financing/investments to complete construction and bring the Hotel into operation, and two, to sell the Hotel through a competitive sale process. If the Debtor proceeds with financing, the Debtor will file a motion for Court approval of such financing and/or propose a plan of reorganization, in conjunction with its proposed lender and plan supporter, which provides for the restructuring and/or repayment of the Debtor's secured debt, and provides for a recovery to the Debtor's general unsecured creditors who would otherwise receive nothing. If the Debtor is unable to obtain financing/investments, the Hotel will be sold through a competitive sale/auction process to maximize its value for all creditors. As noted in the Motion, given the estimated fair market value of the Hotel (and there has been no evidence introduced to contradict such estimated value), there is sufficient equity in the Hotel to support the Debtor's efforts to obtain financing and/or propose a feasible plan of reorganization in this case.

///
///
///
///
///
///
///
///
///

1  For all of the reasons set forth above and in the Motion, the Debtor respectfully requests that this Court enter an order: (1) granting the Motion; (2) extending the Debtor's exclusive periods to file a Plan and obtain acceptances thereof for approximately 90 days, to and including September 27, 2021 and November 29, 2021, respectively, without prejudice to the Debtor's right to seek further extensions of such periods; and (3) granting such further relief as the Court deems just and proper.

Dated: June 3, 2021                    THE SOURCE HOTEL, LLC

By: _____
RON BENDER
JULIET Y. OH
LEVENE, NEALE, BENDER, YOO
    & BRILL L.L.P.
Proposed Attorneys for Chapter 11 Debtor
and Debtor-in-Possession

## DECLARATION OF DONALD CHAE

I, Donald Chae, hereby declare as follows:

1. I am the Manager and a member of DMC Investment Holdings, LLC ("DMC"), which is a member of The Source Hotel, LLC, a California limited liability company and the debtor and debtor-in-possession herein (the "Debtor"), and I am therefore familiar with the business operations and financial records of the Debtor. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2. I make this declaration in support of the Debtor's reply (the "Reply") to the opposition (the "Opposition") filed by Shady Bird Lending, LLC ("Shady Bird") to the Debtor's *Notice Of Motion And Motion For Order Extending Debtor's Exclusive Periods To File Plan Of Reorganization And Obtain Acceptances Thereof* (the "Motion"). All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Reply or Motion.

3. The Debtor's bankruptcy case has been proceeding for only a little over three (3) months (since the Petition Date of February 26, 2021).

4. The Debtor's bankruptcy case is still in its early stages, as evidenced by the fact that the Claims Bar Date (*i.e.*, July 12, 2021) has still not passed in the Debtor's case.

5. The Debtor has been, and continues to be, engaged in active discussions with prospective lenders and investors regarding the terms for debtor-in-possession and/or exit financing, which will provide the Debtor with the funding necessary to complete the construction of the Hotel, service debt, operate the Hotel until operations can be stabilized, and potentially fund a feasible plan of reorganization in the Debtor's case. The Debtor has requested access to the Hotel from the Receiver numerous times to walk prospective investors and lenders through the Hotel property. While much of the Debtor's efforts are "behind the scenes" and not immediately apparent from the record of the Debtor's bankruptcy case, the Debtor is, in fact, making diligent efforts to procure financing or investments to facilitate a successful exit from bankruptcy.

6. In addition, and on a parallel path to the Debtor's efforts to obtain financing or investments, the Debtor is seeking to retain a real estate broker and commence a marketing and

sale process for the Hotel so that, even if financing or an investment is ultimately not feasible, the Hotel can be sold through a competitive sale/auction process to maximize its value for all creditors. To that end, the Debtor has filed an application seeking to employ NAI Capital Commercial, Inc. as its real estate broker in its bankruptcy case.

7. One of the motions filed by Shady Bird in the Debtor's bankruptcy case is a motion for relief from the automatic stay which, if granted, would bring an abrupt end to the Debtor's bankruptcy case as the motion seeks relief from the stay to foreclose on the Hotel. Given the possible case-ending consequence of such a motion, I believe that it was (and is) a sound exercise of the Debtor's business judgment to wait for such motion to be adjudicated before expending the resources to prepare and file a plan of reorganization, particularly at this early stage of the Debtor's bankruptcy case.

8. I do not believe that the Debtor has had sufficient time to formulate and negotiate a plan or prepare adequate information in connection with such plan. I believe the Debtor needs to analyze all of the claims that have been asserted against it (once the Claims Bar Date has passed) before it can finalize the terms of a feasible plan of reorganization and negotiate plan terms with its creditors and BOH3, and prepare all of the information required to be submitted in connection with a plan.

9. I believe that the termination of the Debtor's plan exclusivity periods and/or filing of a competing plan by Shady Bird in the Debtor's bankruptcy case would be highly disruptive to the Debtor's efforts to formulate a consensual plan of reorganization, would create confusion and chaos among the Debtor's creditors and other parties in interest in the Debtor's case, and increase the administrative expenses incurred by the Debtor's bankruptcy estate. Accordingly, I believe that the Debtor would be highly prejudiced by the termination of its plan exclusivity periods, particularly at this early stage of its case, and by the filing of a competing plan by Shady Bird in the Debtor's case.

///

///

10. The Debtor is pursuing parallel paths in its bankruptcy case – one, to obtain financing/investments to complete construction and bring the Hotel into operation, and two, to sell the Hotel through a competitive sale process. If the Debtor proceeds with financing, the Debtor will file a motion for Court approval of such financing and/or propose a plan of reorganization, in conjunction with its proposed lender and plan supporter, which provides for the restructuring and/or repayment of the Debtor's secured debt, and provides for a recovery to the Debtor's general unsecured creditors who would otherwise receive nothing. If the Debtor is unable to obtain financing/investments, the Hotel will be sold through a competitive sale/auction process to maximize its value for all creditors. Given the estimated fair market value of the Hotel (as set forth in the Motion and my declaration in support thereof), I believe there is sufficient equity in the Hotel to support the Debtor's efforts to obtain financing and/or propose a feasible plan of reorganization in the Debtor's case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of June, 2021, at Buena Park, California.

_____
DONALD CHAE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document **DEBTOR'S REPLY TO OPPOSITION OF SHADY BIRD LENDING, LLC TO MOTION FOR ORDER EXTENDING DEBTOR'S EXCLUSIVE PERIODS TO FILE PLAN OF REORGANIZATION AND OBTAIN ACCEPTANCES THEREOF; DECLARATION OF DONALD CHAE IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 3, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender**     rb@lnbyb.com
- **Christopher G. Cardinale**     ccardinale@agclawfirm.com, mgonzalez@agclawfirm.com
- **Michael G Fletcher**     mfletcher@frandzel.com, sking@frandzel.com
- **Amir Gamliel**     amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **Robert P Goe**     kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Nancy S Goldenberg**     nancy.goldenberg@usdoj.gov
- **Peter F Jazayeri**     peter@jaz-law.com
- **Daniel A Lev**     dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- **Grant A Nigolian**     grant@gnpclaw.com, process@gnpclaw.com;grant.nigolian@gmail.com
- **Juliet Y Oh**     jyo@lnbrb.com, jyo@lnbrb.com
- **Ho-El Park**     hpark@hparklaw.com
- **Ronald N Richards**     ron@ronaldrichards.com, morani@ronaldrichards.com
- **United States Trustee (SA)**     ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **June 3, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*None.*

☐ Service List continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    **F 9013-3.1.PROOF.SERVICE**

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 3, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 3, 2021 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-3.1.PROOF.SERVICE**