1  Daniel A. Lev (CA Bar No. 129622)
     dlev@sulmeyerlaw.com
2  **Sulmeyer**Kupetz
   A Professional Corporation
3  333 South Grand Avenue, Suite 3400
   Los Angeles, California 90071-1406
4  Telephone: 213.626.2311
   Facsimile: 213.629.4520
5
   Ronald Richards (CA Bar No. 176246)
6    ron@ronaldrichards.com
   Law Offices of Ronald Richards & Associates, APC
7  P.O. Box 11480
   Beverly Hills, California 90213
8  Telephone: 310.556.1001
   Facsimile: 310.277.3325
9
   Attorneys for Shady Bird Lending, LLC
10

11              **UNITED STATES BANKRUPTCY COURT**

12      **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

13
   In re                                    Case No. 8:21-bk-10525-ES
14
   THE SOURCE HOTEL, LLC,                   Chapter 11
15
                                            **STIPULATION FOR RELIEF FROM THE**
16        Debtor.                           **AUTOMATIC STAY AND ANCILLARY**
                                            **RELIEF**
17
                                            DATE:
18                                          TIME:    [No Hearing Required]
                                            PLACE:
19

20       **WHEREAS,** Shady Bird Lending, LLC ("Shady Bird") is the holder of the

21  senior deed of trust on a ground lease for the real property bearing APN Nos. 276-361-20

22  and 276-361-22, consisting of a partially constructed 178-room, seven story hotel building

23  located in Buena Park, California (the "Property" or "Project") which debtor and debtor in

24  possession The Source Hotel, LLC (the "Debtor") leased under a ground lease dated

25  April 6, 2015 ("Ground Lease") from the lessor, The Source at Beach, LLC (the "Ground

26  Lessor").

27       **WHEREAS,** on February 8, 2021, Shady Bird filed a complaint against the

28  Debtor in the Superior Court of the State of California for the County of Orange (the

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

2875654.1

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA, 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  "Superior Court") for (i) specific performance for appointment of a receiver, and (ii) waste,

2  thereby commencing the Superior Court action bearing Case No. 30-2021-01183489-CU-

3  OR-CJC (the "State Court Action").

4       **WHEREAS,** shortly after filing the State Court Action, Shady Bird filed,

5  among other things, its "Ex Parte Application for:  (1) Order Appointing Receiver; (2)

6  Temporary Restraining Order; and (3) Order to Show Cause Re: Confirmation of

7  Appointment of Receiver and Preliminary Injunction in Aid of Receiver; Memorandum of

8  Points and Authorities in Support Thereof" (the "Receivership Application").

9       **WHEREAS,** on February 17, 2021, the Superior Court granted the

10  Receivership Application and entered its "Ex Parte Order Appointing Receiver and Order

11  to Show Cause and Temporary Restraining Order – Rents, Issues, and Profits" (the

12  "Receivership Order"), pursuant to which, among other things, Bellann R. Raile (the

13  "Receiver") was appointed receiver for the Project.

14       **WHEREAS,** a trustee's sale of the Debtor's interest in the Ground Lease

15  was scheduled for March 1, 2021.

16       **WHEREAS,** on or about July 29, 2020, Evertrust Bank ("Evertrust")

17  commenced a lawsuit against, *inter alia,* Donald Chae ("Donald") and Min Chae ("Min"

18  and together with Donald, the "Chaes") in the Superior Court of California, County of

19  Orange, Central Justice Center, filed as case number 30-2020-01153205-CU-BC-CJC

20  (the "Guarantor Action").

21       **WHEREAS,** in or about January 2021, Shady Bird and Evertrust entered

22  into a "Stipulation to Substitute Plaintiff Evertrust Bank with Shady Bird Lending, LLC as

23  Real Party In Interest" (the "Substitution Stipulation") in the Guarantor Action.  On or

24  about January 25, 2021, the state court entered an order approving the Substitution

25  Stipulation thereby substituting Shady Bird in place of Evertrust as the plaintiff and real

26  party in interest in the Guarantor Action.

27       **WHEREAS,** on February 26, 2021 (the "Petition Date"), the Debtor filed a

28  voluntary petition for relief under title 11 of the United States Code, commencing this

1 | chapter 11 case.

2 | **WHEREAS,** on or about March 10, 2021, Shady Bird obtained a right to

3 | attach order and order for issuance of writ of attachment after hearing against Donald

4 | and a right to attach order and order for issuance of writ of attachment after hearing

5 | against Min (collectively, the "Right to Attach Orders") in the Guarantor Action.

6 | Subsequently, writs of attachment were issued by the clerk of the court in the Guarantor

7 | Action (collectively, the "Writs of Attachment"), and Shady Bird asserts that it levied

8 | certain assets of the Chaes under the Right to Attach Orders and Writs of Attachment.

9 | **WHEREAS,** on March 25, 2021, Shady Bird filed its "Motion of Shady Bird

10 | Lending, LLC for Order Designating Chapter 11 Case As Single Asset Real Estate Case

11 | Pursuant to 11 U.S.C. §§ 101(51B) and 362(d)(3); Memorandum of Points and

12 | Authorities; Declarations of Ronald Richards, Bellann R. Raile, and Brent Little in Support

13 | Thereof" (the "SARE Motion").

14 | **WHEREAS,** on March 25, 2021, Shady Bird filed its "Motion of Shady Bird

15 | Lending, LLC for Order Excusing State Court Receiver From Turnover of Assets

16 | Pursuant to 11 U.S.C. § 543; Memorandum of Points and Authorities; Declarations of

17 | Ronald Richards, Bellann R. Raile, and Brent Little in Support Thereof" (the "Section 543

18 | Motion").

19 | **WHEREAS,** on April 1, 2021, Shady Bird filed its "Notice of Motion and

20 | Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (with supporting

21 | declarations) (Real Property)" (the "RFS Motion").

22 | **WHEREAS,** the Debtor filed oppositions to the SARE Motion, the Section

23 | 543 Motion, and the RFS Motion.

24 | **WHEREAS,** on April 28, 2021, the Bankruptcy Court entered its "Order

25 | Denying Motion of Shady Bird Lending, LLC for Order Designating Chapter 11 Case As

26 | Single Asset Real Estate Case Pursuant to 11 U.S.C. §§ 101(51B) and 362(d)(3)" (the

27 | "SARE Order").

28 | / / /

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA, 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.629.2311 • FAX 213.629.4520

1    **WHEREAS,** on April 28, 2021, Shady Bird filed its "Notice of Appeal of

2  Order Denying Motion of Shady Bird Lending, LLC for Order Designating Chapter 11

3  Case As Single Asset Real Estate Case Pursuant to 11 U.S.C. §§ 101(51B) and

4  362(d)(3)" (the "SARE Appeal").

5    **WHEREAS,** the SARE Appeal is pending before the United States District

6  Court, Central District of California, Western Division, bearing Case No. 8:21-cv-00824-

7  FLA.

8    **WHEREAS,** on April 28, 2021, the Bankruptcy Court entered its "Order,

9  After Hearing, Granting, On An Interim Basis, Motion of Shady Bird Lending, LLC for

10  Order Excusing State Court Receiver From Turnover of Assets Pursuant to 11 U.S.C. §

11  543" (the "First Interim Receiver Order").

12    **WHEREAS,** on July 1, 2021, the Bankruptcy Court entered its "Second

13  Interim Order Regarding Motion of Shady Bird Lending, LLC for Order Excusing State

14  Court Receiver From Turnover of Assets Pursuant to 11 U.S.C. § 543" (the "Second

15  Interim Receiver Order").

16    **WHEREAS,** continued hearings on the RFS Motion and the Section 543

17  Motion are presently scheduled for September 30, 2021.

18    **WHEREAS,** on June 2, 2021, the Debtor filed its "Application of Debtor and

19  Debtor in Possession to Employ NAI Capital Commercial, Inc. As Real Estate Broker

20  Pursuant to 11 U.S.C. §§ 327 and 328; Declaration of Chris Jackson in Support Thereof"

21  (the "NAI Application").

22    **WHEREAS,** Shady Bird filed a motion in the Guarantor Action for summary

23  adjudication (the "MSA") against the Chaes on its first and second causes of action for

24  breach of guaranty agreements that was scheduled for hearing on June 9, 2021.

25    **WHEREAS,** the state court in the Guarantor Action issued a tentative ruling

26  to deny the MSA and ultimately continued the hearing on the MSA to July 28, 2021, for

27  further briefing.

28  / / /

1  **WHEREAS,** on June 15, 2021, Shady Bird filed its "Objection of Shady Bird

2  Lending, LLC to Application of Debtor and Debtor in Possession to Employ NAI Capital

3  Commercial, Inc. As Real Estate Broker Pursuant to 11 U.S.C. §§ 327 and 328; Request

4  for Hearing" (the "NAI Objection").

5  **WHEREAS,** a hearing on the NAI Application was held on July 1, 2021, at

6  which time the Court overruled the NAI Objection and granted the NAI Application.  The

7  Court entered an order approving the Debtor's employment of NAI Capital Commercial,

8  Inc. ("NAI") on July 2, 2021 (the "NAI Employment Order").

9  **WHEREAS,** as part of the agreement memorialized in this Stipulation,

10  Shady Bird, the Debtor and others entered into that certain Access Agreement dated

11  June 30, 2021, a true and correct copy of which is attached hereto as Exhibit "1" (the

12  "Access Agreement").

13  **WHEREAS,** as part of the agreement memorialized in this Stipulation,

14  Shady Bird and the Chaes entered into that certain "Tolling Agreement" dated July 2,

15  2021 (as amended, the "First Tolling Agreement"), tolling and extending to July 16, 2021

16  the respective 90-day periods in California Code of Civil Procedure § 493.030(b) and 11

17  U.S.C. § 547, with respect to any lien(s) arising from or created by either the Right to

18  Attach Orders or the Writs of Attachment or created by levy pursuant to either the Right

19  to Attach Orders or the Writs of Attachment.

20  **WHEREAS,** the Debtor and Shady Bird are mindful of the costs and risks

21  associated with the Section 543 Motion, the RFS Motion, and the SARE Appeal, and

22  have determined that it is in the best interests of the Debtor, the estate, and Shady Bird

23  to enter into this Stipulation on the agreed-upon terms as described herein.

24  **NOW THEREFORE,** and upon entry of an order approving this Stipulation,

25  the Debtor, Shady Bird, and the Chaes agree as follows:

26  1.    Shady Bird consents to the Debtor's employment of NAI as the

27  Debtor's real estate broker as approved by the Bankruptcy Court in the NAI Employment

28  Order and upon the terms and conditions set forth in the Listing Agreement attached to

**SulmeyerKupetz,** A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  the NAI Application.  Shady Bird waives any right to appeal or to otherwise challenge the

2  NAI Employment Order or the Debtor's employment of NAI.

3         2.      The Debtor shall file a motion seeking authority to conduct an

4  auction, or a sale by overbid if an acceptable stalking horse buyer is located, of the

5  Property (the "Auction") for hearing before the Bankruptcy Court on September 30, 2021,

6  or the first available Bankruptcy Court hearing date thereafter (the "Auction Date").  In

7  order to be eligible to participate in the Auction, bidders will need to be deemed

8  financially qualified by NAI and provide a deposit (the "Good Faith Deposit") of at least

9  4% of the amount of the initial bid by no later than the date that is seven (7) calendar

10  days prior to the Auction Date (the "Bid Deadline").  The Good Faith Deposit shall be

11  deemed non-refundable if the bidder is deemed by the Bankruptcy Court to be the

12  winning bidder (the "Successful Bidder") and the Successful Bidder fails to close its

13  purchase of the Property within fifty (50) calendar days following the date of entry of the

14  Bankruptcy Court's order approving the sale (the "Approval Order") (such 50th calendar

15  day, the "Outside Closing Date") for a reason other than a material default by the Debtor.

16  At the Auction, (i) Shady Bird shall automatically be deemed a financially qualified

17  overbidder, (ii) Shady Bird shall be authorized and allowed to credit bid as to any overbid

18  procedure up to the full amount of its claim as calculated in Paragraph 8 below, (iii)

19  Shady Bird's registration as a qualified overbidder shall not cause it to forfeit a four

20  percent (4%) credit against its claim, (iv) Shady Bird shall not be required to post a Good

21  Faith Deposit in order to be deemed a qualified overbidder, and (v) Shady Bird's

22  registration as a qualified overbidder shall not require it to bid.  Nothing herein prevents

23  the Debtor from seeking Bankruptcy Court approval of a stalking horse bidder provided

24  that such Bankruptcy Court approval of a stalking horse bidder is not inconsistent with

25  any of the foregoing, or unless otherwise agreed to by Shady Bird.

26         3.      Intentionally Omitted.

27         4.      The Receiver shall remain in place during the entirety of the

28  marketing/sale process in accordance with the terms and conditions of the First Interim

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   Receiver Order, the Second Interim Receiver Order, or any subsequent order entered by

2   the Bankruptcy Court, unless Shady Bird agrees, in writing, in its sole and exclusive

3   discretion, otherwise.

4        5.    All reasonable fees and costs incurred by the Receiver in excess of

5   the $200,000 previously gifted by Shady Bird (the "Gifted Advance"), as detailed in the

6   First Interim Receiver Order and the Second Interim Receiver Order, shall be added to

7   the Debtor's outstanding debt and Shady Bird's claim against the Debtor, with any

8   dispute over the reasonableness of the Receiver's fees and costs, Shady Bird's

9   attorneys' fees and costs, trustee fees, and other fees, charges, and costs due under the

10  operative loan agreement, to be resolved by the Bankruptcy Court (collectively, the

11  "Bankruptcy Court Determined Fees and Costs"). The parties shall try to resolve, within

12  the next thirty (30) days from the date of the execution of this Stipulation, and prior to

13  involving the Bankruptcy Court, any disputes about Shady Bird's fees referenced herein

14  through informal settlement discussions.   If the Bankruptcy Court Determined Fees and

15  Costs have not been resolved prior to the disposition of the Property, a reserve from the

16  proceeds of a closed sale of the Property to cover Shady Bird's legal fees and expenses

17  in litigating any dispute with the Debtor regarding the Bankruptcy Court Determined Fees

18  and Costs shall be set aside.

19       6.    In accordance with the First Interim Receiver Order and the Second

20  Interim Receiver Order, the Receiver shall continue to provide full and complete access

21  to the Property to the Debtor and all prospective buyers upon not less than twenty-four

22  (24) hours prior notice being provided to the Receiver.

23       7.    Shady Bird shall be prohibited from having any direct or indirect

24  communication (whether oral or in writing) with any prospective buyers of the Property or

25  any of their affiliates or representatives.

26       8.    The outstanding debt owed by the Debtor to Shady Bird, excluding

27  the Bankruptcy Court Determined Fees and Costs, is $31,761,606.82 through June 18,

28  2021, and shall increase based on simple, non-compound default interest at the rate of

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  13.5% per annum until September 30, 2021, at which point such debt shall be

2  $32,926,074.66.  Shady Bird shall provide a payoff statement to the Debtor upon the

3  Debtor's request.  Subject to the foregoing, simple, non-compound default interest at the

4  rate of 13.5% and reasonable attorneys' fees and costs (as determined in accordance

5  with Paragraph 5 above) shall continue to accrue and be added to the outstanding debt

6  owed by the Debtor to Shady Bird until and if the loan is paid off or a foreclosure sale

7  occurs.  By this paragraph, the parties are establishing the means by which to calculate

8  the outstanding debt due and owing by the Debtor to Shady Bird, and the Debtor is

9  providing Shady Bird with a release.

10         9.     Shady Bird shall have the ability to credit bid its full claim on its debt,

11  as calculated herein, in connection with any sale and take free and clear title in that

12  manner if Shady Bird so desires and as permitted by order of the Bankruptcy Court

13  and/or applicable law.

14         10.    The Debtor stipulates to relief from stay to permit a non-judicial

15  foreclosure sale to occur on a date (the "Foreclosure Date") that shall be after (a) the

16  Auction Date, if there is no financially qualified bidder by the Bid Deadline, or (b) the

17  Outside Closing Date, if there is at least one financially qualified bidder and provided a

18  sale does not close on or before the Outside Closing Date.  Shady Bird shall provide the

19  Debtor, the Chaes, and their respective counsel with written notice by email of the

20  Foreclosure Date immediately upon such date being determined.  The "Tolling Period"

21  shall be defined herein to constitute the period commencing with June 18, 2021, and

22  ending on the Foreclosure Date.  The Chaes and the Debtor shall file not file any action,

23  including a state court action, to enjoin any non-judicial foreclosure sale by Shady Bird

24  permitted by this Stipulation; provided, however, nothing herein shall be interpreted to

25  prohibit either or both of the Chaes from filing a bankruptcy case, which the parties agree

26  would not stay any such non-judicial foreclosure against the Property.

27         11.    The Debtor shall continue to have the right to pay off its outstanding

28  debt to Shady Bird, in full, pending any sale and at any time up until the Foreclosure Date

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  provided such payment would not cause a material breach by the Debtor of a Bankruptcy

2  Court approved sale agreement

3        12.   Upon the Bankruptcy Court's approval of this Stipulation, the Chaes,

4  as guarantors of the Debtor's indebtedness to Shady Bird, shall execute a mutually-

5  agreeable stipulation (the "Stipulation for Judgment") providing for entry of a stipulated

6  judgment (the "Stipulated Judgment") in the Guarantor Action in favor of Shady Bird, in a

7  form agreeable to Shady Bird and the Chaes, in the amount of $31,131,000.70 through

8  July 28, 2021, (a) less (i) any and all proceeds or amounts received by Shady Bird in

9  connection with any sale of the Property (including, without limitation, any forfeited Good

10  Faith Deposit) or (ii) any credit bids by Shady Bird in connection with any sale of, or

11  foreclosure upon, the Property, plus (b) interest on the outstanding amount of the

12  Stipulated Judgment (after application of the preceding (a)) at the statutory rate of

13  interest of ten percent (10%) per annum (the "Guaranty Amount").

14        13.   Upon the Bankruptcy Court's approval of this Stipulation, the

15  Stipulation for Judgment shall be signed and filed in the Guarantor Action.  If, after the

16  expiration of the Tolling Period and the completion of the sale of the Property, including,

17  without limitation, any foreclosure sale, there is any Guaranty Amount owing to Shady

18  Bird, then the Stipulated Judgment shall be entered with the amount set forth in the

19  Stipulated Judgment to be calculated at that time by the Chaes and Shady Bird in

20  accordance with Paragraph 12 above.  Pending the Tolling Period, the Guarantor Action

21  shall be stayed.  If, at any point, the Guaranty Amount is paid in full, the Chaes'

22  obligations under the Stipulated Judgment shall be deemed satisfied in full and, if such

23  payment occurs after entry of the Stipulated Judgment, then Shady Bird shall file a

24  satisfaction of judgment in the Guarantor Action.  Without limitation to any stay in the First

25  Tolling Agreement or Second Tolling Agreement (defined below), during the Tolling

26  Period, any act to enforce, collect upon, or execute upon the Stipulated Judgment or to

27  otherwise collect from the Chaes or their respective relatives or property is stayed;

28  provided, however, that upon the expiration of the Tolling Period and the entry of the

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  Stipulated Judgment, Shady Bird may enforce the Stipulated Judgment and all rights,

2  exemptions, remedies, and defenses of the Chaes to the enforcement of the Stipulated

3  Judgment are reserved, except the Chaes may not seek to set aside or appeal the

4  Stipulated Judgment or assert any defenses as to its validity.

5          14.    During the Tolling Period, Donald and Eun Hee Chae will not seek

6  (a) to expunge the lis pendens recorded with the Los Angeles County Recorder's Office

7  on August 13, 2020, as Document No. 20200941880 (the "Lis Pendens"), on the real

8  property located at 2200 Sherwood Road, San Marino, California 91108 (the "Sherwood

9  Property") in connection with the Guarantor Action, or (b) to transfer the Sherwood

10  Property. Shady Bird shall cause, and the Stipulation for Judgment shall provide for, the

11  Guarantor Action to be dismissed, without prejudice, as to Eun Hee Chae and any

12  defendants therein other than the Chaes. The statute of limitations for the fraudulent

13  transfer (Cal. Civil Code, §§ 3439 et seq.) and constructive trust causes of action pled in

14  the Guarantor Action against Donald Chae and Eun Hee Chae relating to the Sherwood

15  Property shall be tolled during the Tolling Period as to Shady Bird and such tolling shall

16  immediately cease, and such statutes of limitations shall continue to run again, upon the

17  expiration of the Tolling Period. If, after the Tolling Period, Shady Bird re-files an action

18  to re-assert a claim to avoid the transfer of title of the Sherwood Property, then the Chaes

19  do not object to Shady Bird recording a lis pendens in connection therewith in

20  accordance with applicable law, and the rights, remedies and defenses of the Chaes and

21  Eun Hee Chae in response thereto are preserved, except for any defense that the lis

22  pendens was already filed and maintained on the property. Upon the filing of a new lis

23  pendens as provided herein, Shady Bird shall cause the Lis Pendens to be released and

24  terminated.

25          15.    Other than the Stipulated Judgment and any claim to avoid the

26  transfer of title to the Sherwood Property, Shady Bird on behalf of itself and all those

27  claiming by, through, under, or on its behalf, including, but not limited to, all related and/or

28  connected persons, entities, parent companies, affiliated companies, subsidiary

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA, 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  companies, assigns, agents, representatives, employees, officers, directors, members,

2  managers, principals, partners, owners, joint venturers, attorneys, predecessors, and

3  successors, do hereby fully, finally, and forever, settle, release, relieve, acquit, and

4  discharge Young Mee Chae, Eun Hee Chae, Donald Chae, and Min Chae, and their

5  respective relatives, agents, attorneys, representatives, successors, assigns, and heirs

6  (collectively, the "Released Parties"), from any and all claims, demands, causes of action,

7  obligations, rights, suits, debts, expenses, damages, losses, attorneys' fees, costs,

8  liabilities, and/or remedies, of any nature or kind whatsoever, whether due or owing in the

9  past, present, or future, and whether based upon contract, tort, statute, or any other legal

10  or equitable theory of recovery, and whether known or unknown, suspected or

11  unsuspected, fixed or contingent, matured or not matured, including, without limitation,

12  any and all causes of action and matters (a) that were raised or could have been raised

13  in the Guarantor Action or (b) under, arising out of, or related to the Debtor's

14  indebtedness to Shady Bird or the guaranties thereof.

15      In furtherance of Shady Bird's intention that the releases provided herein shall

16  extend to all claims and remedies, whether known or unknown, suspected or unsuspected,

17  discovered or undiscovered, Shady Bird hereby relinquishes any and all rights conferred

18  upon it by Section 1542 of the California Civil Code which reads as follows:

19

20  **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
THAT THE CREDITOR OR RELEASING PARTY DOES NOT
KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT**

21  **THE TIME OF EXECUTING THE RELEASE AND THAT, IF
KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY**

22  **AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**

23  **OR RELEASED PARTY.**

24  Shady Bird expressly acknowledges and understands that the waiver of the

25  provisions of Section 1542 of the Civil Code was separately bargained for.  Shady Bird

26  agrees that the releases provided for in Paragraph 15 and this waiver of Section 1542 of

27  the Civil Code shall be given full force and effect in accordance with each and all of the

28  express terms and provisions of this Stipulation, including those terms and provisions

1 relating to unknown and unsuspected claims.  This waiver of Section 1542 of the Civil

2 Code does not apply to unknown and unsuspected claims for (1) corporate waste, (2)

3 conversion, (3) avoidance of a fraudulent transfer, (4) fraudulent concealment, fraud, or

4 intentional misrepresentation, or (5) trespass to chattel; provided, however, Shady Bird

5 cannot, under any circumstances or under any legal theory, collect from the Released

6 Parties more than the Guaranty Amount and, upon Shady Bird's receipt of the Guaranty

7 Amount, the claims set forth in nos. (1) through (5) of this sentence are released.

8 _____ *R R* (Shady Bird)

9       16.    Notwithstanding any case law to the contrary, including, without

10 limitation, Butler America, LLC v. Aviation Assurance Company, LLC, 55 Cal. App. 5th

11 136 (2020), Shady Bird agrees and acknowledges that, upon entry of the Stipulated

12 Judgment, there will be no merger of the releases set forth in Paragraph 15 above into

13 the Stipulated Judgment and that such releases will remain in full force (subject to the

14 exceptions expressly set forth therein).

15       17.    Pending the "Sale Closing Date" (as defined herein), the Chaes shall

16 not cause the Ground Lessor to cancel or terminate the "Ground Lease," pursuant to

17 which the Debtor is the ground lessee, any amendments thereto, or the "Memorandum of

18 Ground Lease" (collectively, the "Ground Lease").  Following the Sale Closing Date, the

19 restriction in the preceding sentence of this Paragraph 17 shall be of no further force or

20 effect and (a) Ground Lessor may exercise any and all of its rights, and enforce any and

21 all of its remedies, including termination or cancellation of the Ground Lease, and (b) the

22 Debtor, as the ground lessee under the Ground Lease, or any other ground lessee under

23 the Ground Lease, including, without limitation, any successor to the Debtor, shall be

24 subject to any and all obligations, rights and remedies of Ground Lessor, in, under, to,

25 and/or with respect to the Ground Lease.  The "Sale Closing Date" means (a) if there is

26 one or more financially qualified bidders prior to the Bid Deadline, then the Outside

27 Closing Date, and (b) if there is no financially qualified bidder by the Bid Deadline, then

28 the date that is ten (10) calendar days after the Foreclosure Date.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

2875654.1

18.     The periods for the avoidance, dissolution, or termination under California law or the Bankruptcy Code with respect to any liens created by, related or pursuant to, or arising from either the Right to Attach Orders, the Writs of Attachment, or any other enforcement steps or proceedings are tolled during the Tolling Period and are extended through the Tolling Period.  Concurrently with the execution of this Stipulation, Shady Bird shall execute the Tolling Agreement attached hereto as Exhibit "2" (the "Second Tolling Agreement") amending the First Tolling Agreement and tolling and extending the tolling period set forth therein through the Tolling Period, and the terms of the Second Tolling Agreement are incorporated herein by this express reference. Consequently, if either or both of Chaes file(s) bankruptcy(ies) during the Tolling Period, his/their rights with respect to the dissolution, termination, or avoidance of any liens created by, related to, or arising from either the Right to Attach Orders, the Writs of Attachment, or any other enforcement steps by Shady Bird would be the same as if he/they had filed for bankruptcy on June 18, 2021.  The Second Tolling Agreement shall be binding upon execution and shall be of full force and effect whether or not this Stipulation is approved by order of the Bankruptcy Court.

19.     By this Stipulation, the Parties request approval of the Access Agreement.

20.     Upon entry of an order approving this Stipulation, Shady Bird and the Debtor may proceed on the terms herein without further order of the Bankruptcy Court or any action by the parties.

21.     The SARE Appeal shall continue without disruption or delays. However, in the event the SARE Order is reversed, it shall have no effect whatsoever on the terms of this Stipulation, and it shall not provide Shady Bird or any other party with any rights or claims that are not consistent with the terms of this Stipulation, including, but not limited to, requiring the Debtor to file any plan of reorganization or to commence making any payments to Shady Bird, and it shall not provide Shady Bird with any additional relief from stay rights that are not otherwise provided in this Stipulation.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

22.     This Stipulation may be signed in counterparts and signatures may be delivered by fax or email, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Each person who executes this Stipulation on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such party.

23.     The Access Agreement, the Second Tolling Agreement, and this Stipulation constitute the entire agreement between the parties in respect of the subject matter hereof and shall not be modified, altered, amended, or vacated without the prior written consent of each of the parties hereto. No statement made or action taken in the negotiation of this Stipulation may be used by any party for any purpose whatsoever.

24.     Each party represents and warrants to the other party that it (a) made this Stipulation freely and voluntarily and with full knowledge of its significance; and (b) has been represented by counsel of its own choice in the negotiations preceding the execution of this Stipulation and in connection with the preparation and execution of this Stipulation.

25.     Notwithstanding the possible applicability of Rules 6004, 7062, and 9014 of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Stipulation are immediately effective and enforceable upon its entry.

26.     The Bankruptcy Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation, the Access Agreement, and the Second Tolling Agreement. Any request for relief brought before the Bankruptcy Court to resolve a dispute arising from or related to this Stipulation, the Access Agreement, and the Second Tolling Agreement, and the matters agreed to herein, shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Central District of California.

27.     This Stipulation may be filed in any court of competent jurisdiction as evidence that the automatic stay in the above-styled bankruptcy has been modified for cause, as provided herein, under 11 U.S.C. § 362(d).

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA, 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  DATED: July _15_, 2021          The Source Hotel, LLC

2

3                                                By: _____

4                                                Its: _____

5

6  DATED: July _16_, 2021          Shady Bird Lending, LLC

7

8                                                By: _____

9                                                Its: _____
                                                      Manager
10

11

12

13

14  Approved as to Form:

15  DATED: July _19_, 2021          SulmeyerKupetz
                                     A Professional Corporation
16

17

18                                   By: _____
                                         Daniel A. Lev
19                                       Attorneys for Shady Bird Lending, LLC

20  DATED: July _16_, 2021          Law Offices of Ronald Richards & Associates, APC

21

22

23                                   By: _____
                                         Ronald Richards
24                                       Attorneys for Shady Bird Lending, LLC

25

26  **(signatures continued on next page)**

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

2875654.1                                  15

1   DATED: July 16, 2021                    Levene, Neale, Bender, Yoo & Brill L.L.P.

2

3                                           By: _____

4                                               Ron Bender
                                                Juliet Y. Oh
5                                               Attorneys for The Source Hotel, LLC, Debtor
                                                and Debtor in Possession
6

7   DATED: July ___, 2021                   Pachulski Stang Ziehl & Jones, LLP

8

9                                           By: _____

10                                              Steven Kahn
                                                Attorneys for Donald Chae and Min Chae
11

12  **(signatures continued on next page)**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

2875654.1                                   16

DATED: July ___, 2021                    Levene, Neale, Bender, Yoo & Brill L.L.P.


By: _____
Ron Bender
Juliet Y. Oh
Attorneys for The Source Hotel, LLC, Debtor
and Debtor in Possession

DATED: July 16, 2021                     Pachulski Stang Ziehl & Jones, LLP


By: _____
Steven Kahn
Attorneys for Donald Chae and Min Chae

**(signatures continued on next page)**

1  As to provisions involving the Chae:

2  DATED: July 15, 2021                    Min Chae

3

4

5  _____

6  DATED: July 15, 2021                    Donald Chae

7

8

9  _____

10

11

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2875654.1

# EXHIBIT 1

## ACCESS AGREEMENT

This Access Agreement (the "Agreement") dated this 2nd day of July 2021 (the "Agreement Date") regarding The Source Hotel, located at 6986 Beach Blvd., Buena Park, CA 90621 (the "Property" or "Hotel"), is entered into by and between Shady Bird Lending, LLC ("Shady Bird"), on the one hand, and M+D Properties, The Source Hotel, LLC, and Greenland Construction Services, LLC (collectively, the "Consenting Parties"), on the other hand.  Shady Bird and Consenting Parties may be collectively referred to individually as the "Party" and together as the "Parties."

The Consenting Parties hereby agree to do the following by June 30, 2021 to the extent it is within their respective control to provide the consent, information, and documents set forth below:

1. Consent to (a) Shady Bird contacting DKY Architects ("DKY") to obtain copies of all plans, specifications and costs as the Architect of Record in the possession of DKY (collectively, the "Plans") (b) direct communication between DKY and Shady Bird regarding the Plans, and (c) DKY providing copies of the Plans to Shady Bird.

2. Upon reasonable notice and during normal business hours, permit Shady Bird reasonable access to view the FF&E onsite at the Property, the five (5) rooms in retail areas, and the mechanical equipment in the Parking Garage, and consent to access to view the FF&E and equipment for the Property located offsite in storage, including, but not limited to, storage at Westransco in Corona and at Fairmont Designs in Buena Park.

3. Upon reasonable notice and during normal business hours, provide reasonable access to Shady Bird to walk and view the Hotel Property (as permitted by, and with the cooperation of, the receiver).

4. Provide Shady Bird with either electronic copies, or reasonable access to review onsite, the drawings for the Hotel located at the Hotel or in the construction office next to the Hotel.

2874300.1

5. Provide Shady Bird at no cost with a copy of the City permitted sets of plans for the Hotel.

6. Consent to the City of Buena Park providing to Shady Bird a copy of all permit packages and to Shady Bird discussing with all departments within the City of Buena Park and other agencies associated with project permitting (OC Health Dept., SCAQMD, OCFA, etc.)

Shady Bird consents to all of this same information and access being provided to all qualified potential bidders.  To the extent that this Agreement requires providing Shady Bird with copies of, or access to, documents, plans, permits, or other written information, providing Shady Bird or qualified bidders with a file share link to such documents, plans, permits or other written information shall be considered full compliance with such requirement.

On mutually agreeable day and time selected by the Parties, and with (i) a representative of The Source Hotel LLC present at all times and (ii) the consent and oversight of the receiver, the Consenting Parties consent to the receiver opening crates containing FF&E of The Source Hotel, LLC, for the sole and limited purpose of viewing such FF&E (where located) and in order to confirm that such FF&E is not damaged and such FF&E shall be immediately returned to its packaging and crate and the crate shall be re-sealed.  The foregoing shall be carried out with the utmost care and without damage to the FF&E and shall be done at the sole expense of Shady Bird (including receiver fees and costs) and without any expense or cost being added to the amount Shady Bird asserts is owing from The Source Hotel, LLC, or any guarantor thereof.  If and to the extent that the activities permitted by this paragraph result in any damage to FF&E, Shady Bird shall be responsible for such damage and shall compensate The Source Hotel, LLC, for such damage.

This Agreement is part of a larger settlement agreement(s) among Shady Bird, The Source Hotel, LLC, and others, as set forth in that settlement term sheet exchanged on June 23, 2021, and Shady Bird will continue with the documentation of such settlement agreement(s) in good faith.  If such settlement agreement(s) is/are not documented and executed by Tuesday, July 6, 2021 , then all rights of Shady Bird under this Agreement and the letter attached hereto as

2874300.1

019

Exhibit "A" (the "Consent Letter"), and all consents given by Consenting Parties under this Agreement or the Consent Letter, shall automatically terminate and the Consent Letter and all copies thereof, and any and all documents and copies obtained by Shady Bird hereunder, and the data, summaries, and information obtained or derived therefrom, shall not an cannot be used and shall be immediately returned to the Consenting Parties or destroyed.

Accepted, Acknowledged, and Agreed:

M+D Properties

By: _____

Its: ___PRESIDENT /CEO_____

The Source Hotel, LLC

By: _____

Its: ___PRESIDENT/CFO_____

Greenland Construction Services, LLC

By: _____

Its: ___PRESIDENT/CFO_____

Shady Bird Lending, LLC

By: _____

Its: _____

2874300.1

Exhibit "A" (the "Consent Letter"), and all consents given by Consenting Parties under this Agreement or the Consent Letter, shall automatically terminate and the Consent Letter and all copies thereof, and any and all documents and copies obtained by Shady Bird hereunder, and the data, summaries, and information obtained or derived therefrom, shall not an cannot be used and shall be immediately returned to the Consenting Parties or destroyed.

Accepted, Acknowledged, and Agreed:


M+D Properties

By:_____

Its:_____


The Source Hotel, LLC

By:_____

Its:_____

Greenland Construction Services, LLC

By:_____

Its:_____


Shady Bird Lending, LLC

By:_____

Its:_Manager_____

Exhibit A

**To:**   Whom It May Concern


**From:** M+D Properties, The Source Hotel, LLC, and Greenland Construction
Services, LLC (collectively, the "Consenting Parties")

*RE:*        **<u>The Source Hotel, 6986 Beach Blvd., Buena Park, CA 90621</u>**

Pursuant to the terms of that Access Agreement dated June 30, 2021, and on the
terms and conditions thereof, the Consenting Parties consent to the following to
the extent it is within their respective control to provide the consent, information,
and documents set forth below:

1. Consent to (a) Shady Bird contacting DKY Architects ("DKY") to obtain copies of
   all plans, specifications and costs as the Architect of Record in the possession
   of DKY (collectively, the "Plans") (b) direct communication between DKY and
   Shady Bird regarding the Plans, and (c) DKY providing copies of the Plans to
   Shady Bird.

2. Upon reasonable notice and during normal business hours, permit Shady Bird
   reasonable access to view the FF&E onsite at the Property, the five (5) rooms
   in retail areas, and the mechanical equipment in the Parking Garage, and
   consent to access to view the FF&E and equipment for the Property located
   offsite in storage, including, but not limited to, storage at Westransco in
   Corona and at Fairmont Designs in Buena Park.


3. Upon reasonable notice and during normal business hours, provide reasonable
   access to Shady Bird to walk and view the Hotel Property (as permitted by, and
   with the cooperation of, the receiver).

4. Provide Shady Bird with either electronic copies, or reasonable access to
   review onsite, the drawings for the Hotel located at the Hotel or in the
   construction office next to the Hotel.

2874300.1

5. Provide Shady Bird at no cost with a copy of the City permitted sets of plans for the Hotel.

6. Consent to the City of Buena Park providing to Shady Bird a copy of all permit packages and to Shady Bird discussing with all departments within the City of Buena Park and other agencies associated with project permitting (OC Health Dept., SCAQMD, OCFA, etc.)

The Source Hotel, LLC

By: _____

Its: ____PRESIDENT/CEO_____

Greenland Construction Services, LLC

By: _____

Its: ____PRESIDENT/CEO_____

M+D Properties

By: _____

Its: ____PRESIDENT/CEO_____

# EXHIBIT 2

## SECOND AMENDMENT TO TOLLING AGREEMENT

This Second Amendment to Tolling Agreement (the "Second Amendment") amends the Tolling Agreement dated June 24, 2021 (as amended by the Amendment to Tolling Agreement effective July 9, 2021, the "Tolling Agreement"), by and between Shady Bird Lending, LLC ("Shady Bird"), on the one hand, and Donald Chae and Min Chae, on the other hand.  This Second Amendment is effective as of the 14th day of July, 2021.  Capitalized terms that are not otherwise expressly defined herein shall have the meanings ascribed to them in the Tolling Agreement.

## RECITALS

A.      The Parties entered into that certain Tolling Agreement dated June 24, 2021. Under the Tolling Agreement, as originally drafted, the "Tolling Date and Time" as defined therein was July 9, 2021.

B.      By the Amendment to Tolling Agreement effective July 9, 2021, the Parties amended the Tolling Date and Time to be July 16, 2021.

C.      Concurrently with the execution of this Second Amendment, the Parties and others are executing that certain *Stipulation for Relief from the Automatic Stay and Ancillary Relief* (the "Stipulation") to be filed in the bankruptcy case of The Source Hotel, LLC, Case No. 8:21-bk-10525-ES.

D.      The Stipulation contemplates amending the Tolling Agreement and extending the Tolling Date and Time through the "Tolling Period" as defined in the Stipulation.

E.      As defined in the Stipulation, the "Tolling Period" is the period commencing June 18, 2021 and ending on the "Foreclosure Date" (as defined in the Stipulation).

F.      In exchange for good and valuable consideration, including such consideration set forth in the Stipulation, receipt of which is hereby acknowledged, the Parties amend the Tolling Agreement as set forth herein

## AMENDMENT

1.      Section 1(a) of the Tolling Agreement is amended as follows:

With respect to any lien arising from or created by either Right to Attach Order or the Writs of Attachment or created by levy pursuant to either Right to Attach Order or the Writs of Attachment, the 90-day periods set forth in 11 U.S.C. § 547 or CCP § 493.030(b) are tolled and extended during the Tolling Period and to and including 11:59 p.m. Pacific Standard Time on the Foreclosure Date (the "Tolling Date and Time").

2.      Section 1 of the Tolling Agreement is amended to include subsection "f." as follows:

    f.     The terms "Tolling Period" and "Foreclosure Date" as used herein shall have the respective meanings ascribed to them in the *Stipulation for Relief from the Automatic Stay and Ancillary Relief* to be filed in the bankruptcy case of The Source Hotel, LLC, Case No. 8:21-bk-10525-ES.

3.     The term "Tolling Date and Time" as used in and throughout the Tolling Agreement shall have the meaning set forth in Section 1 of this Second Amendment.

4.     Except as amended herein, the Tolling Agreement and its terms remain unchanged and in full force and effect.

DATED: _____     MIN CHAE

DATED: _____     DONALD CHAE

DATED: 7/16/21     SHADY BIRD LENDING, LLC

     By: _____

     Its:   Manager
     _____

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION FOR RELIEF FROM AUTOMATIC STAY AND ANCILLARY RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 19, 2021 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**See Attached**

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  July 19, 2021 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Erithe A. Smith
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5040
Santa Ana, CA 92701

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 19, 2021 | Cheryl Caldwell | */s/Cheryl Caldwell* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 2710485v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION (if needed):

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Ron Bender on behalf of Debtor The Source Hotel, LLC
rb@lnbyb.com

Christopher G. Cardinale on behalf of Creditor City Of Buena Park
ccardinale@agclawfirm.com

Michael G Fletcher on behalf of Creditor Evertrust bank
mfletcher@frandzel.com, sking@frandzel.com

Amir Gamliel on behalf of Interested Party Courtesy NEF
amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com

Robert P Goe on behalf of Creditor Westranco, Inc.
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Peter F Jazayeri on behalf of Interested Party Cordes & Company, by and through Bellann Raile
peter@jaz-law.com

Peter F Jazayeri on behalf of Other Professional Cordes & Company, by and through Bellann Raile
peter@jaz-law.com

Daniel A Lev on behalf of Creditor Shady Bird Lending, LLC
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Grant A Nigolian on behalf of Interested Party Courtesy NEF
grant@gnpclaw.com, process@gnpclaw.com;grant.nigolian@gmail.com

Juliet Y Oh on behalf of Debtor The Source Hotel, LLC
jyo@lnbrb.com, jyo@lnbrb.com

Ho-El Park on behalf of Interested Party Courtesy NEF
hpark@hparklaw.com

Ronald N Richards on behalf of Creditor Shady Bird Lending, LLC
ron@ronaldrichards.com, morani@ronaldrichards.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

CC 2710485v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**