RON BENDER (SBN 143364)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: RB@LNBYB.COM; JYO@LNBYB.COM

Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:21-bk-10525-ES |
| THE SOURCE HOTEL, LLC, a California limited liability company, | Chapter 11 |
| Debtor and Debtor in Possession. | **DEBTOR'S SECOND CHAPTER 11 STATUS REPORT** |
| | Status Conference:<br>Date:  August 12, 2021<br>Time:  10:30 a.m.<br>Place:  ZoomGov |

1

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, ALL SECURED CREDITORS, TWENTY LARGEST UNSECURED CREDITORS, AND ALL PARTIES WHO HAVE REQUESTED SPECIAL NOTICE IN THIS CASE:**

The Source Hotel, LLC, a California limited liability company and the chapter 11 debtor and debtor-in-possession herein (the "Debtor"), hereby files this updated status report (the "Status Report") in advance of the continued Chapter 11 status conference scheduled on August 12, 2021.

The Debtor filed a voluntary petition for relief under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on February 26, 2021 (the "Petition Date"). The Debtor is continuing to manage its financial affairs and operate its bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

Since at least 2014, Debtor has been developing a full-service, seven-story hotel with 178 rooms in the City of Buena Park, County of Orange, State of California (the "Hotel"), which upon completion will include conference rooms, an executive lounge, fitness center, restaurant, bars, and cleaning services. The Debtor does not own the real property on which the Hotel is being constructed, but is a lessee pursuant to a 99-year ground lease for such real property (the "Ground Lease") with the Debtor's affiliate, The Source at Beach, LLC.

## I.

## **ISSUES WHICH WILL NEED TO BE ADDRESSED IN THE DEBTOR'S CASE TO SUCCESSFULLY REORGANIZE**[1]

There are a number of contested matters pending in the Debtor's bankruptcy case, as described below.

---

[1] In accordance with Rule 201 of the Federal Rules of Evidence, the Debtor requests that the Court take judicial notice of the Declaration of Donald Chae filed in support of (and annexed to) that certain *Debtor's Chapter 11 Status Report* filed by the Debtor on April 22, 2021 [Doc. No. 93], which provides detailed information regarding the Debtor's business and financial affairs, and the events which led to the Debtor's bankruptcy filing.

2

**A.    SARE Motion and Appeal.**

On March 25, 2021, Shady Bird filed that certain *Motion Of Shady Bird Lending, LLC For Order Designating Chapter 11 Case As Single Asset Real Estate Case Pursuant To 11 U.S.C. §§ 101(51B) And 362(d)(3)* [Doc. No. 49] (the "SARE Motion"), pursuant to which Shady Bird sought the entry of a Court order designating the Debtor's chapter 11 bankruptcy case as a "single asset real estate" case pursuant to 11 U.S.C. §§ 101(51B) and 362(d)(3). On April 1, 2021, the Debtor filed its opposition to the SARE Motion [Doc. No. 64] and, on April 8, 2021, Shady Bird filed its reply to the Debtor's opposition to the SARE Motion [Doc. No. 73].

At the hearing on the SARE Motion held on April 15, 2021, the Court denied the SARE Motion. The Court entered a written order denying the SARE Motion on April 28, 2021 [Doc. No. 97] (the "SARE Order"). Accordingly, the Debtor's bankruptcy case is not deemed to be a "single asset real estate" case.

On April 28, 2021, Shady Bird filed a notice of appeal of the SARE Order [Doc. No. 104], thereby initiating an appeal (the "SARE Appeal") before the Bankruptcy Appellate Panel for the Ninth Circuit Court of Appeals ("BAP"). On May 3, 2021, the Debtor filed a statement electing to have the SARE Appeal heard by the United States District Court for the Central District of California (the "District Court") instead of the BAP. Thereafter, the SARE Appeal was transferred to the District Court and bears the case number 8:21-cv-00824-FLA.

On May 7, 2021, Shady Bird filed a motion seeking to expedite the SARE Appeal in the District Court. On June 24, 2021, the District Court entered an order denying Shady Bird's motion to expedite the SARE Appeal.

On June 25, 2021, Shady Bird filed its opening brief in the SARE Appeal. The Debtor filed its answering brief in the SARE Appeal on July 26, 2021.

**B.    Receiver Motion.**

Prior to the Petition Date, Shady Bird sought an order appointing a receiver and other related relief before the Superior Court of California, County of Orange, Central Justice Center ("Superior Court"). On February 17, 2021, the Superior Court entered an order appointing

3

Bellann R. Raile as Receiver to, among other things, take possession of the Hotel and all goods, furniture, fixtures, and equipment attached and/or related to the Hotel.

On March 25, 2021, Shady Bird filed that certain *Motion Of Shady Bird Lending, LLC For Order Excusing State Court Receiver From Turnover Of Assets Pursuant To 11 U.S.C. § 543* [Doc. No. 51] (the "Receiver Motion"), pursuant to which Shady Bird sought the entry of a Court order excusing the Receiver from complying with the requirements of 11 U.S.C. § 543, specifically, the requirement to deliver to the Debtor all property belonging to the Debtor over which the Receiver currently has possession, custody or control. On April 1, 2021, the Debtor filed its opposition to the Receiver Motion [Doc. No. 65] and, on April 8, 2021, Shady Bird filed its reply to the Debtor's opposition to the Receiver Motion [Doc. No. 72].

At the hearing on the Receiver Motion held on April 15, 2021, the Court continued the hearing on the Receiver Motion to June 3, 2021 at 2:00 p.m. and granted the Receiver Motion on an interim basis to permit the Receiver to make certain repairs and perform certain work on the Hotel with funds "gifted" to the Debtor's estate by Shady Bird up to $200,000 (the "Gifted Advances"). The Court entered a written order granting the Receiver Motion on an interim basis on April 28, 2021 [Doc. No. 99] (the "First Receiver Order").

As discussed in detail below, the Court entered a written order granting the Receiver Motion on a further interim basis on July 1, 2021 [Doc. No. 180] (the "Second Receiver Order").

### C. RFS Motion.

On April 1, 2021, Shady Bird filed that certain *Notice Of Motion And Motion For Relief From The Automatic Stay Under 11 U.S.C. § 363 (Real Property)* [Doc. No. 62] (the "RFS Motion"), pursuant to which Shady Bird seeks relief from the automatic stay so that it may foreclose on the Hotel. On April 8, 2021, the Debtor filed its opposition to the RFS Motion [Doc. No. 74] and, on April 15, 2021, Shady Bird filed its reply to the Debtor's opposition to the RFS Motion [Doc. No. 81].

At the hearing on the RFS Motion held on April 22, 2021, the Court continued the hearing on the RFS Motion to June 3, 2021 at 2:00 p.m., to be held concurrently with the hearing

on the Receiver Motion.

On May 20, 2021, Shady Bird filed its supplemental brief in support of the Receiver Motion and the RFS Motion [Doc. No. 135] (the "Shady Bird's Supp Brief"). The Receiver also filed a supplemental brief in support of the Receiver Motion [Doc. No. 136] on May 20, 2021. That same day, the Debtor filed its supplemental brief in opposition to the Receiver Motion and the RFS Motion and certain declarations in support thereof [Doc. Nos. 130, 131, 132] (the "Debtor's Supp Brief"). On May 27, 2021, Shady Bird filed its reply to the Debtor's Supp Brief [Doc. No. 146], and the Debtor filed its response to Shady Bird's Supp Brief [Doc. No. 149].

At the request of Shady Bird at the hearings on the Receiver Motion and the RFS Motion held on June 3, 2021, the Court continued both hearings to June 10, 2021. Thereafter, at the joint request of the Debtor and Shady Bird, the Court continued both hearings to June 17, 2021.

At the hearings on the Receiver Motion and the RFS Motion held on June 17, 2021, the Court granted the Receiver Motion on a further interim basis through September 30, 2021, and further continued both hearings to September 30, 2021, with any supplemental briefs due on September 9, 2021, any oppositions to any supplemental briefs due on September 16, 2021, and any replies to any oppositions to any supplemental briefs due on September 23, 2021. As noted above, the Court entered a written order granting the Receiver Motion on a further interim basis on July 1, 2021 [Doc. No. 180] (the "Second Receiver Order").

### D. Broker Employment Application.

On June 2, 2021, the Debtor filed an application seeking to employ NAI Capital Commercial, Inc. ("NAI") as its real estate broker to market and sell the Hotel [Doc. No. 151] (the "NAI Application"). On June 15, 2021, Shady Bird filed an objection to the NAI Application [Doc. No. 162] and, on June 24, 2021, the Debtor filed its reply to Shady Bird's objection to the NAI Application [Doc. No. 173].

At the hearing on the NAI Application held on July 1, 2021, the Court overruled the objection to the NAI Application filed by Shady Bird, and approved the NAI Application in its entirety. The Court entered a written order approving the NAI Application on July 2, 2021 [Doc.

No. 182].

Shortly after the filing of the NAI Application, the Debtor and NAI Capital began an active marketing and sale process for the Hotel, which process is still ongoing. The Debtor anticipates filing a motion for Court approval of bidding procedures related to the sale process for the Hotel shortly.

### E.     Global Settlement with Shady Bird and Guarantors.

Over a period of many weeks, the Debtor, Shady Bird, and the guarantors of the Debtor's loan with Shady Bird, Donald Chae and Min Chae (the "Guarantors") engaged in extensive settlement discussions in an effort to reach a consensual resolution of their various disputes. Such discussions have been fruitful and have resulted in the settlement described in the that certain *Stipulation For Relief From The Automatic Stay And Ancillary Relief* (together with the related agreements attached thereto, the "RFS Stipulation"), a true and correct copy of which was filed with the Court on July 19, 2021 as Docket Number 188.

The RFS Stipulation provides for the consensual resolution of the RFS Motion, the Receiver Motion, and the pending state court action by Shady Bird against the Guarantors (the "Guarantor Action"), in accordance with the terms and conditions set forth in the RFS Stipulation, and provides for a consensual marketing and sale process for the Hotel.

On July 22, 2021, the Debtor filed a motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, seeking Court approval of the compromises set forth in the RFS Stipulation and the related agreements attached thereto [Doc. No. 190] (the "Rule 9019 Motion"). The hearing on the Rule 9019 Motion is set for August 12, 2021 at 10:30 a.m., to be held concurrently with the continued Chapter 11 status conference in the Debtor's bankruptcy case.

## II.

## POST-PETITION ADMINISTRATION AND CASH COLLATERAL USE

On March 12, 2021, the Debtor filed the *Debtor's Notice Of Motion And Motion For Entry Of An Order: (A) Requiring Turnover Of Estate Cash By Evertrust Bank; (B) Authorizing Debtor To Use Cash Collateral; And (C) Authorizing Debtor To Obtain Post-Petition Financing*

*From M+D Properties On An Unsecured Basis* [Doc. No. 21] (the "CC/Financing Motion"). Pursuant to the CC/Financing Motion, the Debtor sought the entry of a Court order (i) requiring Evertrust Bank to turn over and deliver to the Debtor cash held in the Debtor's pre-petition bank accounts at Evertrust Bank; (ii) authorizing the Debtor to use cash collateral in accordance with the Debtor's proposed 13-week operating budget (the "Initial Budget"); and (iii) authorizing the Debtor to obtain post-petition unsecured financing up to $100,000 (the "DIP Loan") from the Debtor's manager, M+D Properties. The Initial Budget provided for the payment of expenses critical to the maintenance and preservation of the Hotel, including insurance premiums, utility expenses, post-petition utility deposits, and real property taxes.

On March 23, 2021, the Court entered an order granting the CC/Financing Motion on an interim basis, pending a final hearing scheduled on May 6, 2021, subject to certain minor modifications agreed to by the Debtor and set forth in such order [Doc. No. 46] (the "Interim Order"). On May 12, 2021, the Court entered a final order granting the CC/Financing Motion [Doc. No. 118] (the "Final Order").

The Debtor has paid the expenses set forth in the Initial Budget, including secured real property taxes which came due in April, 2021, in accordance with the terms of the Interim Order and Final Order.

On May 19, 2021, the Debtor filed that certain *Notice Of Motion And Motion For Entry Of An Order: (A) Authorizing Debtor To Use Cash Collateral; And (B) Authorizing Debtor To Obtain Post-Petition Financing From M+D Properties On An Unsecured Basis* [Doc. No. 123] (the "Second CC/Financing Motion"). Pursuant to the Second CC/Financing Motion, the Debtor sought the entry of a Court order (i) authorizing the Debtor to use cash collateral in accordance with the Debtor's proposed operating budget covering the approximately four month period from May 29, 2021 through and including October 1, 2021 (the "Second Budget"); and (iii) authorizing the Debtor to obtain post-petition unsecured financing up to $80,000 (the "DIP Loan") from the Debtor's manager, M+D Properties.

On June 25, 2021, the Court entered an order granting the Second CC/Financing Motion

7

in its entirety [Doc. No. 174] (the "Second CC Order").

The Debtor is paying the expenses set forth in the Second Budget in accordance with the terms of the Second CC Order.

## III.

## COMPLIANCE WITH REPORTING REQUIREMENTS

The Debtor has filed all of the monthly operating reports that have come due to date. The Debtor believes that it is in substantial compliance with all of its duties under 11 U.S.C. §§ 521, 1106 and 1107, and all applicable guidelines of the Office of the United States Trustee.

## IV.

## EMPLOYMENT OF PROFESSIONALS

The Court entered an order approving the Debtor's application to employ Levene, Neale, Bender, Yoo & Brill L.L.P. as its bankruptcy counsel on March 31, 2021 [Doc. No. 61].

As noted above, the Court entered an order approving the Debtor's application to employ NAI Capital as its real estate broker on July 2, 2021 [Doc. No. 182].

The Debtor does not intend to employ any other professionals at this time. However, should the foregoing change, the Debtor will promptly file applications to employ such professionals with the Court.

## V.

## OTHER INFORMATION REQUIRED BY STATUS CONFERENCE ORDER

**A.    Proposed Deadlines For Filing Proofs Of Claim And Objections To Claims.**

At the prior Chapter 11 status conference, the Court established July 12, 2021 as the deadline for creditors to file proofs of claim in the Debtor's bankruptcy case ("Claims Bar Date"). On May 7, 2021, the Debtor filed and served a notice of the Claims Bar Date on all known creditors and parties in interest [Doc. No. 112].

The Debtor anticipates that its plan of reorganization will provide for a deadline by which objections to claims must be filed and, therefore, requests that the Court not establish a deadline for

filing objections to claims at this time. However, if the Court requires that such a deadline be set now, the Debtor respectfully requests that the deadline be set in January, 2022 or later.

### B.    Proposed Deadline For Filing Plan And Disclosure Statement.

On June 25, 2021, the Court entered an order granting the Debtor's first motion to extend its plan exclusivity periods [Doc. No. 175]. As reflected in such order, the Debtor's exclusive periods to file a plan of reorganization and obtain acceptances thereof have been extended to and including September 27, 2021 and November 29, 2021, respectively, without prejudice to the Debtor's right to seek further extensions of such periods.

Although the Debtor hopes to be in a position to file a plan of reorganization and disclosure statement within its extended plan filing exclusivity period (*i.e.*, by September 27, 2021), in the event that the Debtor determines it requires additional time to do so, the Debtor will file a motion seeking the entry of a Court order further extending the exclusivity periods for the Debtor to file and solicit a plan of reorganization pursuant to 11 U.S.C. § 1121(d).

Based on the foregoing, the Debtor respectfully requests that the Court not set deadlines for the filing of a disclosure statement and plan of reorganization at this time, or alternatively, requests that the Court establish deadlines for doing so no earlier than January 1, 2022.

### C.    Significant Unexpired Leases And Executory Contracts.

The Debtor is the lessee under the Ground Lease with its affiliate, The Source at Beach, LLC. The Ground Lease is for a term of 99 years, with approximately 93 years of such term remaining, and relates to the real property (the "dirt") upon which the Hotel has been constructed. The Ground Lease remains fully effective, and the Debtor intends to assume the Ground Lease through its bankruptcy case.

The Debtor is not a party to any real property leases other than the Ground Lease.

As reflected in the Schedules, the Debtor is a party to a number of construction related services agreements as well as a third-party hotel management agreement. It is possible that some of these agreements have expired by their own terms or have been terminated by the

counterparties to such agreements but, generally, such agreements have been held in abeyance since Hotel construction activities ceased in late 2019.

Dated: July 29, 2021

THE SOURCE HOTEL, LLC

By: _____
RON BENDER
JULIET Y. OH
LEVENE, NEALE, BENDER, YOO
    & BRILL L.L.P.
Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document **DEBTOR'S SECOND CHAPTER 11 STATUS REPORT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 29, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender**     rb@lnbyb.com
- **Christopher G. Cardinale**     ccardinale@agclawfirm.com, mgonzalez@agclawfirm.com
- **Michael G Fletcher**     mfletcher@frandzel.com, sking@frandzel.com
- **Amir Gamliel**     amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **Robert P Goe**     kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Nancy S Goldenberg**     nancy.goldenberg@usdoj.gov
- **Peter F Jazayeri**     peter@jaz-law.com
- **Daniel A Lev**     dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- **Kyle J Mathews**     kmathews@sheppardmullin.com
- **Juliet Y Oh**     jyo@lnbyb.com, jyo@lnbrb.com
- **Ho-El Park**     hpark@hparklaw.com
- **Ronald N Richards**     ron@ronaldrichards.com, morani@ronaldrichards.com
- **United States Trustee (SA)**     ustpregion16.sa.ecf@usdoj.gov

**2.** **SERVED BY UNITED STATES MAIL**: On **July 29, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service List continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                        **F 9013-3.1.PROOF.SERVICE**

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 29, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 29, 2021 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| The Source Hotel, LLC<br>OUST, Secured, Top 20, RSN | *Counsel to Evertrust Bank*<br>Michael Fletcher, Esq.<br>Frandzel Robins Bloom & Csato, L.C.<br>1000 Wilshire Boulevard, 19th Floor<br>Los Angeles, CA 90017-2427 | Nancy S Goldenberg<br>United States Trustee (SA)<br>411 W Fourth St Ste 7160<br>Santa Ana, CA 92701-8000 |

**Secured Creditors:**

| | | |
|---|---|---|
| 3D Design - Millwork<br>8152 Indianapolis Ave.<br>Huntington Beach, CA 92646 | Aragon Construction, Inc.<br>5440 Arrow Highway<br>Montclair, CA 91763 | Beach Orangethorpe II, LLC<br>P.O. Box 489<br>Buena Park, CA 90621 |
| Beach Orangethorpe III, LLC<br>P.O. Box 489<br>Buena Park, CA 90621 | Beach Orangethorpe, LLC<br>P.O. Box 489<br>Buena Park, CA 90621 | Beachamp Distributing Co.<br>1911 South Santa Fe Avenue<br>Compton, CA 90221 |
| Best Quality Painting<br>818 N. Pacific Ave., #C<br>Glendale, CA 91203 | Certified Tile<br>14557 Calvert St.<br>Van Nuys, CA 91411 | Evergreen Electric Construction<br>629 Grove View Lane<br>La Canada, CA 91011 |
| Iron Mechanical<br>721 North B Street<br>Suite 100<br>Sacramento, CA 95811 | KS Steel Corp.<br>1748 Industrial Way<br>Los Angeles, CA 90023 | Nemo & Rami<br>1930 W. Holt Ave.<br>Pomona, CA 91768 |
| Northstar<br>404 North Berry Street<br>Brea, CA 92821-3104 | Pan Pacific<br>18250 Euclid Street<br>Fountain Valley, CA 92708 | PDG Wallcoverings<br>26492 Via Juanita<br>Mission Viejo, CA 92691 |
| Prime Concrete Coatings<br>6127 James Alan St.<br>Cypress, CA 90630 | Resco Electric Inc.<br>2431 W. Washington Blvd. Suite B<br>Los Angeles, CA 90018 | Retrolock Corp<br>17915 Railroad Street<br>City of Insdustry, CA 91748 |
| Salamander Fire Protection, Inc<br>6103 Tyrone Street<br>Van Nuys, CA 91401 | Shady Bird Lending, LLC<br>c/o Law Offices of Ronald Richards<br>P.O. Box 11480<br>Beverly Hills, CA 90213 | Solid Construction<br>883 Crenshaw Blvd.<br>Los Angeles, CA 90005 |
| Sunbelt Controls, Inc.<br>888 E. Walnut Street<br>Pasadena, CA 91101 | Grant Nigolian, P.C.<br>695 Town Center Drive, Suite 700<br>Costa Mesa, CA 92626 | Hunt Ortmann Palffy Nieves et al.<br>301 North Lake Avenue, 7th Floor<br>Pasadena, CA 91101-1807 |

Law Office of Ho-El Park, P.C.
333 City Blvd. West, Suite 1700
Orange, CA 92868

Law Office of Michael N. Berke
25001 The Old Road
Santa Clarita, CA 91381

Law Offices of Dennis G. Cosso
345 Oxford Drive
Arcadia, CA 91007

Porter Law Group, Inc.
7801 Folsom Blvd., Suite 101
Sacramento, CA 95826

Robinson & Robinson, LLP
2301 Dupont Drive, Sute 530
Irvine, CA 92612-7502

Shady Bird Lending, LLC
c/o Law Offices of Geoffrey Long
1601 N. Sepulveda Blvd., No. 729
Manhattan Beach, CA 90266

Splinter & Thai, LLP
25124 Narbonne Ave., Suite 106
Lomita, CA 90717-2140

**Top 20 Unsecured Creditors:**

Newgens, Inc.
14241 Foster Rd.
La Mirada, CA 90638

Cabrillo Hoist
P.O. Box 3179
Rancho Cucamonga, CA 91729

WESCO Distribution Inc.
6251 Knott Ave.
Buena Park, CA 90620

Harbor All Glass & Mirror, Inc.
1926 Placentia Ave.
Costa Mesa, CA 92627

Diablo Consulting
13200 Crossroads Parkway N
Ste. 115
City of Industry, CA 91746

Ace Tek Roofing Co.
747 S. Ardmore Ave., Suite 405
Los Angeles, CA 90005

Morrow Meadows
231 Benton Court
City of Industry, CA 91789

Chefs Toys
18430 Pacific Street
Fountain Valley, CA 92708

Stumbaugh & Associates, Inc.
3303 N. San Fernando Blvd
Burbank, CA 91504

HBA Procurement, Inc.
3216 Nebraska Ave.
Santa Monica, CA 90404

OJ Insulation LP
600 S Vincent Ave.
Azusa, CA 91702

DKY Architects
15375 Barranca Pkwy.
Suite A-210
Irivne, CA 92618

Master Glass
2225 W. Pico Blvd, Unit C
Los Angeles, CA 90006

Universal Flooring Systems
15573 Commerce Lane
Huntington Beach, CA 92649

L2 Specialties
3613 W. Macarthur Blvd., #611
Santa Ana, CA 92704

Ficcadenti Waggoner
16969 Von Karman Avenue
Suite 240
Irivne, CA 92606

Retrolock Corp
17915 Railroad Street
City of Industry, CA 91748

American Engineering Laboratories Inc.
PO Box 1816
Whittier, CA 90609