Robert P. Goe - State Bar No. 137019
Ronghua Sophia Wang – State Bar No. 324494
**GOE FORSYTHE & HODGES LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
RGoe@goeforlaw.com
SWang@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for Secured Creditor Westransco, Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE SOURCE HOTEL, LLC, a<br>California limited liability company,<br><br>Debtor. | Case No. 8:21-bk-10525-ES<br><br>Chapter 11<br><br>**CREDITOR WESTRANSCO, INC.'S LIMITED OPPOSITION TO DEBTOR'S MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT WITH SHADY BIRD LENDING, LLC AND GUARANTORS, AS SET FORTH IN THAT CERTAIN STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND ANCILLARY RELIEF, AND GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LARRY DENKLER IN SUPPORT THEREOF**<br><br>Hearing:<br>Date: August 12, 2021<br>Time: 10:30 a.m.<br>Place: ZoomGov |

Secured Creditor Westransco, Inc. ("Westransco") hereby submits its limited opposition (the "Opposition") to Debtor's "Motion for Entry of Order Approving Settlement with Shady Bird Lending, LLC and Guarantors, as Set Forth in That Certain Stipulation for Relief from the Automatic Stay and Ancillary Relief, And Granting Related Relief" (the "Motion"). In support of

the Opposition, Westransco submits the following memorandum of points and authorities, and the declaration of Larry Denkler, and respectfully represents as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Westransco has been providing storage services, both pre and post-petition, for the Debtor's FF&E (defined below) including various outdoor patio furniture and Fairmont Design casegoods for furnishing and decorating the 178 guest rooms, suits, and common areas of the Hotel (defined below).  Since October 2019, the Debtor has failed to pay the storage fees and costs due pre-petition for a total amount of approximately $212,916.16 which is secured by a warehouse lien pursuant to section 7209 of California Commercial Code, and it has not paid Westransco any storage fees and costs due post-petition, while at all times fully cooperating with the Receiver and other parties by allowing access and inventorying of the FF&E.

The Debtor's instant Motion seeks the Court's approval of the settlement entered into between the Debtor and Shady Bird Lending, LLC ("Shady Bird") and the guarantors of the Debtor's loan with Shady Bird, Donald Chae and Min Chae, as set forth in that certain Stipulation for Relief from The Automatic Stay and Ancillary Relief. [Docket No. 190].  To be clear, Westransco does not oppose the Motion regarding the Debtor's marketing and sale of the Hotel or the Debtor's consent to Shady Bird's relief from stay.  Westransco has been very cooperative with the Debtor and others in the hope to maximize the value of the Debtor.  Westransco files this limited opposition to preserve its warehouse lien and to avoid Westransco's post-petition administrative claim from being treated discriminately.  Simply put, Westransco needs to be paid regardless of who eventually controls the Hotel.

### II.  RELEVANT FACTUAL BACKGROUND

On February 26, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").  Since at least 2014, the Debtor has been developing a full-service, seven-story hotel with 178 rooms in the City of Buena Park, County of Orange, State of California (the "Hotel").  Construction of the Hotel began in 2016.  The Debtor already purchased flooring and carpeting, lighting, appliances, trade fixtures,

2

furniture, furnishings and equipment (collectively, "FF&E") which have not been installed to the Hotel and are stored at Westransco. The Debtor's primary assets consist of a substantial amount of FF&E in addition to the Hotel and its leasehold interest in the real property on which the Hotel is being constructed.

Since October 2019, the Debtor has kept storing at least four (4) containers of FF&E in the warehouses of Westransco, a full logistics company based out of Anaheim, California which provides transportation, installation, warehouse, liquidation, and logistics services. Specifically, Westransco received and stored in its local warehouses located in Corona and Buena Park all new FF&E items for guest rooms, common areas including a lobby, a dining area, meeting rooms, a pre-function area, a fitness center, a lounge, and Buffet/bar to be installed in the Hotel. The FF&E items included case goods, upholstery, chairs, tables, consoles, benches, TVs and wall mounts, artwork and mirrors. To date, all of the FF&E are currently stored in Westransco's warehouses.

The Debtor has failed to pay the storage fees and costs due for the period from October 2019 to the Petition Date in a total amount of approximately $212,916.16, and these due fees and costs are secured by a warehouse lien pursuant to section 7209 of California Commercial Code. Accordingly, on June 18, 2021, Westransco filed a Proof of Claim #10-1 to reflect the same. Furthermore, the Debtor has continued to store the FF&E in the warehouses of Westransco post-petition but has not been paying the storage fees and costs becoming naturally due post-petition.

On August 12, 2021, the Debtor filed the instant Motion seeking the Court's approval of the settlement entered into between the Debtor and Shady Bird and the guarantors of the Debtor's loan with Shady Bird, Donald Chae and Min Chae, as set forth in that certain Stipulation for Relief from The Automatic Stay and Ancillary Relief (together with the related agreements attached thereto, the "Stipulation") [Docket No. 190]. Essentially, the Stipulation provides for a consensual marketing and sale process for the Debtor's Hotel with Shady Bird having a right to credit bid its full claim in connection with any sale of the Hotel. If the Debtor's effort to sell the Hotel is unsuccessful, Shady Bird will be entitled to relief from stay to conduct a non-judicial foreclosure sale.

///

The Debtor also seeks the Court's approval of an access agreement (the "Access Agreement") dated June 30, 2021 entered into by the Debtor, Shady Bird, M+D Properties, and Greenland Construction Services, LLC (the "Consenting Parties") as a part of the Stipulation. See the Motion, Exhibit 1. Section 2 of the Access Agreement specifically provides that the Consenting Parties consent to Shady Bird having reasonable access to view the FF&E and equipment for the Hotel located in storage at Westransco in Corona and at Fairmont Designs in Buena Park.

To be clear, Westransco does not oppose to the Motion regarding the Debtor's marketing and sale of the Hotel or the Debtor's consent to Shady Bird's relief from stay. Westransco has been very cooperative with the Debtor in the hope to maximize the value of the Debtor. Westransco files this limited opposition to preserve its warehouse lien and to make certain Westransco's post-petition administrative claim is paid.

### III.   WESTRANSCO'S PRE-PETITION SECURED CLAIM

Pursuant to section 7209 of California Commercial Code, a warehouse has a warehouse lien against the bailor on the goods covered by a warehouse receipt or storage agreement or on the proceeds thereof in its possession. See Cal. Com. Code § 7209(a). Section 7209(e) also provides that a warehouse "loses its lien on any goods that it voluntarily delivers or unjustifiably refuses to deliver." See Cal. Com. Code § 7209(e).

The Stipulation raises a concern to Westransco that the access of the Debtor or Shady Bird to the FF&E stored in Westransco's warehouses may be construed as Westransco's voluntary delivery, and as a consequence, Westransco may lose its warehouse lien. Westransco only opposes to the Motion to the extent if approving the Stipulation and the Access Agreement could result in Westransco's losing its warehouse lien against the FF&E stored in its warehouses. Westransco holds the position that the access of the Debtor or Shady Bird to the FF&E stored in Westransco's warehouses per the Stipulation and the Access Agreement should not affect the validity and priority of its warehouse lien in any way if the Motion is granted.

/ / /

/ / /

4

## IV. WESTRANSCO'S POST-PETITION ADMINISTRATIVE CLAIM

Bankruptcy Code § 503(a) and (b) allow parties to request, and the court to grant, administrative priority status to a number of different types fees and expenses which are generally associated with the protection, preservation and enhancement of the bankruptcy estate. More particularly, Bankruptcy Code § 503(a) and (b) provide, in part, that:

> (a) An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the Court for cause. (b) After notice and a hearing, there shall be allowed administrative expenses ..., including (1)(A) the actual, necessary costs and expenses of preserving the estate including - (i) wages, salaries, and commissions for services rendered after the commencement of the case; …

11 U.S.C. § 503(a) and (b)(1).  Entitlement to an administrative claim requires a showing that the claim "(1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate." *In re DAK Indus., Inc.*, 66 F.3d 1091, 1094 (9th Cir. 1995).  "Many [] kinds of costs and expenses are [] accepted and recognized as actual and necessary costs and expenses of preserving the estate entitled to administrative expense status under section 503(b)(1)(A)." 4 Collier on Bankruptcy P 503.06 (16th 2021).  "The actual and necessary expenditures of the trustee in operating the business of the estate, *for storage of property*, for rent and for other goods and services incidental to protecting, conserving, maintaining and rehabilitating the estate are certainly contemplated within the phrase "actual, necessary costs and expenses of preserving the estate." *Id.* (emphasis added).

Since the Petition Date Westransco has been providing storage services for the Debtor and has directly conveyed substantial benefit to the estate.  In Westransco's warehouses the Debtor stored a significant amount of FF&E including various outdoor patio furniture and casegoods for furnishing and decorating the 178 guest rooms, suits, and common areas of the Hotel. Westransco's storage services have conveyed substantial and actual benefit to the estate through inventorying and preserving the FF&E for the Debtor.  Thus, Westransco's storage fees are actual and necessary costs of preserving the estate and should be entitled to administrative expense status

under § 503(b)(1)(A).

Further, the storage fees and costs are incurred in the Debtor's normal course of operation. A debtor in bankruptcy is still obligated to pay all post-petition expenses incurred in its normal course of business or when they naturally come due. However, the Debtor has not been paying Westransco any storage fees that naturally come due post-petition. Pending the sale of the Hotel and the FF&E, the Debtor should pay all the storage fees and costs coming due until the FF&E stored in Westransco's warehouses are removed.

According to the Stipulation, Shady Bird consents to the Debtor's employment of NAI as the Debtor's real estate broker as approved by the Bankruptcy Court in the NAI Employment Order and upon the terms and conditions set forth in the Listing Agreement attached to the NAI Application. Pursuant to § 507(a)(2) and § 503(b), Westransco's administrative claim for its storage fees and costs incurred post-petition has the same priority status with the compensation for NAI as well as other professional of the estate. Thus, Westransco opposes the Motion to the extent that the Stipulation may have the legal effect to create a carve out or a favorable treatment for the NAI's compensation and to discriminate against Westransco's administrative claim. Westransco respectfully requests the Court to order the Debtor to treat Westransco's administrative claim in the same manner with other administrative claims including compensation for any professional person employed under §§ 327 or 1103.

Westransco is cognizant that Debtor has limited funds at this time and would have otherwise sought allowance and payment of an administrative expense sooner. However, upon the filing of the Motion, Westransco is compelled to make clear it is entitled to payment of its pre and post-petition claim. Again, it is hoped and anticipated that all parties will reach a fair resolution on this issue.

## V. CONCLUSION

Based on the foregoing analysis, creditor Westransco respectfully requests the Court order that (1) granting the Motion will not affect the validity of Westransco's warehouse lien, (2) the Debtor should pay Westransco's storage fees and costs that naturally come due pending the sale the Hotel and the FF&E until the FF&E stored in Westransco's warehouses are removed,

6

and (3) Westransco's administrative claim should be treated in the same manner with other administrative claims including compensation for any professional person employed under §§ 327 or 1103.

DATED:    July 29, 2021    **GOE FORSYTHE & HODGES LLP**

By: /s/ *Robert P. Goe*
Robert P. Goe,
Attorneys for Westransco, Inc.

## DECLARATION OF LARRY DENKLER

I, Larry Denkler, hereby declare as follows:

1. I am the Senior Vice President of Westransco, Inc. ("Westransco"), which is a secured creditor of the Source Hotel, LLC, a California limited liability company and the debtor and debtor-in-possession herein (the "Debtor"). I am familiar with the business operations of Westransco and the transactions concerning the FF&E storage between Westransco and the Debtor. I have personal knowledge of the facts set forth below, and if called to testify, I would and could competently testify thereto.

2. I make this declaration in support of that certain *Limited Opposition to Debtor's Motion for Entry of Order Approving Settlement with Shady Bird Lending, LLC and Guarantors, as Set Forth in That Certain Stipulation for Relief from the Automatic Stay and Ancillary Relief, and Granting Related Relief* ("Opposition"), to which this declaration is attached. All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Opposition.

3. Westransco is a full logistics company based out of Anaheim, California which provides transportation, installation, warehouse, liquidation, and logistics services.

4. Since October 2019, the Debtor has continued storing at least four (4) containers of FF&E in the warehouses of Westransco.

5. Specifically, Westransco received and stored in its local warehouses located in Corona and Buena Park all new FF&E items for guest rooms, common areas including a lobby, a dining area, meeting rooms, a pre-function area, a fitness center, a lounge, and Buffet/bar to be installed in the Hotel.

6. The FF&E items included flooring and carpeting, lighting, appliances, trade fixtures, furniture, furnishings and equipment, for instance, case goods, upholstery, chairs, tables, consoles, benches, TVs and wall mounts, artwork and mirrors, which were already purchased by the Debtor but have not been installed to the Hotel. All of these FF&E items are still storing in Westransco's warehouse.

7. The Debtor has failed to pay the storage fees and costs due for the period from October 2019 to the Petition Date in a total amount of approximately $212,916.16, and these due

fees and costs are secured by a warehouse lien pursuant to section 7209 of California Commercial Code. Accordingly, on June 18, 2021, Westransco filed a Proof of Claim #10-1 to reflect the same.

8. The Debtor has continued to store the FF&E in the warehouses of Westransco post-petition but has not been paying the storage fees and costs becoming naturally due post-petition.

9. Westransco has and will continue to cooperate with all parties in this case, and simply wants to ensure that it is paid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed July 29, 2021, at ____CORONA____ (city), California.

_____
Larry Denkler

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **CREDITOR WESTRANSCO, INC.'S LIMITED OPPOSITION TO DEBTOR'S MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT WITH SHADY BIRD LENDING, LLC AND GUARANTORS, AS SET FORTH IN THAT CERTAIN STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND ANCILLARY RELIEF, AND GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LARRY DENKLER IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 29, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) July 29, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067

☐    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state the method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 29, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows: Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

   Hon. Erithe Smith, USBC, 411 West Fourth Street, Santa Ana, CA 92701
   (document delivery suspended due to COVID-19 protocols)

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 29, 2021 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**Mailing Information for Case 8:21-bk-10525-ES**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Ron Bender**    rb@lnbyb.com
- **Christopher G. Cardinale**    ccardinale@agclawfirm.com, mgonzalez@agclawfirm.com
- **Michael G Fletcher**    mfletcher@frandzel.com, sking@frandzel.com
- **Amir Gamliel**    amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Nancy S Goldenberg**    nancy.goldenberg@usdoj.gov
- **Peter F Jazayeri**    peter@jaz-law.com
- **Daniel A Lev**    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inoruptcy.com
- **Kyle J Mathews**    kmathews@sheppardmullin.com
- **Juliet Y Oh**    jyo@lnbyb.com, jyo@lnbrb.com
- **Ho-El Park**    hpark@hparklaw.com
- **Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov