Robert K. Lu
REID & WISE LLC
633 West 5th Street, 26th Floor
Los Angeles, CA 90071
619-300-1849
Email: rlu@reidwise.com

Edward Wu (*pro hac vice* pending)
REID & WISE LLC
One Penn Plaza, Suite 2015
New York, New York 10119
Tel: (212) 858-9968
Email: ewu@reidwise.com

*Attorneys for the EB5 Investors[1]*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.: 8:21-bk-10525-ES |
| THE SOURCE HOTEL, LLC, a California limited liability company, | Chapter 11 |
| Debtor and Debtor in Possession. | **LIMITED OBJECTION OF CERTAIN EB5 INVESTORS TO THE DEBTOR'S MOTION TO APPROVE THE SETTLMEENT WITH SHADY BIRD LENDING, LLC AND GUARANTORS** |
| | Hearing:<br>Date:    August 12, 2021<br>Time:    10:30 a.m.<br>Place:    ZoomGov |

---

[1]   The EB5 Investors are (i) Mr. Jian Hua, (ii) Mr. Jun Liu, and (iii) Ms. Haiyuan Ma.

1

Mr. Jian Hua, Mr. Jun Liu, and Ms. Haiyuan Ma (collectively, the "EB5 Investors"),[2] by and through their undersigned counsel, hereby submit this limited response (this "Limited Response") to the *Motion for Entry of Order Approving Settlement with Shady Bird Lending, LLC and Guarantors, as Set Forth in that Certain Stipulation for Relief from the Automatic Stay and Ancillary Relief, and Granting Related Relief* [ECF No. 190] (the "Motion"),[3] and respectfully represent:

## LIMITED OBJECTION

1. Pursuant to the *Stipulation for Relief from the Automatic Stay and Ancillary Relief* (the "Stipulation"),[4] which was entered into by and among the debtor in the above captioned chapter 11 case (the "Debtor"), Shady Bird Lending, LLC ("Shady Bird"), and Donald Chae and Min Chae (together, the "Guarantors," and collectively with the Debtor and Shady Bird, the "Stipulation Parties"), the Stipulation Parties seek to, *inter alia*, (i) conduct a lightning fast sale of substantially all of the assets of the Debtor to occur on September 30, 2021,[5] and (ii) allow the claim of Shady Bird in an amount that will be no less than $32,926,074.[6]

2. If the Court approves the Stipulation and the aggressive sale timeline that is contemplated therein, the EB5 Investors will be severely prejudiced. The EB5 Investors hold

---

[2] The EB5 Investors hold Class B Units of membership in Beach Orangethorpe Hotel, LLC ("BOH"). As more fully described in paragraph 6 of the Motion (as hereinafted defined), BOH is a prepetition secured lender to the Debtor and holds junior liens against the Hotel and the Leasehold Interest. Reid & Wise LLC does not serve as counsel to BOH, which is currently controlled by the Guarantors due to the Guarantors indirect ownership of Class A Units of membership in BOH.

[3] Capitalized terms that are used and not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

[4] The Stipulation is annexed as Exhibit 1 to the Motion.

[5] Stipulation §2. Although it is contrary to the EB5 Investors' interpretation of section 2 of the Stipulation, it can be argued that the Court's approval of the Stipulation will result in the scheduling of the auction for September 30, 2021, notwithstanding that a bidding procedures motion has not yet been filed. Accordingly, the EB5 Investors file this Limited Response out of an abundance of caution to preserve their rights to dispute the sale timeline.

[6] Stipulation §8.

2

membership units in BOH, which is a prepetition lender to the Debtor that is secured by junior liens on the Debtor's assets. Therefore, the EB5 Investors will be wiped out and receive no recovery if the proceeds from the 363 sale are less than the amount that the Stipulation sets forth for Shady Bird's claim. While the EB5 Investors are not necessarily opposed to a 363 sale, it is imperative that the sales process be entirely robust in terms of the length of the marketing process and the time for potential bidders to perform due diligence. Currently, the EB5 Investors and other parties in interest have no idea as to what marketing efforts have been undertaken either prepetition or postpetition. Despite the clear absence of answers to those basic questions, the Stipulation Parties are seeking to establish an aggressive timeline for the auction even though a bidding procedures motion has not yet been filed.

3.      Accordingly, the EB5 Investors respectfully request that this Court deny approval of the Stipulation unless the Stipulation is approved pursuant to an Order that provides that, notwithstanding anything to the contrary in the Stipulation, the EB5 Investors shall have the right to (i) object to any sale timeline upon the subsequent motion of any party to establish bidding procedures, and (ii) object to the validity and amount of Shady Bird's claim.

**I.     The Stipulation Cannot be Used to Bypass the Requirements Under the Local Rules to Establish Bidding Procedures**

4.      Paragraph 2 of the Stipulation sets forth certain bidding procedures, including, how a bidder becomes qualified, the bid deadline, and even the auction date. However, Local Rule 6004-1(b)(2) for the United States Bankruptcy Court for the Central District of California (the "Local Rules") clearly provides that any proposed bidding procedures must be accompanied by a description of the "marketing efforts undertaken and the anticipated marketing plan[.]" That the Local Rules set forth such a requirement is hardly surprising. Without that information, the Court and parties in interest are without any basis to determine whether the marketing

3

process was reasonably calculated to maximize value for the benefit of all stakeholders or whether the time frame proposed for the sale is sufficient. On the basis of Local Rule 6004-1(b)(2) alone, the request of the Stipulation Parties to have the auction occur on September 30, 2021 must be denied. The approval of timelines relating to a 363 sale should be considered by the Court upon a proper motion to establish bidding procedures rather than pursuant to a stipulation between a handful of parties in the case.

5. However, even if certain bidding procedures can be established pursuant to a stipulation, the EB5 Investors submit that conducting an auction in this case on September 30, 2021 is premature and the auction should be delayed by several months. It is not the case that the collateral here is the proverbial melting ice cube that would justify an expeditious sale. Cf. *In re Lionel Corp.*, 722 F2d 1063, 1071 (2d Cir. 1983) (in deciding whether to authorize a 363 sale, courts must consider, "most importantly perhaps, whether the asset is increasing or decreasing in value."). Notably, the Court in *Lionel* stated the following as to its prior decision in *Sire Plan*, which concerned the sale of a partially constructed hotel:

> [T]his Court's decision in *Sire Plan* was not hinged on an "emergency" or "perishability" concept. Lip service was paid to the argument that a partially constructed building is a "wasting asset;" but the real justification for authorizing the sale was the belief that the property's value depended on whether a hotel could be built in time for the World's Fair and that an advantageous sale after the opening of the World's Fair seemed unlikely. Thus, the reason was not solely that a steel skeleton was deteriorating, but rather that a good business opportunity was presently available, so long as the parties could act quickly. In such cases therefore the bankruptcy machinery should not straightjacket the bankruptcy judge so as to prevent him from doing what is best for the estate.

*Lionel Corp.*, 722 F2d at 1069 (citing *In re Sire Plan, Inc.,* 332 F.2d 497 (2d Cir.1964)).

6. Here, the Debtor's hotel has been under construction since 2016.[7] Extending the sale timeline by several months will not adversely affect the value of the property. In fact, the

4

additional time may actually increase the value of the property as market conditions improve after the Covid pandemic and the current wave of the Delta variant subsides.  Absent a compelling business justification, there is no reason why the auction has to occur on an overly expeditious timeframe.  The EB5 Investors are not necessarily opposed to a sales process, but the process must be robust and must be reasonably calculated to produce the highest and best offer for the benefit of all stakeholders.  Accordingly, to the extent that the Stipulation seeks to establish September 30, 2021 as the auction date, the Stipulation cannot be approved.

**II.     Parties in Interest Should Have the Ability to Object to the Claim of Shady Bird, Notwithstanding the Stipulation**

7.     The Stipulation appears to effectively allow the claim of Shady Bird in an amount that will be no less than $32,926,074 as of September 30, 2021.[8]  Even if the Debtor is bound by the terms of the Stipulation and will no longer have the ability to object to Shady Bird's claim upon the approval of the Stipulation, other parties in interest should have the opportunity to object to Shady Bird's claim.  The ability of a party in interest (other than the debtor) to object to another creditor's claim is entirely consistent with the claims resolution process that is contemplated in the Bankruptcy Code. See 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a *party in interest . . .* objects.") (emphasis added).  That parties in interest have a meaningful ability to object to Shady Bird's claim is even more appropriate in this case given that a statutory committee of unsecured creditors was never appointed.  The EB5 Investors did not even have a cursory opportunity to review Shady Bird's claim because the Motion to approve the Stipulation was filed on July 22, 2021, and the deadline to object to the Stipulation was only seven days later (*i.e.*, July 29,

---

[7]   Motion ¶4.
[8]   See Stipulation §8.

5

2021).[9] The EB5 Investors merely seek a fair opportunity to protect their rights given that no creditors' committee was appointed in this case and the Stipulation Parties are seeking to essentially fix and allow Shady Bird's claim and proceed with a 363 sale at a break neck pace pursuant to a stipulation that involves certain releases that Shady Bird is providing to the Guarantors. Under the circumstances, the EB5 Investors should be afforded ample opportunity to protect their rights.

8.  Therefore, any Order approving the Stipulation must provide that, notwithstanding anything to the contrary in the Stipulation, the EB5 Investors shall have the right to object to the validity and amount of Shady Bird's claim. The EB5 Investors remain open to consensually resolving their dispute with the Stipulation Parties prior to the hearing on the Motion.

*[Remainder of Page Intentionally Left Blank]*

---

[9] See Motion at 4 (objections to the Stipulation are due "no later than fourteen (14) days before the date of the hearing on the Motion."). The Motion is scheduled to be heard on August 12, 2021.

## **CONCLUSION**

For all of the foregoing reasons, the EB5 Investors respectfully request that this Court deny approval of the Stipulation unless the Stipulation is approved pursuant to an Order that provides that, notwithstanding anything to the contrary in the Stipulation, the EB5 Investors and other parties in interest shall have the right to (i) object to any sale timeline upon the subsequent motion of any party to establish bidding procedures, and (ii) object to the validity and amount of Shady Bird's claim.

Dated: New York, New York
    July 29, 2021

By: /s/ *Edward Wu*
    Robert K. Lu
    Edward Wu

    REID & WISE LLC
    633 West 5th Street, 26th Floor
    Los Angeles, CA 90071
    619-300-1849

    REID & WISE LLC
    One Penn Plaza, Suite 2015
    New York, New York 10119
    Tel: (212) 858-9968

    *Attorneys for the EB5 Investors*

---

Therefore, the objection deadline is July 29, 2021.

7