Daniel A. Lev (CA Bar No. 129622)
  dlev@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Ronald Richards (CA Bar No. 176246)
  ron@ronaldrichards.com
Law Offices of Ronald Richards & Associates, APC
P.O. Box 11480
Beverly Hills, California 90213
Telephone:  310.556.1001
Facsimile:  310.277.3325

Attorneys for Shady Bird Lending, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-10525-ES |
| THE SOURCE HOTEL, LLC, | Chapter 11 |
| Debtor. | **SHADY BIRD LENDING LLC'S OMNIBUS REPLY TO LIMITED OPPOSITIONS OF WESTRANSCO, INC. AND EB5 INVESTORS TO MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT WITH SHADY BIRD LENDING, LLC AND GUARANTORS, AS SET FORTH IN THAT CERTAIN STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND ANCILLARY RELIEF, AND GRANTING RELATED RELIEF** |
| | DATE: August 12, 2021<br>TIME: 10:30 a.m.<br>PLACE: Courtroom "5A" |

DAL 2716382v1

1  Shady Bird Lending, LLC ("Shady Bird"), herby submits "Shady Bird
2  Lending, LLC's Omnibus Reply to Limited Oppositions of Westransco, Inc. and EB5
3  Investors to Motion for Entry of Order Approving Settlement With Shady Bird Lending,
4  LLC and Guarantors, As Set Forth in That Certain Stipulation for Relief From the
5  Automatic Stay and Ancillary Relief, and Granting Related Relief" (the "Reply"), in
6  response to (i) "Creditor Westransco, Inc.'s Limited Opposition to Debtor's Motion for
7  Entry of Order Approving Settlement With Shady Bird Lending, LLC and Guarantors, As
8  Set Forth in That Certain Stipulation for Relief From the Automatic Stay and Ancillary
9  Relief, and Granting Related Relief; Memorandum of Points and Authorities; Declaration
10  of Larry Denkler in Support Thereof" (the "Westransco Opposition"), filed by Westransco,
11  Inc. ("Westransco"), and (ii) the "Limited Objection of Certain EB5 Investors to the
12  Debtor's Motion to Approve the Settlement With Shady Bird Lending, LLC and
13  Guarantors" (the "EB5 Opposition" and together with the Westransco Opposition, the
14  "Oppositions"), filed by certain EB5 Investors (the "EB5 Investors"), filed in response to
15  the "Notice of Motion and Motion for Entry of Order Approving Settlement With Shady
16  Bird Lending, LLC and Guarantors, As Set Forth in That Certain Stipulation for Relief
17  From the Automatic Stay and Ancillary Relief, and Granting Related Relief; Memorandum
18  of Points and Authorities; Declaration of Donald Chae in Support Thereof" (the "Motion"),
19  filed by the debtor The Source Hotel, LLC (the "Debtor"), and represents as follows:

## I.

## PREFATORY STATEMENT

Neither Westransco nor the EB5 Investors quarrel with the underlying settlement reached between the Debtor, Shady Bird, and the Guarantors.[1]  Rather, both

---

[1] Unless otherwise stated, the use of capitalized terms herein shall have the meaning ascribed to them in the "Notice of Motion and Motion for Entry of Order Approving Settlement With Shady Bird Lending, LLC and Guarantors, As Set Forth in That Certain Stipulation for Relief From the Automatic Stay and Ancillary Relief, and Granting Related Relief; Memorandum of Points and Authorities; Declaration of Donald Chae in Support Thereof" [Docket No. 190].

DAL 2716382v1                                      2

Westransco and the EB5 Investors seek certain clarifications or concessions to preserve or further their respective interests. Since the Stipulation does not prejudice or affect the rights of either of these parties, and the settlement reached between the parties meets the standards enunciated by the Ninth Circuit, the Debtor's sound business judgment should not be supplanted.

### A. The Stipulation is Not Intended to Impact Westransco's Asserted Warehouse Lien or Administrative Expense Claim

To reiterate, Westransco does not oppose the Motion and it has no objection to the broad relief and releases being exchanged by the parties to the Stipulation. Westransco simply wants to ensure that its statutory warehouse lien, and whatever post-petition administrative claim it may have under 11 U.S.C. § 503, is unaffected by the Stipulation, which makes no mention of Westransco's purported lien or claim.

Shady Bird certainly has no intention of interfering with whatever lien or claim Westransco possesses. However, Shady Bird notes that, as assignee of the Debtor's deed of trust with Evertrust Bank, Shady Bird has a lien on all improvements, fixtures, structures, and equipment located or erected on the property. To the extent the FF&E located within Westransco's warehouse constitutes Shady Bird's collateral, the parties will simply reserve their respective rights regarding this issue once the Hotel is either sold, or Shady Bird forecloses.[2] Since Westransco's rights or claims are not infringed or prejudiced by the Stipulation, the Stipulation should be approved as drafted.

---

[2] Shady Bird takes no position concerning the other relief requested by Westransco, specifically, that the Court (i) require the Debtor to pay all the storage fees and costs coming due until the FF&E stored in Westransco's warehouses are removed, and (ii) order the Debtor to treat Westransco's administrative claim in the same manner with other administrative claims including compensation for any professional person employed by 11 U.S.C. §§ 327 or 1103.

DAL 2716382v1

3

**B.    The EB5 Investors Cannot Dictate the Timing of the Sale to the Debtor and Shady Bird**

The EB5 Investors take issue with certain provisions of the Stipulation, most notably, that it provides for a "lightning fast sale" of the Hotel. This contention is baseless for numerous reasons. First, as the Court will recall, Shady Bird filed its "Notice of Motion and Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (with supporting declarations) (Real Property)" (the "Stay Motion") on April 1, 2021. Despite having received notice of the Stay Motion, the EB5 Investors never opposed the motion (or filed their own motion). Even when the Stay Motion was continued several times, and supplemental briefing was permitted, the EB5 Investors again chose to remain silent and sit on their hands while the prospect of the Court granting relief from stay stared them straight in the eyes.

In fact, as far as Shady Bird can tell, this is the first time the EB5 Investors have recorded an appearance in this case. Therefore, the EB5 Investors cannot now contend that their rights are somehow being prejudiced since the Debtor has agreed to resolve the Stay Motion (as well as other relief being sought by Shady Bird) by agreeing to a sales process which only the EB5 Investors believes is unreasonable. Shady Bird's Stay Motion has been pending for more than four months, and the Debtor, Shady Bird, and Guarantors have negotiated a Stipulation meant to afford the parties various forms of protections and relief.

If the EB5 Investors had chosen to attend any of the public hearings impacting this case, they would have heard this Court repeatedly encourage the parties to resolve their ongoing disputes. The parties did exactly what the Court suggested, they settled the case. The EB5 Opposition also ignores the fact that not only is interest continuing to accrue on Shady Bird's loan at a substantial rate, but an entire community is faced with an incomplete project which continues to be subject to the elements. The Stipulation merely sets forth a deadline which either will result in a sale or a foreclosure followed by Shady Brid's completion of the project. As the Court and others have been

1 advised, in the event Shady Bird forecloses, Shady Bird has earmarked the funds
2 necessary to finish the Hotel.
3       The EB5 Investors cannot now intervene and attempt to overturn the
4 Stipulation simply because they disagree with the Debtor's business judgment.  The EB5
5 Investors simply fail to appreciate the careful balance which was struck between how
6 much more interest would continue to accrue on the loan before Shady Bird would obtain
7 relief from stay against the Debtor's desire to expose the Hotel to the marketplace.
8       It is important to note that the EB5 Investors are junior lienholders, whose
9 secured claims have always been at risk in this case.  The EB5 Investors are nothing
10 more than "investors" who were never guaranteed to receive a payout.  They assumed
11 the risk of their investment, and either the Hotel will attract a buyer or it will be foreclosed
12 on.  The Debtor has now retained a broker (which the EB5 Investors must have approved
13 since they did not object to its employment) that it trusts with eliciting a viable offer, and
14 there is enough of a runway to allow that process to unfold.  The market will ultimately be
15 the true test of whether there has ever been any value for the EB5 Investors, given their
16 junior investor position.
17       Since Shady Bird will not consent to alter the negotiated sale deadline to
18 appease the EB5 Investors, the Court must, therefore, reject the invitation to permit them
19 to object to any sale timeline.  This is especially true since, contrary to the EB5 Investors'
20 contention, Shady Bird has always asserted that the collateral is "the proverbial melting
21 ice cube that would justify an expeditious sale".  As a reminder, the Stay Motion is almost
22 exclusively predicated on the assertion that there is a decline, or a threatened decline, in
23 the value of the collateral securing Shady Bird's debt combined with the Debtor's failure
24 to provide adequate protection of Shady Brid's interest.  Although the Debtor disputes
25 these contentions, the Stay Motion has not been denied and the Stipulation resolves this
26 lingering dispute in a manner acceptable to both the Debtor and Shady Bird, not to
27 mention the Guarantors.  Therefore, the timeline agreed to the parties should not, and
28

DAL 2716382v1

5

cannot, be altered simply due to the EB5 Investors' last-minute uncorroborated belief that more time is needed to market the Hotel.

The Court should also reject the EB5 Investors request that they be permitted to override the Debtor's resolution of Shady Bird's claim amount by independently investigating, and possibly objecting to, the validity and amount of Shady Bird's debt.  Contrary to the suggestion that the EB5 Investors "did not even have a cursory opportunity to review Shady Bird's claim because the Motion to approve the Stipulation was filed on July 22, 2021", the reality is that the validity and amount of Shady Bird's claim was first presented to this Court in the context of the Stay Motion.  It was again presented when Shady Bird filed its proof of claim on July 8, 2021.  The EB5 Investors, therefore, have had ample time to investigate Shady Bird's claim and raise any potential objections.

Hence, the Court should reject the EB5 Investors' attempt to hold the parties to the Stipulation hostage by affording them rights no longer afforded to the Debtor or Guarantors.  Any concessions to the EB5 Investors would eviscerate the settlement and would usurp the Debtor's role as fiduciary for the estate.  To the extent the EB5 Investors continue to take issue with the price ultimately offered, or the manner in which the Hotel was marketed, they can raise those issues as part of an opposition to any sale motion.  And if the EB5 Investors truly believe there is value, they can either submit an overbid or, if a foreclosure sale is authorized, submit a bid at any foreclosure sale.

*[Remainder of page intentionally left blank]*

## II.

## **CONCLUSION**

Based on the foregoing, Shady Bird respectfully requests that the Oppositions be overruled in their entirety, that the Motion be granted in all respects, and for such other and further relief as the Court deems just and proper under the circumstances.

DATED: August 5, 2021    **Sulmeyer**Kupetz
A Professional Corporation

By: /s/ *Daniel A. Lev*
Daniel A. Lev
Attorneys for Shady Bird Lending, LLC

DATED: August 5, 2021    Law Offices of Ronald Richards & Associates, APC

By: /s/ *Ronald Richards*
Ronald Richards
Attorneys for Shady Bird Lending, LLC

DAL 2716382v1

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **SHADY BIRD LENDING LLC'S OMNIBUS REPLY TO LIMITED OPPOSITIONS OF WESTRANSCO, INC. AND EB5 INVESTORS TO MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT WITH SHADY BIRD LENDING, LLC AND GUARANTORS, AS SET FORTH IN THAT CERTAIN STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY AND ANCILLARY RELIEF, AND GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>August 5, 2021</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**See Attached**

☒ Service information continued on attached page.

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 5, 2021 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 2710485v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                            **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Ron Bender on behalf of Debtor The Source Hotel, LLC
rb@lnbyb.com

Christopher G. Cardinale on behalf of Creditor City Of Buena Park
ccardinale@agclawfirm.com, mgonzalez@agclawfirm.com

Christopher G. Cardinale on behalf of Interested Party City Of Buena Park
ccardinale@agclawfirm.com, mgonzalez@agclawfirm.com

Michael G Fletcher on behalf of Creditor Evertrust bank
mfletcher@frandzel.com, sking@frandzel.com

Amir Gamliel on behalf of Interested Party Courtesy NEF
amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com

Robert P Goe on behalf of Creditor Westranco, Inc.
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Peter F Jazayeri on behalf of Interested Party Cordes & Company, by and through Bellann Raile
peter@jaz-law.com

Peter F Jazayeri on behalf of Other Professional Cordes & Company, by and through Bellann Raile
peter@jaz-law.com

Daniel A Lev on behalf of Creditor Shady Bird Lending, LLC
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Robert K Lu on behalf of Creditor Jian Hua
edw21600@gmail.com

Kyle J Mathews on behalf of Creditor Beach Orangethorpe, LLC; Beach Orangethorpe II, LLC
kmathews@sheppardmullin.com

Juliet Y Oh on behalf of Debtor The Source Hotel, LLC
jyo@lnbyb.com, jyo@lnbrb.com

Ho-El Park on behalf of Interested Party Courtesy NEF
hpark@hparklaw.com

Ronald N Richards on behalf of Creditor Shady Bird Lending, LLC
ron@ronaldrichards.com, morani@ronaldrichards.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

CC 2710485v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                           **F 9013-3.1.PROOF.SERVICE**