Robert P. Goe - State Bar No. 137019
Ronghua Sophia Wang – State Bar No. 324494
**GOE FORSYTHE & HODGES LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
RGoe@goeforlaw.com
SWang@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for Secured Creditor Westransco, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE SOURCE HOTEL, LLC, a<br>California limited liability company,<br><br>            Debtor and Debtor-in-<br>            Possession. | Case No. 8:21-bk-10525-ES<br><br>Chapter 11<br><br>**CREDITOR WESTRANSCO, INC.'S OPPOSITION TO DEBTOR'S MOTION FOR ENTRY OF ORDER: (1) AUTHORIZING SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (2) AUTHORIZING THE DEBTOR'S ASSUMPTION AND ASSIGNMENT OF GROUND LEASE AND DETERMINING CURE AMOUNT; (3) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(h) AND 6006(d); AND (4) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LARRY DENKLER IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:      September 30, 2021<br>Time:      2:00 p.m.<br>Place:     ZoomGov |

Secured Creditor Westransco, Inc. ("Westransco") hereby submits its opposition (the "Opposition") to Debtor's Motion for Entry of an Order (1) Authorizing Sale of Substantially All of the Debtor's Assets; (2) Authorizing the Debtor's Assumption and Assignment of Ground Lease

GOE FORSYTHE & HODGES LLP
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612

and Determining Cure Amount; (3) Waiving the 14-Day Stay Periods Set Forth in Bankruptcy Rules 6004(h) and 6006(d); and (4) Granting Related Relief (the "Motion") [Docket No. 227].  In support of the Opposition, Westransco submits the following memorandum of points and authorities, and the declaration of Larry Denkler ("Denkler Declaration").  In particular, as referenced on p. 30, line 7, Westransco has a warehousemen's lien of at least $298,074.11 and does not consent to the sale free and clear of liens.  In the event the sale is approved, Westransco hereby demands adequate protection of its lien by payment in full of its secured claim.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Westransco has been providing storage services, both pre and post-petition, for the Debtor's FF&E (defined below) including various outdoor patio furniture and Fairmont Design casegoods for furnishing and decorating the 178 guest rooms, suits, and common areas of the Hotel (defined below).  Since October 2019, the Debtor has failed to pay the storage fees and costs due pre-petition for a total amount of approximately $191,428.26 which is secured by a warehouse lien pursuant to section 7209 of California Commercial Code, and it has not paid Westransco any storage fees and costs due post-petition exceeding $80,000 which amount is also secured by the warehousemen's lien and is entitled to administrative priority, while at all times fully cooperating with the Receiver and other parties by allowing access and inventorying of the FF&E.

Westransco has been very cooperative with the Debtor and others in the hope to maximize the value of the Debtor.  Westransco files this Opposition to preserve its warehouse lien and requires adequate protection by payment in full of its secured claim.  Simply put, Westransco needs to be paid regardless of who eventually owns the Hotel.[1]

## II.    RELEVANT FACTUAL BACKGROUND

On February 26, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").  Since at least 2014, the Debtor has been developing a full-service, seven-story hotel with 178 rooms in the City of Buena

---

[1] Unlike various mechanics liens and the EB-5 lenders which may be junior to Shady Bird's lien on the Hotel, Westrancsco's lien on the FF&E is not junior to Shady Bird.

GOE FORSYTHE & HODGES LLP
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612

Park, County of Orange, State of California (the "Hotel"). Construction of the Hotel began in 2016. The Debtor already purchased flooring and carpeting, lighting, appliances, trade fixtures, furniture, furnishings and equipment (collectively, "FF&E") which have not been installed to the Hotel and are stored at Westransco. The Debtor's primary assets consist of a substantial amount of FF&E in addition to the Hotel and its leasehold interest in the real property on which the Hotel is being constructed.

Since October 2019, the Debtor has kept storing multiple trailers of FF&E in the warehouses of Westransco, a full logistics company based out of Anaheim, California which provides transportation, installation, warehouse, liquidation, and logistics services. Specifically, Westransco received and stored in its local warehouses located in Corona and Buena Park all new FF&E items for guest rooms, common areas including a lobby, a dining area, meeting rooms, a pre-function area, a fitness center, a lounge, and Buffet/bar to be installed in the Hotel. The FF&E items included case goods, upholstery, chairs, tables, consoles, benches, TVs and wall mounts, artwork and mirrors. To date, all of the FF&E are currently stored in Westransco's warehouses.

The Debtor has failed to pay the storage fees and costs due for the period from October 2019 to the Petition Date in a total amount of approximately $191,428.26, and these due fees and costs are secured by a warehouse lien pursuant to section 7209 of California Commercial Code. Accordingly, on June 18, 2021, Westransco filed a Proof of Claim #10-1 to reflect the same. Furthermore, the Debtor has continued to store the FF&E in the warehouses of Westransco post-petition but has not been paying the storage fees and costs becoming naturally due post-petition which now exceeds $80,000.

On September 9, 2021, the Debtor filed the Motion seeking the Court's approval of a sale of the hotel and FFE free and clear of liens, among other relief.

To be clear, Westransco does not oppose a sale provided that secured/administrative claims are paid in full. Westransco has been very cooperative with the Debtor in the hope to maximize the value of the Debtor. Westransco files this Opposition to the extent Debtor seeks to sell the FF&E fee and clear, to preserve its warehouse lien and to make certain Westransco's post-petition administrative claim is paid in full.

**III.    WESTRANSCO'S SECURED CLAIM MUST BE PRESERVED AND WESTRANSCO DOES NOT CONSENT TO A SALE FREE AND CLEAR OF ITS LIEN**

Section 363(e) provides:

Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

11 U.S.C. § 363(e).

Section 361(1) in turn provides that when adequate protection is called for under section 363, it may be provided in the way of cash payments compensating the affected entity for the decrease in the value of its interest. 11 U.S.C. § 361(1). "In short, an entity whose lien or other interest is removed from property in order to facilitate its sale is entitled to compensation for whatever loss the removal causes the entity." *Ill. Dep't of Revenue v. Hanmi Bank*, 895 F.3d 465, 473 (7th Cir. 2018); *see United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370-71 (1988). "Typically, the entity is compensated from the proceeds of the sale." *Ill. Dep't of Revenue v. Hanmi Bank*, 895 F.3d at 473; *see Precision Indus., Inc. v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 548 (7th Cir. 2003); *In re Nov. 2005 Land Investors, LLC*, 636 F. App'x 723, 726 (9th Cir. 2016).

The requirement of adequate protection in section 363(e) is mandatory. *Metromedia Fiber Network Servs. v. Lexent, Inc.* (*In re Metromedia Fiber Network, Inc.*), 290 B.R. 487 (Bankr. S.D.N.Y. 2003) ("Section 363(e) is not permissive or discretionary—it states that the court "shall" grant the relief specified, at any time, on request of the secured entity.")  Pursuant to Section 363(e), a party whose interest has been removed from property in this way is entitled to "adequate protection," which typically takes the form of a payment from the sale proceeds to compensate the party for the decrease in value of its interest. See §§ 361, 363; *Precision Indus., Inc. v. Qualitech Steel SBQ, LLC*, 327 F.3d at 548 (7th Cir. 2003).

1    Pursuant to section 7209 of California Commercial Code, a warehouse has a warehouse

2    lien against the bailor on the goods covered by a warehouse receipt or storage agreement or on the

3    proceeds thereof in its possession.  See Cal. Com. Code § 7209(a).  Section 7209(e) also provides

4    that a warehouse "loses its lien on any goods that it voluntarily delivers or unjustifiably refuses to

5    deliver." See Cal. Com. Code § 7209(e).

6    The Motion proposes to sell the FF&E stored in Westransco's warehouses free and clear of

7    its lien.  Westransco opposes the Motion to the extent it could result in Westransco's losing its

8    warehouse lien against the FF&E stored in its warehouses.  Westransco does not consent to a sale

9    free and clear of its lien and to the extent the Motion is granted, Westransco demands adequate

10   protection pursuant to Section 363(e) in the form of payment in full of its pre- and post-petition

11   claims secured by its warehousemen's lien.

### IV.    CONCLUSION

13   Based on the foregoing analysis, secured creditor Westransco respectfully requests the

14   Court deny the Motion unless it is conditioned on payment in full of Westransco's warehouse

15   lien for all storage fees and costs that naturally come due pending the sale the Hotel and the

16   FF&E until the FF&E stored in Westransco's warehouses are removed.

17   DATED:        September 15, 2021            **GOE FORSYTHE & HODGES LLP**

18                                              By: /s/ *Robert P. Goe*

19                                                  Robert P. Goe,
                                                    Attorneys for Westransco, Inc.

GOE FORSYTHE & HODGES LLP
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612

**DECLARATION OF LARRY DENKLER**

I, Larry Denkler, hereby declare as follows:

1.      I am the Senior Vice President of Westransco, Inc. ("Westransco"), which is a secured creditor of the Source Hotel, LLC, a California limited liability company and the debtor and debtor-in-possession herein (the "Debtor").  I am familiar with the business operations of Westransco and the transactions concerning the FF&E storage between Westransco and the Debtor.  I have personal knowledge of the facts set forth below, and if called to testify, I would and could competently testify thereto.

2.      I make this declaration in support of that certain *Opposition to Debtor's Motion for Entry of Order: (1) Authorizing Sale of Substantially All of the Debtor's Assets; (2) Authorizing the Debtor's Assumption and Assignment of Ground Lease and Determining Cure Amount; (3) Waiving the 14-Day Stay Periods Set Forth in Bankruptcy Rules 6004(h) and 6006(d); and (4) Granting Related Relief* ("Opposition"), to which this declaration is attached.  All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Opposition.

3.      Westransco is a full logistics company based out of Anaheim, California which provides transportation, installation, warehouse, liquidation, and logistics services.

4.      Since October 2019, the Debtor has continued storing multiple trailers of FF&E in the warehouses of Westransco.

5.      Specifically, Westransco received and stored in its local warehouses located in Corona and Buena Park all new FF&E items for guest rooms, common areas including a lobby, a dining area, meeting rooms, a pre-function area, a fitness center, a lounge, and Buffet/bar to be installed in the Hotel.

6.      The FF&E items included flooring and carpeting, lighting, appliances, trade fixtures, furniture, furnishings and equipment, for instance, case goods, upholstery, chairs, tables, consoles, benches, TVs and wall mounts, artwork and mirrors, which were already purchased by the Debtor but have not been installed to the Hotel.  All of these FF&E items are still being stored in Westransco's warehouse.

GOE FORSYTHE & HODGES LLP
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612

7.    The Debtor has failed to pay the storage fees and costs due for the period from October 2019 to the Petition Date in a total amount of approximately $191,428.26, and these due fees and costs are secured by a warehouse lien pursuant to section 7209 of California Commercial Code. Accordingly, on June 18, 2021, Westransco filed a Proof of Claim #10-1 to reflect the same.

8.    The Debtor has continued to store the FF&E in the warehouses of Westransco post-petition but has not been paying the storage fees and costs becoming naturally due post-petition which now exceed $80,000.

9.    Westransco has and will continue to cooperate with all parties in this case, and simply wants to ensure that it is paid but does not consent to the sale of the FF&E free and clear of its warehousemen's lien.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this **15** day of September ___, 2021, at ___CORONA___ (city), California.

Larry Denkler

GOE FORSYTHE & HODGES LLP
18301 Von Karman Avenue
Suite 1200
Irvine, CA 92612

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **CREDITOR WESTRANSCO, INC.'S OPPOSITION TO DEBTOR'S MOTION FOR ENTRY OF ORDER: (1) AUTHORIZING SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (2) AUTHORIZING THE DEBTOR'S ASSUMPTION AND ASSIGNMENT OF GROUND LEASE AND DETERMINING CURE AMOUNT; (3) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(h) AND 6006(d); AND (4) GRANTING RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF LARRY DENKLER IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.     TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 15, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒     Service information continued on attached page

**2.     SERVED BY UNITED STATES MAIL**:
On (*date*) September 15, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067

☐     Service information continued on attached page

**3.     SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 15, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Erithe Smith, USBC, 411 West Fourth Street, Santa Ana, CA 92701
(Document delivery suspended due to COVID-19 protocols)

☐     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 15, 2021 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

GOE FORSYTHE & HODGES LLP
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612

**Mailing Information for Case 8:21-bk-10525-ES**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Ron Bender     rb@lnbyb.com**
- **Christopher G. Cardinale     ccardinale@agclawfirm.com, mgonzalez@agclawfirm.com**
- **Michael G Fletcher     mfletcher@frandzel.com, sking@frandzel.com**
- **Amir Gamliel     amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com**
- **Robert P Goe     kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com**
- **Nancy S Goldenberg     nancy.goldenberg@usdoj.gov**
- **Peter F Jazayeri     peter@jaz-law.com**
- **Daniel A Lev     dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com**
- **Robert K Lu     ewu@reidwise.com**
- **Kyle J Mathews     kmathews@sheppardmullin.com**
- **Juliet Y Oh     jyo@lnbyb.com, jyo@lnbrb.com**
- **Ho-El Park     hpark@hparklaw.com**
- **Ronald N Richards     ron@ronaldrichards.com, morani@ronaldrichards.com**
- **United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov**

GOE FORSYTHE & HODGES LLP
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612