SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
AARON J. MALO, Cal. Bar No. 179985
KYLE MATHEWS, Cal. Bar No. 218384
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626
Telephone:  714.513.5100
Facsimile:  714.513.5130
E mail      amalo@sheppardmullin.com
              kmathews@sheppardmullin.com

Attorneys for BO1BO2 United Management, LLC; Beach Orangethorpe, LLC; and Beach Orangethorpe II, LLC

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>THE SOURCE HOTEL, LLC, a California limited liability company,<br><br>      Debtor and Debtor in Possession. | Case No.: 8:21-bk-10525-ES<br>Chapter 11<br><br>**LENDERS' OBJECTION TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT**<br><br>Hearing<br>Date:  September 30, 2021<br>Time:  2:00 p.m.<br>Place:  ZoomGov |

      The Source at Beach Secured Parties (defined below) do not object to the Debtor's sale motion, nor do they object to the assignment and assumption of the Ground Lease. Their only objection is directed to the Debtor's attempt to assign the Ground Lease without curing defaults occurring thereunder.

Beach Orangethorpe, LLC, a California limited liability company ("BO1"), Beach Orangethorpe II, LLC, a California limited liability company ("BO2"), and BO1BO2 United Management LLC, a California limited liability company (in its capacity as collateral agent for the Source at Beach Lenders (as defined below), "Collateral Agent" and collectively with BO1 and BO2, the "Source at Beach Secured Parties") hereby object to the assumption and assignment of the below-described executory contract, as proposed in the Debtors' *Motion for Entry of an Order: (1) Authorizing Sale of Substantially All of the Debtors' Assets; (2) Authorizing the Debtor's Assumption and Assignment of Ground Lease and Determining Cure Amount; (3) Waiving the 14-Day Stay Periods Set Forth in Bankruptcy Rules 6004(h) and 6006(d); and (4) Granting Related Relief* [Docket No. 227] (the "Sale Motion") filed on September 9, 2021 in the above-captioned case.[1] Pursuant to the Sale Motion, the Debtor has proposed to assume and assign the Ground Lease by and between The Source at Beach, LLC ("Project Owner") and the Debtor dated April 6, 2015 (attached hereto as Exhibit A) (the "Ground Lease") and has proposed a related $0 cure amount.

The BO1, BO2, Beach Orangethorpe Ventures, LLC, a California limited liability company ("BO3") and Beach Orangethorpe Source, LLC, a California limited liability company ("BO4" and together with BO1, BO2, BO3 and BO4, collectively, the "Source at Beach Lenders") provided financing to Project Owner secured by certain deeds of trust (collectively, the "Deeds of Trust").[2] The Deeds of Trust encumber the Project Owner's fee interest in the entire "Source at Beach" project, including the Hotel Complex Premises (as defined in the Ground Lease), as well as the adjacent mall and office park (the entire project encumbered by the Deeds of Trust is referred to hereinafter as the "Source at Beach Project"). The Source at Beach Lenders entered into a Ground Lessor's Consent, Estoppel

---

[1] Counsel for Source at Beach Secured Parties brought this issue to the attention of Debtor's counsel on September 14, 2021 and requested an extra two court days' extension within which to file this Objection. While the Debtor was willing to grant the extension, Shady Bird Lending, LLC objected. This resulted in the need to file this Objection on September 15, 2021, to avoid the need to file on Yom Kippur. We ask the Court's indulgence with any typos that may have resulted from this rushed filing.

[2] True and correct copies of the Deeds of Trust are attached hereto as Exhibits B-1, B-2, B-3 and B-4.

Certificate and Fee Mortgage Agreement, dated as of April 6, 2015, whereby the Source at Beach Lenders subordinated their interests in the Hotel Complex Premises to the Ground Lease on the terms and conditions set forth therein.

A recent preliminary title report (attached hereto as <u>Exhibit C</u>) reveals the presence of over 40 mechanics liens and *lis pendens* on the Source at Beach Project arising from the Debtor's failure to pay construction costs.[3] Unfortunately, the mechanics lien claimants did not limit their liens to the Debtor's leasehold interest in the Hotel Complex Premises. Instead, many of the mechanics liens were filed against the Project Owner and purport to encumber the Project Owner's fee interest in the Hotel Complex Premises and/or other parts of the Source at Beach Project.

Pursuant to Article 12 of the Ground Lease, the Debtor agreed that "it will pay, or cause to be paid, all costs of labor, services and/or materials supplied in the prosecution of any work, done, or caused to be done, on the Hotel Complex Premises, and [Debtor] will keep the Hotel Complex Premises free and clear of all mechanics' liens and other liens on account of work done for [Debtor] or persons claiming under [Debtor]." The Debtor was in default under the Ground Lease pre-petition, and remains so today. Allowing the mechanics liens to persist on the Hotel Complex Premises and other parts of the Source at Beach Project constitutes a default under the Ground Lease.

Section 365(b)(1) of the Bankruptcy Code provides that:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, as the time of the assumption such contract or lease, the trustee . . . (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision…relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing

---

[3] Due to the voluminous nature of the mechanics lien documentation, only the report has been attached to this Objection. Copies of the mechanics liens are available upon request.

nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease…; (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party . . . for any actual pecuniary loss . . . resulting from such default; and (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

Courts in this Circuit hold that "curing" defaults under an executory contract for Section 365 purposes requires cures of both monetary and nonmonetary defaults. *See In re Claremont Acquisition Corp., Inc.*, 113 F.3d 1029, 1033 (9th Cir. 1997) (In general, a debtor must cure all defaults, both monetary and nonmonetary, prior to the assumption and assignment of an executory contract.); *see also In re Arriva Pharmaceuticals, Inc.*, 456 B.R. 419, 423-24 (Bankr. N.D. Cal. 2011) ("The cure requirement applies to both monetary and nonmonetary defaults"); *See In re 2712 Mission Partners, L.P.*, No. 08–32226 TEC, 2010 WL 431738, *3 n.4 (Bankr. N.D. Cal. Jan. 25, 2010) (in parallel analysis, finding that section 1142(2)(A) requires the cure of almost all non-monetary defaults except those enumerated in 365(B)(2)(D)). In other words, in order to "cure" the defaults under the Ground Lease for purposes of assumption and assignment, the Debtor must do more than merely pay the $0 "cure amount" referenced in the Sale Motion; it must also cure the existing non-monetary defaults created by allowing mechanics liens to affix to the Hotel Complex Premises and other parts of the Source at Beach Project. That can be easily accomplished here if the Debtor pays amounts owed to the holders of the mechanics liens.

While the Source at Beach Secured Parties do not specifically object to the $0 monetary cure amount set forth in the Sale Motion, the Source at Beach Secured Parties dispute that such a $0 payment is all that is required to cure the defaults under the Ground Lease. The Source at Beach Secured Parties ask that the Court require any assignee of the

Ground Lease fully cure all performance obligations under the Ground Lease as a condition to any assumption and assignment, as required by Section 365(b)(1), including the removal of all mechanics liens and *lis pendens* from the Source at Beach Project. Without limiting the foregoing, any "cure" must include the requirement to remove any mechanics liens and other liens on the property arising out of work done for the Debtor or persons claiming under the Debtor.

      The Source at Beach Secured Parties hereby expressly reserve all rights and remedies they may have against the Debtor under the Ground Lease and Section 365 of the Bankruptcy Code.

Dated: September 15, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By *[signature]*
    AARON J. MALO
    KYLE J. MATHEWS

Attorneys for BO1BO2 United Management, LLC
Beach Orangethorpe, LLC
Beach Orangethorpe II, LLC

SMRH:4830-3369-1643.3      OBJECTION TO ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACT