Daniel A. Lev (CA Bar No. 129622)
  dlev@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Ronald Richards (CA Bar No. 176246)
  ron@ronaldrichards.com
Law Offices of Ronald Richards & Associates, APC
P.O. Box 11480
Beverly Hills, California 90213
Telephone:  310.556.1001
Facsimile:  310.277.3325

Attorneys for Shady Bird Lending, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE SOURCE HOTEL, LLC,<br><br>　　　　Debtor. | Case No. 8:21-bk-10525-ES<br><br>Chapter 11<br><br>**SHADY BIRD LENDING LLC'S RESPONSE TO DEBTOR'S MOTION FOR ENTRY OF ORDER: (1) AUTHORIZING SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (2) AUTHORIZING THE DEBTOR'S ASSUMPTION AND ASSIGNMENT OF GROUND LEASE AND DETERMINING CURE AMOUNT; (3) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(h) AND 6006(d); AND (4) GRANTING RELATED RELIEF**<br><br>DATE:　September 30, 2021<br>TIME:　2:00 p.m.<br>PLACE: Courtroom "5A" |

DAL 2727702v1

Shady Bird Lending, LLC ("Shady Bird"), hereby submits "Shady Bird Lending, LLC's Response to Debtor's Motion for Entry of Order: (1) Authorizing Sale of Substantially All of the Debtor's Assets; (2) Authorizing the Debtor's Assumption and Assignment of Ground Lease and Determining Cure Amount; (3) Waiving the 14-Day Stay Periods Set Forth in Bankruptcy Rules 6004(h) and 6006(d); and (4) Granting Related Relief" (the "Response"), in response to the "Debtor's Motion for Entry of Order: (1) Authorizing Sale of Substantially All of the Debtor's Assets; (2) Authorizing the Debtor's Assumption and Assignment of Ground Lease and Determining Cure Amount; (3) Waiving the 14-Day Stay Periods Set Forth In Bankruptcy Rules 6004(h) and 6006(d); and (4) Granting Related Relief; Memorandum of Points and Authorities; Declarations of Donald Chae and Chris Jackson in Support Thereof" (the "Motion"), filed by the debtor The Source Hotel, LLC (the "Debtor"), and represents as follows:

## I.

## **PREFATORY STATEMENT**

Shady Bird agrees with the Debtor that the Hotel either should be sold or relief from stay should be granted according to the Settlement Stipulation previously approved by the Court.[1]  But while the Motion correctly recognizes that, under the Settlement Stipulation, Shady Bird retains its statutory right to credit bid pursuant to 11 U.S.C. § 363(k), there certainly may be a scenario in which a third-party buyer becomes the successful purchaser of the Hotel.  If this, in fact, occurs, Shady Bird consents to a sale of the Hotel free and clear of its undisputed first priority lien pursuant to 11 U.S.C. § 363(f)(2), but only to the extent the sales proceeds are in an amount sufficient to pay the

---

[1] Unless otherwise stated, the use of capitalized terms herein shall have the meaning ascribed to them in the "Debtor's Motion for Entry of Order: (1) Authorizing Sale of Substantially All of the Debtor's Assets; (2) Authorizing the Debtor's Assumption and Assignment of Ground Lease and Determining Cure Amount; (3) Waiving the 14-Day Stay Periods Set Forth In Bankruptcy Rules 6004(h) and 6006(d); and (4) Granting Related Relief; Memorandum of Points and Authorities; Declarations of Donald Chae and Chris Jackson in Support Thereof" [Docket No. 227].

total amount of Shady Bird's allowed secured claim as of the closing, which has increased since the date of the Settlement Stipulation.

Since a sale predicated on Shady Bird's consent can only occur if the eventual sale price exceeds the amount of Shady Bird's lien, the provisions of 11 U.S.C. § 506(b) dictate that Shady Bird is entitled to post-petition interest, fees, and costs. Section 506(b) specifically provides that:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

11 U.S.C. § 506(b).

In general, Section 506(b) provides for the allowance of fees (including attorney's fees), costs and charges provided that (i) the claim is an allowed, secured claim; (ii) the creditor holding the claim is oversecured; (iii) the fees, costs, and charges are provided for by the agreement, or state statute, under which the creditor's claim arose; and (iv) the fees, costs, and charges are reasonable.  See Eastman Nat'l Bank v. Sun 'N Fun Waterpark LLC (In re Sun 'N Fun Waterpark LLC), 408 B.R. 361, 366 (B.A.P. 10th Cir. 2009); In re SNTL Corp., 380 B.R. 204 (B.A.P. 9th Cir. 2007); In re Karmai, 316 B.R. 544 (B.A.P. 9th Cir. 2004); In re Alpine Group, Inc., 151 B.R. 931 (B.A.P. 9th Cir. 1993).

Here, the Debtor seeks approval to sell the Hotel for an as of yet undetermined amount, subject to any potential overbids over the initial designated highest bid.  As stated in the Motion, the amount of Shady Bird's secured claim is no less than $32,926,074.66.  Assuming the sale price exceeds this amount, plus any other additional fees, interest, or charges properly allowed, which it must in order for the Debtor

to satisfy the requirements of Section 363(f), Shady Bird is oversecured and entitled to the payment of its post-petition interest, fees, and costs.  As such, if the Debtor holds back a portion of the proceeds with respect to any disputed portion of Shady Bird's claim, the Debtor must include a further reserve for additional post-petition interest, fees, and costs.

In this regard, in the event Shady Bird elects to participate as a bidder and is not the successful purchaser, the Court should order the Debtor to include an additional reserve to cover any further post-petition interest, fees, and costs incurred by Shady Bird.  Here, the operative loan agreement provides that in the event of default, the borrower shall pay all of lender's costs and expenses, including lender's attorneys' fees and legal expenses, incurred in connection with the enforcement of the loan agreement.  This includes all fees and expenses incurred by Shady Bird during this chapter 11 case.

The Supreme Court in Travelers Casualty & Surety Company of America v. Pacific Gas & Electric Co., 549 U.S. 443, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007), expressly rejected the Ninth Circuit's prior approach under Fobian v. Western Farm Credit Bank (In re Fobian), 951 F.2d 1149 (9th Cir. 1991), that looked to the Bankruptcy Code rather than state law in order to disallow a creditor's entitlement to post-petition fees and costs litigating issues that were bankruptcy specific.  See Travelers Casualty, 549 U.S. at 452.  Thus, any post-petition fees and costs incurred by Shady Bird are compensable from the proceeds of the sale.

To the extent Shady Bird is forced to litigate the amount of its claim or a portion thereof with the Debtor, those fees and costs are recoverable under Section 506(b).  So too is the post-petition interest incurred on the unpaid disputed portion of Shady Bird's claims.  Therefore, if the Debtor elects to dispute a portion of the claim, Shady Bird requests that the Court order the Debtor to hold back in escrow an amount equal to the disputed amount, plus an additional $200,000 to cover any incremental post-petition interest, fees, and costs incurred by Shady Bird.  As further adequate protection, Shady Bird requests that the sale order expressly provide that Shady Bird's lien will

continue to attach to the net sales proceeds in the event any portion of its claim is not paid on closing.[2]

## II.

## **CONCLUSION**

Based on the foregoing, Shady Bird respectfully requests that the Motion be granted in a manner consistent with this Response, and for such other and further relief as the Court deems just and proper under the circumstances.

DATED: September 16, 2021    **Sulmeyer**Kupetz
A Professional Corporation


By: /s/ *Daniel A. Lev*
    Daniel A. Lev
    Attorneys for Shady Bird Lending, LLC

DATED: September 16, 2021    Law Offices of Ronald Richards & Associates, APC


By: /s/ *Ronald Richards*
    Ronald Richards
    Attorneys for Shady Bird Lending, LLC

---

[2] Shady Bird already has provided the Debtor a complete accounting of the attorneys' fees and construction costs incurred to date. Shady Bird is hopeful the parties can agree on the remaining fees and costs as contemplated by the Settlement Stipulation.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **SHADY BIRD LENDING LLC'S RESPONSE TO DEBTOR'S MOTION FOR ENTRY OF ORDER: (1) AUTHORIZING SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (2) AUTHORIZING THE DEBTOR'S ASSUMPTION AND ASSIGNMENT OF GROUND LEASE AND DETERMINING CURE AMOUNT; (3) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(h) AND 6006(d); AND (4) GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 16, 2021 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**See Attached**

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 16, 2021 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 2710485v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Ron Bender on behalf of Debtor The Source Hotel, LLC
rb@lnbyb.com

Christopher G. Cardinale on behalf of Creditor City Of Buena Park
ccardinale@agclawfirm.com, mgonzalez@agclawfirm.com

Christopher G. Cardinale on behalf of Interested Party City Of Buena Park
ccardinale@agclawfirm.com, mgonzalez@agclawfirm.com

Michael G Fletcher on behalf of Creditor Evertrust bank
mfletcher@frandzel.com, sking@frandzel.com

Amir Gamliel on behalf of Interested Party Courtesy NEF
amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com

Robert P Goe on behalf of Creditor Westranco, Inc.
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Peter F Jazayeri on behalf of Interested Party Cordes & Company, by and through Bellann Raile
peter@jaz-law.com

Peter F Jazayeri on behalf of Other Professional Cordes & Company, by and through Bellann Raile
peter@jaz-law.com

Daniel A Lev on behalf of Creditor Shady Bird Lending, LLC
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Robert K Lu on behalf of Creditor Beach Orangethorpe Hotel, LLC; Beach Orangethorpe Hotel II, LLC
ewu@reidwise.com

Robert K Lu on behalf of Creditor Jian Hua
ewu@reidwise.com

Kyle J Mathews on behalf of Creditor Beach Orangethorpe Hotel, LLC; Beach Orangethorpe Hotel II, LLC
kmathews@sheppardmullin.com

Kyle J Mathews on behalf of Creditor Beach Orangethorpe, LLC; Beach Orangethorpe II, LLC
kmathews@sheppardmullin.com

Juliet Y Oh on behalf of Debtor The Source Hotel, LLC
jyo@lnbyb.com, jyo@lnbrb.com

Ho-El Park on behalf of Interested Party Courtesy NEF
hpark@hparklaw.com

Ronald N Richards on behalf of Creditor Shady Bird Lending, LLC
ron@ronaldrichards.com, morani@ronaldrichards.com

CC 2710485v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **F 9013-3.1.PROOF.SERVICE**

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

CC 2710485v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**