ORIGINAL

Dale A. Ortmann, Esq., SBN 094226
ortmann@huntortmann.com
Dustin Lozano, Esq.., SBN 296518
lozano@huntortmann.com
HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 North Lake Avenue, 7th Floor
Pasadena, California 91101-1807
Phone: (626) 440-5200 - Fax: (626) 796-0107

Attorneys for Creditor Aragon Construction, Inc.



FILED
SEP 16 2021
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

**BY FAX**

| | |
|---|---|
| In re<br><br>THE SOURCE HOTEL, LLC,<br><br>        Debtor. | Case No. 8:21-bk-10525-ES<br>Chapter 11<br><br>**CREDITOR ARAGON CONSTRUCTION, INC.'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF ORDER: (1) AUTHORIZING SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; (2) AUTHORIZING THE DEBTOR'S ASSUMPTION AND ASSIGNMENT OF GROUND LEASE AND DETERMINING CURE AMOUNT; (3) WAIVING THE 14-DAY STAY PERIODS SET FORTH IN BANKRUPTCY RULES 6004(H) AND 6006(D); AND (4) GRANTING RELATED RELIEF**<br><br>Date:    September 30, 2021<br>Time:   2:00 p.m.<br>Place:   ZoomGov |

1326822.1 DL 3831.008

1

CREDITOR ARAGON CONSTRUCTION, INC.'S
OBJECTION TO DEBTOR'S MOTION FOR
ENTRY OF ORDER, etc.

## INTRODUCTION

ARAGON CONSTRUCTION, INC. ("ARAGON"), respectfully submits this opposition (the "Opposition") to the Motion for Entry of Order (1) Authorizing Sale of Substantially All of the Debtor's Assets; (2) Authorizing the Debtor's Assumption and Assignment of Ground Lease and Determining Cure Amount; (3) Waiving the 14-Day Stay Periods Set Forth in Bankruptcy Rules 6004(h) and 6006(d); and (4) Granted Related Relief [Dkt. 227] (the "Motion") filed by Debtor and Debtor in Possession The Source Hotel, LLC ("Debtor"). ARAGON objects to the request made by Debtor to sell its assets free and clear of all liens and encumbrances pursuant to 11 U.S.C. § 363(f), as it is not appropriate in this instance.

## STATEMENT OF FACTS

The basis of ARAGON's interests in the Motion stem from its mechanic's lien on Debtor's development of a full-service, seven-story hotel in Buena Park California ("Hotel Project"). Dkt. 227, 7:17-18. Construction began on the Hotel Project in or about 2016, with a deed of trust securing a construction loan being recorded by Evertrust Bank ("Evertrust") on June 3, 2016. Dkt. 227, 8:27-9:8. In relation to the Hotel Project, ARAGON agreed to furnish all necessary labor, materials, and equipment under a subcontract with Debtor's general contractor for its project.

By late 2019, Debtor was forced to halt construction on the Hotel Project. Dkt. 227, 9:11¬13. By this time, ARAGON had also failed to receive payment for its labor, materials and equipment for the Hotel Project in the total sum of $66,124.20 on its subcontract. Dkt. 227, 29:19-20. As a result, and pursuant to California law, ARAGON recorded a mechanics lien in the Orange County Recorder's Office as Document No. 2020000426872.

Within the time proscribed by California law, ARAGON perfected its mechanics liens by filing a foreclosure lawsuit in the Orange County Court, Case Number 30-2020-01165129-CU-MC-CJC ("Civil Case"). Since the filing of the Civil Case, a dispute has been identified regarding the priority of the mechanics liens recorded on the Hotel Project property. Currently the Civil Case, and all related cases, are stayed, including for discovery purposes.

## ARGUMENT

This objection is based on Debtor's request that the Hotel Project Property be sold free and clear of all liens and encumbrances. This objection is grounded in California mechanics lien laws, which undermines the applicability of any of the instances enumerated in 11 U.S.C. § 363(f) required to proceed with a sale of estate assets free and clear of all liens and encumbrances.

Under 11 U.S.C. § 363(f), a debtor in possession may sell estate property "free and clear of any interest in such property of an entity other than the estate, only if":

(1)    applicable non-bankruptcy law permits the sale of such property free and clear of such interest;

(2)    such entity consents;

(3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)    such interest is in bona fide dispute; or

(5)    such entity could be compelled, in legal or equitable proceedings to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). ARAGON asserts that the required condition(s) do not exist in this case.

### A.    11 U.S.C. § 363(f)(2) – Consent

Debtor contends that it "...believes that Shady Bird, the EB-5 Lenders, and all other creditors who assert liens against the Assets (or a portion thereof) will consent to the sale of the Assets as proposed herein." Dkt. 227, 30:11-13. However, this belief is untrue as to ARAGON and unfounded, at least as to the creditors holding mechanics liens against the Hotel Project property.

The mechanics lien remedy is rooted in the California Constitution, which directs the legislature to provide for the speedy and efficient enforcement of such liens. Cal Const art XIV, §3. See §1.2. The mechanics lien system is the only creditors' remedy stemming from a constitutional mandate. <u>Connolly Dev., Inc. v Superior Court</u>, 17 Cal. 3d 803, 826 (1976); *Solit v Tokai Bank, Ltd.*, 68 Cal. App. 4th 1435, 1442 (1999). Mechanics liens are security devices that

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

attach to a work of improvement to help ensure that the claimant who has provided labor, service, equipment, or material will be paid. The claimant is entitled to this protection because its contribution increases the value of the improved property. *Gary C. Tanko Well Drilling, Inc. v Dodds*, 117 Cal. App. 3d 588 (1981). The mechanics lien statutes were intended to prevent the unjust enrichment of a property owner at the expense of a laborer or a material supplier. *T.O. IX, LLC v Superior Court*, 165 CA4th 140, 146 (2008). The mechanics lien is effectively a claimant's most powerful tool and remedy where it has been left unpaid for contributions to a work of improvement and the voluntary election to forfeit a mechanics lien may have severe consequences for the claimant. In short, ARAGON does not consent to the sale of the Hotel Project property free and clear of its mechanics liens.

### B.  11 U.S.C. § 363(f)(5) – Compelled to Accept Money Satisfaction

Debtor further argues that it is authorized to sell estate assets free and clear of liens pursuant to 11 U.S.C. § 363(f)(5). However, this argument is without weight as it is premised upon Debtor's premature assertion that Shady Bird is the senior lien holder on the Hotel Project property. Dkt. 227, 32.

Under California law, a mechanics lien has priority over any deed of trust or other encumbrance which attaches after the commencement of the work of improvement. *Superior Lumber Co. v. Sutro*, 92 Cal. App. 3d 954, 958. Cal. Civ. Code section 8450. Pursuant to § 8450(a), a mechanics lien "has priority over a lien, mortgage, deed of trust, or other encumbrance on the work of improvement or the real property on which the work of improvement is situated, that (1) attaches after commencement of the work of improvement or (2) was unrecorded at the commencement of the work of improvement and of which the claimant had no notice." Because the right to a mechanics lien attaches upon the commencement of actual visible work, if work begins upon the property prior to the recordation of a deed of trust, all mechanics liens for that construction project take priority over the deed of trust even if recorded after the deed of trust. *See e.g. D'Orsay Internat. Partners v. Superior Court* (2004) 123 Cal. App. 4th 836, 838.

In the Civil Case, the issue of priority needs to be addressed and resolved. And, in order to resolve this issue, ARAGON will need to conduct discovery once the stay is lifted. Because of

this, Debtor's assertion that Shady Bird is the senior lienholder in this matter is premature. As such, its analysis regarding the possible compulsion of ARAGON (or any other mechanics lien holding creditor) to accept a money satisfaction of such interest gets ahead of itself without the issue of priority being resolved.

### C.   Waiver of the Fourteen-Day Waiting Period Per Federal Rules of Bankruptcy Procedure, Rule 6004(h)

Rule 6004(h) of the Federal Rules of Bankruptcy Procedure provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The purpose of this subsection is to provide sufficient time for an objecting party to appeal an order before it is implemented. *See* 10 Collier on Bankruptcy ¶ 6004.11 at 6004-26 (Alan N. Resnick & Henry J. Sommer eds 16th ed. 2015). Rule 6004's Advisory Committee Notes do not provide for when a court should "order otherwise." Thus, because there is at least one objection to Debtor's Motion, ARAGON respectfully requests this Court to deny Debtor's request to waive the fourteen-day waiting period, even if the Court issues the order requested by Debtor.

### CONCLUSION

ARAGON respectfully requests that the Court deny Debtor's Sale Order to the extent that it would allow the sale of the Hotel Project property free and clear of all liens and encumbrances on the grounds that 11 U.S.C. § 363(f) has not been satisfied. Alternatively, in the event that the Court does allow for the free and clear sale of the property, ARAGON respectfully request that the Court not waive the fourteen-day waiting period.

DATED: September 16, 2021

HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.

By: _____
DUSTIN LOZANO
Attorneys for Creditor Aragon Construction, Inc.