RON BENDER (SBN 143364)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: RB@LNBYB.COM; JYO@LNBYB.COM

Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.: 8:21-bk-10525-ES |
| THE SOURCE HOTEL, LLC, a California limited liability company, | Chapter 11 |
| Debtor and Debtor in Possession. | **DEBTOR'S THIRD CHAPTER 11 STATUS REPORT** |
| | Status Conference: |
| | Date: September 30, 2021 |
| | Time: 2:00 p.m. |
| | Place: ZoomGov |

1

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, ALL SECURED CREDITORS, TWENTY LARGEST UNSECURED CREDITORS, AND ALL PARTIES WHO HAVE REQUESTED SPECIAL NOTICE IN THIS CASE:**

The Source Hotel, LLC, a California limited liability company and the chapter 11 debtor and debtor-in-possession herein (the "Debtor"), hereby files this updated status report (the "Status Report") in advance of the continued Chapter 11 status conference scheduled on September 30, 2021.

The Debtor filed a voluntary petition for relief under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on February 26, 2021 (the "Petition Date"). The Debtor is continuing to manage its financial affairs and operate its bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

Since at least 2014, Debtor has been developing a full-service, seven-story hotel with 178 rooms in the City of Buena Park, County of Orange, State of California (the "Hotel"), which upon completion will include conference rooms, an executive lounge, fitness center, restaurant, bars, and cleaning services. The Debtor does not own the real property on which the Hotel is being constructed, but is a lessee pursuant to a 99-year ground lease for such real property (the "Ground Lease") with the Debtor's affiliate, The Source at Beach, LLC.

# I.

## ISSUES WHICH WILL NEED TO BE ADDRESSED IN THE DEBTOR'S CASE TO SUCCESSFULLY REORGANIZE

A. **Global Settlement with Shady Bird and Guarantors.**

Shortly after the Petition Date, the Debtor's primary secured lender, Shady Bird Lending, LLC ("Shady Bird"), filed three separate motions in the Debtor's bankruptcy case, including a motion seeking to designate the Debtor's chapter 11 bankruptcy case as a "single asset real estate" case pursuant to 11 U.S.C. §§ 101(51B) and 362(d)(3) (the "SARE Motion")[1], a motion

---

[1] The Court entered a written order denying the SARE Motion on April 28, 2021 [Doc. No. 97] (the "SARE Order"). The SARE Order is a the subject of an appeal initiated by Shady

seeking to excuse the state court appointed receiver (the "Receiver") from complying with the requirements of 11 U.S.C. § 543, specifically, the requirement to deliver to the Debtor all property belonging to the Debtor over which the Receiver currently has possession, custody or control (the "Receiver Motion"), and a motion seeking relief from the automatic stay to foreclose on the Hotel (the "RFS Motion"). All three motions were opposed by the Debtor, leading to a substantial amount of litigation between the Debtor and Shady Bird.

Over a period of many weeks, the Debtor, Shady Bird, and the guarantors of the Debtor's loan with Shady Bird, Donald Chae and Min Chae (the "Guarantors") engaged in extensive settlement discussions in an effort to reach a consensual resolution of their various disputes. Such discussions were fruitful and resulted in the settlement described in that certain *Stipulation For Relief From The Automatic Stay And Ancillary Relief* (together with the related agreements attached thereto, the "Settlement Stipulation"), a true and correct copy of which was filed with the Court on July 19, 2021 as Docket Number 188. The Settlement Stipulation provided for the consensual resolution of the RFS Motion, the Receiver Motion, and the pending state court action by Shady Bird against the Guarantors (the "Guarantor Action"), in accordance with the terms and conditions set forth in the Settlement Stipulation, and provided for a consensual marketing and sale process for the Hotel.

On July 22, 2021, the Debtor filed a motion, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, seeking Court approval of the compromises set forth in the Settlement Stipulation and the related agreements attached thereto [Doc. No. 190] (the "Settlement Motion"). At the hearing on the Settlement Motion held on August 12, 2021, the Court overruled all objections and granted the Settlement Motion in its entirety.

As a result of the Court's approval of the Settlement Stipulation, the continued hearings on the RFS Motion and the Receiver Motion scheduled on September 30, 2021 were vacated.

---

Bird, which appeal is currently pending before the United States District Court for the Central District of California (the "District Court"), Case No. 8:21-cv-00824-FLA (the "SARE Appeal"). All briefing in connection with the SARE Appeal has been completed and is pending oral arguments and/or a decision by the District Court.

B.  **Marketing And Sale Efforts.**

Among other terms, the Settlement Stipulation required the Debtor to file a motion for authority to conduct an auction of substantially all of the Debtor's assets, comprised primarily of (i) the Hotel, (ii) the Debtor's leasehold interest in the Ground Lease (the "Leasehold Interest"), and (iii) flooring and carpeting, lighting, appliances, trade fixtures, furniture, furnishings and equipment already owned by the Debtor ("FF&E," and together with the Hotel and the Leasehold Interest, the "Assets"), or a sale of the Assets by overbid if an acceptable stalking horse buyer is identified, for hearing on September 30, 2021 (or the first available hearing date thereafter).

In addition, the Settlement Stipulation provides for certain bidding procedures to be utilized in connection with the sale and auction of the Assets.  Specifically, the Settlement Stipulation requires that, in order for bidders to be eligible to participate in the auction of the Assets, bidders must be deemed financially qualified by the Debtor and/or NAI and provide a good faith deposit equal to at least 4% of the amount of the initial bid by no later than the date that is seven (7) days prior to the date of the auction.  The deposit shall be deemed nonrefundable if the bidder is approved by the Court as the successful bidder and such bidder fails to close its purchase of the Hotel within fifty (50) calendar days following the date of entry of the order approving the sale (such 50th calendar day, the "Outside Closing Date").

Pursuant to the Settlement Stipulation, the Debtor stipulated to relief from the automatic stay to permit a non-judicial foreclosure sale of the Hotel to occur on a date that is after (i) the auction date, if there is no financially qualified bidder by the bid deadline, or (ii) the Outside Closing Date, if there is at least one financially qualified bidder and provided a sale does not close on or before the Outside Closing Date.

In accordance with the terms of the Settlement Stipulation, on August 25, 2021, the Debtor filed a motion seeking approval of certain bidding procedures in connection with the auction and sale of the Assets.  On September 14, 2021, the Court entered a written order granting the Debtor's motion to approve the Debtor's proposed bidding procedures, subject to

certain modifications approved by the Court (the "Bidding Procedures"). Among other things, the Bidding Procedures require that bids for the Assets be submitted by September 23, 2021, and provide that, in the event there are two or more qualified bids submitted for the Assets by September 23, 2021, an auction be conducted before the Court on September 30, 2021 at 2:00 p.m. ("Auction").

The Debtor's Court-approved real estate broker, NAI Capital Commercial, Inc. ("NAI"), has been actively and diligently marketing the Assets for sale since June, 2021. In June, 2021, NAI listed the Assets on the Real Capital Markets (RCM) platform, which is a listing platform that NAI and all of its competitors utilize to reach active investors comprised of private investors, institutional funds, opportunity funds, pension funds/advisors, REITs, and other investors. NAI believes that the listing of the Hotel on the RCM platform ensured that the parties who it believes are the most likely purchasers of the Assets, including hotel groups, would be made aware of the opportunity to acquire the Assets. The Assets were also listed on Loopnet, Costar, and on NAI's internal sites in June and early July, 2021. Additionally, information regarding the sale of the Assets was e-mailed to NAI's own proprietary database of over 15,000 investors. Based on the foregoing, NAI believes that the opportunity to acquire the Assets has been widely broadcast and is therefore widely known.

NAI has made contact with numerous prospective buyers/investors and provided them with extensive financial and other information about the Assets. All prospective purchasers and investors who have signed a nondisclosure agreement were provided with access an electronic "data room" containing comprehensive information and documents relating to the Assets. To date, at least 61 parties have signed nondisclosure agreements and accessed the electronic data room to view information and documents relating to the Assets. Of these parties, NAI believes that there are currently nine (9) parties who are actively engaged and seriously interested in submitting a bid for the Assets.

On September 9, 2021, the Debtor filed a motion (i) seeking Court authority to sell the Assets, free and clear of liens, claims, encumbrances and other interests, to the qualified bidder

who is determined by the Court to be the highest and best bidder (including its designees, the "Buyer"), as determined at the Auction on September 30, 2021, (ii) seeking Court authority to assume the Ground Lease and assign the Ground Lease to the Buyer, (iii) establishing that the amount necessary to cure the Debtor's defaults under the Ground Lease is $0 (the "Cure Amount"), and (iv) granting related relief (the "Sale Motion").

A number of oppositions and responses to the Sale Motion have been filed by Shady Bird, certain mechanic's lien creditors, and other parties. The hearing on the Sale Motion is currently set for September 30, 2021 at 2:00 p.m.

## II.

## POST-PETITION ADMINISTRATION AND CASH COLLATERAL USE

On March 12, 2021, the Debtor filed the *Debtor's Notice Of Motion And Motion For Entry Of An Order: (A) Requiring Turnover Of Estate Cash By Evertrust Bank; (B) Authorizing Debtor To Use Cash Collateral; And (C) Authorizing Debtor To Obtain Post-Petition Financing From M+D Properties On An Unsecured Basis* [Doc. No. 21] (the "CC/Financing Motion"). Pursuant to the CC/Financing Motion, the Debtor sought the entry of a Court order (i) requiring Evertrust Bank to turn over and deliver to the Debtor cash held in the Debtor's pre-petition bank accounts at Evertrust Bank; (ii) authorizing the Debtor to use cash collateral in accordance with the Debtor's proposed 13-week operating budget (the "Initial Budget"); and (iii) authorizing the Debtor to obtain post-petition unsecured financing up to $100,000 (the "DIP Loan") from the Debtor's manager, M+D Properties ("M+D"). The Initial Budget provided for the payment of expenses critical to the maintenance and preservation of the Hotel, including insurance premiums, utility expenses, post-petition utility deposits, and real property taxes.

On March 23, 2021, the Court entered an order granting the CC/Financing Motion on an interim basis, pending a final hearing scheduled on May 6, 2021, subject to certain minor modifications agreed to by the Debtor and set forth in such order [Doc. No. 46] (the "Interim Order"). On May 12, 2021, the Court entered a final order granting the CC/Financing Motion [Doc. No. 118] (the "Final Order").

The Debtor has paid the expenses set forth in the Initial Budget, including secured real property taxes which came due in April, 2021, in accordance with the terms of the Interim Order and Final Order.

On May 19, 2021, the Debtor filed that certain *Notice Of Motion And Motion For Entry Of An Order: (A) Authorizing Debtor To Use Cash Collateral; And (B) Authorizing Debtor To Obtain Post-Petition Financing From M+D Properties On An Unsecured Basis* [Doc. No. 123] (the "Second CC/Financing Motion").  Pursuant to the Second CC/Financing Motion, the Debtor sought the entry of a Court order (i) authorizing the Debtor to use cash collateral in accordance with the Debtor's proposed operating budget covering the approximately four month period from May 29, 2021 through and including October 1, 2021 (the "Second Budget"); and (iii) authorizing the Debtor to obtain post-petition unsecured financing up to $80,000 (the "DIP Loan") from M+D.

On June 25, 2021, the Court entered an order granting the Second CC/Financing Motion in its entirety [Doc. No. 174] (the "Second CC Order").

The Debtor is paying the expenses set forth in the Second Budget in accordance with the terms of the Second CC Order.

The Debtor anticipates filing a third motion for authority to use cash collateral and obtain post-petition unsecured financing from M+D to ensure that, in the event of a pending sale of the Assets, the Debtor is able to maintain and preserve the value of the Assets pending the closing of such sale.

### III.

### COMPLIANCE WITH REPORTING REQUIREMENTS

The Debtor has filed all of the monthly operating reports that have come due to date.  The Debtor believes that it is in substantial compliance with all of its duties under 11 U.S.C. §§ 521, 1106 and 1107, and all applicable guidelines of the Office of the United States Trustee.

/ / /

/ / /

## IV.

## EMPLOYMENT OF PROFESSIONALS

The Court entered an order approving the Debtor's application to employ Levene, Neale, Bender, Yoo & Brill L.L.P. as its bankruptcy counsel on March 31, 2021, and entered an order approving the Debtor's application to employ NAI Capital as its real estate broker on July 2, 2021.

The Debtor does not intend to employ any other professionals at this time. However, should the foregoing change, the Debtor will promptly file applications to employ such professionals with the Court.

## V.

## OTHER INFORMATION REQUIRED BY STATUS CONFERENCE ORDER

**A.    Proposed Deadlines For Filing Proofs Of Claim And Objections To Claims.**

At the first Chapter 11 status conference, the Court established July 12, 2021 as the deadline for creditors to file proofs of claim in the Debtor's bankruptcy case ("Claims Bar Date").

The Debtor requests that the Court not establish a deadline for filing objections to claims at this time. If the Debtor is unable to consummate a sale of the Assets and Shady Bird obtains relief from the automatic stay to foreclose on the Hotel, it is likely that the Debtor's bankruptcy case will be dismissed or converted, in which case the Debtor may not need to evaluate or file objections to any claims.

**B.    Proposed Deadline For Filing Plan And Disclosure Statement.**

On June 25, 2021, the Court entered an order granting the Debtor's first motion to extend its plan exclusivity periods. As reflected in such order, the Debtor's exclusive periods to file a plan of reorganization and obtain acceptances thereof were extended to and including September 27, 2021 and November 29, 2021, respectively, without prejudice to the Debtor's right to seek further extensions of such periods.

8

On August 26, 2021, the Debtor filed a second motion seeking to further extend its plan exclusivity periods for approximately 90 days, to and including December 27, 2021 and February 28, 2022, respectively. At the hearing on the foregoing motion held on September 16, 2021, the Court granted the motion in its entirety.

Although the Debtor anticipates being in a position to file a plan of reorganization and disclosure statement within its extended plan filing exclusivity period (*i.e.*, by December 27, 2021), if appropriate, if the Debtor determines it requires additional time to file a plan of reorganization, the Debtor will file a motion seeking the entry of a Court order further extending the exclusivity periods for the Debtor to file and solicit a plan of reorganization pursuant to 11 U.S.C. § 1121(d).

Based on the foregoing, the Debtor respectfully requests that the Court not set deadlines for the filing of a disclosure statement and plan of reorganization at this time, or alternatively, requests that the Court establish deadlines for doing so no earlier than January 14, 2022.

### C. **Significant Unexpired Leases And Executory Contracts.**

The Debtor is the lessee under the Ground Lease with its affiliate, The Source at Beach, LLC. The Ground Lease is for a term of 99 years, with approximately 93 years of such term remaining, and relates to the real property (the "dirt") upon which the Hotel has been constructed. The Ground Lease remains fully effective, and the Debtor is seeking to assume and assign the Ground Lease to the Buyer pursuant to the Sale Motion.

The Debtor is not a party to any real property leases other than the Ground Lease.

///
///
///
///
///
///
///
///

As reflected in the Schedules, the Debtor is a party to a number of construction related services agreements as well as a third-party hotel management agreement. It is possible that some of these agreements have expired by their own terms or have been terminated by the counterparties to such agreements but, generally, such agreements have been held in abeyance since Hotel construction activities ceased in late 2019. The Debtor is not seeking to assume and/or assign any of these construction related services agreements to the Buyer pursuant to the Sale Motion.

Dated: September 21, 2021                THE SOURCE HOTEL, LLC

By: _____
RON BENDER
JULIET Y. OH
LEVENE, NEALE, BENDER, YOO
    & BRILL L.L.P.
Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DEBTOR'S THIRD CHAPTER 11 STATUS REPORT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 22, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender**   rb@lnbyb.com
- **Christopher G. Cardinale**   ccardinale@agclawfirm.com, mgonzalez@agclawfirm.com
- **Michael G Fletcher**   mfletcher@frandzel.com, sking@frandzel.com
- **Amir Gamliel**   amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Nancy S Goldenberg**   nancy.goldenberg@usdoj.gov
- **Peter F Jazayeri**   peter@jaz-law.com
- **Daniel A Lev**   dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- **Grant A Nigolian**   grant@gnpclaw.com, process@gnpclaw.com;grant.nigolian@gmail.com
- **Juliet Y Oh**   jyo@lnbrb.com, jyo@lnbrb.com
- **Ho-El Park**   hpark@hparklaw.com
- **Ronald N Richards**   ron@ronaldrichards.com, morani@ronaldrichards.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

**2.** **SERVED BY UNITED STATES MAIL**: On **September 22, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service List continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 22, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

☐ Service List continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 22, 2021 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                **F 9013-3.1.PROOF.SERVICE**

The Source Hotel, LLC
OUST, Secured, Top 20, RSN

*Counsel to Evertrust Bank*
Michael Fletcher, Esq.
Frandzel Robins Bloom & Csato, L.C.
1000 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90017-2427

Nancy S Goldenberg
United States Trustee (SA)
411 W Fourth St Ste 7160
Santa Ana, CA 92701-8000

**Secured Creditors:**

3D Design - Millwork
8152 Indianapolis Ave.
Huntington Beach, CA 92646

Aragon Construction, Inc.
5440 Arrow Highway
Montclair, CA 91763

Beach Orangethorpe II, LLC
P.O. Box 489
Buena Park, CA 90621

Beach Orangethorpe III, LLC
P.O. Box 489
Buena Park, CA 90621

Beach Orangethorpe, LLC
P.O. Box 489
Buena Park, CA 90621

Beachamp Distributing Co.
1911 South Santa Fe Avenue
Compton, CA 90221

Best Quality Painting
818 N. Pacific Ave., #C
Glendale, CA 91203

Certified Tile
14557 Calvert St.
Van Nuys, CA 91411

Evergreen Electric Construction
629 Grove View Lane
La Canada, CA 91011

Iron Mechanical
721 North B Street
Suite 100
Sacramento, CA 95811

KS Steel Corp.
1748 Industrial Way
Los Angeles, CA 90023

Nemo & Rami
1930 W. Holt Ave.
Pomona, CA 91768

Northstar
404 North Berry Street
Brea, CA 92821-3104

Pan Pacific
18250 Euclid Street
Fountain Valley, CA 92708

PDG Wallcoverings
26492 Via Juanita
Mission Viejo, CA 92691

Prime Concrete Coatings
6127 James Alan St.
Cypress, CA 90630

Resco Electric Inc.
2431 W. Washington Blvd. Suite B
Los Angeles, CA 90018

Retrolock Corp
17915 Railroad Street
City of Insdustry, CA 91748

Salamander Fire Protection, Inc
6103 Tyrone Street
Van Nuys, CA 91401

Shady Bird Lending, LLC
c/o Law Offices of Ronald Richards
P.O. Box 11480
Beverly Hills, CA 90213

Solid Construction
883 Crenshaw Blvd.
Los Angeles, CA 90005

Sunbelt Controls, Inc.
888 E. Walnut Street
Pasadena, CA 91101

Grant Nigolian, P.C.
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626

Hunt Ortmann Palffy Nieves et al.
301 North Lake Avenue, 7th Floor
Pasadena, CA 91101-1807

| | | |
|---|---|---|
| Law Office of Ho-El Park, P.C.<br>333 City Blvd. West, Suite 1700<br>Orange, CA 92868 | Law Office of Michael N. Berke<br>25001 The Old Road<br>Santa Clarita, CA 91381 | Law Offices of Dennis G. Cosso<br>345 Oxford Drive<br>Arcadia, CA 91007 |
| Porter Law Group, Inc.<br>7801 Folsom Blvd., Suite 101<br>Sacramento, CA 95826 | Robinson & Robinson, LLP<br>2301 Dupont Drive, Suite 530<br>Irvine, CA 92612-7502 | Shady Bird Lending, LLC<br>c/o Law Offices of Geoffrey Long<br>1601 N. Sepulveda Blvd., No. 729<br>Manhattan Beach, CA 90266 |
| Splinter & Thai, LLP<br>25124 Narbonne Ave., Suite 106<br>Lomita, CA 90717-2140 | | |

**Top 20 Unsecured Creditors:**

| | | |
|---|---|---|
| Newgens, Inc.<br>14241 Foster Rd.<br>La Mirada, CA 90638 | Cabrillo Hoist<br>P.O. Box 3179<br>Rancho Cucamonga, CA 91729 | WESCO Distribution Inc.<br>6251 Knott Ave.<br>Buena Park, CA 90620 |
| Harbor All Glass & Mirror, Inc.<br>1926 Placentia Ave.<br>Costa Mesa, CA 92627 | Diablo Consulting<br>13200 Crossroads Parkway N<br>Ste. 115<br>City of Industry, CA 91746 | Ace Tek Roofing Co.<br>747 S. Ardmore Ave., Suite 405<br>Los Angeles, CA 90005 |
| Morrow Meadows<br>231 Benton Court<br>City of Industry, CA 91789 | Chefs Toys<br>18430 Pacific Street<br>Fountain Valley, CA 92708 | Stumbaugh & Associates, Inc.<br>3303 N. San Fernando Blvd<br>Burbank, CA 91504 |
| HBA Procurement, Inc.<br>3216 Nebraska Ave.<br>Santa Monica, CA 90404 | OJ Insulation LP<br>600 S Vincent Ave.<br>Azusa, CA 91702 | DKY Architects<br>15375 Barranca Pkwy.<br>Suite A-210<br>Irivne, CA 92618 |
| Master Glass<br>2225 W. Pico Blvd, Unit C<br>Los Angeles, CA 90006 | Universal Flooring Systems<br>15573 Commerce Lane<br>Huntington Beach, CA 92649 | L2 Specialties<br>3613 W. Macarthur Blvd., #611<br>Santa Ana, CA 92704 |
| Ficcadenti Waggoner<br>16969 Von Karman Avenue<br>Suite 240<br>Irivne, CA 92606 | Retrolock Corp<br>17915 Railroad Street<br>City of Industry, CA 91748 | American Engineering Laboratories Inc.<br>PO Box 1816<br>Whittier, CA 90609 |