Daniel A. Lev (CA Bar No. 129622)
　dlev@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Ronald Richards (CA Bar No. 176246)
　ron@ronaldrichards.com
Law Offices of Ronald Richards & Associates, APC
P.O. Box 11480
Beverly Hills, California 90213
Telephone:  310.556.1001
Facsimile:  310.277.3325

Attorneys for Shady Bird Lending, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>THE SOURCE HOTEL, LLC,<br><br>　　　　　Debtor. | Case No. 8:21-bk-10525-ES<br><br>Chapter 11<br><br>**SHADY BIRD LENDING, LLC'S STATEMENT SEEKING CANCELATION OF AUCTION FOR FAILURE TO OBTAIN A FINANCIALLY QUALIFIED BIDDER**<br><br>DATE:　September 30, 2021<br>TIME:　2:00 p.m.<br>PLACE: Courtroom "5A" |

DAL 2728017v1

Shady Bird Lending, LLC ("Shady Bird"), herby submits "Shady Bird Lending, LLC's Statement Seeking Cancelation of Auction for Failure to Obtain a Financially Qualified Bidder" (the "Statement"), and represents as follows:

## I.

## PRELIMINARY STATEMENT

The Debtor is using the Court-approved sale and marketing process as a means to inappropriately preclude Shady Bird from enforcing its negotiated rights under the Settlement Stipulation to move forward with a non-judicial foreclosure of the Hotel. Despite the Debtor's clear failure to receive any qualifying bids prior to the Bid Deadline, the Debtor is seeking to move forward with the Auction on September 30, 2021 in violation of this Court's "Order Granting Motion for Entry of Order: (1) Establishing Bidding and Sale Procedures of Substantially All of the Debtors Assets; (2) Approving Form of Notice to Be Provided to Prospective Buyers; and (3) Scheduling A Hearing for the Court to Consider Approval of the Sale of Substantially All of the Debtor's Assets" (the "Bidding Procedures Order") entered on September 14, 2021 [Docket No. 233] and Settlement Stipulation. The Bidding Procedures Order and Settlement Stipulation were heavily negotiated to ensure that a fair process was run by the Debtor in an effort to maximize value of the Hotel for the benefit of the estate, but if no financially qualified parties emerged, Shady Bird would be permitted to immediately proceed with the state court foreclosure proceeding.

The two bids received by the Debtor to date are woefully deficient and fail to comply with the terms of the Bidding Procedures Order because neither bid provides, among other things, satisfactory proof of the financial ability to close or the required bid deposit. Moreover, each of the bids are materially less than the value of the liens securing the Hotel making approval of the sale (absent express approval by Shady Bird)

a legal impossibility.[1] Without firm evidence of the financial wherewithal to close, holding the Auction and proceeding down the lengthy sale approval and closing process, is nothing more than a litigation tactic by the Debtor to prevent Shady Bird from exercising its rights under the Settlement Stipulation. To the extent the Court does permit the Auction to go forward, Shady Bird requests that the Court take steps to ensure that there is no collusion or other inappropriate conduct amongst the Debtor, bidders and Guarantors.

## II.

## RELEVANT BACKGROUND

Over a period of many weeks, the Debtor, Shady Bird, and Guarantors engaged in extensive settlement discussions in an effort to reach a consensual resolution of their various disputes.[2] Such discussions were fruitful and resulted in the settlement described in the that certain "Stipulation for Relief From the Automatic Stay and Ancillary Relief" (together with the related agreements attached thereto, the "Settlement Stipulation"), a true and correct copy of which was filed with the Court on July 19, 2021 [Docket No. 188] and was attached as Exhibit 1 to the Declaration of Donald Chae filed in support of the Rule 9019 motion.

As part of the settlement, the parties agreed to the terms of an expedited sales and marketing process by the Debtor for the sale of the Hotel in accordance with the terms of the Bidding Procedures Order. The Bidding Procedures Order provides, among other things, in order to be become a qualified bidder, all prospective buyers were required to submit a litany of documents, in addition to a 4% good faith deposit, to the

---

[1] The Settlement Stipulation provides that Shady Bird's senior lien is valid and no less than $32,926,074.66 as of September 30, 2021.

[2] Unless otherwise stated, the use of capitalized terms herein shall have the meaning ascribed to them in the "Debtor's Motion for Entry of Order: (1) Authorizing Sale of Substantially All of the Debtor's Assets; (2) Authorizing the Debtor's Assumption and Assignment of Ground Lease and Determining Cure Amount; (3) Waiving the 14-Day Stay Periods Set Forth In Bankruptcy Rules 6004(h) and 6006(d); and (4) Granting Related Relief; Memorandum of Points and Authorities; Declarations of Donald Chae and Chris Jackson in Support Thereof" [Docket No. 227].

Debtor by September 23, 2021. However, in the event the Debtor's failed to obtain a qualified bidder by the Bid Deadline, the Debtor stipulated that relief from the automatic stay to permit a non-judicial foreclosure sale of the Hotel shall occur on the Auction Date.

In accordance with the Bidding Procedures Order, the Debtor shared the bid packages received by interested parties with both Shady Bird and the EB5 Investors.

Specifically, over the course of two days (Thursday, September 23, and Friday, September 24) the Debtor provided Shady Bird with two incomplete and deficient bid packages. The first so-called bid was from an entity identified as McKinney Capital ("McKinney"). Setting aside the inarguable fact that the bid amount ($22,000,000) is nearly $11,000,000 *less* than the undisputed amount of Shady Bird's first priority lien pursuant to the Settlement Stipulation, the bid completely fails to conform to the court-approved bidding requirements.[3]

McKinney's bid fails to provide (i) evidence of available funds necessary to consummate the transaction, (ii) evidence of a firm commitment for financing, (iii) audited or unaudited financials or a financial statement demonstrating the financial wherewithal to consummate the transaction, and (iv) evidence of a 4% deposit in the amount of the bid ($880,000). Shady Bird confirmed with the Debtor's counsel on Saturday, September 25, 2021, that the Debtor still has not received either the good faith deposit or the detailed financial evidence supporting McKinney's bid. The failure to deposit the wire was again confirmed by the Debtor on Monday, September 27, 2021. In other words, other than submitting a bare-bones, vacuous offer to purchase the Hotel, McKinney has not qualified to participate in the auction.

The Debtor also provided Shady Bird with a second deficient bid it received on September 24, the day after the initial bid deadline. This joint bid was from entities identified as LCP Acquisitions, LLC and Sun Development and Management Corporation

---

[3] As noted, according to the court-approved Settlement Stipulation, the undisputed amount of Shady Bird's senior lien is no less than $32,926,074.66 as of September 30, 2021.

("LCP/Sun Development"). Similar to McKinney's bid, the LCP/Sun Development bid amount ($22,250,000) also is nearly $11,000,000 less than the undisputed amount of Shady Bird's claim. Aside from the additional disqualifying feature of being submitted one day after the September 23 bid deadline, the LCP/Sun Development bid also suffers from the same infirmities plaguing McKinney's bid.

For example, similar to the LCP bid, LCP/Sun Development's bid also failed to provide (i) evidence of available funds necessary to consummate the transaction, (ii) evidence of a firm commitment for financing, (iii) audited or unaudited financials or a financial statement demonstrating the financial wherewithal to consummate the transaction, and (iv) evidence of a 4% deposit in the amount of the bid ($890,000). Oddly, the bid also includes a contingency of terminating the Ground Lease, which is not only violative of the bidding procedures, but the terms of the sale as outlined in the Motion. On September 25, 2021, the Debtor confirmed that it still had not received either the good faith deposit or the financial evidence supporting the LCP/Sun Development bid. It was not until Monday, September 27, that the Debtor stated that a good faith deposit was received from LCP.

Despite the fact that the bids received fail to comply with the terms of the Bidding Procedures Order, the Debtor notified Shady Bird of its intention to proceed with the Auction on September 30, 2021.

### III.
### **THE COURT SHOULD CANCEL THE AUCTION**

The Debtor's request to move forward with the Auction is shocking and represents a flagrant violation of the Bidding Procedures Order and Settlement Stipulation. The Debtor cannot be permitted to qualify potential buyers and move forward with the Auction where the Court-approved Bidding Procedures Order has not been complied with. Rather, the parties must move forward in accordance with the process outlined in the Settlement Stipulation.

As such, Shady Bird requests that the Court find that both McKinney and LCP/Sun Development are not qualified bidders under the Bidding Procedures Order and cancel the Auction.

Indeed the parties have expressly agreed on the appropriate course of action if no potential purchasers are deemed qualified bidders by the Bid Deadline – the stay will be lifted and a non-judicial foreclosure sale held. The Debtor should not be permitted to shirk its prior agreement by proceeding with the Auction where there is no evidence of the potential purchasers' ability to perform. This will result in additional delay to Shady Bird.

To the extent the Debtor is permitted to move forward with the Auction, Shady Bird requests that the Court make the proper good faith inquiries of the bidders *before* the bidding begins. There is reason to believe that certain of the bidders have connection with the Debtor's equity holders and may be working to protect the interests of the Chae's. As a result, Shady Bird requests that the Court ask representatives of both bidders, under oath, whether they have any connections to the Debtor, creditors of the estate, the Chae's, or any affiliated entities controlled by the Chae's. The sale process should not to be prejudiced or sabotaged by allowing straw buyers to participate and impact the sale and bidding process.

Finally, Shady Bird reiterates its position that it will only consent to the sale of the Hotel to the extent the purchase price is in excess of the amount of its allowed secured claim (i.e., $32,926,074.66 as of September 30, 2021). Without Shady Bird's express consent, there is no avenue for the Debtor to obtain approval of a sale free and clear of Shady Bird's lien under 11 U.S.C. § 363(f). See In re East Airport Development, LLC, 443 B.R. 823 (B.A.P. 9th Cir. 2011) (secured creditor formally objected to a motion to sell in the bankruptcy court, and its prepetition consent to a sale by entering into a release price agreement was not given in the context of the sale).

Moreover, as further described in Shady Bird's response to the Motion, any credit bid cannot and shall not be interpreted as implied consent to an auction process

that would result in a sales price to a third party in an amount less than the undisputed amount of its claim. See In re Arch Hospitality, Inc., 530 B.R. 588, 591 (Bankr. W.D.N.Y. 2015) ("Consent and failure to object are not synonymous."); In re DeCelis, 349 B.R. 465, 468-69 (Bankr. E.D. Va. 2006) (co-owner's silence and failure to object to a sale free and clear of his interest of real estate held with debtor as tenant in common was not consent to the sale); In re Roberts, 249 B.R. 152 (Bankr. W.D. Mich. 2000) (language of Section 363(f)(2) supports requirement of express consent; express consent cannot be implied as there may be another reason for failure to object).

Section 363(f)(3) further restricts the Debtor's efforts to argue that the Court can approve a sale price which is less than the amount of Shady Bird's claim. Ignoring, for the moment, the impact the numerous mechanics' liens have on any Section 363(f)(3) analysis, it is clear that, in this Circuit, the price requirement under Section 363(f)(3) means that the amount to be received from the sale must exceed the face amount due on account of all encumbrances on the property to be sold. Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC), 391 B.R. 25 (B.A.P. 9th Cir. 2008) ("… we join those courts cited above that hold that § 363(f)(3) does not authorize the sale free and clear of a lienholder's interest if the price of the estate property is equal to or less than the aggregate amount of all claims held by creditors who hold a lien or security interest in the property being sold."). See also In re WDH Howell, LLC, 298 B.R. 527 (D.N.J. 2003) (reversing bankruptcy court order allowing debtors in possession to sell environmentally contaminated property for less than aggregate amount due on account of mortgage claim as Section 363(f)(3) requires that the sale price must exceed the face amount of claims secured by liens on the property); In re Perroncello, 170 B.R. 189 (Bankr. D. Mass. 1994) (value, for purposes of Section § 363(f)(3), means face value, rather than fair market value, of lien claim, and court denied debtor's motion to sell free and clear where sale price was less than total claims against property).

Although a secured creditor can voluntarily agree to reduce the amount owed on account of its lien on property being sold free and clear, or enter into an

agreement to carve-out monies from sale proceeds in favor of the estate, thus mooting the issue of whether the price exceeds the lien amount, Shady Bird has not extended these accommodations to the Debtor. Hence, absent a sale price in excess of the allowed amount of Shady Bird's claim, as of the date of closing, the Debtor has no ability to, in essence, "cram-down" a sale over Shady Bird's objection. The amount of Shady Bird's claim is measured not only by the governing Settlement Stipulation, but by the face amount of its lien. The value of the collateral obtained at an auction has no bearing on Shady Bird's allowed claim for purposes of a Section 363(f) sale.

In sum, if the Court permits an auction with unqualified bidders to proceed over Shady Bird's objection, it should only do so with the express understanding that a sale can be approved only if the net sale price, exclusive of taxes, fees, commissions, and other charges, exceeds the undisputed amount of Shady Bird's claim (which, to reiterate, is $32,926,074.66 as of the auction date, and will exceed $34,000,000 by the time a sale closes), putting aside whether the sale price must also be in an amount sufficient to satisfy the numerous mechanic's liens. In other words, if the bidding stops at any dollar amount which is short of Shady Bird's agreed-to claim, and Shady Bird does not consent, the Court cannot approve the sale under any circumstances, and Shady Bird must then be granted relief from stay in accordance with the Settlement Stipulation.

*[Remainder of page intentionally left blank]*

## II.

## **CONCLUSION**

Based on the foregoing, Shady Bird respectfully requests that the Court prohibit McKinney or LCP/Sun Development from being deemed qualified bidders, that Shady Bird be granted immediate relief from stay pursuant to the Settlement Stipulation, for such other relief consistent with this Statement, and for such other and further relief as the Court deems just and proper under the circumstances.

DATED: September 27, 2021      **Sulmeyer**Kupetz
A Professional Corporation

By: */s/ Daniel A. Lev*
  Daniel A. Lev
  Attorneys for Shady Bird Lending, LLC

DATED: September 27, 2021      Law Offices of Ronald Richards & Associates, APC

By: */s/ Ronald Richards*
  Ronald Richards
  Attorneys for Shady Bird Lending, LLC

DAL 2728017v1

9

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **SHADY BIRD LENDING, LLC'S STATEMENT SEEKING CANCELATION OF AUCTION FOR FAILURE TO OBTAIN A FINANCIALLY QUALIFIED BIDDER**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 27, 2021 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**See Attached**

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 27, 2021 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 2710485v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Ron Bender on behalf of Debtor The Source Hotel, LLC
rb@lnbyb.com

Sean R Bozarth on behalf of Creditor Retrolock Corporation
seanb@novianlaw.com

Sean R Bozarth on behalf of Interested Party Courtesy NEF
seanb@novianlaw.com

Christopher G. Cardinale on behalf of Creditor City Of Buena Park
ccardinale@agclawfirm.com, mgonzalez@agclawfirm.com

Christopher G. Cardinale on behalf of Interested Party City Of Buena Park
ccardinale@agclawfirm.com, mgonzalez@agclawfirm.com

Michael G Fletcher on behalf of Creditor Evertrust bank
mfletcher@frandzel.com, sking@frandzel.com

Amir Gamliel on behalf of Interested Party Courtesy NEF
amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com

Robert P Goe on behalf of Creditor Westranco, Inc.
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Peter F Jazayeri on behalf of Interested Party Cordes & Company, by and through Bellann Raile
peter@jaz-law.com

Peter F Jazayeri on behalf of Other Professional Cordes & Company, by and through Bellann Raile
peter@jaz-law.com

Daniel A Lev on behalf of Creditor Shady Bird Lending, LLC
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Robert K Lu on behalf of Creditor Beach Orangethorpe Hotel, LLC; Beach Orangethorpe Hotel II, LLC
ewu@reidwise.com

Robert K Lu on behalf of Creditor Jian Hua
ewu@reidwise.com

Aaron J Malo on behalf of Creditor BO1BO2 United Management, LLC; Beach Orangethorpe, LLC; and Beach Orangethorpe II, LLC
amalo@sheppardmullin.com, clopez@sheppardmullin.com;abilly@sheppardmullin.com

Aaron J Malo on behalf of Creditor Beach Orangethorpe, LLC; Beach Orangethorpe II, LLC
amalo@sheppardmullin.com, clopez@sheppardmullin.com;abilly@sheppardmullin.com

Kyle J Mathews on behalf of Creditor BO1BO2 United Management, LLC; Beach Orangethorpe, LLC; and Beach

CC 2710485v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                            **F 9013-3.1.PROOF.SERVICE**

Orangethorpe II, LLC
kmathews@sheppardmullin.com

Kyle J Mathews on behalf of Creditor Beach Orangethorpe Hotel, LLC; Beach Orangethorpe Hotel II, LLC
kmathews@sheppardmullin.com

Kyle J Mathews on behalf of Creditor Beach Orangethorpe, LLC; Beach Orangethorpe II, LLC
kmathews@sheppardmullin.com

Juliet Y Oh on behalf of Debtor The Source Hotel, LLC
jyo@lnbyb.com, jyo@lnbrb.com

Ho-El Park on behalf of Interested Party Courtesy NEF
hpark@hparklaw.com

Ronald N Richards on behalf of Creditor Shady Bird Lending, LLC
ron@ronaldrichards.com, morani@ronaldrichards.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

CC 2710485v1   This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           **F 9013-3.1.PROOF.SERVICE**