Robert K. Lu
REID & WISE LLC
633 West 5th Street, 26th Floor
Los Angeles, CA 90071
619-300-1849
Email: rlu@reidwise.com

Edward Wu (admitted *pro hac vice*)
REID & WISE LLC
One Penn Plaza, Suite 2015
New York, New York 10119
Tel: (212) 858-9968
Email: ewu@reidwise.com

*Attorneys for the EB5 Investors;[1] Beach Orangethorpe Hotel, LLC; and Beach Orangethorpe Hotel II, LLC*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>THE SOURCE HOTEL, LLC, a California limited liability company,<br><br>Debtor and Debtor in Possession. | Case No.: 8:21-bk-10525-ES<br>Chapter 11<br><br>**EB5 PARTIES' RESPONSE TO SHADY BIRD LENDING, LLC'S STATEMENT SEEKING CANCELATION OF AUCTION FOR FAILURE TO OBTAIN A FINANCIALLY QUALIFIED BIDDER**<br><br>Hearing:<br>Date:   September 30, 2021<br>Time:   2 p.m.<br>Place:   ZoomGov |

---

[1] The EB5 Investors are (1) Jian Hua, (2) Jun Liu, (3) Haiyuan Ma, (4) Zhen Liu, (5) Jiaxin Bao, (6) Liu Shanshan, (7) Shengkeng Chen, (8) Yichen Lei, (9) Zihe Xu, (10) Xinyi Zhou, (11) Li Dan, (12) Rui Bai, (13) Haiwan Du, (14) Yijian Jiang, (15) Lei Liang, (16) Yi Wan, (17) Yue Wang, (18) Galu Wulan, (19) Yan Xing, (20) Jianyao Zhang, (21) Jing Zhang, (22) Yuyun Wu, (23) Ziyu Li, (24) Jingkun Shan, (25) Doan Huong Thao, (26) Kwok Shung Chi, and (27) Sundi Xiao.

1

The EB5 Investors, Beach Orangethorpe Hotel, LLC, and Beach Orangethorpe Hotel II, LLC (collectively, the "EB5 Parties"),[2] by and through their undersigned counsel, hereby submit this response (this "Response") to *Shady Bird Lending, LLC's Statement Seeking Cancelation of Auction for Failure to Obtain a Financially Qualified Bidder* [ECF No. 262] (the "Statement"). In support of this Response, the EB5 Parties rely on the declaration of Jian Hua (the "Hua Declaration"), annexed hereto as Exhibit A, and respectfully represent:

## RESPONSE

Shady Bird is seeking to cancel the auction before it even begins. The effect would be to deny any opportunity for potential bidders to compete for the assets and also deny any opportunity to maximize the value of the Debtor's assets for the benefit of all stakeholders. Their argument is that (i) the bids that have been received as of the bid deadline do not have sufficient proof of financial ability to close, or, do not include the deposit, and (ii) a free and clear sale is currently impossible under the legal standard set forth under section 363(f) of title 11 of the United States Code (the "Bankruptcy Code"). The EB5 Parties submit that the auction should go forward, or, it can be rescheduled, but in no event should it be canceled.

First, the EB5 Parties understand that the bid from LCP is currently in compliance with the Bid Procedures and their deposit has been received. To the extent there are any deficiencies with LCP's bid, they should be afforded the opportunity to cure those deficiencies so that the auction may proceed. LCP is the party that the EB5 Investors originally brought into this sales process and sought to partner with. LCP has recently confirmed to the EB5 Investors that they will assist with the efforts of the EB5 Investors to immigrate and obtain permanent residency in

---

[2] Capitalized terms used and not otherwise defined herein shall have the meaning ascribed to them in the Debtor's sale motion [ECF No. 227].

As set forth in the *Notice of Appearance* [ECF No. 226], the EB5 Investors successfully appointed a Special Manager for Beach Orangethorpe Hotel, LLC and Beach Orangethorpe Hotel II, LLC.

2

the United States under the United States' EB5 program.[3] For many of the EB5 Investors, that itself has life changing ramifications and should be a substantial consideration for the Debtor when they consider whether a bid is the highest or otherwise best offer in terms of providing value to the estate.

Secondly, the EB5 Parties submit that a free and clear sale should be permitted under section 363(f)(4) of the Bankruptcy Code, which permits such a sale where the "interest is in *bona fide* dispute." Concurrent with the filing of this Response, the EB5 Investors are commencing an adversary proceeding against Shady Bird, the Guarantors, and various affiliates of the Guarantors. As to Shady Bird, the EB5 Investors seek equitable subordination. Notably, section 510(c) of the Bankruptcy Codes expressly provides that even an *allowed* claim may be equitably subordinated to all or part of another claim. The statutory language of section 363(f)(4) simply requires that there be a *bona fide* dispute rather than a final adjudication.

The EB5 Parties submit that there are more than sufficient facts to establish a *bona fide* dispute, and many of these facts were not known to the EB5 Parties' counsel until after the recent appointment of the Special Manager. When the Guarantors and their affiliates (together, the "Developer Group") formed Beach Orangethorpe Hotel, LLC ("BOH1") to raise EB5 capital for the Debtor, they represented to the EB5 Investors, in seven different places in the private placement memorandum ("PPM"), that BOH1's $10 million secured loan to the Debtor (the "BOH1 Loan") would be junior only to a senior loan in the approximate amount of just $16 million.

Instead, the Developer Group obtained from Evertrust Bank (from whom Shady Bird purchased their secured claim) a senior loan of $29.5 million (the "Evertrust Loan")—nearly *twice* the size of what was represented to the BOH1 Investors. The Developer Group never

---

[3] If the EB5 Investors are not affiliated with the successful bidder, their application to obtain permanent residency in the United States may be denied.

3

asked or even informed the BOH1 Investors of this senior loan.

By facilitating this egregious subordination for the self-interested benefit of the Developer Group, M&D Regional Center (the manager of BOH1 and a wholly owned affiliate of the Guarantors) breached its fiduciary duties of loyalty and care to BOH1 and the EB5 Investors.

Evertrust was complicit in this tortious conduct. When the Evertrust Loan was made, Evertrust certainly knew about the prior BOH1 Loan because the BOH1 Loan is referenced in the loan agreement for the Evertrust Loan. As a bank, Evertrust would have extensively reviewed documents relating to the BOH1 Loan. Based on such review, Evertrust and the Developer Group caused BOH1 to enter into a subordination agreement to the detriment of BOH1 and the BOH1 Investors. Donald Chae (one of the Guarantors) signed the subordination agreement on behalf of three parties: (i) BOH1, as the subordinating lender, (ii) the Debtor, as borrower, and (iii) on behalf of himself, as guarantor.

Moreover, Evertrust provided financing despite flagrant signs of inappropriate conduct. This included the obvious self-dealing nature of the transaction whereby the Developer Group was causing BOH1 to be subordinated to Evertrust in order to obtain financing for the benefit of the Debtor. Evertrust knew the capital from BOH1 was provided by the BOH1 Investors rather than from the Developer Group.

When the Evertrust Loan was entered into, Evertrust recognized that the Developer Group failed to record BOH1's lien, even though the BOH1 Loan was entered into approximately two years prior to the Evertrust Loan. In fact, the Developer Group did not record BOH1's lien until approximately one year after the lien for Evertrust was recorded. When it was finally recorded, Evertrust entered into an agreement to reaffirm the subordination of BOH1 vis-à-vis Evertrust, which was again signed by Donald Chae on behalf of BOH1 and the Debtor.

In addition, there are alarming irregularities concerning the documentation of the BOH1

4

Loan. The BOH1 Loan Agreement, which bears a 2014 date, expressly references the $29.5 million Evertrust Loan, which was not entered into until 2016. The BOH1 Loan even references the subordination agreement, defined as "that certain Subordination Agreement of even date herewith among [BOH1], [the Debtor], and EverTrust Bank." These facts raise red flags as to when those agreements were actually drafted, who drafted those documents, and the knowledge and involvement of Evertrust in that process.

Evertrust knew that the Developer Group was taking advantage of and abusing their control over the EB-5 investors, yet Evertrust decided to do business with the Developer Group and engaged in transactions that would further the abuse of the EB-5 investors.

After all of this, Evertrust sold its claim to Shady Bird, for a purported substantial discount from the face amount of the claim. Shady Bird now stands in the shoes of Evertrust with respect to the claim arising under the Evertrust Loan. Because Evertrust's prepetition conduct warrants subordination, the claim of Shady Bird must now be subordinated in order to avoid a grossly inequitable result for the EB5 Parties.

The EB5 Parties should not be denied the justice and protection afforded by the doctrine of equitable subordination simply because Evertrust divested itself of its claim. This is particularly true where, as here, Shady Bird purportedly purchased the claim at a substantial discount from the face amount of the claim.

*[Remainder of Page Intentionally Left Blank]*

# **CONCLUSION**

The EB5 Parties respectfully request (i) that the auction go forward, or be rescheduled, but not be canceled, (ii) that a free and clear sale be permitted under section 363(f)(4) of the Bankruptcy Code, and (iii) such other and further relief as the Court deems just and proper.

Dated: New York, New York
      September 29, 2021

By: */s/ Edward Wu*
    Robert K. Lu
    Edward Wu

    REID & WISE LLC
    633 West 5th Street, 26th Floor
    Los Angeles, CA 90071
    619-300-1849

    REID & WISE LLC
    One Penn Plaza, Suite 2015
    New York, New York 10119
    Tel: (212) 858-9968

    *Attorneys for the EB5 Investors;*
      *Beach Orangethorpe*
      *Hotel, LLC; and Beach*
      *Orangethorpe Hotel II, LLC*

## CONCLUSION

The EB5 Parties respectfully request (i) that the auction go forward, or be rescheduled, but not be canceled, (ii) that a free and clear sale be permitted under section 363(f)(4) of the Bankruptcy Code, and (iii) such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 29, 2021

By: /s/ Edward Wu
Robert K. Lu
Edward Wu

REID & WISE LLC
633 West 5th Street, 26th Floor
Los Angeles, CA 90071
619-300-1849

REID & WISE LLC
One Penn Plaza, Suite 2015
New York, New York 10119
Tel: (212) 858-9968

*Attorneys for the EB5 Investors;
Beach Orangethorpe
Hotel, LLC; and Beach
Orangethorpe Hotel II, LLC*

6