# EXHIBIT A

## HUA DECLARATION

# DECLARATION OF JIAN HUA

I, Jian Hua, hereby declare as follows:

1. I am over 18 years of age.

2. I am an EB5 investor of Beach Orangethorpe Hotel, LLC ("BOH1").[1] I am also the Special Manager for BOH1. I was duly appointed as the Special Manager on or about September 9, 2021.

3. I make this declaration in support of the *EB5 Parties' Response to Shady Bird Lending, LLC's Statement Seeking Cancelation of Auction for Failure to Obtain a Financially Qualified Bidder* (the "Response").

4. Except as set forth below, my declaration is based upon my personal knowledge or a review of the documents that are referenced herein and annexed hereto. If called to testify, I can and would competently testify to those facts.

5. When the Guarantors and/or their affiliates (together, the "Developer Group") sought to raise EB5 capital for the Debtor through BOH1, they represented to the EB5 Investors (the "BOH1 Investors" or "Plaintiffs"), in seven different places in the private placement memorandum ("PPM")[2] for BOH1, that BOH1's $10 million secured loan to the Debtor (the "BOH1 Loan") would be junior only to a senior loan in the approximate amount of just $16 million.[3]

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Response.

[2] A copy of the PPM is annexed hereto as Exhibit 1.

[3] See PPM, at pages 1, 3, 16, 20, 21, 36, and 39.

6. Instead, the Developer Group obtained from Evertrust Bank (from whom Shady Bird purchased their secured claim) a senior loan of $29.5 million (the "Evertrust Loan")[4]—nearly *twice* the size of what was represented to the BOH1 Investors. The Developer Group never asked or even informed the BOH1 Investors of this senior loan.

7. When the Evertrust Loan was made, Evertrust certainly knew about the prior BOH1 Loan because the BOH1 Loan is referenced in the Evertrust Loan Agreement.[5] As a bank, Evertrust would have extensively reviewed documents relating to the BOH1 Loan. Based on such review, Evertrust and the Developer Group caused BOH1 to enter into a subordination agreement to the detriment of BOH1 and the BOH1 Investors.[6] Donald Chae signed the subordination agreement on behalf of three parties: (i) BOH1, as the subordinating lender, (ii) the Debtor, as borrower, and (iii) on behalf of himself, as guarantor.[7]

8. Moreover, Evertrust provided financing despite flagrant signs of inappropriate conduct. This included the obvious self-dealing nature of the transaction whereby the Developer Group was causing BOH1 to be subordinated to Evertrust in order to obtain financing for the benefit of the Debtor. Evertrust knew the capital from BOH1 was provided by the BOH1 Investors rather than from the Developer Group.

9. When the Evertrust Loan was entered into, Evertrust recognized that the Developer Group failed to record BOH1's lien, even though the BOH1 Loan was entered into approximately two

---

[4] *Construction Loan Agreement*, dated May 24, 2016, between the Debtor and Evertrust Bank (the "Evertrust Loan Agreement"), a copy of which is annexed hereto as Exhibit 2.

[5] Evertrust Loan Agreement, at page 5.

[6] Subordination Agreement (Beach Orangethorpe Hotel, LLC), dated May 24, 2016, among the Debtor, BOH1, the Guarantors, and Evertrust (the "Subordination Agreement"). The Subordination Agreement is annexed hereto as Exhibit 3.

[7] See Subordination Agreement, at page 8.

3

years prior to the Evertrust Loan. In fact, the Developer Group did not record BOH1's lien until approximately one year after the lien for Evertrust was recorded.[8] When it was finally recorded, Evertrust entered into an agreement to reaffirm the subordination of BOH1 vis-à-vis Evertrust, which was again signed by Donald Chae on behalf of BOH1 and the Debtor.[9]

10. In addition, there are alarming irregularities concerning the documentation of the BOH1 Loan. The BOH1 Loan Agreement, which bears a 2014 date, expressly references the $29.5 million Evertrust Loan, which was not entered into until 2016.[10] The BOH1 Loan even references the subordination agreement, defined as "that certain Subordination Agreement of even date herewith among [BOH1], [the Debtor], and EverTrust Bank."[11] These facts raise red flags as to when those agreements were actually drafted, who drafted those documents, and the knowledge and involvement of Evertrust in that process.

11. Evertrust knew that the Developer Group was taking advantage of and abusing their control over the EB-5 investors, yet Evertrust decided to do business with the Developer Group and engaged in transactions that would further the abuse of the EB-5 investors.

12. After all of this, Evertrust sold its claim to Shady Bird, for a purported substantial discount from the face amount of the claim.[12] Shady Bird now stands in the shoes of Evertrust with respect to the claim arising under the Evertrust Loan. Because Evertrust's prepetition

---

[8] See *Reaffirmation of Subordination Agreement (Beach Orangethorpe Hotel, LLC)*, dated June 29, 2018 (the "Reaffirmation Agreement"), at Recital E. The Reaffirmation Agreement is annexed hereto as Exhibit 4.

[9] Reaffirmation Agreement, at page 4.

[10] *Construction Loan Agreement*, dated June 1, 2014, between the Debtor and BOH1 (the "BOH1 Loan Agreement"), at page 7. The BOH1 Loan Agreement is annexed hereto as Exhibit 5.

[11] BOH1 Loan Agreement, at page 7.

[12] See Debtor's sale motion [ECF No. 227], ¶ 13.

4

conduct warrants subordination, the claim of Shady Bird must now be subordinated in order to avoid a grossly inequitable result for Plaintiffs.

13. Plaintiffs should not be denied the justice and protection afforded by the doctrine of equitable subordination simply because Evertrust divested itself of its claim. This is particularly true where, as here, Shady Bird purportedly purchased the claim at a substantial discount from the face amount of the claim.

I declare under penalty of perjury under the laws of the Untied Sates that the foregoing is true and correct.

Executed this 29th day of September 2021.

_____

Jian Hua

conduct warrants subordination, the claim of Shady Bird must now be subordinated in order to avoid a grossly inequitable result for Plaintiffs.

13. Plaintiffs should not be denied the justice and protection afforded by the doctrine of equitable subordination simply because Evertrust divested itself of its claim. This is particularly true where, as here, Shady Bird purportedly purchased the claim at a substantial discount from the face amount of the claim.

I declare under penalty of perjury under the laws of the Untied Sates that the foregoing is true and correct.

Executed this 29th day of September 2021.

*/s/ Jian Hua*

Jian Hua

5